# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DAVID L. BOYSEN,**

      **Plaintiff,**

**v.**

**ILLINOIS TOOL WORKS INC.
SEPARATION PAY PLAN, and
ILLINOIS TOOL WORKS, INC.,**

      **Defendants.**

**CIVIL ACTION NO.**

**1:15-cv-01900-TWT**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Illinois Tool Works Inc. Separation Pay Plan (the "Plan") and Defendant Illinois Tool Works, Inc. ("ITW") (collectively, "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## PARTIES

1.    In response to the allegations in Paragraph 1 of the Complaint, Defendants admit that Plaintiff David L. Boysen ("Boysen" or "Plaintiff") was employed by ITW from April 23, 2001 through March 17, 2014 and that Boysen held the position of "General Manager" at the time of his separation from employment on March 17, 2014 due to poor performance.  Defendants lack

sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint regarding Boysen's current or former residences, and therefore deny the same. The allegation in Paragraph 1 of the Complaint regarding Boysen's status as a "participant" within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") is a legal conclusion requiring no response from Defendants. To the extent a response from Defendants to this allegation is required, Defendants admit only that as an employee of ITW Boysen was potentially eligible to receive benefits under the terms of the Plan if he met certain terms and conditions as specified in the Plan. Defendants deny any and all remaining allegations contained in Paragraph 1 of the Complaint.

2.    In response to the allegations in Paragraph 2 of the Complaint, Defendants admit that the Plan is a welfare benefit plan for purposes of the ERISA, and that the purpose of the Plan is to provide an eligible employee with severance pay in the event that his or her employment is involuntarily terminated by the Company due to permanent job elimination. Defendants further admit that service of legal process upon the Plan currently may be made by serving the Plan Administrator at 155 Harlem Avenue, Glenview, Illinois 60025. Defendants deny any and all remaining allegations contained in Paragraph 2 of the Complaint.

3.     In response to the allegations in Paragraph 3 of the Complaint, Defendants admit that ITW is a Delaware corporation conducting business in the State of Georgia, that it can be served through its registered agent, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia 30361, and that it sponsors the Plan.  The remaining allegations contained in Paragraph 3 of the Complaint assert legal conclusions requiring no response from Defendants.  To the extent that a response is required, Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     The allegations in Paragraph 4 of the Complaint set forth the various laws pursuant to which Plaintiff contends this Court has jurisdiction to hear this matter, and do not require a response from Defendants.  To the extent a response is required, Defendants state that they do not contest jurisdiction in this matter, but deny that they committed any unlawful acts in this Court's jurisdiction or elsewhere, and deny any and all remaining allegations contained in Paragraph 4 of the Complaint.

5.     The allegations in Paragraph 5 of the Complaint set forth the various laws pursuant to which Plaintiff contends that venue is proper in this matter, and do not require a response from Defendants.  To the extent a response is required,

Defendants state that they do not contest venue in this matter, but deny that they committed any unlawful acts within the venue of this Court or elsewhere, and deny any and all remaining allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.     In response to the allegations in Paragraph 6 of the Complaint, Defendants admit that Boysen began working for ITW in its Olathe, Kansas location as a Controller in 2001, and transferred to a General Manager position in 2006 in Amarillo, Texas.  Defendants further admit that on May 1, 2012, Boysen was promoted to a General Manager position in Kennesaw, Georgia.  Defendants deny any and all remaining allegations contained in Paragraph 6 of the Complaint.

7.     In response to the allegations in Paragraph 7 of the Complaint, Defendants admit that Boysen was employed as a General Manager in Kennesaw, Georgia at the time of his separation on March 17, 2014.  Defendants deny any and all remaining allegations contained in Paragraph 7 of the Complaint.

8.     In response to the allegations in Paragraph 8 of the Complaint, Defendants admit that the provisions of the plan document of the Plan speak for themselves, and deny the allegations contained in Paragraph 8 of the Complaint to the extent that they conflict with the terms of the Plan.

9.    In response to the allegations in Paragraph 9 of the Complaint, Defendants admit that the provisions of the plan document of the Plan speak for themselves, and deny the allegations contained in Paragraph 9 of the Complaint to the extent that they conflict with the terms of the Plan.

10.    In response to the allegations in Paragraph 10 of the Complaint, Defendants admit that the provisions of the plan document of the Plan speak for themselves, and deny the allegations contained in Paragraph 10 of the Complaint to the extent that they conflict with the terms of the Plan.

11.    Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.    In response to the allegations in Paragraph 12 of the Complaint, Defendants admit that Boysen received a Group Performance Review in March 2013, and that the Group Performance Review document speaks for itself. Defendants deny the allegations contained in Paragraph 12 of the Complaint to the extent that they conflict with the terms of the Group Performance Review.

13.    In response to the allegations in Paragraph 13 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 13 regarding Plaintiff's characterization of comments attributed to

unnamed "supervisors" and Mr. Hammouri during any unspecified timeframe, and therefore deny the same.

14.    In response to the allegations in Paragraph 14 of the Complaint, Defendants admit that Boysen received a Group Performance Review in March 2013, and that the Group Performance Review document speaks for itself. Defendants deny the allegations contained in Paragraph 14 of the Complaint to the extent that they conflict with the terms of the Group Performance Review.

15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.    In response to the allegations in Paragraph 20 of the Complaint, Defendants admit that Boysen received a Group Performance Review in December

2013, and that the Group Performance Review document speaks for itself. Defendants deny the allegations contained in Paragraph 20 of the Complaint to the extent that they conflict with the terms of the Group Performance Review. Defendants deny any and all remaining allegations contained in Paragraph 20 of the Complaint.

21.     In response to the allegations in Paragraph 21 of the Complaint, Defendants admit that Plaintiff's employment was terminated due to poor performance effective March 17, 2014.  Defendants deny any and all remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     In response to the allegations in Paragraph 25 of the Complaint, Defendants admit that on or about April 14, 2014, counsel for Boysen sent a demand letter to ITW's Vice President Employee Relations and Human Resources Director.   Defendants deny that this communication complied with claims

procedure for the Plan, and deny any and all remaining allegations in Paragraph 25 of the Complaint.

26.    In response to the allegations in Paragraph 26 of the Complaint, Defendants admit that on June 27, 2014, the Plan Administrator issued a denial of any claim for benefits by Boysen under the Plan which included, *inter alia*, the reasons for the denial.  Defendants deny any and all remaining allegations in Paragraph 26 of the Complaint.

27.    In response to the allegations in Paragraph 27 of the Complaint, Defendants admit that on or about August 11, 2014, counsel for Boysen sent a letter to the Plan Administrator to appeal Boysen's benefits denial.  Defendants deny any and all remaining allegations contained in Paragraph 27 of the Complaint.

28.    In response to the allegations in Paragraph 28 of the Complaint, Defendants admit that on December 3, 2014, the Plan Administrator sent Boysen a benefits appeal denial letter and provided Boysen, among other information, notice of his rights to pursue an action under ERISA.

29.    Defendants assert that a response is not required to the allegations contained in Paragraph 29 of the Complaint because Plaintiff is attempting to

assert a legal conclusion.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## VIOLATION OF ERISA § 502(a)(1)(B) – FAILURE TO PAY BENEFITS

30.    Defendants incorporate their responses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint.

## "WHEREFORE" CLAUSE

The "WHEREFORE" clause immediately following Paragraph 37 of the Complaint merely is a prayer for relief, requiring no response from Defendants. To the extent a response is required, Defendants deny that Plaintiff is entitled to any remedy or relief in this action, including those identified in the "WHEREFORE" Clause, specifically subparts (a)-(d), following Paragraph 37 of the Complaint, and deny any and all remaining allegations contained in the "WHEREFORE" Clause following Paragraph 37 of the Complaint.

## GENERAL DENIAL

Defendants hereby deny each and every allegation in the Complaint not specifically admitted heretofore.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants hereby state the following affirmative and additional defenses to the Complaint, but do not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted. Defendants further reserve the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Some or all of the purported claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

## THIRD DEFENSE

Some or all of the purported claims in the Complaint are barred by the applicable statute of limitations and/or the common law doctrine of laches.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the exclusions, limitations, or other terms of the applicable benefit plan.

## FIFTH DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiff has failed to satisfy all conditions precedent to Defendants' obligation to perform.

## SIXTH DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiff failed to exhaust his administrative remedies under the applicable employee benefit plan, including the failure to inform the plan administrator of all facts and arguments pertaining to the denial of benefits.

11

## SEVENTH DEFENSE

Some or all of the purported claims in the Complaint are barred because Defendants have performed their duties in good faith and, in so doing, have acted in accordance with the documents and instruments governing the applicable employee benefit plan and in the interest of all plan participants and beneficiaries.

## EIGHTH DEFENSE

Plaintiff's damages, if any, were not caused by Defendants, rather they were caused by Plaintiff or third parties.

## NINTH DEFENSE

Some or all of the purported claims in the Complaint are barred because the claims and/or plan administrator of the applicable employee benefit plan has the exclusive right to interpret, construe, and implement the provisions of the plan and to resolve all questions concerning eligibility of benefits and that the claims and/or plan administrator did not abuse its discretion.

## TENTH DEFENSE

Some or all of the purported claims in the Complaint are subject to offset, setoff, and/or recoupment, including, but not limited to, offset for other similar benefits available to Plaintiff and offset pursuant to the terms of the applicable employee benefit plan.

## ELEVENTH DEFENSE

Defendants will rely on all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such defenses.

WHEREFORE, having responded to the specific allegations contained in the Complaint and having stated their affirmative and additional defenses, Defendants respectfully pray as follows:

(a) that the Court render judgment for Defendants and against Plaintiff;

(b) that the Court dismiss the Complaint in its entirety with prejudice;

(c) that the Court assess costs and attorneys' fees against Plaintiff pursuant to 29 U.S.C. § 1132(g)(1); and

(d) that the Court award Defendants such other and further relief as it deems just and appropriate.

Respectfully submitted this 5th day of October, 2015.

/s/ *Wesley E. Stockard*
Wesley E. Stockard
Georgia Bar No. 159090
Shella B. Neba
Georgia Bar No. 305082
LITTLER MENDELSON
3344 Peachtree Road, NE
Suite 1500
Atlanta, Georgia 30326

13

Telephone (404) 233-0330
Facsimile (404) 233-2361

COUNSEL FOR DEFENDANTS

## **FONT CERTIFICATION**

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

*/s/ Wesley E. Stockard*
Wesley E. Stockard
Georgia Bar No. 159090

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DAVID L. BOYSEN,

      Plaintiff,

v.

ILLINOIS TOOL WORKS INC.
SEPARATION PAY PLAN, and
ILLINOIS TOOL WORKS, INC.)

      Defendants.

CIVIL ACTION NO.

1:15-cv-01900-TWT

## CERTIFICATE OF SERVICE

I hereby certify on this 5th day of October, 2015, I have electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the Court's ECF system, which will automatically generate notice to:

R. Lawrence Ashe, Jr.
Paul R. Barsness
Tiffany R. Johnson
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Ave., N.E.
Atlanta, Georgia 30303

*/s/ Wesley E. Stockard*
Wesley E. Stockard

Firmwide:136224098.3 064125.1017