IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID L. BOYSEN,

    Plaintiff,

  v.

ILLINOIS TOOL WORKS INC.
SEPARATION PAY PLAN, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-1900-TWT

**OPINION AND ORDER**

This is an ERISA action. It is before the Court on the Plaintiff David Boysen's Motion to Alter or Amend Judgment and Reconsider Summary Judgment Order [Doc. 75] and the Defendants Illinois Tool Works Inc. Separation Pay Plan (the "Plan") and Illinois Tool Work's Motion for Attorneys' Fees and Costs [Doc. 72]. For the reasons stated below, the Plaintiff's Motion to Alter or Amend Judgment and Reconsider Summary Judgment Order [Doc. 75] is GRANTED in part and DENIED in part, and the Defendants' Motion for Attorneys' Fees and Costs [Doc. 72] is DENIED.

**I. Background**

Illinois Tool Works ("ITW") is a Delaware corporation. It sponsors and designates one of its own employees as Plan Administrator of the Defendant Plan, a

self-funded ERISA welfare benefit plan.[1] The Plaintiff Boysen is a former employee of ITW. Due to disagreements regarding Boysen's termination of employment and denial of benefits under the Plan, Boysen filed suit against ITW. On January 4, 2017, the Court granted the Defendants' Motion for Summary Judgment[2] and dismissed the case with prejudice. The Court's Order made no mention of awarding attorney's fees or costs. On January 5, 2017, the Clerk entered a judgment against the Plaintiff which included an award for attorney's fees. The Plaintiff now moves to alter or amend the Clerk's judgment and for reconsideration of the Court's earlier Order. The Defendants also move for attorney's fees and costs pursuant to § 502(g) of ERISA.

## II. Discussion

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment.[3] "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."[4] The Federal Rules of Civil Procedure do

---

[1] Defs.' Stat. of Mat. Facts ¶ 1.

[2] Opinion and Order Granting Defendants' Motion for Summary Judgment [Doc. 67].

[3] See Fed. R. Civ. P. 59(e).

[4] American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Group Corp., 753 F.2d 862, 866 (11th Cir. 1984)).

not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."[5] A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."[6] Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."[7]

---

[5] L.R. 7.2E.

[6] Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

[7] Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

There is no doubt that there was a clear mistake in the Clerk's judgment as the Court's Order made no mention of an award of attorney's fees. Normally, the Court would simply grant the Plaintiff's Motion to Alter and that would be the end of the matter. However, because the Defendants have now moved for attorney's fees and costs pursuant to 502(g), the Court must now address the Defendants' arguments in depth.

ERISA states that a district court may allow, in its discretion, "a reasonable attorney's fee and costs of action to either party,"[8] if that party has achieved "some success on the merits."[9] Once a party has shown success, the Eleventh Circuit has laid out five factors for consideration in deciding whether to award attorney's fees and costs under 502(g):

> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.[10]

---

[8] 29 U.S.C. § 1132(g)(1).

[9] See Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010).

[10] Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).

"No one of these factors is necessarily decisive," but when considered together, "they are the nuclei of concerns that a court should address in applying section 502(g)."[11]

The Defendants clearly succeeded on the merits in this case. However, the <u>Iron Workers</u> factors lead the Court to find that attorney's fees are not warranted here. The first and fifth factors carry the most weight in this case, as it was a simple factual dispute regarding an individual employee. Although the Defendants may be frustrated that the case was not resolved much earlier, the fact that the Plaintiff pursued his case does not necessarily show bad faith. Nor is bad faith shown by the Plaintiff's pursuit of additional discovery, regardless of whether that additional discovery was fruitful for the Plaintiff or costly for the Defendants.[12] Diligence and doggedness do not on their own make a party culpable. They could, of course, make a party culpable if its claims were completely meritless, but that is not the case here. Though the Plaintiff's claims were ultimately unsuccessful, he raised legitimate questions about the Defendants' standard and level of review in his case.

The remaining factors, though carrying somewhat less weight in this case, also counsel against awarding attorney's fees. Awarding attorney's fees in a case like this

---

[11] <u>Id.</u>

[12] Indeed, the Defendants are not without their own share of culpability for delays in this litigation.

could discourage ERISA claimants from pursuing legitimate claims in the future, undermining the remedial purposes of ERISA.[13] Neither side was trying to address any significant broad legal questions regarding ERISA, nor were there any larger issues at stake other than the limited dispute between an individual employee and his former employer. And lastly, although the ability to pay is relevant, it rarely recommends an award of attorney's fees against an individual employee absent significant culpability that is not present here. Often, this factor suggests just the opposite; its purpose is generally to *help* employee plaintiffs bear the burden of vindicating their rights.[14] The same is true in this case. Although the Plaintiff may be making a respectable salary, the Defendants are asking for fees of nearly twice his gross yearly income. Awarding such a fee would put a significant burden on the Plaintiff, not to mention the tremendous chilling effect it would have on future litigants, especially in the absence of any truly bad faith behavior on the part of the Plaintiff.

Considering the totality of the circumstances, all five Iron Workers factors, and the interests of justice, the Court finds that attorney's fees would be inappropriate in this case. Consequently, the Defendants' motion must be denied. And because there

---

[13] See Nachwalter v. Christie, 805 F.2d 956, 962 (11th Cir. 1986).

[14] See Bishop v. Osborn Transp., Inc., 687 F. Supp. 1526, 1529 (N.D. Ala. 1988) ("This factor...militates against awards of fees against employee plaintiffs in favor of defendant employers...").

was clear error in the Clerk's judgment awarding attorney's fees, the Plaintiff's motion to amend is granted. However, the Plaintiff has not shown clear error with regard to the Court's Order granting summary judgment to the Defendants. The Plaintiff's arguments were made during the briefing on that motion and were addressed by the Court's Order. The Plaintiff's motion for reconsideration is therefore denied.

### III. Conclusion

For the reasons stated above, the Defendants' Motion for Attorneys' Fees and Costs [Doc. 72] is DENIED. The Plaintiff's Motion to Alter or Amend Judgment and Reconsider Summary Judgment Order [Doc. 75] is GRANTED in part and DENIED in part. The Clerk is directed to alter the Judgment [Doc. 68] to reflect the Court's denial of attorney's fees.

SO ORDERED, this 25 day of May, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge