# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 14, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  17-13145-AA
Case Style:  David Boysen v. Illinois Tool Works Inc., et al
District Court Docket No:  1:15-cv-01900-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: T. L. Searcy, AA
Phone #: (404) 335-6180

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  17-13145-AA

_____

DAVID L. BOYSEN,

Plaintiff - Appellant
Cross Appellee,

versus

ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN,
ILLINOIS TOOL WORKS, INC.,

Defendants - Appellees
Cross Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

Before: JORDAN and TJOFLAT, Circuit Judges, and HUCK,[*] District Judge.

BY THE COURT:

Before the Court is Appellant's "Motion and Memorandum in Support of Appellant's

Application for Attorneys' Fees."

The motion is TRANSFERRED to the district court for its consideration of whether

Appellant is entitled to attorney's fees and the amount of attorney's fees to which Appellant is

entitled, if any.

_____

[*] Honorable Paul C. Huck, United States District Judge for the Southern District of Florida,
sitting by designation.

CASE NO. 17-13145

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DAVID L. BOYSEN,

*Plaintiff/Appellant,*

v.

ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN

AND ILLINOIS TOOL WORKS, INC.,

*Defendants/Appellees.*

A DIRECT APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

MOTION AND MEMORANDUM IN SUPPORT OF APPELLANT'S
APPLICATION FOR ATTORNEYS' FEES

R. Lawrence Ashe, Jr.,
Georgia Bar No. 024500
Paul R. Barsness
Georgia Bar No. 597107
Julie A. Wood
Georgia Bar No. 023749
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30308
Tel: 404-523-5300      Fax: 678-533-7766

*Attorneys for Appellant/Cross-Appellee David L. Boysen*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

There are no changes from the Certificate of Interested Persons and Corporate

Disclosure Statement filed on July 25, 2017.

## PROCEDURAL AND FACTUAL HISTORY

After Appellant David L. Boysen ("Boysen") was terminated by Appellee Illinois Tool Works, Inc. ("ITW") in 2014, he filed a claim for separation pay under the Appellee Illinois Tool Works Inc. Separation Plan (the "Plan"). The Plan Administrator denied Boysen's claim and his subsequent appeal, stating that the "sole basis" for the denial of benefits was his determination that ITW had not eliminated Boysen's position (General Manager I)—a prerequisite for benefits. The Plan Administrator refused to consider, or provide to Boysen, documents and information relating to the issue of job elimination during the claim and appeal process. He likewise refused to consider any documents submitted by Boysen regarding his excellent job performance record, because the sole reason for denial was the fact that Boysen's position was not eliminated.

Boysen filed the underlying action, challenging the Plan Administrator's failure to provide him a "full and fair review" in violation of ERISA and the Plan's terms. Before the district court, Boysen again asked for information and documents relating to his termination. ITW and the Plan again refused, forcing Boysen to seek relief from the district court. The district court ordered ITW and the Plan to produce certain documents and information. When Boysen discovered that key documents still had not been produced, he sought further relief from the district court, which the district court denied. Thereafter, the district court granted ITW's and the Plan's motion for summary

judgment. Boysen appealed.

On April 3, 2019, this Court vacated the district court's grant of summary judgment. This Court stated the "plan administrator did not engage in a full and fair review of [Boysen's] claim." Opinion, pp. 2-3. This Court determined that the Plan Administrator "repeatedly refused to consider highly relevant evidence," thus breaching his fiduciary obligations to Boysen and violating ERISA *Id.* at 25. This Court remanded the case for further proceedings with the district court, possibly including a further remand all the way back to the Plan Administrator.

## <u>LEGAL ARGUMENT</u>

As this Court determined that the Plan Administrator failed to provide Boysen with his right (under ERISA and the Plan) to a full and fair review, Boysen is *eligible* to recover his fees under 29 U.S.C. § 1132(g)(1). He has achieved "some degree of success on the merits" of his claim. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). Further, a fee award is *appropriate* under the five-factor test set forth in *Hardt*. Finally, this Court may determine the amount of an award of reasonable fees and expenses at this stage of the proceedings. As the local rules require Boysen to file a declaration attesting to the truthfulness of the amount of fees and expenses (along with contemporaneous time records), this Court has the necessary information and documentation to determine the reasonableness of the amount of fees and expenses. Boysen requests that this Court award him a total of $318,961.50 for

fees and $2,001.82 in expenses incurred in pursuing his claim in the administrative process, litigating his claim in the district court, and on appeal. The requested award is comparable to the fees expended by ITW in the district court proceeding to evade payment of Boysen's severance pay claim. *See* Appendix 1584-1630 (ITW's and the Plan's Itemized Fees in District Court).

## A.    This Court Should Determine Boysen's Eligibility for Fees.

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). 11th Cir. R. 39-2 allows Boysen to file an application for fees within 14 days after a petition for rehearing is denied. Upon a reversal on appeal, 11th Cir. R. 39-2 gives Boysen the option of seeking fees from this Court or from the district court upon remand.

This Court is best-positioned to make the decision regarding Boysen's eligibility to recover fees under 29 U.S.C. § 1132(g)(1), because Boysen's eligibility is predicated on this Court's opinion. Recently, the First Circuit Court of Appeals made the initial fee eligibility determination in a similar ERISA "full and fair review" case. *See Gross v. Sun Life Assurance Co. of Canada*, 763 F.3d 73 (1st Cir. 2014).

In *Gross*, the district court entered judgment in favor of the plan administrator, and the plaintiff appealed. The First Circuit found the "administrative record was 'inadequate to allow a full and fair assessment of Gross's entitlement to disability

benefits,' and therefore remanded the case to allow further development of the evidence." *Id.* at 76. The plaintiff then filed a motion for fees and costs with the appellate court pursuant to 29 U.S.C. § 1132(g)(1) seeking fees and costs she incurred both in the district court and on appeal. *Id.* The Court in *Gross* decided the eligibility for fees and costs issue was ripe for decision, and the plaintiff did not need to wait until remand to determine if she would ultimately obtain the benefits sought. The Court stated: "Our judgment in this appeal is final, and the outcome of the supplemental proceedings ordered by our remand will not change [the plaintiff's] eligibility for fees *for the phase of the case that concluded with that judgment.* We therefore consider the fees issue fit for adjudication." *Id.* at 81 (emphasis added).

In reasoning the eligibility of fees issue should be resolved by the appellate court instead of delayed for determination once the plaintiff's benefits claim is decided, the Court considered the onerous economic burdens on the ERISA participant and the difficulty of such participants securing and retaining counsel as cases move forward. *Id.* at 81-82. The same reasoning applies to Boysen in pursuing his ERISA claim. Boysen was terminated by ITW in 2014, *over five years ago*. It has taken Boysen *five years* of diligent and substantial legal efforts to obtain relief that will require ITW and the Plan to provide and evaluate the relevant information and documents concerning whether his job was eliminated. The possibility of further remand to the Plan Administrator raises the prospect that Boysen will largely have to

start the process all over again. Except for a $10,000 retainer, Boysen's counsel has worked on a contingency fee basis for these *five years* in which ITW and the Plan have refused to provide and consider information and documents required by ERISA and the Plan's terms. *See* Declaration of R. Lawrence Ashe, Jr. ¶ 2 (attached hereto as Exhibit A). To ensure Boysen may continue to retain counsel for the remand to the district court, and potentially back to the Plan Administrator, this Court should make the initial fee eligibility determination.

**B.    Boysen is Eligible for the Recovery of Fees and Expenses.**

ERISA gives this Court the discretion to "allow a reasonable attorney's fee and costs of action" to either party in a benefits proceeding. *See* 29 U.S.C. § 1132(g)(1). For a party to a benefits proceeding to be eligible for an award, the party need not be the "prevailing" party; instead, the party seeking the recovery of fees and costs must show "some degree of success on the merits." *Hardt*, 560 U.S. at 245. This "success" must be more than "trivial success" or a "purely procedural victory." *Id.* at 255. A claimant meets the "some degree of success" requirement "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.*

The First Circuit Court of Appeals, interpreting *Hardt*, held that "some degree of success on the merits" is a "merits outcome that produces *some meaningful benefit*

*for the fee-seeker*." *Gross*, 763 F.3d at 76-77 (emphasis added). In *Gross*, the Court recognized that most of the courts interpreting *Hardt* have held that "remand to the plan administrator for review of a claimant's entitlement of benefits, even without guidance favoring an award of benefits or an actual grant of benefits, is sufficient success on the merits to establish eligibility for fees under section 1132(g)(1)." *Id.* at 77. For many claimants, a remand is often the "best outcome" one can "reasonably hope to achieve from the courts." *Id*.

Notably, even the dissent in *Gross* would support Boysen's eligibility for benefits. Relying on authority from a minority of jurisdictions holding that a purely procedural victory is insufficient to establish entitlement to fees, Judge Selya in dissent acknowledged that his decision would have been different had there been a determination that the claimant was denied a full and fair review. *See id*. at 87 and n.11.

Two other sister circuits have held, in unpublished opinions, that remanding for a full and fair review constitutes the requisite "some success on the merits" under *Hardt*. In *McKay v. Reliance Standard Life Ins. Co.*, 428 Fed. Appx. 537, 547 (6th Cir. 2011), the Court held that, though the plaintiff ultimately did not receive benefits, the remand constituted some success on the merits, because he received another review of his claim. The court reasoned getting "another shot" was some degree of success. *Id.* at 547. Similarly, in *Huss v. IBM Med. & Dental Plan*, 418 Fed. Appx.

498, 512 (7th Cir. 2011), the Court found the plaintiff had achieved some success on

the merits where the court reversed the administrative denial of benefits and remanded

for further proceedings.

While this Court has not addressed the issue, the district court in *Olds v. Ret.*

*Plan of Intern. Paper Co.,* 2011 WL 2160264, No. 09-0192-WS-N (S.D. Ala. June 1,

2011) evaluated a plan's decision to deny benefits and concluded the plan had ignored

relevant documents in making its denial determination. The district court remanded to

the plan to conduct a "full and fair review." The claimant then filed a motion for fees

with the district court. The court found the claimant had:

> experienced 'some degree of success on the merits' when he
> presents a claim that the defendant violated his rights and
> the court rules that the defendant did violate those rights.
> That is precisely what occurred here: among other
> arguments, the plaintiff claimed that the Plan violated his
> statutory right to a full and fair review, and the Court held
> that the Plan did indeed violate that right.

*Olds*, 2011 WL 2160264, *2.

By obtaining this Court's order, Boysen clearly has met the "some degree of

success" standard in *Hardt*. This Court found that, "the plan administrator repeatedly

refused to consider highly relevant evidence, or evidence which contradicted (or

potentially conflicted with) his decision." Opinion, pp. 25-26. And that the "plan

administrator did not engage in a full and fair review of [Boysen's] claim." *Id*., pp. 1-

2. This Court ruled that "plan administrators, constrained as they are by certain

fiduciary obligations, cannot refuse to consider key relevant information, or to investigate further when faced with potentially conflicting evidence, or deny access to information that is potentially beneficial to a claimant." *Id.*, p. 27.

Boysen presented a claim that ITW and the Plan violated his right to a full and fair review. This Court ruled that ITW and the Plan did violate that right. By filing his ERISA action and continuing to pursue such action on appeal, Boysen has achieved what he sought to achieve from the beginning: access to information and documents relating to the potential elimination of his position and an order that the Plan Administrator evaluate such information. This Court's decision is a clear success for Boysen. As Boysen has obtained "some degree of success on the merits", this Court should find Boysen *eligible* for an award of fees and costs under ERISA.

An eligibility determination is particularly important in a case like this. ITW and the Plan were willing to stonewall Boysen's claim and not provide a full and fair review, perhaps knowing that—as occurred in this case—a claimant cannot prevail if relevant information is excluded from the administrative record. Denying Boysen his fees and expenses would send a chilling signal. No reasonable law firm would accept an ERISA "full and fair review" case knowing that it would have to waste hundreds of thousands of potentially nonrecoverable dollars just to get access to the relevant information and start over.

## C.    An Award of Fees is Appropriate under the Five-Factor Test.

Upon determining that Boysen is *eligible* for fees under ERISA for achieving

some degree of success on the merits his benefits claim, this Court may consider the

five-factor test set forth in *Hardt* to determine if an award of fees would be

*appropriate*. These five factors are:

> (1) the degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of
> attorneys' fees; (3) whether an award of attorneys' fees
> against the opposing parties would deter other persons
> acting under similar circumstances; (4) whether the parties
> requesting attorneys' fees sought to benefit all participants
> and beneficiaries of an ERISA plan or to resolve a
> significant legal question regarding ERISA itself; and (5)
> the relative merits of the parties' positions.

*Cross v. Quality Mgmt. Group, LLC*, 491 Fed. Appx. 53 (11th Cir. 2012) (citing

*Hardt*).[1] "No one of these factors is necessarily decisive, and some may not be

apropos in a given case, but together they are the nuclei of concerns that a court

should address in applying Section 502(g)." *Iron Workers Local No. 272 v. Bowen*,

624 F.2d 1255, 1266 (5th Cir. 1980).

### 1.    ITW and the Plan Were Culpable for Refusing to Conduct a Full and Fair Review.

The first factor this Court may consider in determining if a fee award is

appropriate is the degree of ITW's and the Plan's culpability or bad faith in not

---

[1] These "five factors also should guide appellate courts' determinations of whether to award fees on appeal." *Nachwalter v. Christie*, 805 F.2d 956 , 962 (11th Cir. 1986).

providing Boysen with a full and fair review of his claim. Courts have consistently held a plan administrator's failure to provide a full and fair review is sufficient culpable conduct to support an award of fees. *See, e.g., Slupinski*, 554 F.3d at 48 (stating a plan administrator "may be found culpable if it failed to engage in a fair and open-minded consideration of the claim"); *Gross*, 763 F.3d at 83 (stating the plan's failure to make a "bona fide effort to determin[ation]" of whether the plaintiff was entitled to benefits evidenced sufficient culpability); *Olds*, 2011 WL 2160264, *4 (holding a plan's carelessness in not conducting a full and fair review was culpable conduct supporting an award of fees).

This Court was even more critical of the review process here, describing it as so flawed that it "effectively made it impossible for Mr. Boysen to oppose the decision." *Id.*, p. 22. In conduct deemed "antithetical" to his fiduciary duty, the plan administrator "refuse[d] to seek documents that would be in the exclusive control of the company and then blame[d] Mr. Boysen for not producing sufficient evidence." *Id.*, p. 27. Then he "compounded" these problems, which alone justified reversal, by further refusing to consider the evidence that Boysen did submit and "dig deeper." *Id.*

Importantly, this Court need not find ITW and the Plan acted in bad faith – a finding of some degree of culpability for not providing a full and fair review in and of itself weighs in favor of finding that a fee award for Boysen would be appropriate. *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1345 (11th Cir. 2001) (noting the court

should consider **either bad faith or culpability of the party**, and district court did not

abuse its discretion in deciding party's carelessness demonstrated sufficient

culpability); *see also Slupinski v. Unum Life Ins. Co.*, 554 F.3d 38, 48 (2d Cir. 2009)

(stating that "bad faith" and "culpability" are each "distinct standards"). That said, the

Plan Administrator was not merely careless. His stubborn and repeated refusal to

consider highly relevant information, in the face of multiple direct requests, is

evidence of bad faith. As this Court explicitly held ITW and the Plan failed to provide

a full and fair review of Boysen's claim, the culpability factor clearly weighs in favor

of finding that a fee award is appropriate.

### 2.   ITW and the Plan Are Able to Satisfy An Award of Fees.

This factor regarding a party's ability to satisfy an award of fees is of "little

weight." *Gross*, 763 F.3d at 84. However, given that ITW and the Plan are highly

solvent and are unlikely to claim any financial hardship, the Court should place this

factor on Boysen's "side of the scale." *Id.* Moreover, ITW and the Plan acknowledged

they incurred fees in the amount of $231,939.00 to defend against Boysen's benefits

claim *prior* to the appeal being filed. *See* Appendix, p. 1584. Given ITW's 2018

revenue of $14.8 billion, it is readily capable of paying the fees. 2018 Annual Report,

p. 1, *available at* https://investor.itw.com/annual-reports/Index?KeyGenPage=431137.

### 3.   Awarding Fees Would Deter ITW and the Plan From Denying Other Claimants a Full and Fair Review.

ITW and the Plan refused to provide Boysen with a full and fair review of his

claim. Notably, the total amount of separation pay sought by Boysen when he filed his claim was approximately $45,000.00, 80% lower than the fees ITW and the Plan incurred and substantially lower than the fees Boysen incurred and now seeks to recover.[2] Awarding Boysen his fees and expenses at this time would deter ITW and the Plan from similarly mistreating other claimants in the future.

The Court in *Gross* agreed that awarding fees to a claimant would deter a plan from denying future claimants a full and fair review:

> [P]lan administrators ordinarily will be in the best position to develop a record adequate for the full and fair review required by the statute, and courts should not hesitate to demand 'higher-than-marketplace quality standards' in the handling of claims. We therefore conclude that an award of fees to [the claimant] may have a desirable deterrent effect by demonstrating that excessive hostility to claims involving subjective symptoms is ill-advised.

*Gross*, 763 F.2d at 84-85; *see also Olds*, 2011 WL 2160264, *4 (noting an award of fees "can only serve to make the Plan more attentive to its statutory obligation to actually consider claimants' claims and reduce the Plan's incentive to gloss over them").Thus, the deterrence factor weighs heavily in favor of finding that a fee award to Boysen would be appropriate.

---

[2] Notably, the fee award in an ERISA case is not required to be proportionate to any award of underlying damages. *See United Auto. Workers Local 529 v. Metro Auto Ctr.*, 501 F.3d 283 (3rd Cir. 2007) (agreeing with D.C., 6th and 9th Circuits that ERISA fee award need not be proportionate to underlying damage award).

**4.      The Fourth Factor is Not Relevant to Boysen's Fee Application.**

Boysen concedes his claim does not seek to benefit all participants and beneficiaries of the Plan; however, this factor is not dispositive in this Court's determination of whether an award is appropriate. *Olds*, 2011 WL 2160264, *5.

**5.      Boysen's Success On the Merits in this Appeal Outweighs Any Success of ITW and the Plan.**

Contrary to Boysen's success on the merits, ITW and the Plan did not obtain any successful results from Boysen's appeal or their cross-appeal from the district court's denial of their request for fees. Thus, Boysen manifestly was more successful than ITW and the Plan; this factor weighs heavily in his favor. *See Olds*, 2011 WL 2160264, *5 ("the relative merits, however, do not concern whether the plaintiff will ultimately receive benefits but whether the Plan violated the plaintiff's right to a full and fair review . . . . [and] [t]he disparity in those merits is stark.").

As all factors at issue weigh strongly in Boysen's favor, this Court should find that a fee award to Boysen is *appropriate* under the five-factor test.

**D.      Boysen Is Entitled to Recover the Amount of Reasonable Fees Incurred.**

Pursuant to 11th Cir. R. 39-2, Boysen files this memorandum in support of his application for fees. Attached as Exhibit A is a Declaration of R. Lawrence Ashe, Jr. setting forth the summary of the work performed and the reasonableness of such work by Boysen's attorneys. Attached to Mr. Ashe's Declaration are contemporaneous time records (Exhibits 2-3), itemized summary of work performed by each attorney or

paralegal on the required form (Exhibits 4-5), and invoices of costs (Exhibit 6). As discussed below, the fees totaling $318,961.50 and expenses totaling $2,001.82 are reasonable and recoverable.

### 1.   Boysen Is Seeking Fees and Expenses Incurred to Date.

Boysen is seeking fees and expenses for pre-litigation matters relating to his benefits claim, litigating his benefits claim in the district court, and pursuing this appeal, including the preparation of this application for fees. Boysen may recover all such reasonable fees and expenses. *See, e.g., Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1345 (11th Cir. 2001) (*pre-litigation fees* - recognizing no authority supporting a contention that an award of fees for pre-litigation was not authorized by ERISA and holding district court did not abuse its discretion in awarding pre-litigation fees); *Wright*, 270 F.3d at 1345 (*district court fees* – affirming award of fees incurred at the district court); *Nachwalter v. Christie*, 805 F.2d 956 , 961 (11th Cir. 1986) (*fees on appeal* – holding "subsection 1132(g)(1) allows the recovery of attorney's fees and costs incurred in an appeal."); *see also Gross,* 763 F.3d at 76, 86 (holding ERISA claimant was eligible for an award for fees and costs for litigation in the district court and on appeal).

Pre-litigation fees are particularly appropriate here. As this Court acknowledged, "[t]he parties' pre-suit correspondence is central to our analysis, so we recount it in some detail." Opinion, p. 5.

## 2.    The Amount of Fees Sought is Reasonable.

ERISA permits the recovery of a "reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "What constitutes a reasonable attorney's fee is calculated using the "lodestar" method, taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Alhassid v. Bank of America, N.A.*, 688 Fed. Appx. 753, 755 (11th Cir. 2017) . The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Alhassid*, 688 Fed. Appx. at 755.

## 3.    The Number of Hours Expended is Reasonable.

The total hours worked by Boysen's attorneys and paralegals in this action through the district court level was 659.3 hours. As ITW and the Plan admitted in its request for fees from the district court that *over seven hundred hours* of legal work solely at the district court level was reasonable for their legal professionals, given the difficulty of the case, the subject matter involved, and the scope of discovery efforts and motion practice, *see* Appendix, pp. 1591-94, ITW and the Plan cannot credibly argue now that fewer hours expended by Boysen's legal professionals over an additional stage (pre-litigation) was not reasonable.

Boysen was required to confer with ITW and the Plan for months about his claim prior to filing the Complaint. After filing, ITW vigorously fought all discovery. Boysen was forced to file two motions to compel in an attempt to obtain documents

relating to the elimination of his job. Boysen was also required to respond to ITW and the Plan's motion for summary judgment on his ERISA claim, and to file an emergency motion in connection with such response in a final attempt to obtain crucial information and documents prior to the district court's ruling on the summary judgment motion. After the district court entered its order, the clerk erroneously awarded ITW fees without ITW even seeking them. This forced Boysen to move the district court to reconsider the judgment , to which ITW responded by seeking fees. Boysen spent many hours arguing against ITW and the Plan's retaliatory and frivolous motion for fees at the district court (which was denied, and such denial was affirmed by this Court). In sum, the time spent in pursuing Boysen's claim at the district court was reasonable and largely caused by ITW's and the Plan's stonewall intransigence.

On appeal, Boysen's attorneys and paralegals spent a total of 419.1 hours. These hours included preparing initial appeal forms, preparing a mediation statement and attending a court-ordered mediation, preparing an Appellant Brief, the Appendix, an Appellee Brief (as to ITW and the Plan's cross-appeal) and a Reply Brief, preparing for and providing oral argument, and preparing this application. Preparation of the fee application required legal professionals to review contemporaneous billing statements, prepare this legal memorandum, the Declaration of Mr. Ashe and the forms required by this Court showing the total amount of hours spent. Thus, the amount of time spent on the appeal, including the fee application, is reasonable.

### 4.     The Hourly Rates of the Professionals Are Reasonable.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court may take into account the subject matter of the litigation and may consider that ERISA is an extremely complex statute and the pursuit of Boysen's claim required the use of attorneys with ERISA expertise. *See Bowen v. SouthTrust Bank of Alabama*, 760 F. Supp. 889, 897 (M.D. Ala. 1991) (considering litigation concerned ERISA in determining whether rate was reasonable).

Notably, when ITW and the Plan sought their fees at the district level, ITW and the Plan set forth substantial arguments that its lead attorneys' rates of $380 and $360 were reasonable rates for a complex ERISA litigation. *See* Appendix, pp. 1594-97. In that same submission, ITW and the Plan cited many cases discussing the rates of lawyers working on ERISA cases which supported their reasonable rate argument.[3] *See, e.g., Trustees of Teamsters Pension Trust Fund of Philadelphia v. Sheinman Provision Co.*, 2012 WL 3104402 at *1-2 (E.D. Pa. July 30, 2012) (recognizing $300/hour was reasonable for associate specializing in labor and employment law); *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1035 (N.D. Cal. 2011) ($600/hour

---

[3]To their fee request in the district court , ITW and the Plan attached a Declaration of Walter Christopher Arbery, an attorney in Atlanta, Georgia, who opined a rate of $360-380 was reasonable in defending Boysen's claims. *See* Appendix, pp. 1628-30.

for ERISA specialists and $400/hour for associates were reasonable).

The attorneys working for Boysen billed at a rate of $190 to $490 per hour, with all of the attorneys (except for Mr. Ashe) billing below the $380 rate that ITW and the Plan represented as reasonable. This higher rate for Mr. Ashe is entirely justified given his over 50 years of experience in successfully litigating employment cases in Georgia and throughout the country and his national status as an attorney. All of these rates are reasonable for the Atlanta metropolitan market.

### 5.    The Lodestar Figure is Presumptively Reasonable.

There is a strong presumption that the lodestar calculation method represents a reasonable fee. *See Blum v. Stenson*, 465 U.S. 886, 898 (1984); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). As Boysen has presented evidence supporting the reasonableness of the rates for each professional and the amount of time spent by the professionals, the lodestar figure, the number of hours multiplied by the applicable rate, this Court should find the total amount of fees sought by Boysen is reasonable. This is especially true in this case as the fees sought by Boysen are comparable to the fees sought by ITW and the Plan when they filed their motion for fees with the district court.

### 6.    The Court Should Award Boysen His Reasonable Expenses.

ERISA also provides this Court with discretion to award reasonable costs to either party. *See* 29 U.S.C. § 1132(g)(1). Here, Boysen requests the Court award a

total of $2,001.82 in non-taxable expenses. Copies of invoices are attached to Mr. Ashe's Declaration as Exhibit 6. Expenses incurred for such costs are recoverable under ERISA. *See Plumbers*, 2013 WL 3816660 at *6.

## CONCLUSION

As Boysen achieved some success on the merits of his claim, this Court should find that Boysen is *eligible* for an award of fees and costs. As the factors used by this Court to determine if it should award fees and costs in an ERISA action clearly weigh in Boysen's favor, this Court should find an award of fees and costs is *appropriate*. This Court should find Boysen is entitled to a fee award of $318,961.50 and an award of costs of $2,001.82 as Boysen has provided evidence that such amounts are reasonable.

Respectfully submitted, this 21st day of June, 2019.

**PARKER, HUDSON, RAINER & DOBBS LLP**

By:    */s/ R. Lawrence Ashe, Jr.*
R. Lawrence Ashe, Jr.
Georgia Bar No. 024500
Paul R. Barsness
Georgia Bar No. 597107
Julie A. Wood
Georgia Bar No. 023749
303 Peachtree St. NE
Suite 3600
Atlanta, GA 30308
Telephone: 404-523-5300
Facsimile: 404-522-8409

*Counsel for Appellant/Cross Appellee*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS <u>AND TYPE STYLE REQUIREMENTS</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the substance of the brief that was produced using a computer does not contain more than 5,200 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman type.

By:    <u>*/s/ R. Lawrence Ashe, Jr.*</u>
R. Lawrence Ashe, Jr.
Georgia Bar No. 024500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed this **MOTION AND MEMORANDUM IN SUPPORT OF APPELLANT'S APPLICATION FOR ATTORNEYS' FEES** using the Court's CM/ECF system, which automatically sends notification to the parties and counsel of record. A copy of the foregoing **MOTION AND MEMORANDUM IN SUPPORT OF APPELLANT'S APPLICATION FOR ATTORNEYS' FEES** was also sent via U.S. Mail to Appellee's counsel as follows:

> Wesley E. Stockard
> Shella B. Neba
> Littler Mendelson, P.C.
> 3344 Peachtree Rd., N.E.
> Suite 1500
> Atlanta, Georgia 30326

Dated: June 21st, 2019

By:    */s/ R. Lawrence Ashe, Jr.*
R. Lawrence Ashe, Jr.

# EXHIBIT A

**CASE NO. 17-13145**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### DAVID L. BOYSEN,

*Plaintiff/Appellant,*

v.

### ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN
### AND ILLINOIS TOOL WORKS, INC.,

*Defendants/Appellees.*

## A DIRECT APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

## DECLARATION OF R. LAWRENCE ASHE, JR.

## DECLARATION OF R. LAWRENCE ASHE, JR.

I, R. Lawrence Ashe, Jr. do hereby affirm:

1.      I am over the age of 18 and am competent to give this Declaration.  I
make this declaration in support of Mr. Boysen's Motion for Attorney's Fees and Costs
as required by 11th Cir. R. 39-2. All statements in this declaration are made based
upon my personal knowledge and review of our itemized statements of attorney's fees
in this case.

2.      I am a Senior Counsel with the law firm of Parker, Hudson, Rainer &
Dobbs, LLP ("Parker Hudson") and counsel of record for Mr. Boysen in the above-
styled case. Except for a $10,000.00 retainer, Parker Hudson has worked on a
contingent fee basis for the five years that it has represented Mr. Boysen in his dispute
and subsequent legal action against ITW and the Plan.

3.      I am admitted to practice in the State of Georgia and the District of
Columbia and before the United States Supreme Court, this Court and the United
States Court of Appeals of the Second, Fourth, Fifth, Sixth, Ninth, Tenth and D.C.
Circuits, and the Northern and Middle Districts of Georgia.

4.      I obtained my undergraduate degree from Princeton University, *magna
cum laude*, in 1962 and my law degree from Harvard Law School, *cum laude*, in 1967.

- 2 -

A copy of my professional resume is attached hereto and incorporated herein as Exhibit 1.

5.     Since I began my career as a lawyer, my practice has largely been devoted to employment and civil rights litigation.

6.     Paul Barsness is Of Counsel with Parker Hudson.  Mr. Barsness was the primary attorney other than myself responsible for the work on this employment litigation matter.  He presented the oral argument to this Court. Mr. Barsness received his undergraduate degree from the University of Georgia in 1998, and his law degree from Georgia State University, *summa cum laude*, in 2009.  Mr. Barsness is admitted to practice in Georgia, as well as before this Court and the Northern and Middle Districts of Georgia.  Mr. Barsness's practice has been largely devoted to employment law throughout his career at Parker Hudson, and he has regularly represented clients in a variety of ERISA-related litigation matters.

7.     Besides Mr. Barsness, associates Tiffany R. Johnson and Katrina Hodges assisted with the fact investigation and discovery, legal research, analysis of issues, motion and brief drafting over the course of the litigation of this case at the district court.

8.     Ms. Johnson is a former associate with Parker Hudson and is now an Assistant U.S. Attorney in the Northern District of Georgia.  Ms. Johnson received her undergraduate degree from the Princeton University in 2009, and her law degree from

Wake Forest University School of Law in 2012. At the time Ms. Johnson worked on this action, she was admitted to practice in Georgia as well as the United States District Court for the Northern District of Georgia.

9.     Ms. Hodges is a former associate with Parker Hudson and is now with the Office of the General Counsel for the United States Department of Health and Human Services. Ms. Hodges received her undergraduate degree from Boston University in 2007 and received a Master's degree from Kennesaw State University in 2009. She received her J.D. from Georgia State University College of Law in 2013, where she served as a student writing associate editor on the Georgia State University Law Review and in the Georgia State University Moot Court. At the time Ms. Hodges worked on this action, she was admitted to practice in Georgia as well as the United States District Court for the Northern District of Georgia.

10.     Other legal professionals, including several attorneys and summer associates worked on Mr. Boysen's case at the district court level as shown by the copies of the contemporaneous time records for the legal work performed for Mr. Boysen's case at the district court attached hereto as Exhibit 1. However, as these attorneys and summer associates had limited involvement in the case and in an effort to seek only the recovery of fees that were clearly efficient and necessary, as well as reasonable, Mr. Boysen is not seeking the recovery of the fees for the work performed

by these individuals on Mr. Boysen's case at the district court. The amount of fees represented by the hours worked by these professionals equals $25,965.00.

11.     In addition to Mr. Barsness, Julie A. Wood, an associate, also assisted with the legal research, analysis of issues, and brief drafting over the course of the litigation of this case on appeal.

12.     Julie A. Wood is a senior associate with Parker Hudson. Ms. Wood received her undergraduate degree, *summa cum laude*, from the University of Georgia in 1993, and her law degree from University of Oregon School of Law in 1996, *Order of the Coif,* where she served as Editor-in-Chief of the Oregon Law Review. After graduating from law school, Ms. Wood clerked for the Honorable James R. Browning at the United States Court of Appeals for the Ninth Circuit. Ms. Wood is admitted to practice in Georgia, as well as before this Court and the United States District Courts for the Northern and Middle Districts of Georgia. Ms. Wood's practice has been largely devoted to commercial litigation, including employment litigation, throughout her career at Parker Hudson. She has represented clients in a variety of ERISA-related litigation matters.

13.     Other attorneys worked on Mr. Boysen's case on appeal, as shown by the copies of the contemporaneous time records for the legal work performed for Mr. Boysen's case on appeal attached hereto as Exhibit 2. However, as these attorneys had limited involvement in the case and in an effort to only seek the recovery of fees

that were efficient and necessary, as well as reasonable, Mr. Boysen is not seeking the

recovery of the fees for the work performed by these individuals on Mr. Boysen's case

on appeal. The amount of fees represented by the hours worked by these professionals

on the appeal amounts to $7,212.00. Thus, the amount of fees worked by legal

professionals on the appeal and in the district court that Mr. Boysen *is not seeking* is

$33,086.00.

14.    Two paralegals, Shay K. Burdette and Mark Cline, at Parker Hudson

helped with Mr. Boysen's case during both while it was pending at the district court

and on appeal. These paralegals provided discovery assistance and helped prepare the

Appendix and this Application for Attorneys' fees.

15.    The billing rates charged to Mr. Boysen for all attorneys and legal

professionals representing Mr. Boysen in this litigation during the five years this

action has been pending are reflected below. Because this dispute commenced in

2014 and has spanned over many years, the rates of several legal professionals

identified above have increased during the pendency of this case.

| | |
|---|---|
| R. Lawrence Ashe, Jr. | $490-$550 |
| Paul Barsness | $250-$355 |
| Julie A. Wood | $325-$365 |
| Tiffany R. Johnson | $210 |
| Katrina Hodges | $190 |

| Mark Cline | $200-$220 |
| Shay K. Burdette | $190-$245 |

16.     As a lawyer practicing in Atlanta for more than 50 years and having held leadership positions in three Atlanta firms and the American Bar Association's Employment Law Committee, I am generally familiar with rates charged by other lawyers in this community with similar credentials, experience, education and training. The rates charged by Parker Hudson for the time expended on this case by the above legal professionals are reasonable as compared to those rates.

17.     Attached to this Declaration as Exhibit 2 are copies of contemporaneous time records evidencing the time recorded by the legal professionals listed above for the work performed at the district court. The description of the time billed in this case contains the names of the legal professionals involved, the hours billed in tenths of an hour, a description of the service, and the charges for that particular service.

18.     Attached to this Declaration as Exhibit 3 are contemporaneous time records evidencing the time recorded by the legal professionals listed above for the work performed on the appeal.  The description of the time billed in this case contains the names of the legal professionals involved, the hours billed in tenths of an hour, a description of the service, and the charges for that particular service.

19.     Attached to this Declaration as Exhibit 4 are forms summarizing the legal work performed by all legal professionals in this matter at the district court in the form

required by 11th Cir. R. 39-2. The total amount of hours spent working on this matter in the district court by the legal professionals was 659.3 hours. The total dollar amount of fees sought by Mr. Boysen for work performed at the district court is $185,420.00.

20.     Attached to this Declaration as Exhibit 5 are forms summarizing the legal work performed by all legal professionals in this matter on appeal in the form required by 11th Cir. R. 39-2. The total amount of hours spent working on this matter on appeal by the legal professionals was 419.10 hours. The total dollar amount of fees sought by Mr. Boysen for work performed on the appeal is $133,541.50.

21.     All of the time for which Parker Hudson has billed was recorded at the time the services were rendered and inputted into a computer program which maintains such records for our firm.

22.     All of the time for which Parker Hudson billed was, in my professional judgment, reasonably necessary to provide effective representation to our client in this vigorously defended case.

23.     As reflected on Exhibits 2-5, the attorney's fees presented in this Declaration cover the time period from inception of this matter through the filing of this application with this Court. The total amount of attorney's fees billed and incurred by Mr. Boysen for this time period and for which an award is sought is $318,961.50. This amount—or the lodestar figure—was calculated simply by multiplying the applicable hourly rate of a legal professional by the amount of time such legal

- 8 -

professional spent on such task. These sums were then totaled to get a sum of $185,420.00 for the work performed in the district court (Exhibits 2 and 4) and $133,541.50 for work performed on appeal (Exhibits 3 and 5) for a total sum of $318,961.50. (As set forth above, the sums listed on the contemporaneous time records for the district court and on the appellate court are higher than the sums sought herein because Mr. Boysen is not seeking an award for fees for certain timekeepers for the work performed at the district court and on appeal totaling $33,086.00).

24.    After reviewing the time records maintained by Parker Hudson in connection with this matter, and evaluating the efforts necessary to conduct this litigation, I believe that amount of $318,961.50 to be reasonable, necessary and appropriate for award by this Court in a case that has been vigorously defended throughout, including an essentially frivolous retaliatory counterclaim.

25.    I have also reviewed all of our firm's invoices for non-taxable expenses in this matter. Those invoices and a summary of those expenses for which Mr. Boysen seeks recovery (a total of $2,001.82) is attached to this Declaration as Exhibit 6.

26.    The services performed and the attorney's fees charged in this matter were necessary and reasonable, and in line with the attorney's fees customarily charged in the Atlanta metropolitan area for similar legal services by attorneys of similar credentials, experience, skill and reputation.

27.     Based upon my professional experience, my practice as an attorney, and my familiarity with legal fees charged for ERISA litigation, I believe that the fees billed for the time spent and the litigation expenses are reasonable for the type of work performed in this case by the individuals who performed them.

28.     Based upon my professional experience and my practice as an attorney, I certify my opinion that the work performed was reasonably necessary to the preparation, presentation and prosecution of this case.

29.     The facts set forth in this declaration are correct to the best of my knowledge, information and belief.

I declare under the penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is correct and based upon my knowledge, information, experience and belief, as well as my review of the aforementioned documents.

Witnessed this 21st day of June, 2019.

_____
Notary Public

My Commission expires:
March 9, 2021

_____
R. Lawrence Ashe, Jr.

# EXHIBIT 1



# : parker hudson

## r. lawrence ashe, jr.

### Senior Counsel
Atlanta

lashe@phrd.com

P: 404 420 4320
F: 404 522 8409

### practice area(s)
Employment Litigation & Counseling

Executive Compensation & Separation Agreements

### admitted to practice
Georgia

District of Columbia

U.S. Supreme Court

U.S. Courts of Appeals for Second, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, and DC Circuits

U.S. District Court for the Northern District of Georgia

U.S. District Court for the Middle District of Georgia

## biography

Lawrence Ashe has successfully defended and tried more discrimination class actions to judgment than any other management lawyer in the country. Acclaimed by the *National Law Journal* as the "Dean of the Management Class Action Bar," Lawrence represents clients throughout the country and has litigated some of the largest such cases tried to date. His courtroom skills, gravitas, and leadership combine to make him a powerful presence in all matters he undertakes.

With a practice focused on major Employment and Civil Rights litigation matters, Lawrence primarily represents defendants, but occasionally represents plaintiffs in individual cases not presenting issue conflicts. Most of these matters involve workplace discrimination, employment, and retaliation claims, both individual and class actions. A large portion of Lawrence's practice is around employment testing and selection, including the successful defense of disparate impact claims to state teacher certification tests. Lawrence has also successfully mediated dozens of employment cases. He is regularly called on by clients for advice on employment law compliance.

Lawrence is dedicated to serving his clients. He thrives when handling their largest, most consequential matters. His diverse experience and mastery of his field allow him to lead even the most complex and impactful cases to a successful conclusion. Lawrence has held a wide variety of leadership roles in the Atlanta community, and has received numerous local, regional, and national accolades reflecting his judgment and effectiveness as a trial and appellate lawyer.

## experience

- For more than fifty years, 95% of Lawrence's law practice has been devoted to jury and non-jury civil disputes and litigation, focusing on employment, labor, and civil rights matters. With regard to his national employment and discrimination law practice, approximately 80% has been defendant representation and 20% plaintiff representation. Employment testing issues now average being one-half of Lawrence's practice. Lawrence has also successfully mediated over two dozen cases.

- Lead trial counsel in some of the largest class action employment and other discrimination cases actually tried to date, as well as numerous individual cases. Have tried to conclusion twelve major discrimination class actions, more than any other management lawyer in America. The highest profile defense was of California's K-12 teacher licensing test ("CBEST"). The successful U.S. District Court defense was affirmed en banc by the Ninth Circuit, which held state teacher certification test subject to Title VII regulation, but, because it tested basic skills, sufficiently related to teaching to withstand disparate impact claims.AMAE v. State of California, et al. (9th Cir. 2000) (en banc).

phrd.com



- Served as co-lead counsel for a world renowned landscape architect in a post-settlement JAMS arbitration between the client and his former business partners, a Chinese architect and a French urban planning professional, all of whom previously operated a very successful multi-disciplinary commercial design firm in Shanghai, China. During a multi-day hearing before a London-based arbitrator the parties presented testimony from witnesses in Europe, China and the Philippines. Following the conclusion of the arbitration, the arbitrator entered a substantial award in favor of the firm's client, including broad injunctive relief and a seven figure monetary judgment. The award was confirmed over objection and the client prevailed in an appeal to the confirmation order.

- Defended suit by 19 plaintiffs claiming violation of constitutional and privacy rights. Addressed resolution compliance issues.

- National employment testing and validation counsel on all relevant matters for EEI (Edison Electric Institute) and its participating members in this national trade association for investor-owned electric utilities.

## thought leadership

- Co-Presenter, "Legal Update," EEI 2018 Conference on Testing, New Orleans, Louisiana (June 2018).

- Webinar Co-Presenter, "Legal Implications of Testing on Job Applicants," Lorman Education Services (March 2018).

- Co-Editor, 1989 Five-Year Cumulative Supplement and drafter of original Scored Tests Chapter (BNA 1976) and all subsequent editions and supplements thereto (ABA), Lindemann, Grossman & Weirich Employment Discrimination Law (BNA 1983 - Present)

- Co-author of the *amicus curiae* brief filed with the U.S. Supreme Court by the Executive Committee of Division 14 of the American Psychological Association in *Washington v. Davis*, 423 U.S. 820 (1976)

## accolades

- Recognized by *The Best Lawyers in America*® for Civil Rights Law (2013-2019) and Labor and Employment Law (2011-2019). Has been recognized by *The Best Lawyers in America*® since 1991.

- Listed as a Band 1 attorney in Chambers USA: America's Leading Lawyers for Business for Georgia Labor and Employment lawyers (2013-present)

- Civil Rights Milestone Honoree Award from the State Bar of Georgia and the Center for Civil and Human Rights "as one of the Georgia lawyers who worked for justice and equal treatment for all of Georgia's citizens." (June 3, 2015)

- One of 10 "Nation's Most Powerful Employment Attorneys - Hall of Fame" (2013)

- Named Atlanta 2012 "Litigation Labor and Employment Lawyer of the Year" by *Atlanta Best Lawyers*

- Recognized as one of Georgia's "Top 10" lawyers by *Georgia Trend* magazine (2010, 2011, 2012)

- Sole "Star Individual" in the 2010, 2011, and 2012 editions of *Chambers USA: America's Leading Lawyers for Business* for Georgia Labor and Employment lawyers

- Selected as one of "The 100 Most Powerful Employment Attorneys in America" (May 2009, 2011 and 2012) by *Lawdragon* and *Human Resources Executive Magazine*

- Gate City Bar Association Hall of Fame Award (2009)



- Named as a "Georgia Super Lawyer" by *Law & Politics* and *Atlanta Magazine* (2004 - 2019)

## professional affiliations

- State Bar of Georgia

- District of Columbia Bar

- Gate City Bar Association

- Atlanta Bar Association

- American Bar Association

- American Employment Law Council, Founder and Executive Committee Member

- N.D. Ga. Member of the Committee on Lawyer Qualifications and Conduct, 11th Circuit Court of Appeals (2001 – present), Eleventh Circuit Chair (2018 to date)

- Master and Executive Committee, Bleckley Inn of Court, U.S. District Court, Northern District of Georgia (1990 – present)

- Anti-Defamation League's first Judge Elbert Tuttle Distinguished Jurisprudence Award (1998)

- Court Disciplinary Committee, USDC, N.D. Ga. (1992-1996)

- Fellow, College of Labor and Employment Lawyers (1996 to date)

- Fellow, American College of Trial Lawyers (1994 to date)

- Board and Executive Committee member, Center for Civil and Human Rights (2008 - Present)

- Council Member of the Harvard Law School Association (1994-98, 1999 - Present), and Southeastern Regional Representative (1999 - Present)

- Honorary Consul to the State of Georgia for the Republic of Poland (March 2011 - Present)

- Board member, Piedmont Park Conservancy (2006 - Present)

- Chair, Ivan Allen Society, United Way of Metropolitan Atlanta (2006-2007), Campaign Cabinet (2008), and Leadership Giving Executive Committee (2009 to date)

- Board and Executive Committee member, ReGender (formerly National Council for Research on Women) (2007-2013)

- President (1977-1980) and Director (1974-81, 1982-97), Legacy Award (2012), Urban League of Greater Atlanta

## education

- Harvard Law School (LL.B., *cum laude*, 1967)

- Princeton University (A.B., *magna cum laude*, 1962)

phrd.com

# EXHIBIT 2

**Parker, Hudson, Rainer & Dobbs LLP**

A LIMITED LIABILITY PARTNERSHIP

**ATTORNEYS AT LAW**
**303 PEACHTREE STREET, N.E.**
**SUITE 3600**
**ATLANTA, GA 30308**
**(404) 523-5300**

EIN: 58-1423485

David Boysen
13411 Bradshaw Street
Apt. 32104
Overland Park, KS  66213

Invoice Date:  05/31/2019      RLA

**Prebill #      306236**

**Client #       005820**

**Matter #      00001**

**Invoice No.:                 0**

ATTN:

**Re:  Re: Employment Advice**
**(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:      May 31, 2019**

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/21/14 | RLA | Review e-mail from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 04/22/14 | PRB | Confer with Mr. Boysen about ITW's response time, and confer with RLA | 0.40 hrs | 250/hr | $100.00 | 0 |
| 04/24/14 | RLA | E-mail exchange with D. Scruggs; telephone conference with M. Wexler re: D. Scruggs; review e-mail from D. Scruggs; e-mail exchange and telephone conference with D. Boysen | 1.00 hrs | 490/hr | $490.00 | 0 |
| 06/02/14 | RLA | Review e-mails from client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 06/04/14 | PRB | Begin work drafting response letter to ITW | 1.60 hrs | 250/hr | $400.00 | 0 |
| 06/05/14 | RLA | Conference with PRB; review and edit PRB's draft letter to Mr. Scruggs; e-mail exchange with client | 0.80 hrs | 490/hr | $392.00 | 0 |
| 06/05/14 | PRB | Finish response letter; confer with RLA and revise and edit letter | 1.50 hrs | 250/hr | $375.00 | 0 |
| 06/06/14 | RLA | Review e-mails from client; review e-mails from ITW counsel Scruggs | 0.60 hrs | 490/hr | $294.00 | 0 |
| 06/06/14 | PRB | Supervise transmittal of response letter to ITW | 0.40 hrs | 250/hr | $100.00 | 0 |
| 06/06/14 | SKB | Update letter to ITW | 0.20 hrs | 190/hr | $38.00 | 0 |
| 06/09/14 | RLA | Review e-mail from client | 0.00 hrs | 490/hr | N/C | 0 |
| 07/21/14 | RLA | Conferences with PRB | 0.30 hrs | 490/hr | $147.00 | 0 |
| 07/21/14 | PRB | Research case law supporting fraud claims | 0.70 hrs | 250/hr | $175.00 | 0 |

Client      005820      Matter      00001      Prebill No.   306236                    Page   2

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/21/14 | PRB | Call with opposing counsel to discuss potential settlement | 0.50 hrs | 250/hr | $125.00 | 0 |
| 07/23/14 | RLA | Conference with PRB | 0.20 hrs | 490/hr | $98.00 | 0 |
| 07/23/14 | PRB | Call with Mr. Boysen to discuss response to ITW; confer with RLA | 0.80 hrs | 250/hr | $200.00 | 0 |
| 07/24/14 | RLA | Review e-mail from PRB to client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 07/24/14 | PRB | Draft correspondence to ITW outlining factual basis for allegations of job elimination | 1.90 hrs | 250/hr | $475.00 | 0 |
| 07/25/14 | RLA | Conference with PRB; review, edit and sign letter to Mr. Scriggs; review e-mail from PRB to client | 0.40 hrs | 490/hr | $196.00 | 0 |
| 07/25/14 | PRB | Confer with Mr. Boysen and RLA, and revise settlement response to ITW | 0.80 hrs | 250/hr | $200.00 | 0 |
| 08/05/14 | RLA | Review e-mail from J. Scruggs | 0.20 hrs | 490/hr | $98.00 | 0 |
| 08/06/14 | RLA | E-mail exchange with client; conference with PRB | 0.40 hrs | 490/hr | $196.00 | 0 |
| 08/06/14 | PRB | Review response from ITW | 0.60 hrs | 250/hr | $150.00 | 0 |
| 08/07/14 | RLA | Review e-mail from client; review e-mails from PRB | 0.30 hrs | 490/hr | $147.00 | 0 |
| 08/08/14 | RLA | Conference with PRB; review e-mail from PRB; telephone conference with D. Boysen and PRB; review e-mails from client; review, edit and send letter to ITW counsel | 0.80 hrs | 490/hr | $392.00 | 0 |
| 08/08/14 | PRB | Confer with RLA about response; draft response letter; confer with JDG about potential ERISA claims and process for satisfying exhaustion requirements | 3.60 hrs | 250/hr | $900.00 | 0 |
| 08/11/14 | RLA | Edit and file appeal re: benefits; conference with PRB; e-mail exchange with client | 0.60 hrs | 490/hr | $294.00 | 0 |
| 08/11/14 | PRB | Confer with JDG and draft letter appealing the denial of ERISA benefits | 2.60 hrs | 250/hr | $650.00 | 0 |
| 09/12/14 | RLA | Review e-mail from PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 09/12/14 | RLA | Review e-mail from PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 09/12/14 | PRB | Draft and send status update to Mr. Boysen | 0.30 hrs | 250/hr | $75.00 | 0 |
| 09/15/14 | RLA | E-mail exchange with client and PRB | 0.20 hrs | 490/hr | $98.00 | 0 |
| 09/25/14 | RLA | Review e-mail from J. Scruggs; review e-mail from client and PRB re: same | 0.20 hrs | 490/hr | $98.00 | 0 |
| 09/26/14 | RLA | Review e-mail from J. Scruggs; review e-mail from client; conference with PRB | 0.40 hrs | 490/hr | $196.00 | 0 |
| 11/07/14 | PRB | Confer with client about next steps | 0.20 hrs | 250/hr | $50.00 | 0 |

Client      005820      Matter      00001      Prebill No.   306236      Page   3

| Date | | Description | Hours | Rate | Amount | |
|------|---|-------------|-------|------|--------|---|
| 12/03/14 | RLA | Review e-mail from E. Goldman for ITW; review e-mail from client | 0.30 hrs | 490/hr | $147.00 | 0 |
| 12/08/14 | RLA | Review e-mail from opposition; several conferences with PRB | 0.30 hrs | 490/hr | $147.00 | 0 |
| 12/31/14 | PRB | Confer with Mr. Boysen about next steps | 0.10 hrs | 250/hr | $25.00 | 0 |
| 01/18/15 | RLA | Review e-mail from client with attachments | 0.20 hrs | 490/hr | $98.00 | 0 |
| 01/27/15 | RLA | E-mail exchange with client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 01/28/15 | RLA | Review e-mail from PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 01/28/15 | PRB | Conferral with TRJ and RLA about representation; begin work drafting response to Mr. Goldman | 1.40 hrs | 250/hr | $350.00 | 0 |
| 01/29/15 | RLA | Review e-mail from PRB; e-mail PRB and D. Boysen | 0.30 hrs | 490/hr | $147.00 | 0 |
| 01/29/15 | PRB | Begin claims research for contingency memorandum; review case law regarding fraud claims and ERISA preemption | 3.10 hrs | 250/hr | $775.00 | 0 |
| 01/29/15 | PRB | Continue work drafting response to Plan Administrator regarding denial of benefits | 2.10 hrs | 250/hr | $525.00 | 0 |
| 01/30/15 | RLA | E-mail client and PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 01/30/15 | PRB | Continue claims research; review case law regarding the standard of review in an ERISA denial-of-benefits case; begin review of case law interpreting the phrase "job elimination" as a criteria for benefits eligibility | 4.40 hrs | 250/hr | $1,100.00 | 0 |
| 02/02/15 | RLA | Conference with PRB; review and edit PRB's draft letter to ITW | 0.40 hrs | 490/hr | $196.00 | 0 |
| 02/02/15 | PRB | Revise correspondence to ITW regarding claims denial | 0.40 hrs | 250/hr | $100.00 | 0 |
| 02/02/15 | PRB | Continue claims analysis; outline key facts supporting entitlement to additional benefits | 1.60 hrs | 250/hr | $400.00 | 0 |
| 02/03/15 | PRB | Analyze potential damages | 0.30 hrs | 250/hr | $75.00 | 0 |
| 02/04/15 | PRB | Review communication about other GM terminated by Hammouri, begin work drafting memorandum for potential handling on contingency basis | 1.30 hrs | 250/hr | $325.00 | 0 |
| 02/05/15 | PRB | Research ERISA case law governing awards of attorneys fees and incorporate into contingency memorandum | 3.10 hrs | 250/hr | $775.00 | 0 |
| 02/12/15 | PRB | Confer with TRJ about ERISA claims | 0.50 hrs | 250/hr | $125.00 | 0 |
| 02/12/15 | TRJ | Review claims analysis; discuss same | 0.80 hrs | 210/hr | $168.00 | 0 |
| 02/19/15 | PRB | Revise response letter to ITW and confer with RLA | 0.50 hrs | 250/hr | $125.00 | 0 |

Client    005820          Matter    00001    Prebill No.   306236              Page   4

| Date | Atty | Description | Hours | Rate | Amount | |
|------|------|-------------|-------|------|--------|---|
| 02/23/15 | RLA | Telephone conference and conference with PRB; review and edit PRB memo re: contingent fee; review e-mail from client; review e-mail from client to PRB | 0.70 hrs | 490/hr | $343.00 | 0 |
| 02/23/15 | PRB | Review client information and send description of deadlines and next steps; confer with RLA about claims analysis and response to ITW | 1.10 hrs | 250/hr | $275.00 | 0 |
| 02/24/15 | PRB | Revise claims analysis and send to RLA | 0.80 hrs | 250/hr | $200.00 | 0 |
| 03/04/15 | RLA | Letter to/from and telephone conference with client | 0.30 hrs | 490/hr | $147.00 | 0 |
| 03/04/15 | PRB | Attend contingency committee meeting to discuss potential representation | 0.50 hrs | 250/hr | $125.00 | 0 |
| 03/20/15 | RLA | Letter from PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 03/20/15 | PRB | Confer with TRJ and RLA about next steps | 0.30 hrs | 250/hr | $75.00 | 0 |
| 05/07/15 | TRJ | Review file and discuss complaint | 0.20 hrs | 210/hr | $42.00 | 0 |
| 05/19/15 | RLA | Letter to PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 05/19/15 | TRJ | Revise response letter to Elliot Goldman responding to ITW benefits decision letter | 0.10 hrs | 210/hr | $21.00 | 0 |
| 05/19/15 | TRJ | Draft revised engagement letter to client; discuss same with RLA | 0.50 hrs | 210/hr | $105.00 | 0 |
| 05/20/15 | PRB | Confer with TRJ about venue options and next steps for filing Complaint | 1.60 hrs | 250/hr | $400.00 | 0 |
| 05/20/15 | TRJ | Draft complaint | 2.90 hrs | 210/hr | $609.00 | 0 |
| 05/20/15 | TRJ | Research re proper venue and proper defendants | 2.00 hrs | 210/hr | $420.00 | 0 |
| 05/20/15 | TRJ | Email client re: revised engagement letter | 0.10 hrs | 210/hr | $21.00 | 0 |
| 05/20/15 | TRJ | Discuss strategy for draft complaint | 0.20 hrs | 210/hr | $42.00 | 0 |
| 05/20/15 | TRJ | Review and prepare correspondence for mailing | 0.10 hrs | 210/hr | $21.00 | 0 |
| 05/20/15 | TRJ | Review correspondence with ITW and ITW separation plan | 1.00 hrs | 210/hr | $210.00 | 0 |
| 05/21/15 | PRB | Review and revise draft complaint | 0.90 hrs | 250/hr | $225.00 | 0 |
| 05/21/15 | TRJ | Revise complaint | 0.50 hrs | 210/hr | $105.00 | 0 |
| 05/21/15 | TRJ | Discuss revisions to complaint | 0.10 hrs | 210/hr | $21.00 | 0 |
| 05/21/15 | TRJ | Draft complaint | 0.70 hrs | 210/hr | $147.00 | 0 |
| 05/22/15 | RLA | Review and edit TRJ draft complaint; letters to and letters from client; conference with PRB re: same; telephone conference with client PRB; revise and edit draft supplemental retainer letter to client; conference with PRB re: same | 0.90 hrs | 490/hr | $441.00 | 0 |

Client      005820      Matter      00001      Prebill No.    306236          Page   5

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 05/22/15 | PRB | Revise engagement letter and send to Mr. Boysen; revise and distribute complaint | 1.60 hrs | 250/hr | $400.00 | 0 |
| | 05/26/15 | RLA | Letters from and letters to client; conference with PRB | 0.40 hrs | 490/hr | $196.00 | 0 |
| | 05/26/15 | PRB | Revise complaint; draft certificate of interested persons | 1.50 hrs | 250/hr | $375.00 | 0 |
| | 05/27/15 | RLA | Conference with PRB re: final complaint edits; proof complaint in final and direct its filing | 0.60 hrs | 490/hr | $294.00 | 0 |
| | 05/27/15 | PRB | Final revisions; supervise filings | 1.00 hrs | 250/hr | $250.00 | 0 |
| | 05/28/15 | RLA | Letters to and letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| | 06/11/15 | PRB | Confer with TRJ about service issues | 0.10 hrs | 250/hr | $25.00 | 0 |
| | 07/23/15 | TRJ | Research and retain service of summons and complaint on defendants | 0.30 hrs | 210/hr | $63.00 | 0 |
| | 07/30/15 | TRJ | Email correspondence with process servers in Illinois re: affidavits of service | 0.20 hrs | 210/hr | $42.00 | 0 |
| | 08/04/15 | RLA | Letters from Grady Murdock, counsel for ITW; letter to PRB | 0.30 hrs | 490/hr | $147.00 | 0 |
| | 08/05/15 | RLA | Letter from and letter to Grady Murdock; telephone conference | 0.40 hrs | 490/hr | $196.00 | 0 |
| | 08/05/15 | PRB | Compile settlement information and confer with RLA | 0.50 hrs | 250/hr | $125.00 | 0 |
| | 08/13/15 | RLA | Consent order | 0.10 hrs | 490/hr | $49.00 | 0 |
| | 08/14/15 | RLA | Review and analysis of court order | 0.20 hrs | 490/hr | $98.00 | 0 |
| | 08/17/15 | RLA | Letter to and letter from ITW counsel | 0.20 hrs | 490/hr | $98.00 | 0 |
| | 08/17/15 | TRJ | Review email correspondence re: motion for extension | 0.20 hrs | 210/hr | $42.00 | 0 |
| | 09/18/15 | RLA | Letter from Grady Murdock | 0.10 hrs | 490/hr | $49.00 | 0 |
| | 09/21/15 | RLA | Letter from and letter to opposing counsel yesterday; review consent order; letter to client; letter from and letter to PRB | 0.60 hrs | 490/hr | $294.00 | 0 |
| L140   A103 | 09/22/15 | ACAM | Review order granting second consent motion extending answer deadline and initate event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| | 10/02/15 | RLA | Letter from, letter to and telephone conference with Wes Stockard; letter from Grady Murdock; letter to client and PRB | 0.70 hrs | 490/hr | $343.00 | 0 |
| | 10/02/15 | PRB | Analyze settlement offer and confer with Mr. Boysen and RLA | 0.50 hrs | 250/hr | $125.00 | 0 |

| Client | 005820 | Matter | 00001 | Prebill No. | 306236 | | | Page | 6 |
|---|---|---|---|---|---|---|---|---|---|

| | | Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|---|---|
| | | 10/05/15 | RLA | Review defendant's answer to plaintiff's complaint | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 10/05/15 | PRB | Review Answer and Corporate Disclosure Statement and send to Mr. Boysen | 0.60 hrs | 250/hr | $150.00 | 0 |
| | | 10/06/15 | JDG | Review of Complaint, Answer, and Separation Pay Plan; assess ERISA issues | 1.00 hrs | 350/hr | $350.00 | 0 |
| L140 | A103 | 10/07/15 | ACAM | Review Defendant's answer and certificate of interested persons and update event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 10/08/15 | JDG | Review of settlement offer and ERISA assertions; conference with RLA | 0.20 hrs | 350/hr | $70.00 | 0 |
| | | 10/08/15 | RLA | Telephone conference with ITW counsel; letters to client | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 10/08/15 | PRB | Review settlement offer and confer with RLA and TRJ | 0.50 hrs | 250/hr | $125.00 | 0 |
| | | 10/09/15 | PRB | Confer with RLA about settlement demand | 0.20 hrs | 250/hr | $50.00 | 0 |
| | | 10/12/15 | RLA | Review research memo by TRJ; letter to and telephone conference with Grady Murdock; conference with TRJ | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 10/12/15 | TRJ | Research possible state law claims for retaliation and summarize same | 1.30 hrs | 210/hr | $273.00 | 0 |
| | | 10/13/15 | RLA | Letter from Grady Murdock | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 10/14/15 | RLA | Letter to and letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 10/14/15 | PRB | Confer with Illinois counsel about claims | 0.40 hrs | 250/hr | $100.00 | 0 |
| | | 11/03/15 | RLA | Letters from ITW counsel; work with TRJ on inserts | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 11/03/15 | RLA | Letters from PRB re: appeal and denial appeal | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 11/03/15 | RLA | Review PRB cases on entitlement to discovery | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 11/03/15 | PRB | Confer with TRJ about 26(f) report; research grounds for jury trial; research grounds for discovery beyond administrative file | 2.90 hrs | 250/hr | $725.00 | 0 |
| | | 11/03/15 | TRJ | Telephone conference with opposing counsel re: joint preliminary planning conference; discuss same | 0.10 hrs | 210/hr | $21.00 | 0 |
| | | 11/03/15 | TRJ | Discuss issues raised in draft joint planning and discovery plan | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 11/03/15 | TRJ | Telephone conference with opposing counsel re: settlement potential | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 11/03/15 | TRJ | Draft Plaintiff's response to 26(f) report | 1.40 hrs | 210/hr | $294.00 | 0 |
| | | 11/04/15 | RLA | Letter to and letter from ITW counsel; letter from and letter to TRJ re: draft court filing; telephone conference with ITW counsel re: settlement | 0.40 hrs | 490/hr | $196.00 | 0 |

| Client | 005820 | Matter | 00001 | Prebill No. | 306236 | | | Page | 7 |
|---|---|---|---|---|---|---|---|---|---|

| | | 11/04/15 TRJ | Telephone conferences with opposing counsel re: 26(f) report and potential settlement; discuss same | 0.60 hrs | 210/hr | $126.00 | 0 |
|---|---|---|---|---|---|---|---|
| | | 11/04/15 TRJ | Review and revise joint preliminary planning report; email re: same; email opposing counsel re: same | 1.80 hrs | 210/hr | $378.00 | 0 |
| | | 11/06/15 RLA | Letter to and letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| L140 | A103 | 11/06/15 ACAM | Review joint preliminary report and discovery plan and update event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 11/08/15 RLA | Conference with PRB; telephone conference and conference with TRJ and JDG; telephone conference with Grady Murdoch; work on scheduling order issues | 1.30 hrs | 490/hr | $637.00 | 0 |
| | | 11/09/15 RLA | Letter from referring counsel; letter to Robin Potter, potential Illinois counsel; letter from and letter to Judge Thrash's office; letters from ITW counsel; letters from client re: Mexico situation and job performance; letter from PRB and client re: scope of discovery and purposed of hearing before Judge Thrash | 1.50 hrs | 490/hr | $735.00 | 0 |
| | | 11/09/15 PRB | Confer with client about upcoming hearing | 0.30 hrs | 250/hr | $75.00 | 0 |
| | | 11/10/15 TRJ | Plan and strategize in preparation for hearing re: scope of discovery | 0.10 hrs | 210/hr | $21.00 | 0 |
| | | 11/11/15 RLA | Conference with TRJ | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 11/16/15 RLA | Conference with TRJ re: hearing issues and defendant's irrelevant case citations | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 11/16/15 TRJ | Prepare outline for hearing re: scope of discovery; discuss same | 2.50 hrs | 210/hr | $525.00 | 0 |
| L140 | A103 | 11/16/15 ACAM | Review hearing notice and update event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 11/17/15 RLA | Conference with TRJ; preparation for tomorrow's hearing; read cited cases | 1.40 hrs | 490/hr | $686.00 | 0 |
| | | 11/17/15 TRJ | Research 11th Circuit cases re: scope of discovery in ERISA benefits litigation; review client documents and correspondence with plan administrator; revise outline in preparation for hearing | 1.50 hrs | 210/hr | $315.00 | 0 |
| | | 11/18/15 RLA | Review court order | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 11/18/15 RLA | Letter to Grady Murdock | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 11/18/15 RLA | Work on discovery list | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 11/18/15 RLA | Letter to W. Stockard re: depositions | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 11/18/15 RLA | Letter from, letter to and telephone conference with client with TRJ | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 11/18/15 RLA | Debrief with TRJ | 0.40 hrs | 490/hr | $196.00 | 0 |

Client   005820          Matter      00001     Prebill No.   306236          Page   8

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 11/18/15 | RLA | Attend hearing with TRJ before Judge Thrash; conference with Wes Stockard | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 11/18/15 | RLA | Conference with TRJ to help her prepare for hearing with TRJ | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 11/18/15 | TRJ | Prepare for hearing re: scope of discovery; travel to/from hearing; participate in hearing; discuss same | 2.70 hrs | 210/hr | $567.00 | 0 |
| | | 11/18/15 | TRJ | Telephone conference with client re: hearing on discovery and next steps | 0.70 hrs | 210/hr | $147.00 | 0 |
| | | 11/19/15 | RLA | Letter from TV producer re: "David and Goliath" feature via JCM; letter to and telephone conference with JCM; letter to client; Work on discovery to ITW | 1.20 hrs | 490/hr | $588.00 | 0 |
| | | 11/20/15 | RLA | Letters to and letters from client and letters to TRJ | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 11/21/15 | RLA | Letter from and letter to client, cc TRJ | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 11/22/15 | RLA | Work on discovery; letters to and letter from client | 0.80 hrs | 490/hr | $392.00 | 0 |
| | | 11/23/15 | RLA | Entry of consent order pleading | 0.10 hrs | 490/hr | $49.00 | 0 |
| L140 | A103 | 11/24/15 | ACAM | Review scheduling order and update event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 11/25/15 | RLA | Letters to and letter from client | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 11/25/15 | RLA | Letters from and letters to client | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 11/28/15 | RLA | Letters to and letter from client | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 11/30/15 | RLA | Work on discovery; work on factual research | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 11/30/15 | TRJ | Draft Plaintiff's Initial Disclosures | 1.70 hrs | 210/hr | $357.00 | 0 |
| | | 12/01/15 | RLA | Review and edit TRJ initial disclosures draft; letters from and letters to TRJ and client | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 12/01/15 | PRB | Analyze draft initial disclosures | 0.50 hrs | 250/hr | $125.00 | 0 |
| | | 12/01/15 | TRJ | Draft plantiff's initial disclosures; revise same | 1.80 hrs | 210/hr | $378.00 | 0 |
| | | 12/01/15 | TRJ | Emails to client re: initial disclosures | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 12/01/15 | TRJ | Telephone conference with client re: initial disclosures | 0.70 hrs | 210/hr | $147.00 | 0 |
| | | 12/02/15 | TRJ | Review and revise initial disclosures; prepare same for filing | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 12/02/15 | TRJ | Review defendants' initial disclosures; email client re: same | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 12/03/15 | RLA | Letter from and conference with TRJ; letter from and letter to ITW counsel; review ITW's filing; letter to ITW counsel re: media inquiry | 0.70 hrs | 490/hr | $343.00 | 0 |

| Client | 005820 | | | Matter | 00001 | Prebill No. | 306236 | | Page | 9 |
|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|

| | | Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|---|---|
| | | 12/03/15 | TRJ | Telephone and email correspondence with opposing counsel re: ESI conference; discuss same | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 12/03/15 | TRJ | Review and prepare initial disclosure documents for production to defendants; discuss same | 1.20 hrs | 210/hr | $252.00 | 0 |
| | | 12/04/15 | RLA | Conference with TRJ | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 12/04/15 | TRJ | Discuss plan for ESI conference and discovery requests to ITW | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 12/04/15 | TRJ | Email opposing counsel re: initial disclosure production and ESI conference; email client re: same | 1.80 hrs | 210/hr | $378.00 | 0 |
| L140 | A103 | 12/04/15 | ACAM | Prepare documents for TRJ to send to opposing counsel | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 12/07/15 | RLA | Conference with TRJ; prepare for and telephone conference with ITW counsel with TRJ; letter to ITW counsel re: deposition scheduling and media issue | 1.20 hrs | 490/hr | $588.00 | 0 |
| | | 12/07/15 | TRJ | Telephone conference with opposing counsel re: ESI discovery | 0.80 hrs | 210/hr | $168.00 | 0 |
| | | 12/08/15 | RLA | Conference with TRJ; work on draft discovery; start review of administrative record | 1.20 hrs | 490/hr | $588.00 | 0 |
| | | 12/08/15 | TRJ | Review ITW's initial disclosure documents and send to client | 0.20 hrs | 210/hr | $42.00 | 0 |
| L140 | A103 | 12/08/15 | ACAM | Review correspondence re: Defendant's initial disclosure production; review and file production documents | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 12/09/15 | RLA | Letter from and telephone conference with client; draft discovery pleadings after relevant file review | 1.60 hrs | 490/hr | $784.00 | 0 |
| | | 12/10/15 | RLA | Work on discovery, related file review and client's suggestions | 1.60 hrs | 490/hr | $784.00 | 0 |
| | | 12/11/15 | RLA | Complete work on discovery drafts; conference with TRJ; review TRJ edits and client input; get discovery served on ITW counsel; telephone conference, letters to and letters from client; letter from Shella Neba, ITW counsel | 2.30 hrs | 490/hr | $1,127.00 | 0 |
| | | 12/11/15 | TRJ | Review and revise written discovery to defendants | 1.30 hrs | 210/hr | $273.00 | 0 |
| | | 12/14/15 | RLA | Letter from client; letter to ITW counsel | 0.30 hrs | 490/hr | $147.00 | 0 |
| L140 | A103 | 12/14/15 | ACAM | Review discovery requests and update event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| L140 | A103 | 12/14/15 | ACAM | Review Plaintiff's response to Defendant's motion to dismiss and update event dates in Prolaw | 0.20 hrs | 180/hr | $36.00 | 0 |
| | | 12/21/15 | RLA | Letter to and letter from client; letter to and letter from TRJ; letter to ITW counsel | 0.60 hrs | 490/hr | $294.00 | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No. | 306236 | | Page | 10 |

|  |  | 12/22/15 | RLA | Letter from and letter to ITW counsel; letter to and letter from TRJ | 0.30 hrs | 490/hr | $147.00 | 0 |
|---|---|---|---|---|---|---|---|---|
|  |  | 01/05/16 | TRJ | Telephone conference with opposing counsel re: discovery responses | 0.10 hrs | 210/hr | $21.00 | 0 |
|  |  | 01/06/16 | TRJ | Email opposing counsel re: extension for written discovery responses | 0.40 hrs | 210/hr | $84.00 | 0 |
|  |  | 01/12/16 | RLA | Letter to potential witness; letters from, letters to and telephone conference with client; conference with TRJ | 0.90 hrs | 490/hr | $441.00 | 0 |
|  |  | 01/13/16 | RLA | Letter from, letter to and conference with TRJ; review and edit deposition notices; conferences with RTC, TRJ and WJH re: same; letter to ITW counsel re: accepting witness subpoenas | 0.80 hrs | 490/hr | $392.00 | 0 |
|  |  | 01/15/16 | RLA | Letter from and letter to Wes Stockard; telephone conference with Mr. Stockard; letter to TRJ | 0.80 hrs | 490/hr | $392.00 | 0 |
|  |  | 01/18/16 | TRJ | Prepare notices of deposition; email same to opposing counsel | 0.30 hrs | 210/hr | $63.00 | 0 |
|  |  | 01/26/16 | RLA | Review and analysis of discovery pleadings from ITW counsel; conference with TRJ | 0.60 hrs | 490/hr | $294.00 | 0 |
|  |  | 01/27/16 | RLA | Telephone conference with witness | 0.40 hrs | 490/hr | $196.00 | 0 |
|  |  | 01/27/16 | SKB | Process incoming discovery from defendant, download document production, send same to client via Hightail | 1.00 hrs | 190/hr | $190.00 | 0 |
|  |  | 01/31/16 | RLA | Letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
|  |  | 02/01/16 | RLA | Letter to and letter from TRJ | 0.20 hrs | 490/hr | $98.00 | 0 |
|  |  | 02/02/16 | RLA | Letter from W. Stockard | 0.20 hrs | 490/hr | $98.00 | 0 |
|  |  | 02/02/16 | TRJ | Review correspondence re: depositions; review scheduling order; email re: same | 0.30 hrs | 210/hr | $63.00 | 0 |
|  |  | 02/03/16 | TRJ | Review defendants' responses to discovery requests | 1.10 hrs | 210/hr | $231.00 | 0 |
| L140 | A103 | 02/03/16 | ACAM | Review Defendant's discover requests and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
|  |  | 02/04/16 | RLA | Client communications | 0.30 hrs | 490/hr | $147.00 | 0 |
|  |  | 02/08/16 | RLA | Conference with TRJ; telephone conference with client; letter to ITW counsel | 0.70 hrs | 490/hr | $343.00 | 0 |
|  |  | 02/08/16 | TRJ | Review and discuss defendants' responses to discovery requests; review defendants' document production; email client re: discovery requests | 2.50 hrs | 210/hr | $525.00 | 0 |
|  |  | 02/09/16 | RLA | Conferences with TRJ; telephone conference with client | 0.60 hrs | 490/hr | $294.00 | 0 |
|  |  | 02/09/16 | TRJ | Review local rules and court orders re: discovery | 0.40 hrs | 210/hr | $84.00 | 0 |

Client   005820   Matter   00001   Prebill No.   306236   Page   11

| | | | | | | |
|---|---|---|---|---|---|---|
| | | disputes; discuss same | | | | |
| 02/10/16 | RLA | Letter from W. Stockard, ITW counsel | 0.20 hrs | 490/hr | $98.00 | 0 |
| 02/10/16 | TRJ | Review correspondence from opposing counsel re: good faith conferral of discovery disputes | 0.20 hrs | 210/hr | $42.00 | 0 |
| 02/11/16 | TRJ | Review defendants' discovery requests | 0.30 hrs | 210/hr | $63.00 | 0 |
| 02/15/16 | RLA | Letter to and letter from TRJ; letter to ITW counsel; letter from and letter to client | 0.40 hrs | 490/hr | $196.00 | 0 |
| 02/16/16 | RLA | Letters from and letters to W. Stockard; letter to TRJ | 0.60 hrs | 490/hr | $294.00 | 0 |
| 02/17/16 | RLA | Prepare for tomorrow's conferral call with relevant file review; conference with TRJ; letters from client | 1.40 hrs | 490/hr | $686.00 | 0 |
| 02/17/16 | TRJ | Discuss preparation for discovery dispute meeting with opposing counsel | 0.10 hrs | 210/hr | $21.00 | 0 |
| 02/18/16 | RLA | Review and analysis in preparation for telephone conferral last night and this morning with review of ITW's objections, answers and non-answers; conference with TRJ; participate in conferral call with ITW counsel and TRJ; debrief; letters to, letters from and telephone conference with client; letter to and letter from ITW counsel | 3.40 hrs | 490/hr | $1,666.00 | 0 |
| 02/18/16 | TRJ | Prepare for discovery conferral with opposing counsel re: discovery dispute; telephone conference with opposing counsel re: discovery dispute; discuss same; email opposing counsel re: discovery disputes | 2.90 hrs | 210/hr | $609.00 | 0 |
| 02/19/16 | RLA | Letter to and letter from David Boysen and TRJ | 0.30 hrs | 490/hr | $147.00 | 0 |
| 02/19/16 | TRJ | Draft proposed search terms and revised requests for admissions; email communications with client re: same | 2.50 hrs | 210/hr | $525.00 | 0 |
| 02/22/16 | RLA | Letter to and letters from TRJ | 0.30 hrs | 490/hr | $147.00 | 0 |
| 02/22/16 | PRB | Confer with TRJ about communications with ITW | 0.20 hrs | 250/hr | $50.00 | 0 |
| 02/22/16 | TRJ | Email opposing counsel re: proposed search terms and custodians | 0.20 hrs | 210/hr | $42.00 | 0 |
| 02/22/16 | TRJ | Telephone conference with client re: search terms and discovery | 0.50 hrs | 210/hr | $105.00 | 0 |
| 02/22/16 | TRJ | Draft responses to ITW's written discovery requests | 2.30 hrs | 210/hr | $483.00 | 0 |
| 02/22/16 | TRJ | Email client re: proposed search terms; review client emails re: discovery responses; revise search terms | 0.40 hrs | 210/hr | $84.00 | 0 |
| 02/23/16 | RLA | Letter from and letter to TRJ and client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 02/23/16 | PRB | Review file communications and confer with TRJ about requests for admissions regarding certain communications | 0.80 hrs | 250/hr | $200.00 | 0 |

| Client | 005820 | Matter | 00001 | Prebill No. | 306236 | Page | 12 |

| | | Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|---|---|
| | | 02/23/16 | TRJ | Discuss ITW's discovery requests and prior communications with the plan administrator | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 02/23/16 | TRJ | Draft amended Request for Admission #19 | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 02/24/16 | WJH | Review motion for extension and conference with TRJ re: same | 0.70 hrs | 595/hr | $416.50 | 0 |
| | | 02/24/16 | RLA | Letters from and letters to TRJ; scan proposed motion for extension of discovery | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 02/24/16 | TRJ | Draft motion for extension of discovery period; review and revise same; discuss same | 5.10 hrs | 210/hr | $1,071.00 | 0 |
| | | 02/25/16 | TRJ | Review and revise motion for extension of discovery period; file same; draft responses to defendants' discovery requests; telephone conference with client re: same | 4.90 hrs | 210/hr | $1,029.00 | 0 |
| | | 02/26/16 | TRJ | Email correespondence with client re: discovery responses; review client emails; draft interrogatory responses | 3.90 hrs | 210/hr | $819.00 | 0 |
| L140 | A103 | 02/26/16 | ACAM | Convert emails from client and redact for production | 3.50 hrs | 190/hr | $665.00 | 0 |
| | | 02/28/16 | TRJ | Review client interrogatory revisions and questions re: same; email client re: same | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 02/29/16 | RLA | Letters to and letters from TRJ; letter from ITW counsel | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 02/29/16 | TRJ | Review additional correspondence from client re: additional potential witnesses; revise interrogatory responses | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 03/01/16 | RLA | Letter from and conferences with TRJ and client; telephone conference with calendar clerk; review draft discovery answers; letter from and letter to ITW counsel W. Stockard from TRJ; letter from court | 1.10 hrs | 490/hr | $539.00 | 0 |
| | | 03/01/16 | TRJ | Email opposing counsel re: discovery dispute and outstanding issues; discuss same; telephone conference with chambers re: scheduling in-person hearing on discovery dispute; telephone conference with client re: discovery responses; review and revise discovery responses; email client re: same | 4.10 hrs | 210/hr | $861.00 | 0 |
| | | 03/02/16 | TRJ | Review and prepare client documents for production to defendants; discuss same with client and summarize concerns re: same | 3.10 hrs | 210/hr | $651.00 | 0 |
| | | 03/02/16 | TRJ | Review and revise discovery responses | 0.90 hrs | 210/hr | $189.00 | 0 |
| | | 03/03/16 | TLT | [Write-off] Discuss motion to compel arguments and structure; review and revise brief in support of motion to compel | 2.30 hrs | 430/hr | $989.00 | 0 |
| | | 03/03/16 | TRJ | Draft motion to compel discovery; discuss same; discuss client documents and production of same; | 14.00 hrs | 210/hr | $2,940.00 | 0 |

| Client | 005820 | | | Matter | 00001 | Prebill No. | 306236 | | Page | 13 |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  | telephone conference with judge's clerk re: scheduling hearing; email opposing counsel re: client's discovery responses |  |  |  |  |
| L140 | A103 | 03/03/16 | ACAM | Review Plaintiff's discovery responses and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
|  |  | 03/04/16 | TRJ | Review defendants' production; discuss same with client; discuss production of documents and email opposing counsel re: same | 0.80 hrs | 210/hr | $168.00 | 0 |
| L140 | A103 | 03/04/16 | ACAM | Review hearing notice and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| L140 | A103 | 03/04/16 | ACAM | Review and file documents produced by Defendant | 0.20 hrs | 190/hr | $38.00 | 0 |
|  |  | 03/07/16 | RLA | Conference with TRJ re: Sean defendant's proposed confidentiality order; Letter from TRJ/ITW Counsel | 0.60 hrs | 490/hr | $294.00 | 0 |
|  |  | 03/07/16 | TRJ | Discuss revisions to proposed confidentiality agreement and protective order and production of client documents; prepare client documents for production; email opposing counsel re: same | 1.50 hrs | 210/hr | $315.00 | 0 |
|  |  | 03/08/16 | RLA | Conference with TRJ; review revised confidentiality order draft | 0.60 hrs | 490/hr | $294.00 | 0 |
|  |  | 03/08/16 | TRJ | Review and revise confidentiality agreement | 1.30 hrs | 210/hr | $273.00 | 0 |
| 36 | A110 | 03/08/16 | MCLI | Preparation of Annual Reports for attorney working notebook; electronic distribution of same to client for review; uploading of reports to internal network | 3.00 hrs | 200/hr | $600.00 | 0 |
| L140 | A103 | 03/09/16 | ACAM | Review hearing cancellation and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| L140 | A103 | 03/09/16 | ACAM | Review motion to compel and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| L140 | A103 | 03/10/16 | ACAM | Review hearing notice and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
|  |  | 03/14/16 | RLA | Notice from court | 0.10 hrs | 490/hr | $49.00 | 0 |
|  |  | 03/15/16 | RLA | Letter from client; conferences with TRJ | 0.30 hrs | 490/hr | $147.00 | 0 |
|  |  | 03/15/16 | TRJ | Review defendants' opposition to motion to extend discovery | 0.10 hrs | 210/hr | $21.00 | 0 |
|  |  | 03/16/16 | TRJ | Review defendants' opposition to motion for discovery extension; research 11th Circuit law re: discovery where conflict of interest; telephone conference with opposing counsel re: additional discovery conferral | 1.00 hrs | 210/hr | $210.00 | 0 |
|  |  | 03/17/16 | RLA | Prepare for and participate with TRJ in telephone conferral with ITW Counsel; Review and comment on ITW's opposition to Boysen motion for extension; Conference with TRJ | 0.90 hrs | 490/hr | $441.00 | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No. | 306236 | | Page | 14 |
|--------|--------|--|--------|-------|-------------|--------|--|------|-----|
| | | 03/17/16 | TRJ | Discuss reply brief in support of motion to extend discovery; review search terms and discovery responses; telephone conference with opposing counsel re: search terms | 1.50 hrs | 210/hr | $315.00 | | 0 |
| | | 03/22/16 | RLA | Read and comment on defendant's brief and cited cases; conference with TRJ; Letter from client | 1.10 hrs | 490/hr | $539.00 | | 0 |
| | | 03/22/16 | TRJ | Discuss defendants' opposition to motion to compel | 0.10 hrs | 210/hr | $21.00 | | 0 |
| L140 | A103 | 03/22/16 | ACAM | Reveiw Defendant's response in opposition to Plaintiff's motion to compel discovery and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | | 0 |
| E124 | A111 | 03/22/16 | MCLI | Conference with RLA; prepare attorney working binder re: Motion to Compel and supporting documents; Westlaw research and printing of cases | 1.00 hrs | 200/hr | $200.00 | | 0 |
| | | 03/23/16 | RLA | Letters from conference with TRJ; Letter from S. Neba, ITW Counsel | 0.20 hrs | 490/hr | $98.00 | | 0 |
| | | 03/23/16 | TRJ | Draft reply in support of motion to extend discovery; telephone conference with opposing counsel re: search terms; discuss same; prepare for hearing re: motion to compel and motion to extend discovery | 9.00 hrs | 210/hr | $1,890.00 | | 0 |
| | | 03/24/16 | RLA | Complete hearing preparation; Conference with TRJ; Represent client with TRJ at hearing before Judge Thrash; Debrief with TRJ; Help draft order requested by Judge Thrash; Letter from and letter to client | 2.30 hrs | 490/hr | $1,127.00 | | 0 |
| | | 03/24/16 | TRJ | Review filings re: motion to extend discovery and motion to compel discovery and prepare for hearing re: same; telephone conference with clerk re: restriction of inadvertently filed confidential documents; travel to/from hearing; appear for hearing; discuss same; draft proposed order | 6.50 hrs | 210/hr | $1,365.00 | | 0 |
| | | 03/25/16 | RLA | Letter from TRJ re: ITW's latest letter to court | 0.20 hrs | 490/hr | $98.00 | | 0 |
| | | 03/25/16 | RLA | Review draft order; Conference with TRJ | 0.40 hrs | 490/hr | $196.00 | | 0 |
| | | 03/25/16 | TRJ | Review and revise proposed order; discuss same; telephone conference with court reporter re: transcript of hearing; review defendants' objection to proposed order and discuss same | 0.80 hrs | 210/hr | $168.00 | | 0 |
| | | 03/26/16 | RLA | Review ITW Counsel's order objection email and counter proposal | 0.40 hrs | 490/hr | $196.00 | | 0 |
| | | 03/28/16 | RLA | Letter from and conference with TRJ; Review and edit TRJ's draft reply | 0.40 hrs | 490/hr | $196.00 | | 0 |
| | | 03/28/16 | TRJ | Draft response to defendants' objection to proposed order; discuss and revise same | 1.50 hrs | 210/hr | $315.00 | | 0 |
| | | 03/30/16 | RLA | Letter from court reporter/TRJ | 0.10 hrs | 490/hr | $49.00 | | 0 |
| | | 03/31/16 | RLA | Letter from TRJ | 0.10 hrs | 490/hr | $49.00 | | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No.: 306236 | | | Page | 15 |
|---|---|---|---|---|---|---|---|---|---|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 03/31/16 | RLA | Letter from ITW Counsel/Judge Thrash | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 04/01/16 | TRJ | Review opposing counsel's additional objection to proposed order | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 04/05/16 | RLA | Conference with TRJ re: discovery | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 04/25/16 | RLA | Conference with TRJ | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 05/02/16 | RLA | Conference with TRJ re: pending orders | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 05/09/16 | TRJ | Draft additional requests for production to defendants | 1.00 hrs | 210/hr | $210.00 | 0 |
| | | 05/11/16 | TRJ | Discuss additional document requests to defendants; revise same; draft and file Rule 5.4 certificate of service of discovery | 1.90 hrs | 210/hr | $399.00 | 0 |
| L140 | A103 | 05/12/16 | ACAM | Review Plaintiff's second request for productino of documents to Defendants and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 05/18/16 | RLA | Letter from TRJ/ITW counsel | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 05/18/16 | TRJ | Email opposing counsel re: deposition of plan administrator | 0.10 hrs | 210/hr | $21.00 | 0 |
| | | 05/23/16 | RLA | Notice from court re: order entered in apparent error; letters from, letters to and conference with TRJ | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 05/23/16 | TRJ | Review order granting in part and denying in part motion to compel discovery; email re: same to RLA; telephone conference with judicial assistant re: order extending discovery period; strategize approach to opposing counsel re: discovery period | 1.60 hrs | 210/hr | $336.00 | 0 |
| | | 05/24/16 | RLA | Conferences with TRJ; review and comment on TRJ draft pleadings; telephone conferences with TRJ | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 05/24/16 | TRJ | Review and revise confidentiality order; strategize request to opposing counsel re: discovery extension; draft email re: same; email opposing counsel re: discovery; draft emergency motion to modify order; discuss same; email client re: status of discovery and court's order re: same; discuss opposing counsel's response to request for extension of time to conduct discovery | 6.30 hrs | 210/hr | $1,323.00 | 0 |
| | | 05/25/16 | RLA | Review ITW's counsel's negative email; review court's order; coordinate noticing of Goldman deposition at O'Hare airport; letter from and letter to ITW counsel; telephone conference with TRJ; letter from, letter to and telephone conference with D. Boysen | 1.20 hrs | 490/hr | $588.00 | 0 |
| | | 05/25/16 | RLA | Letters to and letters from ITW counsel; conference with TRJ | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 05/25/16 | TRJ | Draft notice of deposition of plan administrator; discuss same; email opposing counsel re: same; | 3.20 hrs | 210/hr | $672.00 | 0 |

| Client | 005820 | | | Matter | 00001 | Prebill No. | 306236 | | Page | 16 |
|---|---|---|---|---|---|---|---|---|---|---|

| | | Date | Init | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|---|---|
| | | | | discuss outstanding discovery and response to opposing counsel's refusal to comply with same; email opposing counsel re: discovery issues; | | | | |
| | | 05/26/16 | RLA | Letter from and letter to ITW counsel; telephone conference with TRJ | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 05/26/16 | TRJ | Email opposing counsel re: outstanding discovery; strategize response to opposing counsel re: discovery scheduling | 0.90 hrs | 210/hr | $189.00 | 0 |
| L140 | A103 | 05/31/16 | ACAM | Review scheduling order and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 06/02/16 | RLA | Letters from, letters to and telephone conference with client regarding position logistics; conference with TRJ | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 06/02/16 | TRJ | Review correspondence from opposing counsel re: discovery issues; draft notice of deposition; strategize Goldman deposition notice and scheduling; discuss confidentiality agreement provisions; email opposing counsel re: confidentiality agreement and deposition scheduling | 0.80 hrs | 210/hr | $168.00 | 0 |
| | | 06/06/16 | RLA | Letters to and letters from client with proposed questions | 0.90 hrs | 490/hr | $441.00 | 0 |
| | | 06/06/16 | RLA | Work on deposition logistics; letter from client | 0.80 hrs | 490/hr | $392.00 | 0 |
| L140 | A103 | 06/06/16 | ACAM | Review deposition notice for Mr. Goldman and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 06/08/16 | RLA | Letter from S. Neba; letter from David Boysen; letter from TRJ; call re ITW subpoena to Boysen's employer | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 06/08/16 | PRB | Review information about subpoena request | 0.20 hrs | 250/hr | $50.00 | 0 |
| | | 06/08/16 | TRJ | Review non-party subpoena by ITW; email client re: same; discuss same | 0.50 hrs | 210/hr | $105.00 | 0 |
| | | 06/09/16 | RLA | Logistics for Goldman deposition | 1.20 hrs | 490/hr | $588.00 | 0 |
| L140 | A103 | 06/09/16 | ACAM | review non-party subpoena and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 06/10/16 | RLA | Letter from, letters to and telephone conference with client; letter to ITW counsel re subpoena; letters to and letter from court reporter | 0.80 hrs | 490/hr | $392.00 | 0 |
| | | 06/12/16 | RLA | Letter from client with additional questions | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 06/13/16 | TRJ | Review defendants' discovery responses; strategize necessity of discovery motions and opposition to third party subpoena | 0.70 hrs | 210/hr | $147.00 | 0 |
| L140 | A103 | 06/14/16 | ACAM | Review Defendant's responses to Plaintiff's second request for production of documents and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |

Client   005820   Matter   00001   Prebill No.   306236   Page   17

| | | Date | | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|---|---|
| | | 06/15/16 | TRJ | Strategize responses to discovery disputes; email opposing counsel re: third party subpoena to client's current employer; review client personnel file with current employer and discuss same | 0.60 hrs | 210/hr | $126.00 | 0 |
| | | 06/17/16 | TRJ | Review ITW's documents in preparation for deposition of Elliot Goldman | 3.10 hrs | 210/hr | $651.00 | 0 |
| | | 06/20/16 | RLA | Conference with TRJ; work on deposition preparations | 0.80 hrs | 490/hr | $392.00 | 0 |
| | | 06/20/16 | TRJ | Draft topic outline for deposition of Elliot Goldman; research ERISA summary judgment cases and analyze disputed issues of fact | 3.20 hrs | 210/hr | $672.00 | 0 |
| | | 06/21/16 | RLA | Letter from and letters to client; conference with TRJ; work on deposition preparation | 1.40 hrs | 490/hr | $686.00 | 0 |
| | | 06/21/16 | TRJ | Draft outline for deposition of Elliot Goldman; review ITW documents in preparation for Goldman deposition; discuss same; email with client re: deposition; outline goals for deposition | 5.80 hrs | 210/hr | $1,218.00 | 0 |
| L140 | A103 | 06/21/16 | ACAM | Review and file document produced by Defendant | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 06/22/16 | RLA | Work on Goldman deposition preparation; extensive document review; conferences with TRJ; conferences with S. Burdette; travel to Chicago | 9.80 hrs | 490/hr | $4,802.00 | 0 |
| | | 06/22/16 | TRJ | Review outline and prepare exhibits for deposition of Elliot Goldman; email client re: same; discuss same | 2.20 hrs | 210/hr | $462.00 | 0 |
| | | 06/22/16 | SKB | Prepare exhibits and attorney materials for deposition | 3.80 hrs | 190/hr | $722.00 | 0 |
| E124 | A111 | 06/22/16 | MCLI | Deposition/exhibit preparation | 1.00 hrs | 200/hr | $200.00 | 0 |
| | | 06/23/16 | RLA | Complete preparation for Goldman deposition; conferences with client; take Goldman deposition; debrief with client; return to Atlanta | 16.30 hrs | 490/hr | $7,987.00 | 0 |
| | | 06/24/16 | RLA | Letter from client; debrief TRJ; debrief S. Burdette | 0.80 hrs | 490/hr | $392.00 | 0 |
| | | 06/24/16 | TRJ | Discuss deposition of Elliot Goldman and follow up from same; telephone conference with videographer re: deposition video | 0.50 hrs | 210/hr | $105.00 | 0 |
| | | 06/27/16 | RLA | Letter from and letter to videography firm; letters to and letter from client | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 06/28/16 | RLA | Review and annotate job differences; emails from client; conference with TRJ | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 06/28/16 | TRJ | Discuss discovery items to follow up on with opposing counsel | 0.10 hrs | 210/hr | $21.00 | 0 |
| | | 06/29/16 | RLA | Letter from, telephone conference with and conference with TRJ; letter to ITW counsel; letters from and letters to client | 0.60 hrs | 490/hr | $294.00 | 0 |

| Client | 005820 | | | Matter | 00001 | Prebill No. 306236 | | | Page | 18 |
|---|---|---|---|---|---|---|---|---|---|---|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 06/29/16 | TRJ | Review discovery requests and determine whether additional information from deposition of Mr. Goldman supports disclosure of previously withheld documents; discuss same | 0.40 hrs | 210/hr | $84.00 | 0 |
| E124 | A111 | 06/29/16 | MCLI | Draft and file Notice of Leave | 0.50 hrs | 200/hr | $100.00 | 0 |
| | | 07/01/16 | RLA | Letter from client | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 07/05/16 | RLA | Letter from and letter to ITW counsel; letter from, letter to, conference with TRJ review Local Rule | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 07/05/16 | RLA | Letter from TRJ | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 07/05/16 | PRB | Review confidentiality agreement and settlement communications | 0.80 hrs | 250/hr | $200.00 | 0 |
| | | 07/05/16 | TRJ | Review local rules re: settlement conference before trial; email RLA re: same; discuss same; email opposing counsel re: LR 16.3 conference; discuss opposing counsel's response to request for Rule 16.3 conference; email correspondence re: settlement conference | 0.70 hrs | 210/hr | $147.00 | 0 |
| | | 07/06/16 | RLA | Letter from and letter to TRJ; letter to TRJ/ITW counsel; letters to court reporter re Goldman transcript | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 07/06/16 | TRJ | Discuss settlement conference and stipulation re: same; email opposing counsel re: same | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 07/08/16 | RLA | Letters from and letters to ITW counsel W. Stockard; letter to TRJ; letters to and letter from client | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 07/08/16 | TRJ | Email correspondence re: settlement conference | 0.30 hrs | 210/hr | $63.00 | 0 |
| | | 07/14/16 | RLA | Prepare for tomorrow's meeting; letter to TRJ; letter to court reporter | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 07/15/16 | RLA | Start review of Goldman deposition | 0.70 hrs | 490/hr | $343.00 | 0 |
| | | 07/15/16 | RLA | Telephone conference with client; conference with TRJ; go with TRJ to court, required in-person; settlement meeting with ITW counsel; debrief with TRJ; telephone conference with client with TRJ to report on ITW's $5000 offer | 2.40 hrs | 490/hr | $1,176.00 | 0 |
| | | 07/15/16 | TRJ | Telephone conferences with client re: settlement authority; travel to/from opposing counsel's office for settlement conference; attend settlement conference; discuss same | 2.10 hrs | 210/hr | $441.00 | 0 |
| | | 07/18/16 | RLA | Telephone conference with TRJ re document motions | 0.10 hrs | 490/hr | $49.00 | 0 |
| | | 07/18/16 | TRJ | Review Goldman deposition transcript | 3.10 hrs | 210/hr | $651.00 | 0 |
| | | 07/18/16 | SKB | Download of Elliott Goldman deposition transcripts and exhibits to M drive, print transcript copy for TRJ review | 0.30 hrs | 190/hr | $57.00 | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No. | 306236 | | Page | 19 |
|---|---|---|---|---|---|---|---|---|---|

| | | 07/19/16 | RLA | Start review of Goldman deposition transcript | 1.20 hrs | 490/hr | $588.00 | 0 |
|---|---|---|---|---|---|---|---|---|
| | | 07/19/16 | TRJ | Review Goldman deposition transcript; telephone conference with opposing counsel | 3.70 hrs | 210/hr | $777.00 | 0 |
| | | 07/20/16 | RLA | Continued review of Goldman deposition transcript; letter from, letter to and telephone conferences with Shella Neba; conference with PRB | 1.70 hrs | 490/hr | $833.00 | 0 |
| | | 07/20/16 | PRB | Confer with RLA about making appearance; review case materials and discovery documents; review settlement communications and confer with RLA and TRJ; supervise filing of notice of appearance | 3.10 hrs | 250/hr | $775.00 | 0 |
| | | 07/20/16 | TRJ | Draft email summary of telephone conference with opposing counsel and analysis of evidence in light of Mr. Goldman's deposition; discuss same | 2.10 hrs | 210/hr | $441.00 | 0 |
| E124 | A111 | 07/20/16 | MCLI | Download and printing of Goldman exhibits for attorney review | 0.60 hrs | 200/hr | $120.00 | 0 |
| | | 07/21/16 | RLA | Complete Goldman transcript and exhibits, review and comment; conference with PRB; brief, review and draft motions for document production | 2.30 hrs | 490/hr | $1,127.00 | 0 |
| | | 07/21/16 | PRB | Begin work on motion to compel; review pertinent procedural history and key portions of deposition testimony; revise motion, confer with RLA, and supervise filing | 4.90 hrs | 250/hr | $1,225.00 | 0 |
| | | 07/21/16 | TRJ | Review Goldman deposition; discuss same and motion to compel discovery; draft motion to compel discovery; discuss same | 4.60 hrs | 210/hr | $966.00 | 0 |
| | | 07/22/16 | RLA | Review documents motion as filed; deposition billing logistics | 0.60 hrs | 490/hr | $294.00 | 0 |
| E124 | A111 | 07/22/16 | MCLI | Conference with PRB re: filing of Motion to Compel Limited Discovery Prior to Consideration of Summary Judgment and Incorporated Brief in Support with exhibits; assist with preparation of exhibits and filing of same; emails with RLA re: receipt/review of ITW's brief and statement of uncontested material facts; return travel to office for prinint and distribution; distribution of Goldman deposition to client for review/comment | 2.50 hrs | 200/hr | $500.00 | 0 |
| | | 07/24/16 | PRB | Boysen. Review communications regarding requested extension of time to respond to summary-judgment motion; review settlement communications | 0.40 hrs | 250/hr | $100.00 | 0 |
| | | 07/25/16 | PRB | Review settlement communications; review communications about summary judgment response | 0.40 hrs | 250/hr | $100.00 | 0 |
| E124 | A111 | 07/25/16 | MCLI | Email with PRB re: docketing of Reponse in Opposition to Motion for Summary Judgment; research re: same; docket management | 0.20 hrs | 200/hr | $40.00 | 0 |

| Client | 005820 | | | Matter | 00001 | Prebill No. | 306236 | | Page | 20 |
|---|---|---|---|---|---|---|---|---|---|---|

| | | 07/26/16 | WJH | Review status and conference with PRB re: strategy (No charge to client) | 0.70 hrs | 595/hr | $416.50 | 0 |
|---|---|---|---|---|---|---|---|---|
| | | 07/26/16 | PRB | Research case law supporting an extension of time under Rule 56(d) to respond to the summary judgment motion | 3.90 hrs | 250/hr | $975.00 | 0 |
| | | 07/26/16 | TRJ | Review defendants' motion for summary judgment; discuss same | 1.00 hrs | 210/hr | $210.00 | 0 |
| L140 | A103 | 07/26/16 | ACAM | Review Plaintiff's motion to compel limited discovery prior to consideration of summary judgment and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| L140 | A103 | 07/26/16 | ACAM | Review Defendant's motion for summary judgment and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| E124 | A111 | 07/26/16 | MCLI | Email with distribution of Defendants' Motion for Summary Judgment, Brief in Support and Statement of Material Facts; upload same to network for attorney review; prepare attorney working notebook for PRB | 0.70 hrs | 200/hr | $140.00 | 0 |
| | | 07/27/16 | TRJ | Review defendants' motion for summary judgment and strategize arguments in opposition | 1.20 hrs | 210/hr | $252.00 | 0 |
| E124 | A111 | 07/28/16 | MCLI | Emails and office conference with PRB re: filing of Motion to Compel, Brief in Support and exhibits; filing with distribution of same | 1.00 hrs | 200/hr | $200.00 | 0 |
| | | 08/01/16 | PRB | Begin review of deposition transcript | 3.30 hrs | 250/hr | $825.00 | 0 |
| | | 08/01/16 | TRJ | Review defendants' discovery responses and statement of material facts and strategize response arguments to motion for summary judgment; review client comments re: same | 3.10 hrs | 210/hr | $651.00 | 0 |
| | | 08/02/16 | PRB | Continue review of Goldman deposition transcript; identify potential testimony for Rule 56(d) motion | 4.30 hrs | 250/hr | $1,075.00 | 0 |
| | | 08/02/16 | TRJ | Discuss arguments in response to motion for summary judgment; review emails re: defendants' document production | 0.20 hrs | 210/hr | $42.00 | 0 |
| | | 08/03/16 | PRB | Draft emergency 56(d) motion in opposition to Plaintiffs' motion for summary judgment | 5.70 hrs | 250/hr | $1,425.00 | 0 |
| | | 08/04/16 | PRB | Revise and supervise filing | 1.30 hrs | 250/hr | $325.00 | 0 |
| | | 08/04/16 | TRJ | Review defendants' motion for summary judgment; discuss same and strategy for responding to same; research ERISA summary judgment standard and cases re: denial of benefits | 3.30 hrs | 210/hr | $693.00 | 0 |
| | | 08/05/16 | PRB | Begin research of case law and arguments in Plaintiffs' motion for summary judgment | 4.20 hrs | 250/hr | $1,050.00 | 0 |
| | | 08/05/16 | PRB | Confer with TRJ about summary judgment arguments | 1.30 hrs | 250/hr | $325.00 | 0 |

Client   005820   Matter   00001   Prebill No.   306236   Page   21

---

| Date | Staff | Description | Hours | Rate | Amount | |
|------|-------|-------------|-------|------|--------|---|
| 08/05/16 | PRB | Review document production and identify exhibits to use in response to summary judgment; confer with opposing counsel about response deadline | 3.90 hrs | 250/hr | $975.00 | 0 |
| 08/05/16 | TRJ | Research summary judgment cases re: denial of benefits; summarize same; discuss same | 5.20 hrs | 210/hr | $1,092.00 | 0 |
| 08/06/16 | PRB | Research case law finding that the refusal to consider information is arbitrary and capricious; research remand options | 4.70 hrs | 250/hr | $1,175.00 | 0 |
| 08/07/16 | PRB | Analyze record and begin work drafting statement of facts showing the deficiency of Mr. Goldman's investigation | 3.90 hrs | 250/hr | $975.00 | 0 |
| 08/08/16 | PRB | Continue summary judgment work drafting arguments outlining the deficiencies in the administrative record | 3.20 hrs | 250/hr | $800.00 | 0 |
| 08/08/16 | PRB | Analyze administrative record | 4.20 hrs | 250/hr | $1,050.00 | 0 |
| 08/08/16 | KHOD | Meeting with PRB re: response to motion for summary judgment, reply in support of motion to compel, 56(d) motion, and motion for continuance; discuss next steps in research and writing briefing | 0.90 hrs | 190/hr | $171.00 | 0 |
| 08/09/16 | KHOD | Review and analyze PRB's notes and research on motion for summary judgment; review and analyze background correspondence, pleadings, administrative record, and exhibits in preparation for summary judgment briefing; review and analyze Rule 56(d) motion and ITW's response to motion; meet with PRB re: draft of reply brief in support of motion to compel and letter to court re: extension | 7.40 hrs | 190/hr | $1,406.00 | 0 |
| 08/10/16 | PRB | Continue work draft summary judgment facts; contact deputy clerk to discuss how to address response timing | 4.20 hrs | 250/hr | $1,050.00 | 0 |
| 08/10/16 | KHOD | Determine procedures for contacting Judge Thrash's chambers; review scheduling order; review and analyze order on motion to compel; discuss hearing on motion to compel with TRJ; review and analyze correspondence to RLA re: status of response filings; review and analyze transcripts of deposition and hearing on motion to compel; strategize reply to Plaintiff's response to Motion to Compel and discuss same with PRB | 4.40 hrs | 190/hr | $836.00 | 0 |
| 08/10/16 | TRJ | Discuss prior discovery disputes with KHOD | 0.20 hrs | 210/hr | $42.00 | 0 |
| 08/11/16 | KHOD | Continue review and analysis of deposition of Elliot Goldman; prepare outline of response in support of motion to compel production of documents and Rule 56(d) motion and correspond with PRB re: same; review cases cited by Defendant and related research in support of opposition to motion to compel; review and analyze order denying motion to compel and correspond with PRB re: same and deadlines | 4.80 hrs | 190/hr | $912.00 | 0 |

Client    005820       Matter    00001    Prebill No.   306236           Page   22

| Date | | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 08/12/16 | PRB | Review order denying motion to compel and confer with Mr. Boysen | 0.40 hrs | 250/hr | $100.00 | 0 |
| 08/18/16 | KHOD | Discuss outstanding research tasks with PRB | 0.20 hrs | 190/hr | $38.00 | 0 |
| 08/19/16 | PRB | Review communications about errata sheet | 0.30 hrs | 250/hr | $75.00 | 0 |
| 09/12/16 | TRJ | Review file and notes for plaintiff's demand history; email PRB re: same | 0.30 hrs | 210/hr | $63.00 | 0 |
| 09/19/16 | PRB | Confer with DMD and KHOD about summary judgment response | 1.70 hrs | 250/hr | $425.00 | 0 |
| 09/19/16 | PRB | Begin work on response to Defendants' summary judgment motion | 3.30 hrs | 250/hr | $825.00 | 0 |
| 09/19/16 | KHOD | Prepare outline of MSJ response and confer with PRB and DDEN re: research and draft of MSJ response; prepare action item list and correspond with PRB and DDEN re: same; research additional case law in support of MSJ | 5.40 hrs | 190/hr | $1,026.00 | 0 |
| 09/19/16 | DDEN | Met with attorneys to learn about case | 1.00 hrs | 190/hr | $190.00 | 0 |
| 09/19/16 | DDEN | Read administrative record, motion to compel. And the responses of both sides (probably write off) | 6.50 hrs | 190/hr | $1,235.00 | 0 |
| 09/20/16 | RLA | Telephone conference with PRB re reply status | 0.20 hrs | 490/hr | $98.00 | 0 |
| 09/20/16 | PRB | Begin work drafting responses to Defendants' statement of undisputed facts | 3.30 hrs | 250/hr | $825.00 | 0 |
| 09/20/16 | KHOD | Confer with DDEN re: statement of undisputed material facts | 0.30 hrs | 190/hr | $57.00 | 0 |
| 09/20/16 | KHOD | Prepare brief in opposition to ITW's MSJ | 0.70 hrs | 190/hr | $133.00 | 0 |
| 09/20/16 | DDEN | Writing and research for the Additional Answers in the Response to the Defendant's motion for summary judgment | 2.70 hrs | 190/hr | $513.00 | 0 |
| 09/20/16 | DDEN | General Study for case; reviewed the request and responses | 4.00 hrs | 190/hr | $760.00 | 0 |
| 09/21/16 | RLA | Letter from PRB; letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 09/21/16 | PRB | Continue work drafting response to summary judgment; confer with client about items for declaration | 5.90 hrs | 250/hr | $1,475.00 | 0 |
| 09/21/16 | KHOD | Continue preparing brief in opposition to ITW's MSJ; correspond with DDES re: factual background; discuss structure of opposition and outstanding research with PRB; research additional supporting case law | 9.80 hrs | 190/hr | $1,862.00 | 0 |
| 09/21/16 | DDEN | Drafting Additional Facts for Response to Motion for Summary Judgment | 6.80 hrs | 190/hr | $1,292.00 | 0 |
| 09/22/16 | RLA | Letter from PRB; start draft brief opposing summary | 1.60 hrs | 490/hr | $784.00 | 0 |

Client      005820      Matter      00001      Prebill No.      306236      Page   23

| | | | | | | |
|---|---|---|---|---|---|---|
| | | judgment review | | | | |
| 09/22/16 | PRB | Continue work drafting responses to Defendants' statement of undisputed facts | 1.70 hrs | 250/hr | $425.00 | 0 |
| 09/22/16 | PRB | Draft declaration for Mr. Boysen; revise materials to incorporate items from declaration | 4.20 hrs | 250/hr | $1,050.00 | 0 |
| 09/22/16 | KHOD | Continue preparing opposition to ITW's MSJ | 7.80 hrs | 190/hr | $1,482.00 | 0 |
| 09/22/16 | KHOD | Revise brief in opposition to ITW's MSJ | 1.50 hrs | 190/hr | $285.00 | 0 |
| 09/22/16 | KHOD | Consult with DDEN and PRB re: outstanding tasks for MSJ, including filing deposition, additional research, revisions to brief, and drafting of cross motion for summary judgment | 0.30 hrs | 190/hr | $57.00 | 0 |
| 09/22/16 | DDEN | Research for Adverse Inference argument because of Defendants failure to produce documents | 2.20 hrs | 190/hr | $418.00 | 0 |
| 09/22/16 | DDEN | Draft and Edit Additional Facts | 4.30 hrs | 190/hr | $817.00 | 0 |
| 09/23/16 | JCM | Telephone conference with KHOD re: filing of depositions | 0.20 hrs | 360/hr | $72.00 | 0 |
| 09/23/16 | RLA | Review and comment on draft; brief opposing Defendant's summary judgment motion; letter from and letter to PRB; letters from, letters to, telephone conference with KLH | 1.90 hrs | 490/hr | $931.00 | 0 |
| 09/23/16 | PRB | Confer with opposing counsel about page extension for response brief; review consent motion and supervise filing; confer with KHOD about filing deposition | 1.10 hrs | 250/hr | $275.00 | 0 |
| 09/23/16 | PRB | Revise declaration and send to Mr. Boysen | 2.20 hrs | 250/hr | $550.00 | 0 |
| 09/23/16 | PRB | Review adverse inference research and confer with KHOD and DMD | 0.80 hrs | 250/hr | $200.00 | 0 |
| 09/23/16 | KHOD | Prepare consent motion for extension of page limitation of opposition brief and correspond with PRB and RLA re: same; revise motion to incorporate extension of deadline for reply brief for Defendants and correspond with PRB re: same | 1.20 hrs | 190/hr | $228.00 | 0 |
| 09/23/16 | KHOD | Research and determine procedural requirements for submission of deposition transcript to court and prepare notice of filing of original transcript; correspond with PRB, support staff, court clerk, and court reporter re: obtaining original transcript | 2.40 hrs | 190/hr | $456.00 | 0 |
| 09/23/16 | KHOD | Conduct additional research on case law in pension and/or separation pay context for opposition to MSJ | 1.20 hrs | 190/hr | $228.00 | 0 |
| 09/23/16 | KHOD | Confer with DDEN and RLA re: revisions to brief and additional research | 0.50 hrs | 190/hr | $95.00 | 0 |
| 09/23/16 | KHOD | Revise brief in opposition to ITW's MSJ to incorporate RLA's comments and additional | 2.80 hrs | 190/hr | $532.00 | 0 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | research; confer with DDEN re: case law on adverse inference and incorporation of argument into brief | | | | |
| 09/23/16 | DDEN | Research on employer's conflict on interest as the plan administrator | 5.00 hrs | 190/hr | $950.00 | 0 |
| 09/23/16 | TRJ | Discuss discovery issues and review file re: same | 0.40 hrs | 210/hr | $84.00 | 0 |
| 09/23/16 | SKB | Scan original deposition transcript for filing, print documents for RLA review | 0.50 hrs | 190/hr | $95.00 | 0 |
| 09/24/16 | RLA | Review and comment on draft declaration of David Boysen; letter to PRB and K. Hodges re same | 1.20 hrs | 490/hr | $588.00 | 0 |
| 09/24/16 | PRB | Draft fact section for response brief; finish draft responses to Defendants' statement of undisputed facts | 0.80 hrs | 250/hr | $200.00 | 0 |
| 09/24/16 | KHOD | Review correspondence with PRB re: revisions to response to MSJ | 0.50 hrs | 190/hr | $95.00 | 0 |
| 09/25/16 | RLA | Review and comment on draft reply to ITW's statement of uncontested material facts; letter from PRB and K. Hodges | 1.80 hrs | 490/hr | $882.00 | 0 |
| 09/25/16 | PRB | Begin work drafting statement of additional material facts; review comments from Mr. Boysen on declaration and revise accordingly | 6.30 hrs | 250/hr | $1,575.00 | 0 |
| 09/25/16 | KHOD | Correspond with PRB re: revisions to statement of undisputed material facts iso MSJ | 0.20 hrs | 190/hr | $38.00 | 0 |
| 09/25/16 | DDEN | Input citations to the Boysen Declaration | 2.50 hrs | 190/hr | $475.00 | 0 |
| 09/26/16 | RLA | Letter from PRB/client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 09/26/16 | RLA | Review and comment on Boysen declaration; letter to and telephone conference with Boysen and PRB; letter to, telephone conference and conference with KLH | 1.90 hrs | 490/hr | $931.00 | 0 |
| 09/26/16 | PRB | Revise response brief; revise response to Defendants' statement of undisputed facts; revise statement of additional facts; revise declaration; revise cross-motion for summary judgment and notice of filing deposition; supervise filings and exhibits | 12.70 hrs | 250/hr | $3,175.00 | 0 |
| 09/26/16 | KHOD | Correspond with PRB re: revisions to MSJ and other outstanding tasks re: filing MSJ | 0.10 hrs | 190/hr | $19.00 | 0 |
| 09/26/16 | KHOD | Confer with PRB and DDEN re: additional revisions to brief, statement of undisputed material facts, boysen declaration, and additional research | 0.80 hrs | 190/hr | $152.00 | 0 |
| 09/26/16 | KHOD | Revise Response to Statement of Undisputed Facts to incorporate comments from RLA and PRB | 1.60 hrs | 190/hr | $304.00 | 0 |
| 09/26/16 | KHOD | Conduct additional research on adverse inference case law in support of MSJ response | 3.00 hrs | 190/hr | $570.00 | 0 |

Client   005820   Matter   00001   Prebill No.   306236   Page   25

| Date | Initials | Description | Hours | Rate | Amount | |
|------|----------|-------------|-------|------|--------|---|
| 09/26/16 | KHOD | Revise Boysen's declaration to incorporate client's comments amd correspond with client, PRB, and RLA re: same | 1.60 hrs | 190/hr | $304.00 | 0 |
| 09/26/16 | KHOD | Revise brief in response to ITW's MSJ and check case citations to ensure all are good law and revise notice of filing of original transcript and correspond with SKB re: same | 2.20 hrs | 190/hr | $418.00 | 0 |
| 09/26/16 | KHOD | Finalize and prepare all documents in response to MSJ for filing; file all documents in support of MSJ | 2.30 hrs | 190/hr | $437.00 | 0 |
| 09/26/16 | KHOD | Prepare motion for leave to file under seal and proposed order | 1.70 hrs | 190/hr | $323.00 | 0 |
| 09/26/16 | DDEN | Edited Citations in Brief to correspond with declaration | 3.50 hrs | 190/hr | $665.00 | 0 |
| 09/26/16 | DDEN | Wrote additional facts statement sections | 1.50 hrs | 190/hr | $285.00 | 0 |
| 09/26/16 | DDEN | Reviewed Boysen Documents for deficiencies | 1.00 hrs | 190/hr | $190.00 | 0 |
| 09/27/16 | PRB | Supervise filing of deposition exhibits under seal | 0.30 hrs | 250/hr | $75.00 | 0 |
| 09/27/16 | KHOD | Correspond and coordinate with SKB, PRB, WJT and AJW re: filing exhibits to Goldman depo under seal | 0.70 hrs | 190/hr | $133.00 | 0 |
| 09/27/16 | KHOD | Correspond with client re: final filings re: motion for summary judgment | 0.20 hrs | 190/hr | $38.00 | 0 |
| 09/27/16 | DDEN | Reviewed deposition transcript for additional facts, edited the brief factual sections | 4.00 hrs | 190/hr | $760.00 | 0 |
| 09/27/16 | SKB | Prepare Goldman deposition transcript and exhibits for filing; e-mails to KLH and PRB re same | 0.50 hrs | 190/hr | $95.00 | 0 |
| 10/03/16 | PRB | Confer with opposing counsel and RLA about summary-judgment filings | 0.80 hrs | 250/hr | $200.00 | 0 |
| 10/03/16 | KHOD | Confer with SKB re: deadline to respond to motion to strike cross MSJ and confer with PRB re: research for response to motion to strike cross MSJ | 0.30 hrs | 190/hr | $57.00 | 0 |
| 10/04/16 | KHOD | Review and analyze ITW's objection and motion to strike Cross Motion for Summary Judgment | 0.70 hrs | 190/hr | $133.00 | 0 |
| 10/04/16 | KHOD | Research case law for opposition to motion to strike cross motion for summary judgment and correspond with PRB re: same | 2.80 hrs | 190/hr | $532.00 | 0 |
| 10/04/16 | SKB | Review case filings, update event dates in prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| 10/06/16 | PRB | Review defendants' draft motion regarding its objection to Boysen's cross-motion for summary judgment; revise motion and send to opposing counsel with comments | 0.70 hrs | 250/hr | $175.00 | 0 |
| 10/07/16 | PRB | Boysen. Continue discussions with opposing counsel | 0.40 hrs | 250/hr | $100.00 | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No. | 306236 | | Page | 26 |
|--------|--------|----|--------|-------|-------------|--------|--|------|-----|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 10/07/16 | KHOD | Review consent motions re: cross-motion for summary judgment and extension of time for reply brief | 0.20 hrs | 190/hr | $38.00 | 0 |
| L140 | A103 | 10/12/16 | ACAM | Review order granting Plaintiff's withdrawl of motion for summary judgment and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| L140 | A103 | 10/12/16 | ACAM | Review order granting Defendant's extension to file reply in support of its motion for summary judgment and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 11/10/16 | PRB | Confer with RLA and review cases for potential inclusion in any sur-reply | 2.10 hrs | 250/hr | $525.00 | 0 |
| | | 11/11/16 | PRB | Confer with opposing counsel about request for page extension in reply brief | 1.10 hrs | 250/hr | $275.00 | 0 |
| | | 11/14/16 | RLA | Letters from with letters to client; initial scan of ITW filings | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 11/14/16 | PRB | Begin work analyzing Defendants' reply brief | 2.90 hrs | 250/hr | $725.00 | 0 |
| | | 11/15/16 | RLA | Letters from and letters to PRB; letters to and letters from client; start ITW pleadings review | 0.80 hrs | 490/hr | $392.00 | 0 |
| | | 11/15/16 | PRB | Continue work analyzing Defendants' reply brief; research case law and confer with RLA about potential arguments for sur-reply | 3.70 hrs | 250/hr | $925.00 | 0 |
| | | 11/15/16 | KHOD | Review and analyze Plan's reply to Boysen's summary judgment response and statement of facts | 0.70 hrs | 190/hr | $133.00 | 0 |
| | | 11/16/16 | RLA | Letters from client | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 11/16/16 | PRB | Continue research of case law cited by Defendants in their reply brief | 3.10 hrs | 250/hr | $775.00 | 0 |
| | | 11/21/16 | PRB | Finish research for sur-reply; draft sur-reply brief and motion for permission to file; revise and supervise filing | 8.20 hrs | 250/hr | $2,050.00 | 0 |
| | | 11/22/16 | RLA | Leters from client; review court order | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 11/28/16 | RLA | Conference with PRB | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 11/28/16 | PRB | Review court order granting permission to file sur-reply and consider potential additional arguments to include in brief | 2.20 hrs | 250/hr | $550.00 | 0 |
| | | 11/29/16 | PRB | Update research to determine whether to add new legal authority to sur-reply | 3.10 hrs | 250/hr | $775.00 | 0 |
| | | 11/30/16 | PRB | Revise sur-reply | 0.90 hrs | 250/hr | $225.00 | 0 |
| | | 12/02/16 | RLA | Telephone conference with PRB; review and comment on sur-reply brief draft; letters to and letters from client | 0.80 hrs | 490/hr | $392.00 | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No. | 306236 | | Page | 27 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 12/02/16 | PRB | Boysen. Revise sur-reply and confer with Mr. Boysen; supervise filing | 1.30 hrs | 250/hr | $325.00 | 0 |
| L140 | A103 | 12/06/16 | ACAM | Review Plaintiff's moton to file a sur-reply in respone to Defendants' motion for summary judgment and update event dates in Prolaw | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 01/05/17 | PRB | Review summary judgment order, research grounds for award of fees, and confer with RLA | 2.90 hrs | 250/hr | $725.00 | 0 |
| | | 01/11/17 | PRB | Analyze options for appeal | 0.60 hrs | 250/hr | $150.00 | 0 |
| | | 01/13/17 | RLA | Review Paul Barsness analysis of Court Order | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 01/13/17 | PRB | Confer with RLA about appeal options; call deputy clerk to inquire about attorney fee award in judgment | 0.60 hrs | 250/hr | $150.00 | 0 |
| | | 01/13/17 | SKB | Review case filings, update event dates on calendar | 0.20 hrs | 190/hr | $38.00 | 0 |
| | | 01/17/17 | RLA | Conference with Paul Barsness; letter from Paul Barsness with draft reply to ITW for review regarding scheduling Defendants' filing of "emergency motion" | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 01/17/17 | PRB | Confer with opposing counsel about fee petition and bill of costs; confer with RLA | 0.80 hrs | 250/hr | $200.00 | 0 |
| | | 01/17/17 | PRB | Identify legal authority to cite in motion for reconsideration | 0.90 hrs | 250/hr | $225.00 | 0 |
| | | 01/18/17 | RLA | Review Defendants' "emergency motion" and Paul Barsness' draft response; edit same and get filed in final; letters to and from Boysen; conference with Paul Barsness; telephone conference with Boysen | 0.90 hrs | 490/hr | $441.00 | 0 |
| | | 01/18/17 | PRB | Analyze Defendants' emergency motion | 1.50 hrs | 250/hr | $375.00 | 0 |
| | | 01/18/17 | PRB | Draft response to emergency motion | 2.20 hrs | 250/hr | $550.00 | 0 |
| | | 01/18/17 | PRB | Revise and supervise filing of response to emergency motion | 1.30 hrs | 250/hr | $325.00 | 0 |
| | | 01/19/17 | RLA | Review ITW's latest filing; letter from Paul Barsess regarding draft reply to S. Neba call | 0.40 hrs | 490/hr | $196.00 | 0 |
| | | 01/19/17 | PRB | Analyze reply brief in support of emergency motion | 0.40 hrs | 250/hr | $100.00 | 0 |
| | | 01/20/17 | RLA | Letters to and from client and Paul Barsness | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 01/20/17 | PRB | Analyze motion for attorneys' fees | 1.20 hrs | 250/hr | $300.00 | 0 |
| | | 01/23/17 | RLA | Letter from client regarding errors in court order | 0.30 hrs | 490/hr | $147.00 | 0 |
| | | 01/23/17 | PRB | Begin work on response to motion for attorneys' fees; analyze Defendants' case law | 2.90 hrs | 250/hr | $725.00 | 0 |
| | | 01/23/17 | DDEN | Research on attorneys' fees | 1.10 hrs | 190/hr | $209.00 | 0 |
| | | 01/23/17 | SKB | Review case filings, update event calendar, e-mails | 0.20 hrs | 190/hr | $38.00 | 0 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | with PRB re same | | | | |
| 01/24/17 | RLA | Telephone conference with Paul Barsness | 0.10 hrs | 490/hr | $49.00 | 0 |
| 01/25/17 | RLA | Review court Order denying Defendants' "emergency" motion | 0.10 hrs | 490/hr | $49.00 | 0 |
| 01/26/17 | PRB | Research ERISA decisions denying fee-shifting against plan beneficiaries | 3.30 hrs | 250/hr | $825.00 | 0 |
| 01/26/17 | DDEN | Research on attorneys' fees | 0.40 hrs | 190/hr | $76.00 | 0 |
| 01/30/17 | RLA | Letter from client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 01/30/17 | PRB | Research applicable Rule 59 and 60 cases to include in motion to alter or amend the judgment | 2.90 hrs | 250/hr | $725.00 | 0 |
| 01/30/17 | PRB | Begin work drafting response brief on fees; draft sections on the appropriate standard when fees are sought against ERISA plaintiffs, and the level of culpability needed to warrant fees | 3.10 hrs | 250/hr | $775.00 | 0 |
| 01/30/17 | PRB | Draft argument sections addressing the ability to pay and deterrence factors | 2.50 hrs | 250/hr | $625.00 | 0 |
| 01/30/17 | DDEN | Continue research regarding attorneys' fees | 1.40 hrs | 190/hr | $266.00 | 0 |
| 01/31/17 | RLA | Letter from Paul Barsness | 0.20 hrs | 490/hr | $98.00 | 0 |
| 01/31/17 | PRB | Draft fact section and summary of discovery disputes | 2.80 hrs | 250/hr | $700.00 | 0 |
| 01/31/17 | PRB | Draft declarations and revise fact section of response brief | 2.70 hrs | 250/hr | $675.00 | 0 |
| 01/31/17 | PRB | Draft arguments addressing the final two factors, and Defendants' argument that fees can be shifted to opposing counsel | 3.20 hrs | 250/hr | $800.00 | 0 |
| 01/31/17 | PRB | Begin work drafting motion to alter/amend the judgment | 3.10 hrs | 250/hr | $775.00 | 0 |
| 01/31/17 | DDEN | Research attorneys fees and drafting | 6.80 hrs | 190/hr | $1,292.00 | 0 |
| 02/01/17 | RLA | Review and edit draft brief opposing fees; review and edit draft declarations; conference with Paul Barsness; telephone conference with Paul Barsness; review and edit draft motion | 0.80 hrs | 490/hr | $392.00 | 0 |
| 02/01/17 | PRB | Finish drafting motion to alter or amend judgment and reconsider summary judgment | 3.80 hrs | 250/hr | $950.00 | 0 |
| 02/01/17 | PRB | Finalize declarations and update briefs accordingly | 1.90 hrs | 250/hr | $475.00 | 0 |
| 02/01/17 | PRB | Revise response brief | 2.10 hrs | 250/hr | $525.00 | 0 |
| 02/01/17 | DDEN | Continue research regarding attorneys fees; research regarding admissible evidence | 3.60 hrs | 190/hr | $684.00 | 0 |
| 02/02/17 | PRB | Final review and revisions to, and supervise filing of, motion to alter or amend judgment and reconsider | 2.20 hrs | 250/hr | $550.00 | 0 |

Client    005820    Matter    00001    Prebill No.    306236    Page    29

| Date | | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| | | summary judgment | | | | |
| 02/02/17 | PRB | Final review and revisions to, and supervise filing of, response to Defendants' motion for attorneys' fees | 2.80 hrs | 250/hr | $700.00 | 0 |
| 02/06/17 | RLA | Defendant's bill of costs; telephone conference and meeting with Paul Barsness | 0.20 hrs | 490/hr | $98.00 | 0 |
| 02/06/17 | PRB | Confer with Mr. Boysen about next steps | 0.20 hrs | 250/hr | $50.00 | 0 |
| 02/07/17 | PRB | Review bill of costs and confer with RLA | 0.60 hrs | 250/hr | $150.00 | 0 |
| 02/17/17 | RLA | Review Defendants' briefs and comment on same to Paul Barsness | 0.80 hrs | 490/hr | $392.00 | 0 |
| 02/19/17 | RLA | Letter from Paul Barsness; letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 02/20/17 | RLA | Conference with Marbury Rainer | 0.30 hrs | 490/hr | $147.00 | 0 |
| 02/20/17 | PRB | Analyze Defendants' reply brief and response to motion to alter/amend judgment | 2.90 hrs | 250/hr | $725.00 | 0 |
| 02/22/17 | PRB | Meeting with JMR and RLA to discuss Defendants' new argument that the firm should be responsible for fees | 0.40 hrs | 250/hr | $100.00 | 0 |
| 02/23/17 | RLA | Review court notice | 0.10 hrs | 490/hr | $49.00 | 0 |
| 02/27/17 | PRB | Begin work reviewing Defendants' cases in order to draft reply brief | 0.50 hrs | 250/hr | $125.00 | 0 |
| 02/27/17 | PRB | Continue work analyzing Defendants' cases and outlining arguments for reply | 3.70 hrs | 250/hr | $925.00 | 0 |
| 02/28/17 | RLA | Review and comment on Paul Barsness's draft brief; conference with Paul Barsness regarding same | 0.40 hrs | 490/hr | $196.00 | 0 |
| 03/01/17 | RLA | Letter from client; letter from Paul Barsness; telephone conference and conference with Paul Barsness | 0.60 hrs | 490/hr | $294.00 | 0 |
| 03/01/17 | PRB | Revise reply brief, and confer with Mr. Boysen about next steps | 1.30 hrs | 250/hr | $325.00 | 0 |
| 03/01/17 | MCLI | Calendar/Docketing of Deadline for Review of Taxation of Costs | 0.10 hrs | 210/hr | $21.00 | 0 |
| 03/02/17 | PRB | Begin work on motion asking Court to review taxation of costs and attorney fee itemization | 2.10 hrs | 250/hr | $525.00 | 0 |
| 03/06/17 | PRB | Continue review of fee itemization for response brief | 3.70 hrs | 250/hr | $925.00 | 0 |
| 03/07/17 | PRB | Finalize motion for review of bill of costs; supervise filing | 1.30 hrs | 250/hr | $325.00 | 0 |
| 03/22/17 | RLA | Telephone conference with and letters to and from Paul Barsness regarding ITW filing | 0.30 hrs | 490/hr | $147.00 | 0 |
| 03/22/17 | PRB | Analyze Defendants' response brief on bill of costs and assess whether to file sur-reply | 0.40 hrs | 250/hr | $100.00 | 0 |

Client   005820   Matter   00001   Prebill No.   306236   Page   30

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 03/23/17 | PRB | Prepare for and participate in call with insurance counsel | 0.70 hrs | 250/hr | $175.00 | 0 |
| | | 03/24/17 | RLA | Review Defendants' latest filing regarding Bill of Costs | 0.60 hrs | 490/hr | $294.00 | 0 |
| | | 03/27/17 | RLA | Letters to and from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 04/11/17 | RLA | Review court notice; letter to client regarding notice | 0.20 hrs | 490/hr | $98.00 | 0 |
| | | 04/19/17 | PRB | Review order on taxed costs and confer with Mr. Boysen and RLA | 0.40 hrs | 250/hr | $100.00 | 0 |
| | | 06/01/17 | PRB | Review court order denying request for fees and confer with JMR | 0.40 hrs | 250/hr | $100.00 | 0 |
| L120 | A102 | 07/05/17 | EBAD | Conference with PRB. Research Eleventh Circuit case law regarding whether a remand for further proceedings to the ERISA administrative process is sufficient to support a motion for attorney's fees under the ERISA fee-shifting provision of 29 U.S.C. § 1132(g)(1). | 6.30 hrs | 130/hr | $819.00 | 0 |
| L120 | A102 | 07/06/17 | EBAD | Research case law from all federal courts regarding ERISA fee-shifting provision of 29 U.S.C. § 1132(g)(1) and whether fees can be awarded when an ERISA case is remanded back to the ERISA administrative proceedings. Draft informal memo summarizing findings. | 4.10 hrs | 130/hr | $533.00 | 0 |
| | | 07/06/17 | MCLI | Conference with PRB re: completion of Transcript Order Information Form for filing with court; research and telephone call to Judge Thrash's chambers to arrange for prepayment of transcript fees; work to complete Transcript Order Information form | 0.70 hrs | 210/hr | $147.00 | 0 |
| L120 | A102 | 07/07/17 | EBAD | Research case law from all federal courts regarding ERISA fee-shifting provision of 29 U.S.C. § 1132(g)(1) and whether fees can be awarded when an ERISA case is remanded back to the ERISA administrative proceedings. Draft informal memo summarizing findings. | 4.20 hrs | 130/hr | $546.00 | 0 |
| | | 07/10/17 | JAW | Review district court pleadings in preparation of filing Civil Appeal Statement with the 11th Circuit Court of Appeals | 1.60 hrs | 325/hr | $520.00 | 0 |
| | | 07/10/17 | MLLA | Discuss with PBR regarding research on duty of an ERISA Administrator to reseach and investigate claim | 0.50 hrs | 130/hr | $65.00 | 0 |
| | | 07/10/17 | MLLA | Research duty of an ERISA Administrator to reseach and investigate claim | 4.00 hrs | 130/hr | $520.00 | 0 |
| | | 07/11/17 | JAW | Further review of district court pleadings in preparation of filing Civil Appeal Statement with the 11th Circuit Court of Appeals; draft the issues proposed to be raised on appeal for the Civil Appeal | 1.20 hrs | 325/hr | $390.00 | 0 |

| Client | 005820 | | Matter | 00001 | Prebill No. | 306236 | | | Page | 31 |

Statement

| | 07/11/17 MLLA | Research duty of an ERISA Administrator to reseach and investigate claim | 3.80 hrs | 130/hr | $494.00 | 0 |
|---|---|---|---|---|---|---|
| | 07/11/17 MLLA | Discuss findings with PBR | 0.20 hrs | 130/hr | $26.00 | 0 |
| | 07/11/17 MLLA | Research duty of an ERISA Administrator to reseach and investigate claim | 2.50 hrs | 130/hr | $325.00 | 0 |
| | 07/12/17 JAW | Draft Civil Appeal Statement | 0.50 hrs | 325/hr | $162.50 | 0 |
| | 07/12/17 MLLA | Discuss findings with PBR | 0.60 hrs | 130/hr | $78.00 | 0 |
| | 07/12/17 MLLA | Research requirements for civil appeal statement at 11th circuit | 0.50 hrs | 130/hr | $65.00 | 0 |
| | 07/12/17 MLLA | Research duty of an ERISA Administrator to reseach and investigate claim | 3.30 hrs | 130/hr | $429.00 | 0 |
| | 07/13/17 JAW | Prepare Civil Appeal Statement and Appendix; prepare appearance of counsel forms; review 11th Circuit rules re: civil appeal statement and which documents to attach to such statement; review case law re: issue of what it mean to "submit" documents to plan administrator to determine if there is an issue of first impression | 1.90 hrs | 325/hr | $617.50 | 0 |
| | 07/13/17 MLLA | Research additional cases on plan administrator duty to investigate claim | 2.40 hrs | 130/hr | $312.00 | 0 |
| | 07/14/17 MLLA | Draft outline of arguments | 2.30 hrs | 130/hr | $299.00 | 0 |
| 33 | 07/17/17 EBAD | Conference with PRB, review file, and conduct research for appeal to the 11th Circuit regarding the potential for discovery beyond the administrative record in an ERISA case. | 6.30 hrs | 130/hr | $819.00 | 0 |
| | 07/17/17 MLLA | Revise draft outline of arguments | 1.50 hrs | 130/hr | $195.00 | 0 |
| 31 | 07/18/17 EBAD | Draft informal memo for PRB with results of legal research on the potential for discovery beyond the administrative record in an ERISA case. | 2.60 hrs | 130/hr | $338.00 | 0 |

TOTAL PROFESSIONAL FEES:                                    776.90 hrs          $206,385.00

## BILLING SUMMARY

| Current Total Fees: | 776.90  hrs | $206,385.00 |
|---|---|---|
| Current Total Expenses: | | $0.00 |

| **CURRENT AMOUNT DUE:** | **$206,385.00** |
|---|---|
| PAYMENTS APPLIED THROUGH 7/22/2016 | ($0.00) |
| Less Adjustments Applied | ($0.00) |

*Client*   005820   *Matter*   00001   *Prebill No.*   306236   *Page*   32

**TOTAL AMOUNT NOW DUE**                                  **$206,385.00**

### WORKED TIMEKEEPER RECAP

| | | | | |
|---|---|---|---|---|
| WJH | Holley, William J. | 1.40 hrs | 595.00 | $833.00 |
| TLH | Treadwell, Trishanda L | 2.30 hrs | 430.00 | $989.00 |
| JXM | Miller, Jared C. | 0.20 hrs | 360.00 | $72.00 |
| JDG | Gordon, Jeffrey D. | 1.20 hrs | 350.00 | $420.00 |
| RLA | Ashe, R. Lawrence | 135.10 hrs | 490.00 | $66,199.00 |
| PRB | Barsness, Paul  R. | 255.20 hrs | 250.00 | $63,800.00 |
| KCAR | Hodges, Katrina L | 71.20 hrs | 190.00 | $13,528.00 |
| TJOH | Johnson, Tiffany R | 174.40 hrs | 210.00 | $36,624.00 |
| EBAD | Badia, Erik J. | 23.50 hrs | 130.00 | $3,055.00 |
| DDEN | Dennis, Desmond M. | 58.30 hrs | 190.00 | $11,077.00 |
| JDA | Wood, Julie A. | 5.20 hrs | 325.00 | $1,690.00 |
| SKB | Burdette, Shay K | 6.90 hrs | 190.00 | $1,311.00 |
| ACAM | Cameron, Anita | 9.10 hrs | 188.02 | $1,711.00 |
| MCLI | Cline, Mark | 11.30 hrs | 200.71 | $2,268.00 |
| MLLA | Llamas, Marvyn S | 21.60 hrs | 130.00 | $2,808.00 |

# EXHIBIT 3

**Parker, Hudson, Rainer & Dobbs LLP**

A LIMITED LIABILITY PARTNERSHIP

**ATTORNEYS AT LAW**
**303 PEACHTREE STREET, N.E.**
**SUITE 3600**
**ATLANTA, GA 30308**
**(404) 523-5300**
EIN: 58-1423485

David Boysen
13411 Bradshaw Street
Apt. 32104
Overland Park, KS  66213

Invoice Date:  05/31/2019      RLA
**Prebill #**      **306237**
**Client #**      **005820**
**Matter #**      **00002**

**Invoice No.:**              **0**

ATTN:

**Re:  Re: Appeal**
        **(005820/00002C)Bill Expenses**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:    May 31, 2019**

| Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 06/26/17 | RLA | Letter to and telephone conference with client; conference with Paul Barsness | 0.50 hrs | 490/hr | $245.00 | 0 |
| 06/26/17 | PRB | Confer with RLA about appeal | 0.50 hrs | 300/hr | $150.00 | 0 |
| 06/26/17 | PRB | Call with Boysen to discuss pros and cons of appeal | 0.40 hrs | 300/hr | $120.00 | 0 |
| 06/27/17 | RLA | Letters to and from client | 0.60 hrs | 490/hr | $294.00 | 0 |
| 06/28/17 | RLA | Telephone conference with client; conference with and telephone conference with Paul Barsness; letter to ITW counsel | 0.40 hrs | 490/hr | $196.00 | 0 |
| 06/28/17 | PRB | Confer with RTC and RLA about potential appeal | 0.50 hrs | 300/hr | $150.00 | 0 |
| 06/29/17 | RLA | Telephone conference with Paul Barsness; Notice of Appeal filed | 0.30 hrs | 490/hr | $147.00 | 0 |
| 06/29/17 | PRB | Draft and supervise filling of Notice of Appeal | 0.50 hrs | 300/hr | $150.00 | 0 |
| 06/30/17 | RLA | Letter to and from client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 06/30/17 | MCLI | Docket managment regarding appeal with emails to PRB regarding same | 0.30 hrs | 210/hr | $63.00 | 0 |
| 07/06/17 | PRB | Discuss updated fee research with EBAD | 0.50 hrs | 300/hr | $150.00 | 0 |
| 07/06/17 | PRB | Supervise compliance with appeal docketing requirements | 2.30 hrs | 300/hr | $690.00 | 0 |
| 07/07/17 | MCLI | Work to prepare Eleventh Circuit Transcript Information Form | 0.70 hrs | 210/hr | $147.00 | 0 |

| Client | 005820 | | Matter | 00002 | Prebill No. | 306237 | | Page   2 |

| Date | Init | Description | Hours | Rate | Amount | |
|------|------|-------------|-------|------|--------|---|
| 07/10/17 | PRB | Continue work supervising compliance with compiling the record for appeal | 1.00 hrs | 300/hr | $300.00 | 0 |
| 07/10/17 | PRB | Confer with JAW about arguments for appellate brief | 0.50 hrs | 300/hr | $150.00 | 0 |
| 07/10/17 | PRB | Confer with MLLA about updating research for appellate brief | 0.50 hrs | 300/hr | $150.00 | 0 |
| 07/11/17 | RLA | Letter from Mark Cline | 0.10 hrs | 490/hr | $49.00 | 0 |
| 07/11/17 | PRB | Supervise transcript requests | 0.20 hrs | 300/hr | $60.00 | 0 |
| 07/11/17 | PRB | Confer with MLLA about status of research | 0.30 hrs | 300/hr | $90.00 | 0 |
| 07/11/17 | MCLI | Emails and calls with court reporter for execution/completion of transcript order forms for filing with court of appeals; preparation of forms | 0.40 hrs | 210/hr | $84.00 | 0 |
| 07/12/17 | RLA | Letters to and from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 07/12/17 | PRB | Review recommendations for civil appeal sheet, and confer with JAW and MLLA | 0.70 hrs | 300/hr | $210.00 | 0 |
| 07/12/17 | PRB | Revise Civil Appeal Statement and confer with JAW | 1.20 hrs | 300/hr | $360.00 | 0 |
| 07/12/17 | PRB | Analyze updated research on requirements for a full and fair review under ERISA | 2.20 hrs | 300/hr | $660.00 | 0 |
| 07/12/17 | PRB | Review cross appeal and confer with RLA | 0.30 hrs | 300/hr | $90.00 | 0 |
| 07/13/17 | PRB | Confer with JAW about revisions to the Civil Appeal Statement | 0.50 hrs | 300/hr | $150.00 | 0 |
| 07/13/17 | PRB | Supervise submission of record information for appeal and confer with BUZO and MCLI about docketing status | 0.40 hrs | 300/hr | $120.00 | 0 |
| 07/13/17 | MCLI | Emails with Susan Baker of US Dist Court re: filing of Transcript Order form for her execution and filing with the Court of Appeals as well as District Court's failure to transfer file on June 29 | 0.20 hrs | 210/hr | $42.00 | 0 |
| 07/13/17 | MCLI | Assist PRB and JAW with filing of Transcript Order Form and supporting documents | 0.20 hrs | 210/hr | $42.00 | 0 |
| 07/13/17 | MCLI | Emails with PRB re: timeliness of cross Appeal; research same | 0.90 hrs | 210/hr | $189.00 | 0 |
| 07/14/17 | RLA | Review court notice | 0.10 hrs | 490/hr | $49.00 | 0 |
| 07/14/17 | PRB | Analyze research regarding whether the issues on appeal are a matter of first impression and draft updated language for Civil Appeal Statement | 1.80 hrs | 300/hr | $540.00 | 0 |
| 07/17/17 | PRB | Supervise filings required for notice of appearance | 0.20 hrs | 300/hr | $60.00 | 0 |
| 07/18/17 | RLA | Review court notices | 0.10 hrs | 490/hr | $49.00 | 0 |

Client   005820   Matter   00002   Prebill No.   306237   Page   3

| Date | Atty | Description | Hours | Rate | Amount | |
|------|------|-------------|-------|------|--------|---|
| 07/18/17 | PRB | Analyze research regarding discovery issue | 1.20 hrs | 300/hr | $360.00 | 0 |
| 07/24/17 | PRB | Supervise filing of Certificate of Interested Persons | 0.30 hrs | 300/hr | $90.00 | 0 |
| 07/26/17 | MCLI | Calculate and docket response dates pursuant to Court's Notice of Docketing; emails with PRB re: same | 0.60 hrs | 210/hr | $126.00 | 0 |
| 07/27/17 | JGUN | Prepare Civil Appeal Statement | 1.00 hrs | 265/hr | $265.00 | 0 |
| 07/27/17 | RLA | Notices from 11th Circuit Court of Appeals | 0.20 hrs | 490/hr | $98.00 | 0 |
| 07/27/17 | MCLI | Assist with filings of Entry of Appearance and Civil Appeals Statement | 0.40 hrs | 210/hr | $84.00 | 0 |
| 07/28/17 | RLA | Letter from and telephone conference with 11th Circuit regarding briefing schedule; telephone conference with 11th Circuit regarding extension for brief; letter from 11th Circuit granting extension for brief until September 5, 2017 | 0.70 hrs | 490/hr | $343.00 | 0 |
| 07/28/17 | PRB | Confer with RLA and JAW about appellate filings | 0.30 hrs | 300/hr | $90.00 | 0 |
| 08/08/17 | RLA | Review Mediation notice | 0.10 hrs | 490/hr | $49.00 | 0 |
| 08/11/17 | JAW | Review pleadings from district court re: full and fair review legal arguments | 1.40 hrs | 325/hr | $455.00 | 0 |
| 08/11/17 | PRB | Discuss potential appellate arguments with JAW | 0.60 hrs | 300/hr | $180.00 | 0 |
| 08/14/17 | JAW | Review district court pleadings re: discovery motions and orders of the district court | 0.90 hrs | 325/hr | $292.50 | 0 |
| 08/14/17 | RLA | Letters from PRB and client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 08/14/17 | PRB | Review mediation information and confer with Mr. Boysen, RLA, and JAW | 0.40 hrs | 300/hr | $120.00 | 0 |
| 08/16/17 | JAW | Review mediation notice and guidelines and 11th Circuit Rules regarding extensions for filing briefs; review pleadings and case law in preparation of drafting mediation statement and appellant brief | 4.10 hrs | 325/hr | $1,332.50 | 0 |
| 08/16/17 | PRB | Confer with JAW about brief | 0.20 hrs | 300/hr | $60.00 | 0 |
| 08/17/17 | JAW | Review Mr. Goldman's deposition transcript, review Severance Plan, review documents produced by ITW; draft fact section; telephone KMC re: extension to file brief | 4.20 hrs | 325/hr | $1,365.00 | 0 |
| 08/17/17 | PRB | Confer with opposing counsel about mediation and extension of briefing schedule | 0.20 hrs | 300/hr | $60.00 | 0 |
| 08/18/17 | JAW | Draft mediation statement; draft appellant brief | 4.40 hrs | 325/hr | $1,430.00 | 0 |
| 08/18/17 | RLA | Review and respond to PRB and W. Stockard emails | 0.20 hrs | 490/hr | $98.00 | 0 |
| 08/18/17 | PRB | Review and revise mediation statement | 0.80 hrs | 300/hr | $240.00 | 0 |
| 08/20/17 | JAW | Revise mediation statement | 1.30 hrs | 325/hr | $422.50 | 0 |

Client     005820      Matter     00002      Prebill No.    306237      Page    4

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/20/17 | RLA | Letters from PRB and David Boysen; letter from W. Stockard | 0.20 hrs | 490/hr | $98.00 | 0 |
| 08/21/17 | JAW | Draft Appellant Brief | 3.80 hrs | 325/hr | $1,235.00 | 0 |
| 08/21/17 | RLA | Letters to and from D. Boysen and PRB | 0.20 hrs | 490/hr | $98.00 | 0 |
| 08/21/17 | PRB | Confer with Mr. Boysen and JAW about mediation | 0.50 hrs | 300/hr | $150.00 | 0 |
| 08/22/17 | JAW | Draft Appellant Brief | 5.80 hrs | 325/hr | $1,885.00 | 0 |
| 08/22/17 | RLA | Letters from W. Stockard | 0.20 hrs | 490/hr | $98.00 | 0 |
| 08/22/17 | PRB | Confer with opposing counsel about mediation and extending deadlines for briefing | 0.40 hrs | 300/hr | $120.00 | 0 |
| 08/22/17 | PRB | Review and revise Mediation Statement | 1.00 hrs | 300/hr | $300.00 | 0 |
| 08/22/17 | MCLI | Emails and calls with 11th Circuit regarding need for Motion to review administrative record filed under seal | 0.30 hrs | 210/hr | $63.00 | 0 |
| 08/23/17 | JAW | Draft Appellant Brief | 5.60 hrs | 325/hr | $1,820.00 | 0 |
| 08/23/17 | RLA | Mediation scheduling emails | 0.40 hrs | 490/hr | $196.00 | 0 |
| 08/23/17 | PRB | Confer with Mr. Boysen about mediation and extending deadlines for briefing | 0.40 hrs | 300/hr | $120.00 | 0 |
| 08/24/17 | PRB | Mediation conferrals with opposing counsel | 0.30 hrs | 300/hr | $90.00 | 0 |
| 08/25/17 | JAW | Research 29 USC 1133(1) and specific reasons; revise Appellant Brief | 1.80 hrs | 325/hr | $585.00 | 0 |
| 08/25/17 | RLA | Mediation and briefing scheduling emails | 0.30 hrs | 490/hr | $147.00 | 0 |
| 08/25/17 | PRB | Mediation conferrals with Mr. Boysen and opposing counsel | 0.30 hrs | 300/hr | $90.00 | 0 |
| 08/27/17 | JAW | Revise Appellant Brief | 1.20 hrs | 325/hr | $390.00 | 0 |
| 08/28/17 | JAW | Revise Appellant Brief; draft request for extension to file brief from mediator | 0.60 hrs | 325/hr | $195.00 | 0 |
| 08/29/17 | PRB | Confer with mediator about extension request | 0.30 hrs | 300/hr | $90.00 | 0 |
| 08/29/17 | PRB | Submit request for extension of briefing deadlines and confer with opposing counsel | 0.50 hrs | 300/hr | $150.00 | 0 |
| 08/30/17 | RLA | Scheduling emails | 0.40 hrs | 490/hr | $196.00 | 0 |
| 08/30/17 | PRB | Confer with mediator and opposing counsel about mediation | 0.40 hrs | 300/hr | $120.00 | 0 |
| 08/31/17 | RLA | Mediation scheduling emails; letter from 11th Circuit; letter to PRB and counsel for ITW; scheduling emails | 0.80 hrs | 490/hr | $392.00 | 0 |
| 08/31/17 | PRB | Continued conferrals with opposing counsel and the | 0.40 hrs | 300/hr | $120.00 | 0 |

Client      005820          Matter      00002          Prebill No.    306237              Page   5

| | | | | | | |
|---|---|---|---|---|---|---|
| | | mediator about the mediation and brief extension | | | | |
| 09/01/17 | RLA | Review 11th Circuit emails | 0.20 hrs | 490/hr | $98.00 | 0 |
| 09/01/17 | PRB | Confer with mediator about brief extension | 0.30 hrs | 300/hr | $90.00 | 0 |
| 09/01/17 | MCLI | Monitor upcoming case schedule and deadlines | 0.30 hrs | 210/hr | $63.00 | 0 |
| 09/06/17 | RLA | Letters to and from client regarding scheduling | 0.30 hrs | 490/hr | $147.00 | 0 |
| 09/06/17 | PRB | Confer with Mr. Boysen about mediation | 0.20 hrs | 300/hr | $60.00 | 0 |
| 09/07/17 | MCLI | Emails and office conferences with PRB re: status of matter and deadline for filing of Brief and Appendix in Support; research regarding same | 0.70 hrs | 210/hr | $147.00 | 0 |
| 09/13/17 | RLA | Conference with PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 09/26/17 | PRB | Mediation preparation | 0.40 hrs | 300/hr | $120.00 | 0 |
| 09/27/17 | RLA | Review and comment on JAW/PRB draft mediation statement | 0.60 hrs | 490/hr | $294.00 | 0 |
| 09/28/17 | JAW | Review mediation statement | 0.20 hrs | 325/hr | $65.00 | 0 |
| 09/28/17 | RLA | Conference with PRB with further comments on draft mediation statement | 0.40 hrs | 490/hr | $196.00 | 0 |
| 09/28/17 | PRB | Confer with RLA, review and revise mediation statement, and send to Mr. Boysen | 1.10 hrs | 300/hr | $330.00 | 0 |
| 09/28/17 | MCLI | Call with clerk re: Cross appeal deadlines; docket response dates accordingly | 0.50 hrs | 210/hr | $105.00 | 0 |
| 10/01/17 | RLA | (9.5.17) Letters to and from client; letter from PRB | 0.30 hrs | 490/hr | $147.00 | 0 |
| 10/02/17 | RLA | Review Mediation statement with final edits | 0.40 hrs | 490/hr | $196.00 | 0 |
| 10/02/17 | PRB | Revise mediation statement and supervise filing with mediator | 0.70 hrs | 300/hr | $210.00 | 0 |
| 10/04/17 | RLA | Letter from S. Neba regarding ITW attendees at mediation | 0.10 hrs | 490/hr | $49.00 | 0 |
| 10/05/17 | RLA | Letters to and from client regarding mediation logistics | 0.30 hrs | 490/hr | $147.00 | 0 |
| 10/09/17 | RLA | Prepare for Mediation | 1.60 hrs | 490/hr | $784.00 | 0 |
| 10/09/17 | PRB | Mediation preparation | 4.20 hrs | 300/hr | $1,260.00 | 0 |
| 10/10/17 | RLA | Complete preparation for 11th Circuit Mediation with client and PRB. Participate in Mediation with Cliff Altekruse and ITW counsel, PRB and client, including conference with client and PRB; conference with Mediator, client and PRB; debrief with client and PRB; debrief with client | 6.30 hrs | 490/hr | $3,087.00 | 0 |
| 10/10/17 | PRB | Draft and send communication to mediator about extending briefing deadline | 0.30 hrs | 300/hr | $90.00 | 0 |

Client     005820        Matter        00002        Prebill No.    306237              Page   6

| Date | Atty | Description | Hours | Rate | Amount | |
|------|------|-------------|-------|------|--------|---|
| 10/10/17 | PRB | Prepare for and participate in mediation | 7.00 hrs | 300/hr | $2,100.00 | 0 |
| 10/11/17 | RLA | Review Court Order granting extension; conference with Julie Wood | 0.10 hrs | 490/hr | $49.00 | 0 |
| 10/11/17 | PRB | Confer with JAW about appellate arguments | 0.40 hrs | 300/hr | $120.00 | 0 |
| 10/11/17 | PRB | Call mediator to discuss briefing deadline; draft and send updated request; confer with JAW about draft brief | 0.50 hrs | 300/hr | $150.00 | 0 |
| 10/12/17 | JAW | Review draft of brief; research Federal Register regarding the promulgates of Department of Labor rules in 2000 regarding "full and fair review" | 0.80 hrs | 325/hr | $260.00 | 0 |
| 10/17/17 | PRB | Begin work on Appellate brief | 3.70 hrs | 300/hr | $1,110.00 | 0 |
| 10/19/17 | JAW | Review comments of draft brief with PRB; revise brief | 0.80 hrs | 325/hr | $260.00 | 0 |
| 10/19/17 | PRB | Confer with JAW about appellate arguments | 1.20 hrs | 300/hr | $360.00 | 0 |
| 10/23/17 | JAW | Revise Appellant Brief | 5.50 hrs | 325/hr | $1,787.50 | 0 |
| 10/23/17 | JAW | Revise Appellant Brief | 1.90 hrs | 325/hr | $617.50 | 0 |
| 10/23/17 | PRB | Review revised brief and outline proposed changes | 2.20 hrs | 300/hr | $660.00 | 0 |
| 10/24/17 | RLA | Letter from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 10/24/17 | PRB | Revise statement of facts | 3.30 hrs | 300/hr | $990.00 | 0 |
| 10/24/17 | PRB | Revise argument on the adequacy of the investigation | 1.90 hrs | 300/hr | $570.00 | 0 |
| 10/24/17 | PRB | Revise argument outlining why the Plan Administrator's determination was de novo wrong | 1.10 hrs | 300/hr | $330.00 | 0 |
| 10/25/17 | JGUN | Review and analyze Appellant's Brief | 1.20 hrs | 265/hr | $318.00 | 0 |
| 10/25/17 | RLA | Conference with Justin Gunter regarding draft appellate brief | 0.40 hrs | 490/hr | $196.00 | 0 |
| 10/25/17 | PRB | Review comments from RLA, finish draft of appellate brief and send to Mr. Boysen | 4.90 hrs | 300/hr | $1,470.00 | 0 |
| 10/26/17 | JAW | Review administrative record re: evidence of "no job elimination"; review and revise Appellant Brief; research meaning of "job elimination" in ERISA cases | 3.80 hrs | 325/hr | $1,235.00 | 0 |
| 10/26/17 | JGUN | Conference with PRB re: Appellant's Brief | 1.30 hrs | 265/hr | $344.50 | 0 |
| 10/26/17 | PRB | Confer with JAW and JGUN about appellate arguments | 1.60 hrs | 300/hr | $480.00 | 0 |
| 10/26/17 | PRB | Revise fact section of appellate brief | 2.70 hrs | 300/hr | $810.00 | 0 |
| 10/26/17 | PRB | Revise argument section of appellate brief | 4.80 hrs | 300/hr | $1,440.00 | 0 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Client | 005820 | Matter | 00002 | Prebill No. | 306237 | Page | 7 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 10/26/17 | MCLI | Begin preparatioin of Administrative Record index; book marking of administrative record for speed and ease of searching | 2.80 hrs | 210/hr | $588.00 | 0 |
| | 10/26/17 | MCLI | Conference with JBEN re: preparations for filing of joint appendix and need to index of Administrative Record | 0.10 hrs | 210/hr | $21.00 | 0 |
| | 10/27/17 | JAW | Draft list of documents to be included in appendix; review Mr. Goldman's deposition regarding discussion of "job elimination"; review documents submitted by Defendants in support of motion for summary judgment (including declaration) re: alleged evidence of no "job elimination" | 3.10 hrs | 325/hr | $1,007.50 | 0 |
| | 10/27/17 | PRB | Update research on requirements for a full and fair review and revise appellate brief | 3.10 hrs | 300/hr | $930.00 | 0 |
| | 10/27/17 | PRB | Update research on job elimination and revise appellate brief | 2.70 hrs | 300/hr | $810.00 | 0 |
| | 10/30/17 | JAW | Review and revise Appellant Brief | 1.30 hrs | 325/hr | $422.50 | 0 |
| | 10/30/17 | PRB | Final revisions to appellate brief; draft ancillary sections and prepare for filing | 7.30 hrs | 300/hr | $2,190.00 | 0 |
| | 10/30/17 | MCLI | Assist with finalizing and preparation of Tables of Contents and Tables of Authorities; conference with PRB re: same | 0.90 hrs | 210/hr | $189.00 | 0 |
| | 10/31/17 | JAW | Revise Appellant Brief | 0.40 hrs | 325/hr | $130.00 | 0 |
| | 10/31/17 | RLA | Letter from PRB; letter to client; review final draft to be filed; notice of filing | 0.70 hrs | 490/hr | $343.00 | 0 |
| | 10/31/17 | PRB | Finalize and supervise filing of appellate brief | 1.70 hrs | 300/hr | $510.00 | 0 |
| | 10/31/17 | MCLI | Assist with preparation and filing of Brief; calls with J. Burnbaum of NDGA regarding records filed under seal; emails with PRB and JAW re: same | 1.60 hrs | 210/hr | $336.00 | 0 |
| | 11/01/17 | PRB | Supervise compilation of appendix and confer with opposing counsel about contents | 0.30 hrs | 300/hr | $90.00 | 0 |
| | 11/02/17 | JAW | Coordinate with MCLI re: preparing appendix | 0.20 hrs | 325/hr | $65.00 | 0 |
| | 11/02/17 | RLA | Review efiling | 0.30 hrs | 490/hr | $147.00 | 0 |
| W170 | 11/02/17 | PRB | Confer with MCLI about Appendix content | 0.20 hrs | 300/hr | $60.00 | 0 |
| | 11/02/17 | MCLI | Begin preparing appendix in support for filing; office conferences and emails with PRB and JAW re: same | 4.10 hrs | 210/hr | $861.00 | 0 |
| | 11/03/17 | RLA | Letters to and from PRB, JAW and MCLI | 0.30 hrs | 490/hr | $147.00 | 0 |
| | 11/03/17 | PRB | Continue work supervising the appendix assembly; confer with opposing counsel about materials under seal | 0.30 hrs | 300/hr | $90.00 | 0 |

Client      005820      Matter      00002      Prebill No.   306237      Page   8

| Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 11/03/17 | MCLI | Multiple conferences with USDC Northern District of Georgia (J. Burnbaum - Docketing Supervisor) and 11th Circuit (Jenet Meyer - case manager) re: need to copies of documents filed under seal; emails with RLA, PRB and JAW re: same | 0.90 hrs | 210/hr | $189.00 | 0 |
| 11/06/17 | RLA | Emails regarding record filing requirements in the 11th Circuit with MCLI, JAW, PRB | 0.60 hrs | 490/hr | $294.00 | 0 |
| 11/06/17 | PRB | Confer with opposing counsel and supervise filing of Appendix | 0.60 hrs | 300/hr | $180.00 | 0 |
| 11/06/17 | MCLI | Continue with preparation of appendix exhibits; research local rules and requirements for filing; | 2.70 hrs | 210/hr | $567.00 | 0 |
| 11/07/17 | RLA | Letter from MCLI regarding appendix logistics; letters to and from Evan Anderson | 0.20 hrs | 490/hr | $98.00 | 0 |
| 11/07/17 | PRB | Review and supervise filing of Appendix | 0.50 hrs | 300/hr | $150.00 | 0 |
| 11/07/17 | MCLI | Finalize and file Appendix with distribution of service copies; prepare under seal filed documents for filing with the court | 6.20 hrs | 210/hr | $1,302.00 | 0 |
| 11/10/17 | RLA | Letter to and from client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 11/13/17 | RLA | Letter from 11th Circuit | 0.10 hrs | 490/hr | $49.00 | 0 |
| 11/13/17 | PRB | Review information from Clerk regarding the Appendix and confer with MCLI and RLA | 0.30 hrs | 300/hr | $90.00 | 0 |
| 11/13/17 | MCLI | Telephone conference with Court of Appeals re: notice of deficiency in mailing; | 0.20 hrs | 210/hr | $42.00 | 0 |
| 11/14/17 | MCLI | Calls and emails with Clerk of Court regarding formatting of hard copy appendix and need to be split into volumes; | 0.30 hrs | 210/hr | $63.00 | 0 |
| 11/15/17 | MCLI | Reformat hard copies of appedix per 11th Circuit Court case manager request | 1.20 hrs | 210/hr | $252.00 | 0 |
| 11/21/17 | PRB | Confer with opposing counsel about brief extension | 0.20 hrs | 300/hr | $60.00 | 0 |
| 11/22/17 | MCLI | Review of Court minute order and update docket and response dates | 0.20 hrs | 210/hr | $42.00 | 0 |
| 12/14/17 | PRB | Analyze ITW's appellate brief | 1.30 hrs | 300/hr | $390.00 | 0 |
| 12/15/17 | RLA | Start review of ITW's reply brief | 0.70 hrs | 490/hr | $343.00 | 0 |
| 12/18/17 | RLA | Letter from PRB | 0.10 hrs | 490/hr | $49.00 | 0 |
| 12/18/17 | PRB | Begin work outlining response and reply arguments | 1.70 hrs | 300/hr | $510.00 | 0 |
| 12/20/17 | PRB | Review notice of deficiency | 0.10 hrs | 300/hr | $30.00 | 0 |
| 12/21/17 | RLA | Letters to and from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 12/27/17 | PRB | Confer with opposing counsel about briefing deadlines | 0.10 hrs | 300/hr | $30.00 | 0 |

Client   005820         Matter   00002      Prebill No.   306237              Page   9

| Date | Atty | Description | Hours | Rate | Amount | |
|------|------|-------------|-------|------|--------|---|
| 12/28/17 | JAW | Review Appellee Brief; email PRB with comments re: brief | 1.80 hrs | 325/hr | $585.00 | 0 |
| 12/28/17 | PRB | Confer with JAW about appellate arguments | 0.20 hrs | 300/hr | $60.00 | 0 |
| 01/03/18 | PRB | Confer with opposing counsel and JAW about extension | 0.20 hrs | 315/hr | $63.00 | 0 |
| 01/04/18 | JAW | Review 11th Circuit Rules and telephone clerk re: 7 day extension | 0.20 hrs | 340/hr | $68.00 | 0 |
| 01/04/18 | RLA | Review notice of extension granted | 0.10 hrs | 490/hr | $49.00 | 0 |
| 01/04/18 | MCLI | Monitor case schedule and upcoming deadlines | 0.20 hrs | 220/hr | $44.00 | 0 |
| 01/10/18 | JAW | Research whether a plan administrator may deny benefits for specific reason and then argue for a different reason during litigation; draft insert to reply brief re: same | 6.10 hrs | 340/hr | $2,074.00 | 0 |
| 01/18/18 | JAW | Draft Reply Brief | 4.40 hrs | 340/hr | $1,496.00 | 0 |
| 01/18/18 | PRB | Prepare for and participate in strategy call with JAW to discuss appellate arguments | 1.70 hrs | 315/hr | $535.50 | 0 |
| 01/19/18 | JAW | Draft Reply Brief | 5.30 hrs | 340/hr | $1,802.00 | 0 |
| 01/20/18 | PRB | Review and revise reply arguments for appellate brief | 4.50 hrs | 315/hr | $1,417.50 | 0 |
| 01/21/18 | PRB | Review and revise arguments responding to cross appeal | 3.80 hrs | 315/hr | $1,197.00 | 0 |
| 01/22/18 | RLA | Letter from PRB regarding draft reply brief | 0.40 hrs | 490/hr | $196.00 | 0 |
| 01/22/18 | PRB | Analyze attorney fee case law cited by ITW, and revise response to cross appeal | 6.80 hrs | 315/hr | $2,142.00 | 0 |
| 01/22/18 | PRB | Review and revise reply arguments for appellate brief, and confer with BOLD about editing and format changes | 5.90 hrs | 315/hr | $1,858.50 | 0 |
| 01/23/18 | RLA | Review and comment on PRB draft brief; letter to PRB; letter to client and PRB | 0.90 hrs | 490/hr | $441.00 | 0 |
| 01/23/18 | PRB | Confer with RLA, make final revisions to appellate brief, and supervise filing | 6.10 hrs | 315/hr | $1,921.50 | 0 |
| 01/23/18 | MCLI | Assist with revisions/edits to response brief; filing of same; calls to Clerk of the Court regarding Certificate of Interested Persons filing; prepare for distribution mandatory service copies for court | 1.20 hrs | 220/hr | $264.00 | 0 |
| 01/24/18 | MCLI | Assist with finalizing and filing of brief | 1.10 hrs | 220/hr | $242.00 | 0 |
| 01/25/18 | MCLI | Monitor case schedule and upcoming deadlines | 0.10 hrs | 220/hr | $22.00 | 0 |
| 01/31/18 | RLA | Letters to and from Mark Cline regarding Clerk's Office minstructions regarding disclosure statement | 0.20 hrs | 490/hr | $98.00 | 0 |

| Client | 005820 | Matter | 00002 | Prebill No. | 306237 | | Page | 10 |
|---|---|---|---|---|---|---|---|---|

| Date | Init | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 02/20/18 | PRB | Analyze reply brief | 1.30 hrs | 315/hr | $409.50 | 0 |
| 03/02/18 | MCLI | Multiple calls with 11th Cir case manager re: need for additional copies of Appendix for oral argument; begin preparing same for distribution | 2.50 hrs | 220/hr | $550.00 | 0 |
| 03/05/18 | RLA | Telephone conference with Mark Cline; letter from 11th Circuit; letter to client; letter to PRB | 0.60 hrs | 490/hr | $294.00 | 0 |
| 03/05/18 | MCLI | Prepare additional volumes of entire Appendix for 11th Circuit Oral Arguement; calls with Mary Marshall, case manager and with delivering courier | 1.70 hrs | 220/hr | $374.00 | 0 |
| 03/06/18 | PRB | Confer with RLA and MCLI, and begin preparations for oral argument | 0.50 hrs | 315/hr | $157.50 | 0 |
| 03/09/18 | MCLI | Prepare briefing binders | 0.70 hrs | 220/hr | $154.00 | 0 |
| 03/12/18 | MCLI | Calls to 11th Circuit case manager inquiring about Oral Argument; continue with briefing binders | 0.70 hrs | 220/hr | $154.00 | 0 |
| 03/15/18 | PRB | Begin review of pleadings in preparation for oral argument | 3.20 hrs | 315/hr | $1,008.00 | 0 |
| 03/16/18 | PRB | Continue review of pleadings in preparation for oral argument | 2.90 hrs | 315/hr | $913.50 | 0 |
| 03/22/18 | PRB | Continue oral argument preparation | 2.30 hrs | 315/hr | $724.50 | 0 |
| 04/10/18 | PRB | Continue review of key cases in preparation for oral argument | 3.90 hrs | 315/hr | $1,228.50 | 0 |
| 05/07/18 | ACAM | Review case status | 0.20 hrs | 220/hr | $44.00 | 0 |
| 05/09/18 | RLA | Review 11th Circuit oral argument calendar | 0.20 hrs | 490/hr | $98.00 | 0 |
| 05/14/18 | RLA | Letter from client | 0.10 hrs | 490/hr | $49.00 | 0 |
| 06/14/18 | SKB | Review court notice, update event dates in Prolaw | 0.20 hrs | 220/hr | $44.00 | 0 |
| 06/14/18 | RLA | Letters to and from 11th Circuit regarding calendaring oral argument | 0.20 hrs | 490/hr | $98.00 | 0 |
| 06/14/18 | PRB | Review information on oral argument | 0.20 hrs | 315/hr | $63.00 | 0 |
| 06/15/18 | RLA | Letter to and from client | 0.20 hrs | 490/hr | $98.00 | 0 |
| 06/18/18 | RLA | Letter to and from client regarding oral argument | 0.30 hrs | 490/hr | $147.00 | 0 |
| 06/19/18 | RLA | Conference with RTC, WJH, and JMR; letter to PRB regarding moot court | 0.30 hrs | 490/hr | $147.00 | 0 |
| 06/22/18 | PRB | Continue work preparing for oral argument | 0.80 hrs | 315/hr | $252.00 | 0 |
| 07/16/18 | SKB | Download case law for attorney oral argument preparation | 0.50 hrs | 220/hr | $110.00 | 0 |
| 07/16/18 | PRB | Begin review of pertinent case law in preparation for oral argument | 1.40 hrs | 315/hr | $441.00 | 0 |

Client   005820   Matter   00002   Prebill No.   306237   Page   11

| Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 07/19/18 | SKB | Prepare attorney materials for hearing, confer with PRB re: same | 0.80 hrs | 220/hr | $176.00 | 0 |
| 07/19/18 | PRB | Continue review of key cases for oral argument | 3.10 hrs | 315/hr | $976.50 | 0 |
| 07/20/18 | SKB | Prepare attorney materials for oral argument | 1.80 hrs | 220/hr | $396.00 | 0 |
| 07/31/18 | SKB | Review case citations for judges on panel, e-mail PRB re: same | 0.30 hrs | 220/hr | $66.00 | 0 |
| 07/31/18 | SKB | Communication with court deputy re: judges on panel, e-mails with PRB re: same | 0.20 hrs | 220/hr | $44.00 | 0 |
| 07/31/18 | SKB | Meeting with PRB re: defendant's production, review e-mails and correspondence re: same | 1.50 hrs | 220/hr | $330.00 | 0 |
| 07/31/18 | RLA | Letter from and conference with PRB | 0.30 hrs | 490/hr | $147.00 | 0 |
| 07/31/18 | PRB | Confer with SKB about panelists and research needed for oral argument | 0.30 hrs | 315/hr | $94.50 | 0 |
| 07/31/18 | PRB | Continue work analyzing key cases in advance of oral argument | 2.90 hrs | 315/hr | $913.50 | 0 |
| 08/01/18 | JAW | Research prior ERISA cases and background information on Judge Paul C. Huck | 0.90 hrs | 340/hr | $306.00 | 0 |
| 08/01/18 | PRB | Continue in-depth review of all cited case law in advance of oral argument | 4.20 hrs | 315/hr | $1,323.00 | 0 |
| 08/01/18 | PRB | Call with Mr. Boysen to discuss newly-announced panel and key issues for oral argument | 1.00 hrs | 0/hr | N/C | 0 |
| 08/02/18 | JAW | Additional research into Judge's Tjoflat's and Judge Jordan's opinions regarding ERISA | 1.90 hrs | 340/hr | $646.00 | 0 |
| 08/02/18 | JAW | Research background information and prior ERISA cases of Judges Jordan and Tjoflat | 2.20 hrs | 340/hr | $748.00 | 0 |
| 08/02/18 | SKB | Draft timeline of discovery dispute, e-mail same to PRB | 0.80 hrs | 220/hr | $176.00 | 0 |
| 08/02/18 | PRB | Continue in-depth review of all cited case law in advance of oral argument | 5.10 hrs | 315/hr | $1,606.50 | 0 |
| 08/03/18 | JAW | Additional research into Judge Tjoflat's and Judge Jordan's opinions regarding ERISA and draft summary of same | 2.90 hrs | 340/hr | $986.00 | 0 |
| 08/03/18 | PRB | Begin review of panelists for oral argument | 1.00 hrs | 315/hr | $315.00 | 0 |
| 08/06/18 | JAW | Revise summaries of Judges Tjoflat and Jordan and compile opinions in notebook | 0.90 hrs | 340/hr | $306.00 | 0 |
| 08/06/18 | SKB | Prepare documents for moot court panel | 0.20 hrs | 220/hr | $44.00 | 0 |
| 08/06/18 | RLA | Moot court scheduling | 0.20 hrs | 490/hr | $98.00 | 0 |
| 08/06/18 | PRB | Begin work outlining oral argument | 2.70 hrs | 315/hr | $850.50 | 0 |

| Date | Initials | Description | Hours | Rate | Amount | |
|------|----------|-------------|-------|------|--------|---|
| 08/07/18 | SKB | Prepare attorney documents for moot argument | 1.30 hrs | 220/hr | $286.00 | 0 |
| 08/07/18 | PRB | Continue work outlining oral argument | 1.80 hrs | 315/hr | $567.00 | 0 |
| 08/08/18 | RLA | Moot court preparation | 0.40 hrs | 490/hr | $196.00 | 0 |
| 08/08/18 | PRB | Outline key facts and documents for use in oral argument | 3.30 hrs | 315/hr | $1,039.50 | 0 |
| 08/09/18 | RLA | Moot court and oral argument preparation | 1.00 hrs | 490/hr | $490.00 | 0 |
| 08/10/18 | JMR | Review 11th Circuit pleadings | 2.50 hrs | 725/hr | $1,812.50 | 0 |
| 08/10/18 | PRB | Outline key facts and documents for use in oral argument | 4.10 hrs | 315/hr | $1,291.50 | 0 |
| 08/12/18 | PRB | Draft mini case summaries in preparation for oral argument | 6.40 hrs | 315/hr | $2,016.00 | 0 |
| 08/12/18 | PRB | Draft mini case summaries in preparation for oral argument | 6.40 hrs | 315/hr | $2,016.00 | 0 |
| 08/13/18 | JAW | Review briefs on appeal and key cases; review summary of panel; attend mock argument | 2.90 hrs | 340/hr | $986.00 | 0 |
| 08/13/18 | JMR | Participate in mock argument | 1.90 hrs | 725/hr | $1,377.50 | 0 |
| 08/13/18 | RTC | Review appeal briefs; participate in mock argument | 2.90 hrs | 670/hr | $1,943.00 | 0 |
| 08/13/18 | JGUN | Participate in moot court | 1.30 hrs | 280/hr | $364.00 | 0 |
| 08/13/18 | RLA | Prepare for and participate in moot court for PRB | 1.80 hrs | 490/hr | $882.00 | 0 |
| 08/13/18 | PRB | Moot session to practice argument | 1.20 hrs | 315/hr | $378.00 | 0 |
| 08/13/18 | PRB | Final review and preparation of materials for moot session | 4.90 hrs | 315/hr | $1,543.50 | 0 |
| 08/14/18 | PRB | Revise argument to address ERISA decisions by panelists | 3.00 hrs | 315/hr | $945.00 | 0 |
| 08/14/18 | PRB | Analyze ERISA decisions by panelists | 4.40 hrs | 315/hr | $1,386.00 | 0 |
| 08/15/18 | JMR | Attend preparation for Appeal argument | 0.90 hrs | 725/hr | $652.50 | 0 |
| 08/15/18 | RLA | Letter to and from client; participate in second moot court for PRB; conference with client; review late filing by ITW counsel; letters to and from PRB regarding same | 2.30 hrs | 490/hr | $1,127.00 | 0 |
| 08/15/18 | PRB | Final preparation for oral argument | 5.60 hrs | 315/hr | $1,764.00 | 0 |
| 08/15/18 | PRB | Second moot session in preparation for argument | 1.40 hrs | 315/hr | $441.00 | 0 |
| 08/15/18 | PRB | Analyze notice of supplemental authority and outline responses | 1.30 hrs | 315/hr | $409.50 | 0 |
| 08/16/18 | JAW | Attend oral argument at 11th Circuit Court of Appeals | 2.10 hrs | 340/hr | $714.00 | 0 |

Client     005820          Matter     00002        Prebill No.    308237              Page    13

| Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 08/16/18 | RLA | Conference with client; conference with PRB; complete preparation and attend oral argument by PRB in the Eleventh Circuit; debrief with client and RPB; debrief with client and Julie Wood; letter from client | 3.30 hrs | 490/hr | $1,617.00 | 0 |
| 08/16/18 | PRB | Oral argument | 3.50 hrs | 315/hr | $1,102.50 | 0 |
| 08/17/18 | RLA | Letter to and from client; emails with PRB and client | 0.40 hrs | 490/hr | $196.00 | 0 |
| 08/17/18 | PRB | Confer with Mr. Boysen about remand options | 0.20 hrs | 315/hr | $63.00 | 0 |
| 10/01/18 | PRB | Confer with Mr. Boysen regarding status of appeal | 0.20 hrs | 315/hr | $63.00 | 0 |
| 04/03/19 | JAW | Review 11th Circuit's opinion | 0.70 hrs | 365/hr | $255.50 | 0 |
| 04/03/19 | SKB | Review order, confirm rules and schedule associated event deadlines | 0.20 hrs | 245/hr | $49.00 | 0 |
| 04/03/19 | PRB | Analyze Circuit Court opinion and identify language to use in fee petition | 1.10 hrs | 355/hr | $390.50 | 0 |
| 04/04/19 | JAW | Research attorney's fees procedure and when fees may be granted by appellate court | 1.20 hrs | 365/hr | $438.00 | 0 |
| 04/05/19 | JAW | Research timing of filing bill of costs and application for attorney fees; research standard for eligibility for attorneys fees by ERISA claimant upon remand | 1.60 hrs | 365/hr | $584.00 | 0 |
| 04/05/19 | RLA | Letter from client | 0.20 hrs | 550/hr | $110.00 | 0 |
| 04/08/19 | JAW | Research standard for eligibility for attorneys fees by ERISA claimant upon remand and other five factors considered by 11th Circuit in determining whether to award attorneys' fees to an ERISA claimant | 2.80 hrs | 365/hr | N/C | 0 |
| 04/08/19 | SKB | Confer with JAW re bill of cost filing, compile figures for same and draft form for filing | 1.50 hrs | 245/hr | $367.50 | 0 |
| 04/08/19 | RLA | Telephone conference with PRB | 0.20 hrs | 550/hr | $110.00 | 0 |
| 04/08/19 | PRB | Confer with JAW about bill of costs and motion for recovery of attorneys' fees | 0.40 hrs | 355/hr | $142.00 | 0 |
| 04/09/19 | JAW | Review filing of ITW in support of its attorneys' fees at district court; pull bios of ITW's lawyers to compare with district court filing; further research re: attorneys fees | 0.90 hrs | 365/hr | $328.50 | 0 |
| 04/09/19 | RLA | Conference with PRB; conference with JAW; review ITW's attorneys' fees motion | 0.60 hrs | 550/hr | $330.00 | 0 |
| 04/09/19 | PRB | Supervise bill of costs | 0.40 hrs | 355/hr | $142.00 | 0 |
| 04/10/19 | JAW | Research re: procedural posture of claimant filing a motion for attorneys' fees when appellate court remands to district court re: no full and fair review | 2.00 hrs | 365/hr | $730.00 | 0 |
| 04/10/19 | SKB | Confirm fees paid for bill of costs and rules for | 0.30 hrs | 245/hr | $73.50 | 0 |

| Client | 005820 | | Matter | 00002 | Prebill No. | 306237 | | Page | 14 |
|---|---|---|---|---|---|---|---|---|---|

same, e-mail PRB and JAW re same

| Date | Atty | Description | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|
| 04/10/19 | RLA | Letter from PRB regarding costs and fees filings | 0.20 hrs | 550/hr | $110.00 | 0 |
| 04/10/19 | PRB | Analyze recent decisions where circuit courts determined eligibility for fees prior to a remand to the plan administrator | 1.00 hrs | 355/hr | $355.00 | 0 |
| 04/11/19 | JAW | Draft fee application; review bills; compile information for fee application; draft memo | 4.10 hrs | 365/hr | $1,496.50 | 0 |
| 04/11/19 | SKB | Meeting with JAW re motion for attorneys' fees, request all bills from accounting, review of same | 1.00 hrs | 245/hr | $245.00 | 0 |
| 04/11/19 | PRB | Analyze costs to exclude from fee petition | 0.20 hrs | 355/hr | $71.00 | 0 |
| 04/12/19 | JAW | Draft brief; review time sheets; conference with Shay re: fee application forms for each attorney/paralegal | 2.40 hrs | 365/hr | $876.00 | 0 |
| 04/12/19 | SKB | Confer with JAW re timekeeper task categories for motion for attorneys' fees, begin review of billing for each timekeeper | 1.50 hrs | 245/hr | $367.50 | 0 |
| 04/14/19 | RLA | Internal calendaring | 0.10 hrs | 550/hr | $55.00 | 0 |
| 04/15/19 | JAW | Finalize and supervise filing bill of costs; draft motion in support of application for attorneys' fees | 3.50 hrs | 365/hr | $1,277.50 | 0 |
| 04/15/19 | SKB | Prepare documents for motion for attorneys' fees | 1.50 hrs | 245/hr | $367.50 | 0 |
| 04/15/19 | PRB | Supervise filing of bill of costs | 0.20 hrs | 355/hr | $71.00 | 0 |
| 04/16/19 | JAW | Research "some success" standard under Hardt; draft memorandum in support of application for attorney's fees | 4.70 hrs | 365/hr | $1,715.50 | 0 |
| 04/16/19 | SKB | Prepare documents for application for attorneys' fees | 5.00 hrs | 245/hr | $1,225.00 | 0 |
| 04/17/19 | JAW | Draft Declaration of Mr. Ashe; draft memorandum in support of application for attorney's fees | 5.10 hrs | 365/hr | $1,861.50 | 0 |
| 04/18/19 | JAW | Revise Declaration of Mr. Ashe; revise memorandum in support of application for attorney's fees | 3.70 hrs | 365/hr | $1,350.50 | 0 |
| 04/18/19 | PRB | Analyze fee amounts | 0.60 hrs | 355/hr | $213.00 | 0 |
| 04/22/19 | SKB | Prepare calculations for motions for attorneys' fees | 3.00 hrs | 245/hr | $735.00 | 0 |
| 04/23/19 | SKB | Prepare calculations for motion for attorneys' fees | 3.00 hrs | 245/hr | $735.00 | 0 |
| 04/24/19 | SKB | Review petition for rehearing en banc, review rules associated with filing, e-mails with JAW re same | 0.20 hrs | 245/hr | $49.00 | 0 |
| 04/24/19 | RLA | Review and comment on ITW's motion for Rehearing en banc | 0.70 hrs | 550/hr | $385.00 | 0 |
| 04/24/19 | PRB | Analyze petition for rehearing en banc | 0.50 hrs | 355/hr | $177.50 | 0 |

| Client | 005820 | | Matter | 00002 | Prebill No. | 306237 | | Page | 15 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/25/19 JAW | Review Petition for Rehearing En Banc and review rules re: not filing response to petition and change of deadline for attorneys' fees motion; review internal operating rules re: polls taken for en banc petitions, etc.; review 11th Circuit's website re: number of cases in which there were polls and the court's decision on those polls; conference with RLA re: petition and arguments therein | 1.80 hrs | 365/hr | $657.00 | 0 |
| 05/01/19 RLA | Letters to and from PRB regarding filing deadline | 0.20 hrs | 550/hr | $110.00 | 0 |

| | | |
|---|---|---|
| TOTAL PROFESSIONAL FEES: | 432.30 hrs | $140,662.50 |

## BILLING SUMMARY

| | | |
|---|---|---|
| Current Total Fees: | 432.30   hrs | $140,662.50 |
| Current Total Expenses: | | $0.00 |
| *Less Prepaid Applied:* | | ($10,000.00) |
| **CURRENT AMOUNT DUE:** | | **$130,662.50** |
| Balance Forward | | $71.75 |
| PAYMENTS APPLIED THROUGH 12/7/2018 | | ($71.75) |
| Less Adjustments Applied | | ($0.00) |
| **TOTAL AMOUNT NOW DUE** | | **$130,662.50** |
| *Pre-Paid Balance Remaining* | *$0.00* | |

### WORKED TIMEKEEPER RECAP

| | | | | |
|---|---|---|---|---|
| JMR | Rainer, J. Marbury | 5.30 hrs | 725.00 | $3,842.50 |
| RTC | Coleman, Ron T. | 2.90 hrs | 670.00 | $1,943.00 |
| RLA | Ashe, R. Lawrence | 36.20 hrs | 493.65 | $17,870.00 |
| PRB | Barsness, Paul R. | 204.00 hrs | 307.99 | $62,829.50 |
| JGUN | Gunter, Justin P | 4.80 hrs | 269.06 | $1,291.50 |
| JDA | Wood, Julie A. | 119.20 hrs | 331.75 | $39,545.00 |
| SKB | Burdette, Shay K | 24.80 hrs | 237.34 | $5,886.00 |
| ACAM | Cameron, Anita | 0.20 hrs | 220.00 | $44.00 |
| MCLI | Cline, Mark | 34.90 hrs | 212.35 | $7,411.00 |

# EXHIBIT 4

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): R. Lawrence Ash

Total compensation requested for this person: $66,199.00

Hourly rate of compensation requested for this person: $490.00

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 135.10 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for R. Lawrence Ash, Esquire
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | 10.00 |
| Complaint and Reviewing Answer | 7.30 |
| Discovery | 87.40 |
| Discovery Motions | 6.70 |
| Settlement | 3.70 |
| Motion for Summary Judgment | 11.90 |
| Fee Motion and Bill of Costs | 1.50 |
| Emergency Motion | 6.30 |
| Pre-Appeal Preparation and Evaluation | .30 |
| **TOTAL HOURS** | 135.10 |

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Paul R. Barsness _____

Total compensation requested for this person: $63,800.00 _____

Hourly rate of compensation requested for this person: $250.00 _____

This person is an:

☒ attorney     ☐ law student/graduate     ☐ certified paralegal     ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 255.20 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for Paul R. Barsness, Esquire
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | 37.40 |
| Complaint and Reviewing Answer | 8.20 |
| Discovery | 12.50 |
| Discovery Motions | 5.60 |
| Settlement | 5.50 |
| Motion for Summary Judgment | 111.60 |
| Fee Motion and Bill of Costs | 23.50 |
| Emergency Motion | 49.70 |
| Pre-Appeal Preparation and Evaluation | 1.20 |
| **TOTAL HOURS** | 255.20 |

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Shay K. Burdette

Total compensation requested for this person: $1,311.00

Hourly rate of compensation requested for this person: $190.00

This person is an:

☐ attorney   ☐ law student/graduate   ☒ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 6.90 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for Shay K. Burdette
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | .20 |
| Complaint and Reviewing Answer | |
| Discovery | 6.10 |
| Discovery Motions | |
| Settlement | |
| Motion for Summary Judgment | .20 |
| Fee Motion and Bill of Costs | |
| Emergency Motion | .20 |
| Pre-Appeal Preparation and Evaluation | .20 |
| **TOTAL HOURS** | 6.90 |

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for Mark Cline
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | |
| Complaint and Reviewing Answer | |
| Discovery | 5.10 |
| Discovery Motions | 4.50 |
| Settlement | |
| Motion for Summary Judgment | .90 |
| Fee Motion and Bill of Costs | .80 |
| Emergency Motion | |
| Pre-Appeal Preparation and Evaluation | |
| **TOTAL HOURS** | 11.30 |

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Mark Cline _____

Total compensation requested for this person: $2,268.00 _____

Hourly rate of compensation requested for this person: $200.71 (weighted average rate) _____

This person is an:

☐ attorney   ☐ law student/graduate   ☒ certified paralegal   ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 11.30 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Katrina L. Hodges _____

Total compensation requested for this person: $13,528.00 _____

Hourly rate of compensation requested for this person: $190.00 _____

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 71.2 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for Katrina L. Hodges, Esquire
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | |
| Complaint and Reviewing Answer | |
| Discovery | .20 |
| Discovery Motions | 9.20 |
| Settlement | |
| Motion for Summary Judgment | 61.80 |
| Fee Motion and Bill of Costs | |
| Emergency Motion | |
| Pre-Appeal Preparation and Evaluation | |
| **TOTAL HOURS** | 71.20 |

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): <u>Tiffany R. Johnson</u>

Total compensation requested for this person: <u>$36,624.00</u>

Hourly rate of compensation requested for this person: <u>$210.00</u>

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 174.40 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for Tiffany R. Johnson, Esquire
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | 1.50 |
| Complaint and Reviewing Answer | 9.70 |
| Discovery | 103.10 |
| Discovery Motions | 42.60 |
| Settlement | 3.50 |
| Motion for Summary Judgment | 14.00 |
| Fee Motion and Bill of Costs | |
| Emergency Motion | |
| Pre-Appeal Preparation and Evaluation | |
| **TOTAL HOURS** | 174.40 |

Form to Accompany Application for Attorneys' Fees Attachment
No. 17-13145-FF
Summary for Julie A. Wood, Esquire
Hours Worked on USDC Case

| Category | Total Hours |
|---|---|
| Pre-complaint Correspondence and Investigation | |
| Complaint and Reviewing Answer | |
| Discovery | |
| Discovery Motions | |
| Settlement | |
| Motion for Summary Judgment | |
| Fee Motion and Bill of Costs | |
| Emergency Motion | |
| Pre-Appeal Preparation and Evaluation | 5.20 |
| **TOTAL HOURS** | 5.20 |

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Julie A. Wood

Total compensation requested for this person: $1,690.00

Hourly rate of compensation requested for this person: $325.00

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | See Attachment |
| Total hours claimed for this person | 5.20 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# EXHIBIT 5

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): R. Lawrence Ash

Total compensation requested for this person: $17,870.00

Hourly rate of compensation requested for this person: $493.65 (weighted average rate)

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 6.50 |
| Obtaining and reviewing records | 2.10 |
| Legal research | |
| Brief writing | 3.10 |
| Preparing for and attending oral argument | 10.50 |
| Other (specify on additional sheets if necessary): <br>     Mediation <br><br>     Fee Application | <br> 12.10 <br><br> 1.90 |
| Total hours claimed for this person | 36.20 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Paul R. Barsness

Total compensation requested for this person: $62,829.50

Hourly rate of compensation requested for this person: $307.99 (weighted average rate)

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 3.30 |
| Obtaining and reviewing records | 7.30 |
| Legal research | 18.10 |
| Brief writing | 69.30 |
| Preparing for and attending oral argument | 81.50 |
| Other (specify on additional sheets if necessary):  Mediation | 20.10 |
| Fee Application | 4.40 |
| Total hours claimed for this person | 204.00 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Shay K. Burdette

Total compensation requested for this person: $5,886.00

Hourly rate of compensation requested for this person: $237.34 (weighted average rate)

This person is an:

☐ attorney   ☐ law student/graduate   ☒ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | .20 |
| Preparing for and attending oral argument | 7.40 |
| Other (specify on additional sheets if necessary): Fee Application | 17.20 |
| Total hours claimed for this person | 24.80 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): <u>Mark Cline</u>

Total compensation requested for this person: <u>$7,411.00</u>

Hourly rate of compensation requested for this person: <u>$212.35 (weighted average rate)</u>

This person is an:

☐ attorney   ☐ law student/graduate   ☒ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 5.50 |
| Obtaining and reviewing records | 6.40 |
| Legal research | .90 |
| Brief writing | 20.70 |
| Preparing for and attending oral argument | 1.40 |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 34.90 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Julie A. Wood

Total compensation requested for this person: $39,545.00

Hourly rate of compensation requested for this person: $331.75 (weighted average rate)

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | 6.50 |
| Legal research | 18.50 |
| Brief writing | 46.90 |
| Preparing for and attending oral argument | 5.00 |
| Other (specify on additional sheets if necessary):<br>    Mediation<br><br>    Fee Application | <br>7.80<br><br>34.50 |
| Total hours claimed for this person | 119.20 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# EXHIBIT 6

## Parker, Hudson, Rainer & Dobbs LLP

**A LIMITED LIABILITY PARTNERSHIP**

**ATTORNEYS AT LAW**
**1500 MARQUIS TWO TOWER**
**285 PEACHTREE CENTER AVENUE, N.E.**
**ATLANTA, GA 30303**
**(404) 523-5300**

EIN: 58-1423485

Invoice Date: 06/30/2015
Invoice No.   224638
Client No.:   005820    RLA

David Boysen
3308 S. Eddy
Amarillo, TX  79109

**Re: Employment Advice**
  **(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:**   **June 30, 2015**

CURRENT TOTAL EXPENSES                          $407.44

**CURRENT AMOUNT DUE:**                          **$407.44**

**TOTAL BALANCE NOW DUE**                        **$407.44**

## Parker, Hudson, Rainer & Dobbs LLP

**A LIMITED LIABILITY PARTNERSHIP**

**ATTORNEYS AT LAW**
**1500 MARQUIS TWO TOWER**
**285 PEACHTREE CENTER AVENUE, N.E.**
**ATLANTA, GA 30303**
**(404) 523-5300**

EIN: 58-1423485

Invoice Date: 06/30/2015   RLA
Invoice No.   224638

David Boysen
3308 S. Eddy
Amarillo, TX  79109

**Re: Employment Advice**
    **(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:**   **June 30, 2015**

**EXPENSES:**

| Date | Description | Amount |
|------|------------|--------|
| 05/27/15 | MAY VISA TRJ; BOAVIS; Corporate / UCC Search and Filing Fees; USDC GA | 400.00 |
| 06/30/15 | Postage | 7.44 |
| | TOTAL EXPENSES | $407.44 |

### BILLING SUMMARY:

| | |
|---|---|
| Current Total Expenses: | $407.44 |
| **CURRENT AMOUNT DUE:** | **$407.44** |
| **TOTAL BALANCE NOW DUE** | **$407.44** |

*Trust Balance*        *$5,000.00*

## Parker, Hudson, Rainer & Dobbs LLP

A LIMITED LIABILITY PARTNERSHIP

**ATTORNEYS AT LAW**
**1500 MARQUIS TWO TOWER**
**285 PEACHTREE CENTER AVENUE, N.E.**
**ATLANTA, GA 30303**
**(404) 523-5300**

EIN: 58-1423485

Invoice Date: 12/31/2015
Invoice No.   228815
Client No.:   005820   RLA

David Boysen
13411 Bradshaw Street
Apt. 32104
Overland Park, KS  66213

**Re: Employment Advice**
   **(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:**   **December 31, 2015**

| | |
|---|---|
| CURRENT TOTAL EXPENSES | $233.08 |
| **CURRENT AMOUNT DUE:** | **$233.08** |
| PREVIOUS BALANCE | $407.44 |
| PAYMENTS APPLIED THROUGH   08/03/2015 | ($407.44) |
| **TOTAL BALANCE NOW DUE** | **$233.08** |

# Parker, Hudson, Rainer & Dobbs LLP

**A LIMITED LIABILITY PARTNERSHIP**

**ATTORNEYS AT LAW**
**1500 MARQUIS TWO TOWER**
**285 PEACHTREE CENTER AVENUE, N.E.**
**ATLANTA, GA 30303**
**(404) 523-5300**

EIN: 58-1423485

Invoice Date: 12/31/2015   RLA
Invoice No.   228815

David Boysen
13411 Bradshaw Street
Apt. 32104
Overland Park, KS  66213

**Re: Employment Advice**
   **(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:   December 31, 2015**

**EXPENSES:**

| | | |
|---|---|---|
| 07/31/15 | JUDICI, JUDICIAL ATTORNEY SERVICES, INC.; Invoice # 208871; Subponea fees | 130.00 |
| 10/06/15 | MLQ, MLQ ATTORNEY SERVICES - Service of Process; Invoice # 469133; Other professionals | 65.00 |
| 12/08/15 | RLA, R LAWRENCE ASHE JR.; Invoice # EX 12042015 RLA; Out of town travel | 3.00 |
| 12/31/15 | Delivery services/messengers | 31.36 |
| 12/31/15 | Postage | 3.72 |

TOTAL EXPENSES                                              $233.08

**BILLING SUMMARY:**

| | | |
|---|---|---|
| Current Total Expenses: | | $233.08 |
| **CURRENT AMOUNT DUE:** | | **$233.08** |
| PREVIOUS BALANCE | | $407.44 |
| PAYMENTS APPLIED THROUGH | 08/03/2015 | $407.44 |
| **TOTAL BALANCE NOW DUE** | | **$233.08** |

*Trust Balance*          *$5,000.00*

## Parker, Hudson, Rainer & Dobbs LLP

**A LIMITED LIABILITY PARTNERSHIP**

**ATTORNEYS AT LAW**
**303 PEACHTREE STREET, N.E.**
**SUITE 3600**
**ATLANTA, GA 30308**
**(404) 523-5300**

EIN: 58-1423485

Invoice Date: 06/30/2016
Invoice No.   232548
Client No.:   005820   RLA

David Boysen
13411 Bradshaw Street
Apt. 32104
Overland Park, KS 66213

**Re: Employment Advice**
   **(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:**   **June 30, 2016**

| | |
|---|---|
| CURRENT TOTAL EXPENSES | $1,361.30 |
| **CURRENT AMOUNT DUE:** | **$1,361.30** |
| PREVIOUS BALANCE | $233.08 |
| PAYMENTS APPLIED THROUGH   02/08/2016 | ($233.08) |
| **TOTAL BALANCE NOW DUE** | **$1,361.30** |

## Parker, Hudson, Rainer & Dobbs LLP

**A LIMITED LIABILITY PARTNERSHIP**

**ATTORNEYS AT LAW**
**303 PEACHTREE STREET, N.E.**
**SUITE 3600**
**ATLANTA, GA 30308**
**(404) 523-5300**

EIN: 58-1423485

Invoice Date: 06/30/2016   RLA
Invoice No.   232548

David Boysen
13411 Bradshaw Street
Apt. 32104
Overland Park, KS  66213

**Re: Employment Advice**
**(005820/00001C)**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH:   June 30, 2016**

**EXPENSES:**

| | | |
|---|---|---:|
| 03/30/16 | RLA, R LAWRENCE ASHE JR.; Invoice # EX 03242016B RLA; Out of town travel | 4.00 |
| 06/13/16 | SUSBAK, Susan Baker,RMR,CRR; Invoice # 20160043; Trial transcripts | 16.20 |
| 06/30/16 | Copying | 157.35 |
| 06/30/16 | Postage | 3.98 |
| 06/30/16 | RLA, R LAWRENCE ASHE JR.; Invoice # EXP-6/22-6/23; Out of town travel | 1,179.77 |

TOTAL EXPENSES $1,361.30

**BILLING SUMMARY:**

| | | |
|---|---|---:|
| Current Total Expenses: | | $1,361.30 |
| **CURRENT AMOUNT DUE:** | | **$1,361.30** |
| PREVIOUS BALANCE | | $233.08 |
| PAYMENTS APPLIED THROUGH | 02/08/2016 | $233.08 |
| **TOTAL BALANCE NOW DUE** | | **$1,361.30** |

*Trust Balance*      *$5,000.00*

## CASE NO. 17-13145

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### DAVID L. BOYSEN,

*Plaintiff/Appellant,*

v.

### ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN

### AND ILLINOIS TOOL WORKS, INC.,

*Defendants/Appellees.*

---

## A DIRECT APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

---

## AMENDMENT TO MOTION AND MEMORANDUM IN SUPPORT OF
## APPELLANT'S APPLICATION FOR ATTORNEYS' FEES

---

**R. Lawrence Ashe, Jr.,**
**Georgia Bar No. 024500**
**Paul R. Barsness**
**Georgia Bar No. 597107**
**Julie A. Wood**
**Georgia Bar No. 023749**
**PARKER, HUDSON, RAINER & DOBBS LLP**
**303 Peachtree Street, NE**
**Suite 3600**
**Atlanta, Georgia 30308**
**Tel: 404-523-5300      Fax: 678-533-7766**


*Attorneys for Appellant/Cross-Appellee David L. Boysen*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

There are no changes from the Certificate of Interested Persons and

Corporate Disclosure Statement filed on July 25, 2017.

## AMENDMENT TO CORRECT EXPENSE TOTAL

Appellant David L. Boysen ("Boysen") hereby amends his motion and memorandum in support of his application for attorneys' fees to correct the total amount of expenses incurred. Mr. Boysen's application identified $2,001.82 in expenses. The correct amount is $5,590.49.

The amount in the original application failed to include the expenses that Mr. Boysen paid directly in connection with the deposition of the plan administrator and mediation at the Kinnard Mediation Center. Mr. Boysen respectfully requests that the references to $2,001.82 in expenses on pages 5, 16, and 21 be amended to $5,590.49. *See* Second Declaration of R. Lawrence Ashe, Jr. (attached hereto as Exhibit A).

Respectfully submitted, this 2nd day of June, 2019.

**PARKER, HUDSON, RAINER & DOBBS LLP**

By:   */s/ R. Lawrence Ashe, Jr.*
R. Lawrence Ashe, Jr.
Georgia Bar No. 024500
Paul R. Barsness
Georgia Bar No. 597107
Julie A. Wood
Georgia Bar No. 023749
303 Peachtree St. NE
Suite 3600
Atlanta, GA 30308
Telephone: 404-523-5300
Facsimile: 404-522-8409

*Counsel for Appellant/Cross Appellee*

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS <u>AND TYPE STYLE REQUIREMENTS</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the substance of the brief that was produced using a computer does not contain more than 5,200 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman type.

By:    <u>*/s/ R. Lawrence Ashe, Jr.*   </u>
R. Lawrence Ashe, Jr.
Georgia Bar No. 024500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed this **AMENDMENT TO MOTION AND MEMORANDUM IN SUPPORT OF APPELLANT'S APPLICATION FOR ATTORNEYS' FEES** using the Court's CM/ECF system, which automatically sends notification to the parties and counsel of record. A copy of the foregoing **AMENDMENT TO MOTION AND MEMORANDUM IN SUPPORT OF APPELLANT'S APPLICATION FOR ATTORNEYS' FEES** was also sent via U.S. Mail to Appellee's counsel as follows:

> Wesley E. Stockard
> Shella B. Neba
> Littler Mendelson, P.C.
> 3344 Peachtree Rd., N.E.
> Suite 1500
> Atlanta, Georgia 30326

Dated: July 2nd, 2019

By:   */s/ R. Lawrence Ashe, Jr.*
R. Lawrence Ashe, Jr.

# EXHIBIT A

## CASE NO. 17-13145

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### DAVID L. BOYSEN,

*Plaintiff/Appellant,*

v.

### ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN

### AND ILLINOIS TOOL WORKS, INC.,

*Defendants/Appellees.*

## A DIRECT APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

## SECOND DECLARATION OF R. LAWRENCE ASHE, JR.

## DECLARATION OF R. LAWRENCE ASHE, JR.

I, R. Lawrence Ashe, Jr. do hereby affirm:

1.      I am over the age of 18 and am competent to give this Declaration.  I make this declaration in support of Mr. Boysen's Amendment to Motion for Attorney's Fees and Costs as required by 11th Cir. R. 39-2. All statements in this declaration are made based upon my personal knowledge and review of our itemized statements of attorney's fees in this case and certain costs paid directly by Mr. Boysen.

2.      Exhibit 6 to my original declaration contained the invoices and summary of expenses paid by my firm (a total of $2,001.82) for which Mr. Boysen seeks recovery.

3.      Exhibit 6 to my original declaration did not include the invoices and summary of expenses *paid by Mr. Boysen directly*. Attached to this second declaration as Exhibit 7 are the invoices and summary of expenses paid by Mr. Boysen (a total of $3,588.67) for which Mr. Boysen seeks recovery.

4.      Based upon my professional experience, my practice as an attorney, and my familiarity with expenses charged for ERISA litigation, I certify my opinion that the litigation expenses paid directly by Mr. Boysen in connection with the deposition of the plan administrator and participation in the Kinnard Center Mediation were reasonably necessary to the preparation, presentation and prosecution of this case.

- 2 -

5.     With this correction, Boysen requests that the Court award him a total of

$318,961.50 for fees and $5,590.49 in expenses.

6.     The facts set forth in this declaration are correct to the best of my

knowledge, information and belief.

I declare under the penalty of perjury under the laws of the United States,

pursuant to 28 U.S.C. § 1746, that the foregoing is correct and based upon my

knowledge, information, experience and belief, as well as my review of the

aforementioned documents.

Witnessed this 2ⁿᵈ day of

_____
Notary Public

My commission expires:
March 9, 2021
_____

_____
R. Lawrence Ashe, Jr.

- 3 -

**EXHIBIT 7**



Gmail   David Boysen <boydav6@gmail.com>

## E-Ticket Confirmation-HKMPXH 22JUN

1 message

**American Airlines@aa.com** <notify@aa.globalnotifications.com>   Mon, Jun 6, 2016 at 7:23 AM
To: "BOYDAV6@GMAIL.COM" <BOYDAV6@gmail.com>

American Airlines



Ticket Issued: Jun 6, 2016

Thank you for choosing American Airlines / American Eagle, a member of the **one**world® Alliance. Below are your itinerary and receipt for the ticket(s) purchased. Please print and retain this document for use throughout your trip.

You may check in and obtain your boarding pass for U.S. domestic electronic tickets within 24 hours of your flight time online at         by using                     or at a Self-Service Check-In machine at the airport. Check-in options may be found at         . For information regarding American Airlines checked baggage policies, please visit

To receive updated flight status notifications, please visit

**For faster check-in** at the airport, scan the barcode below at any AA Self-Service machine.

You must present a government-issued photo ID and either your boarding pass or a priority verification card at the security screening checkpoint.

You can now             on         , where you can check in and purchase additional items to customize your journey. A variety of seating options are also available for purchase to enhance your travel with features such as convenient front of cabin location, extra legroom and early boarding.

LA QUINTA

BOOK NOW →

Citi   AAdvantage

Up to 35% off plus 500 AAdvantage® bonus miles.

AVIS   Budget

AAdvantage   Sprint

Activate a new Sprint account and earn up to 25,000 miles.
Sign up for this offer today at sprint.com/AAdvantage.

Record Locator   **HKMPXH**   



| Carrier | Flight # | Departing | Arriving | Fare Code |
|---|---|---|---|---|
| American Airlines | 4398 | KANSAS CITY INTL WED 22JUN 7:25 PM | CHICAGO OHARE 9:04 PM | V |
| | | OPERATED BY REPUBLIC AIRLINES AS AMERICAN EAGLE | | |
| David Boysen | Seat 10C | Economy | FF#: 0515WY8 PLT | |
| American Airlines | 4383 | CHICAGO OHARE THU 23JUN 8:25 PM | KANSAS CITY INTL 9:59 PM | W |
| | | OPERATED BY REPUBLIC AIRLINES AS AMERICAN EAGLE | | |
| David Boysen | Seat 10C | Economy | FF#: 0515WY8 PLT | |

| Passenger | Ticket # | Fare-USD | Taxes and Carrier-Imposed Fees | Ticket Total |
|---|---|---|---|---|
| David Boysen | 0012376223114 | 370.23 | 55.97 | 426.20 |

**Baggage Information**

Baggage charges for your itinerary will be governed by American Airlines BAG ALLOWANCE -MCIORD-No free checked bags/ American Airlines BAG ALLOWANCE -ORDMCI-No free checked bags/ American Airlines 1STCHECKED BAG FEE-MCIORD-USD0.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 1STCHECKED BAG FEE-ORDMCI-USD0.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 2NDCHECKED BAG FEE-MCIORD-USD0.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 2NDCHECKED BAG FEE-ORDMCI-USD0.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM ADDITIONAL ALLOWANCES AND/OR DISCOUNTS MAY APPLY

You have purchased a NON-REFUNDABLE fare. The itinerary must be canceled before the ticketed departure time of the first unused coupon or the ticket has no value. If the fare allows changes, a fee may be assessed for changes and restrictions may apply.

You have 24 hours to cancel your trip for a full refund if you booked at least 7 days prior to departure. You must cancel your trip before requesting a refund. To cancel your trip,        on        or                    . For our refund policy and to request a refund, go to                .

Some everyday products, like e-cigarettes and aerosol spray starch, can be dangerous when transported on the aircraft in carry-on and/or checked baggage.  Changes in temperature or pressure can cause some items to leak. generate toxic fumes or start a fire.  Carriage of prohibited items may result in fines or in certain cases imprisonment.  Please ensure there are no forbidden hazardous materials in your baggage like:

Some Lithium batteries (e.g. spares in checked baggage, batteries over a certain size), Explosives / Fireworks, Strike anywhere matches/ Lighter

O'HARE INTL AIRPORT
CHICAGO, IL 60666
United States of America
TELEPHONE 773-686-8000   • FAX 773-601-2873
Reservations
www.hilton.com or 1 800 HILTONS

**Hilton**
HOTELS & RESORTS

BOYSEN, DAVID

PARKER, HUDSON, RAINER & DOBBS
303 PEACHTREE ST NE #3600
ATLANTA GA  30303
UNITED STATES OF AMERICA

| | |
|---|---|
| Room No: | 8083/K1 |
| Arrival Date: | 6/22/2016 7:04:00 PM |
| Departure Date: | 6/23/2016 8:04:00 AM |
| Adult/Child: | 1/0 |
| Cashier ID: | JGABRIC/JASMINA |
| Room Rate: | 259.00 |
| AL: | |
| HH # | 624370207 BLUE |
| VAT # | |
| Folio No/Che | 4009685 A |

Confirmation Number: 3261318146

HILTON CHICAGO O'HARE AIRPORT 6/23/2016 8:03:00 AM

| DATE | DESCRIPTION | ID | REF NO | CHARGES | CREDIT | BALANCE |
|------|-------------|-----|--------|---------|--------|---------|
| 6/22/2016 | GUEST ROOM | GPREZ | 13853778 | $259.00 | | |
| 6/22/2016 | OCCUPANCY TAX-STATE | GPREZ | 13853778 | $30.82 | | |
| 6/22/2016 | OCCUPANCY TAX-CITY | GPREZ | 13853778 | $11.66 | | |
| 6/22/2016 | OCCUPANCY TAX-COUNTY | GPREZ | 13853778 | $2.59 | | |
| 6/23/2016 | MC *9545 | JGABRIC | 13854464 | | ($304.07) | |
| | | | **BALANCE** | | | $0.00 |

EXPENSE REPORT
SUMMARY

| | 6/22/2016 | STAY TOTAL |
|---|---|---|
| ROOM AND TAX | $304.07 | $304.07 |
| DAILY TOTAL | $304.07 | $304.07 |

You have earned approximately 2590 Hilton HHonors points for this stay. Hilton HHonors(R) stays are posted within 72 hours of checkout. To check your earnings or book your next stay at more than 3,900

Thank you for choosing Hilton. You'll get more when you book directly with us - more destinations, more points, and more value. Book your next stay at hilton.com.

CREDIT CARD DETAIL

| | | | |
|---|---|---|---|
| APPR CODE | 92268P | MERCHANT ID | 000100682400 |
| CARD NUMBER | MC *9545 | EXP DATE | 07/19 |
| TRANSACTION ID | 13854464 | TRANS TYPE | Sale |

# PARKER HUDSON RAINER DOBBS LLP
## TRAVEL AND EXPENSE FORM - 2016



Cardholder or
reimbursee: _____RLA_____

Today's date: _____7/6/2016_____

Client/Matter # _5820.1 (Boysen/ITW)_

Purpose of trip/expenditures: _Deposition_

| Date of expense | Vendor & Description (please attach receipts for all transactions) | Charged to firm card | To be reimbursed |
|---|---|---|---|
| 6/23/2016 | Hilton Chicago O'Hare (conference room) | | $ 527.50 |
| 6/22 - 6/23 | Hilton Hotel Fare | | $ 320.07 |
| 6/22 - 6/23 | Delta Air Fare | | $ 322.20 |
| 6/22 - 6/23 | Misc. Tips | | $ 10.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Enter number of miles: [ ]   at $.54 per mile =   $ -

TOTALS   $ -   $ 1,179.77

Partner/supervisor approval: _____

Notes for accounting:



Elizabeth S. Garnsey

DIRECT DIAL
(404) 420-4306
TELECOPIER
(678) 533-7701
esc@phrd.com



LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

OFFICES IN

ATLANTA, GEORGIA
TALLAHASSEE, FLORIDA

August 1, 2016

**FIRST-CLASS MAIL**

Mr. David L Boysen
13411 Bradshaw Street
Apartment 32104
Overland Park, KS 66213

Re:    Forward Check No. 5044 – David L Boysen
(5820.1.RLA)

Dear Mr. Boysen:

The above referenced check is being forwarded, as your account has been paid (MasterCard - David Boysen - 02789P) posting on the 22nd of July 2016.

Please let me know if you have any questions.

Very truly yours,

Elizabeth S. Garnsey

Esc

Enclosure

303 PEACHTREE STREET, NE / SUITE 3600 / ATLANTA, GA 30308
(404) 523-5300 / WWW.PHRD.COM

⑦

**DAVID L BOYSEN**
17501 WHITE WING RD   (806) 433-6300
CANYON, TX 79015

5044

404/1011 KS
2222

July 7, 2016

Pay to the order of   Parker Hodson Ranir & Dobos   $ 11,742.17

One thousand seven hundred forty two dollars and 20/.... Dollars

**Bank of America**

ACH R/T 101100045

For  L AdyS Trial Reimbursmt

⑈101100045⑈ 005480⑈4580 2⑈⑈ 5044

---

DES MOINES IA 500

07 JUL 2016 PM 2 L

Parker Hudson Ranier & Dobos
303 Peachtree Street NE
Suite 3600
Atlanta, GA 30308

David Boysen
13411 Bradshaw St
Apt 32104
Overland Park, KS 66213

ATTN:
Robin
McMutry



LISA A. KOTRBA & ASSOCIATES, LTD.
P.O. Box 1557
Plainfield, Illinois 60544

 **Invoice**

| DATE | INVOICE # |
|------|-----------|
| 7/17/2016 | 17756 |

**BILL TO**

Parker Hudson Rainer & Dobbs
303 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30308

| REPORTER |
|----------|
| LAK |

| ATTORNEY |
|----------|
| Lawrence Ashe |

| DESCRIPTION | PAGES | AMOUNT |
|-------------|-------|--------|
| David Boysen vs. Illinois Tool Works | | |
| No. 1:15-CV-01900-TWT | | |
| 6/23/16 | | |
| Video Deposition of Elliott Goldman | 253 | 1,012.00 |
| 6.0 hours attendance | | 390.00 |
| E-Transcript | | 30.00 |
| P&H | | 10.00 |

FEIN 36-3693148
Thank you for your business.

| TERMS |
|-------|
| Due upon Receipt |

**Total**   $1,442.00

| Phone # | Fax # | E-mail |
|---------|-------|--------|
| 312-855-1834 | 855-814-0291 | KOTRBA.L@comcast.net |

6/22/2019                    Gmail - Flight reservation (J9S8LN) | 09OCT17 | MCI-ATL | Boysen/David Lynn

# Gmail

David Boysen <boydav6@gmail.com>

## Flight reservation (J9S8LN) | 09OCT17 | MCI-ATL | Boysen/David Lynn
1 message

Southwest Airlines <SouthwestAirlines@luv.southwest.com>                    Tue, Sep 12, 2017 at 8:16 AM
Reply-To: Southwest Airlines <reply@wnco.com>
To: boydav6@gmail.com

Thanks for choosing Southwest® for your trip.

Southwest

### Ready for takeoff!

Thanks for choosing Southwest® for your trip. You'll find everything you need to know
about your reservation below. Happy travels!

EarlyBird
Check In

### AIR Confirmation:                Confirmation Date: 09/12/2017

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| BOYSEN/DAVID LYNN | 224024570 | 5268763245934 | Sep 12, 2018 | 758 |

Rapid Rewards points earned are only estimates. Visit your (MySouthwest, Southwest.com or Rapid Rewards) account for
the most accurate totals - including A-List & A-List Preferred bonus points.

| Date | Flight | Departure/Arrival |
|---|---|---|
| Mon Oct 9 | 571 | Depart **KANSAS CITY, MO** (MCI) on Southwest Airlines at **06:25 PM** Arrive in **ATLANTA, GA** (ATL) at **09:20 PM** Travel Time 1 hrs 55 mins |

| Date | Flight | Departure/Arrival |
|---|---|---|
| Tue Oct 10 | 4623 | Depart **ATLANTA, GA** (ATL) on Southwest Airlines at **10:00 PM** Arrive in **KANSAS CITY, MO** (MCI) at **11:10 PM** Travel Time 2 hrs 10 mins |



Earn up to 10,000

**Check in for your flight(s):** 24 hours before your trip on          or
your mobile device to secure your boarding position. You'll be assigned a
boarding position based on your check-in time. The earlier you check in
within 24 hours of your flight, the earlier you get to board.

**Bags fly free®:** First and second checked bags.
. One small bag and one personal item are permitted as

6/22/2019                      Smart Flight reservation [69S8LN] [69OCT17] MCI-ATL [Boysen/David Lynn

items, free of charge.

**30 minutes before departure:** We encourage you to arrive in the gate
area no later than 30 minutes prior to your flight's scheduled departure as
we may begin boarding as early as 30 minutes before your flight.

**10 minutes before departure:** You must obtain your boarding pass(es)
and be in the gate area for boarding at least 10 minutes prior to your flight's
scheduled departure time. If not, Southwest may cancel your reserved
space and you will not be eligible for denied boarding compensation.

**If you do not plan to travel on your flight:** In accordance with
Southwest's No Show Policy, you must notify Southwest at least 10
minutes prior to your flight's scheduled departure if you do not plan to travel
on your flight. Customers who fail to cancel reservations for a Wanna Get
Away fare segment at least ten (10) minutes prior to travel and who do not
board the flight will be considered a no show, and all remaining unused
Wanna Get Away funds will be forfeited. All remaining unused Business
Select and Anytime funds will be converted to reusable travel funds. If you
no show your reward travel reservation, the points will be redeposited to the
purchaser's Rapid Rewards account. Any taxes and fees associated with
your reward travel reservation will be held for future use in the form of
reusable travel funds under the name of the traveler(s).

Need to make a change? Keep your confirmation number on record. It will
be used to retrieve your reservation and apply funds to future travel.

Air Cost: 163.96

Fare Rule(s): 5268763245934: NONREF/NONTRANSFERABLE STANDBY REQ
UPGRADE TO Y -BG WN
Valid only on Southwest Airlines. All travel involving funds from this Confirmation
Number must be completed by the expiration date. Unused travel funds may only
be applied toward the purchase of future travel for the individual named on the
ticket. Any changes to this itinerary may result in a fare increase. Failure to cancel
reservations for a Wanna Get Away fare segment at least 10 minutes prior to
travel will result in the forfeiture of all remaining unused funds.

MKC WN ATL63.05WN MKC63.05USD126.10END ZP MCI4.10ATL4.10 XF
MCI4.5ATL4.5





## Cost and Payment Summary

AIR -

| | | |
|---|---|---|
| Base Fare | $ 126.10 | **Payment Information** |
| Excise Taxes | $ 9.46 | Payment Type: Mastercard XXXXXXXXXXXX1579 |
| September 11th Security Fee | $ 11.20 | Date: Sep 12, 2017 |
| Segment Fee | $ 8.20 | Payment Amount: $163.96 |
| Passenger Facility Charge | $ 9.00 | |
| **Total Air Cost** | **$ 163.96** | |

Check In Online            In the Airport            Traveling with Children





**Rental Agreement # 338732229**
**Invoice # 30031664451**

## Renter Information

**Renter Name**
DAVID LYNN BOYSEN

**Renter Address**
13411 BRADSHAW ST APT 32104
OVERLOOK PARK, KS 66213
USA

**Contract**
WATCO COMPANIES INC

**Rental Credits**
1 credit has been awarded for this rental

## Vehicle Information

**CAMRY 4D LE**
**License #:** CGZ2971
**State/Province:** GA

**Vehicle Class Driven**
Full Size 4-Door/Automatic/Air

**Vehicle Class Charged**
Intermediate 2 or 4-Door/Automatic/Air

**Odometer Mileage/Kilometers**

**Starting:** 5,694     **Ending:** 5,765

**Total:** 71

## Trip Information

### Pickup
Mon, Oct 09 2017    11:34 P.M.
**ATLANTA INTL ARPT (ATL)**
2200 RENTAL CAR CNTR PKWY
#2250
COLLEGE PARK, GA 30337
USA

### Return
Tue, Oct 10 2017    8:30 P.M.
**ATLANTA INTL ARPT (ATL)**
2200 RENTAL CAR CNTR PKWY
#2250
COLLEGE PARK, GA 30337
USA

## Rental Charges

| Rental Rate | Time & Distance 1 Day at $53.00 / Day | $53.00 |
|---|---|---|
| Mileage | Unlimited Mileage | Included |
| Taxes and Fees | Concession Fee Recovery 11.11 Pct (11.11%) | $6.11 |
| | Rental Excise Tax 3 Pct (3.00%) | $1.83 |
| | Customer Facility Charge 5.00/day ($5.00 / Day) | $5.00 |
| | Sales Tax (7.75%) | $4.74 |
| | Vlf Rec 1.99/day ($1.99 / Day) | $1.99 |
| **Total** | | **$72.67** |

(Subject to audit)

Amount charged on Oct 10 2017 to MASTERCARD (1579)    ($72.67)
**Amount Due**    **$0.00**

Thank you for renting with
National Car Rental
**We appreciate your business!**
This email was automatically generated
from an unattended mailbox, so please do
not reply to this e-mail.
If you have any questions about your
rental, please view our Frequently Asked
Questions or send us a secured message
by visiting our

UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

No. 17-13145-FF

DAVID BOYSEN,

Appellant,

v.

ILLINOIS TOOL WORKS INC. SEPARATION PAY
PLAN, and ILLINOIS TOOL WORKS INC.,

Appellees.

On Appeal from the United States District Court
For the Northern District of Georgia
Atlanta Division
Civil Action No. 1:15-CV-01900-TWT

OBJECTIONS TO APPELLANT'S MOTION AND
MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR ATTORNEYS' FEES

Wesley E. Stockard
Georgia Bar No. 159090
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.,
Suite 1500
Atlanta, GA 30326.4803
404.233.0330
Attorneys for Appellees

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1-1, Appellees/Cross-Appellants Illinois Tool Works Inc. Separation Pay Plan (the "Plan") and Illinois Tool Works Inc. (together, "ITW" or "Defendants"), certify that the following is a complete list of persons and entities who have or may have an interest in the outcome of this case:

1. Boysen, David L., Boysen

2. Illinois Tool Works Inc., Appellee

3. Illinois Tool Works Inc. Separation Pay Plan, Appellee

4. Littler Mendelson, P.C., Law Firm for Appellees

5. Stockard, Wesley E., Counsel for Appellees

6. Parker, Hudson, Rainer & Dobbs LLP, Law Firm for Boysen

7. Ashe, Jr., R. Lawrence, Counsel for Boysen

8. Barsness, Paul R., Counsel for Boysen

9. Wood, Julie A., Counsel for Boysen

10. Thrash, Jr. Thomas W., United States District Court Judge

/s/ Wesley E. Stockard
Wesley E. Stockard

# TABLE OF CONTENTS

**PAGE**

Certificate of Interested Persons ...................................................................i

Table of Contents ...........................................................................................i

Table of Authorities ......................................................................................i

Introduction ...................................................................................................1

Argument and Authorities.............................................................................2

I.    The Court Should Deny Boysen's Request for Fees Because the District Court Should Address that Request After it is Determined Whether he has Obtained Success on the Merits. ..........................................2

    A.    Boysen Is Not Entitled To An Award Of Attorneys' Fees as he has Not Yet Obtained "Success On The Merits." ...............................3

    B.    Nothing in the Eleventh Circuit Rules Renders Boysen's Premature Fees Request Somehow Procedurally Appropriate. ...........5

II.    Even if Boysen's Fee Request Were Properly Before the Court, the Court Should Exercise its Discretion to Deny Fees. .....................................7

    A.    There is no Evidence the Plan or ITW Acted in Bad Faith..................7

    B.    The Relative Degree of Culpability Supports Denial of Fees............12

    C.    The Relative Merits of the Parties' Positions Supports Denial of Boysen's Application for Fees. .........................................................15

    D.    Other Factors Also Support Denial of Fees. ......................................17

III.    The Amount of Fees Requested in the Petition is Not Reasonable.............17

    A.    Boysen Should Not be Awarded Fees for Time Spent on Pre-Litigation Administrative Proceedings. .............................................17

    B.    Any Fee Award Should be Denied or Reduced to Reflect that Only One Argument Was Ruled On. ..................................................18

i

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

C.    Any Fee Award Should be Reduced for Time Spent on Non-compensable Clerical Tasks. ...............................................19

D.    Any Fee Award Should be Reduced by an Across-the-Board Percentage as a Result of Vague and Blockbilled Time Entries.........20

Conclusion ........................................................................................20

Certificate of Compliance ...............................................................21

Certificate of Service .......................................................................22

ii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrews v. Blue Cross Blue Shield of Nebraska Employee Group Long
    Term Disability Ins. Plan,*
    2006 WL 259673 (10th Cir. Feb. 3, 2006) ............................................................. 18

*Andrews v. Employees' Ret. Plan of First Alabama Bancshares, Inc.,*
    938 F.2d 1345 (11th Cir. 1991) .............................................................. 11

*Barker v. Niles Bolton Assocs. Inc.,*
    316 F. App'x 933 (11th Cir. 2009) .............................................................. 18

*Bauman v. Publix Super Markets, Inc.,*
    2018 WL 508067 (N.D.Ga. Jan. 23, 2018) .............................................................. 16

*Bishop v. Osborn Transp. Inc.,*
    687 F. Supp. 1526 (N.D. Ala. 1988) .............................................................. 6

*Bonner v. City of Prichard,*
    661 F.2d 1206 (11th Cir. 1981) (en banc) .............................................................. 6

*Byars v. Coca-Cola Co.,*
    517 F.3d 1256 (11th Cir. 2008) .............................................................. 16

*Capone v. Aetna Life Ins. Co.,*
    592 F.3d 1189 (11th Cir. 2010) .............................................................. 4

*Cawley v. Integrated Disability Resources, Inc.,*
    2006 WL 8434019 (S.D. Ga. Mar. 22, 2006) .............................................................. 18

*Cross v. Quality Mgmt. Grp., LLC,*
    491 F. App'x 53 (11th Cir. 2012) .............................................................. 8, 10

*Dial v. NFL Player Supplemental Disability Plan,*
    174 F.3d 606 (5th Cir. 1999) .............................................................. 14

*Dixon v. Seafarers' Welfare Plan,*
    878 F.2d 1411 (11th Cir. 1989) .............................................................. 15, 16

*Eisenrich v. Minneapolis Retail Meat Cutters and Food Handlers Pension
    Plan,*
    574 F.3d 644 (8th Cir. 2009) .............................................................. 17

*Finch v. City of Vernon,*
  877 F.2d 1497 (11th Cir. 1989) ........................................................ 6

*First Nat. Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc.,*
  960 F.2d 1546 (11th Cir. 1992) ........................................................ 7

*Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.,*
  41 F.3d 1476 (11th Cir. 1995) ..................................................... 12, 13

*For Play Ltd. v. Bow to Stern Maintenance, Inc.,*
  2006 WL 3662339 (S.D. Fla. Nov. 6, 2006)......................................... 19

*Freeman v. Continental Ins. Co.,*
  996 F.2d 1116 (11th Cir. 1993) ..................................................... 7, 11

*Gaeth v. Hartford Life Ins. Co.,*
  538 F.3d 524 (6th Cir. 2008) .......................................................... 10

*Geiger v. Pfizer,*
  549 F. App'x 335 (6th Cir. 2013) ............................................. 13, 15, 17

*Green v. City of N.Y.,*
  403 F. App'x 626, 630 (2d Cir. 2010)................................................ 20

*Hardt v. Reliance Standard Life Ins. Co.,*
  560 U.S. 242 (2010) .............................................................*passim*

*Hefferman v. UNUM Life Ins. Co. of America,*
  101 F. App'x 99 (6th Cir. 2004) ...................................................... 14

*Johnson v. Bd. of Educ. Champaign Cmty. Unit Sch. Dist. #4,*
  2011 WL 2160944 (C.D. Ill. June 1, 2011).......................................... 20

*Kahane v. Unum Life Ins. Co. of Am.,*
  563 F.3d 1210 (11th Cir. 2009) ....................................................... 17

*McKnight v. S. Life and Health Ins. Co.,*
  758 F.2d 1566 (11th Cir. 1985) ........................................................ 7

*O'Donnell v. Georgia Osteopathic Hosp., Inc.,*
  748 F.2d 1543 (11th Cir. 1984) ........................................................ 6

*Olds v. Retirement Plan of Inter. Paper Co., Inc.,*
  2011 WL 2160264 (S.D. Ala. June 1, 2011) ........................................ 15

*Perkins v. Standard Oil Co. of California,*
  399 U.S. 222 (1970) ................................................................... 5, 6

*Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co., Inc.,*
   932 F.2d 1443 (11th Cir. 1991) ................................................................ 7

*Prelutsky v. Greater Georgia Life Ins. Co.,*
   2017 WL 2115894 (N.D.Ga. May 16, 2017) .................................... 15, 16

*Salvatori v. Westinghouse Elec. Corp.,*
   190 F.3d 1244 (11th Cir. 1999) ............................................................ 5

*Scelta v. Delicatessen Support Servs., Inc.,*
   203 F. Supp. 2d 1328 (M.D. Fla. 2002) ............................................ 19

*Shipley v. Hypercom Corp.,*
   2012 WL 12871631 (N.D. Ga. May 31, 2012) .................................. 20

*Slupinski v. First Unum Life Ins. Co.,*
   554 F.3d 38 (2d Cir. 2009) ............................................................ 11, 15

*Stone v. City of Wichita Falls,*
   668 F.2d 233 (5th Cir. 1982) ................................................................ 6

*Tholke v. Unisys Corp.,*
   2008 WL 1815691 (S.D.N.Y. Apr. 13, 2008) .................................. 14

*Trustees for Michigan BAC Health Care Fund v. OCP Contractors, Inc.,*
   135 F. App'x 849 (6th Cir. 2005) ...................................................... 14

*Varner v. Century Fin. Co.,*
   738 F.2d 1143 (11th Cir. 1984) .......................................................... 6

*Vivas v. Hartford Life and Accident Ins. Co.,*
   2013 WL 5226720 (S.D. Fla. June 17, 2013) .................................... 5

*Waschak v. The Acuity Brands, Inc. Senior Management Benefit Plan,*
   384 F. App'x 919 (11th Cir. 2010) .................................................... 14

## Statutes

ERISA .............................................................................................. *passim*

## Other Authorities

11th Cir. R. 32 .................................................................................. 1

11th Cir. R. 39-2 .............................................................................. 5

## INTRODUCTION

Appellant, David Boysen, filed a single claim for severance benefits of $44,590.13 from the Plan, which provides such benefits if an employee loses their employment "due to a permanent job elimination." (ITW at 5, § 2.1(a).)[1] After conducting multiple witness interviews, after amassing 12 categories of information showing that ITW terminated Boysen for poor performance and replaced him, and after inviting Boysen to provide contrary evidence – ***and after Boysen did not respond*** – the plan administrator denied the claim because Boysen was "terminated for reasons other than the elimination of [his] job[.]" (*Id.* at 50, 69, 79, 83-98 104-106, 145-109, 115-116 160-229; Dkt. No. 38-2, pp. 33-34, ¶15.)

Boysen sued and in discovery ITW produced a single undated document referencing "Business Structure Simplification," which explained that ITW planned to phase out the General Manager *title*, but that General Managers would be "grandfathered" or their duties "mapped to a Business Unit Manager." (ITW 00596.) But Boysen did not rely on that or *any* documents produced during discovery in opposing summary judgment, which the district court granted in favor of the Plan because the "documentary record is absolutely clear that the Plaintiff was fired for poor performance." (Dkt. No. 67, p. 18.)

---

[1] Citations beginning with "ITW" are to the administrative record for Boysen's claim for benefits filed in full with the District Court. (*See* Dkt. No. 36.)

On appeal, this Court reversed summary judgment and remanded for further review.   This Court's Opinion focused on the single "Business Structure Simplification" document, despite noting that it does not "definitively support[] any party's position[.]" (Opinion, p. 26.)  This Court found that the administrator should have done more to inquire about "purported restructuring" and to consider arguments about Boysen's performance, but also that "ITW and the Plan may well be proven right after additional investigation and review."  (Opinion, p. 25-27.) Having recovered not even a penny of severance benefits, Boysen now seeks *$318,961.50* in attorneys' fees based on this Court's findings.

If there were ever an instance where the Court should deny fees, this is such a case.  This is precisely why courts are granted discretion over fee awards in ERISA cases – to avoid outcomes like this one where a party obtains a technical, procedural victory, yet seeks to be exorbitantly rewarded to the tune of *seven times the value of the claim* for dragging out litigation for little to no benefit on their actual claim. The Court should exercise its discretion to deny Boysen's unwarranted fee request from a Plan that diligently reviewed his claim even though, in hindsight, it was determined that more review (which may be of little use to Boysen) should occur.

## ARGUMENT AND AUTHORITIES

I.    **The Court Should Deny Boysen's Request for Fees Because the District Court Should Address that Request After it is Determined Whether he has Obtained Success on the Merits.**

### A.    Boysen Is Not Entitled To An Award Of Attorneys' Fees as he has Not Yet Obtained "Success On The Merits."

Under ERISA, a court has discretion to award fees only if the fee claimant "has achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (citations omitted).  A claimant "does not satisfy the requirement by achieving 'trivial success on the merits' or a 'purely procedural victory.'" *Id.* (citations omitted).  Nor is there requisite "success" if it would require "a lengthy inquiry into the question of whether [the] party's success was 'substantial' or occurred on a 'central issue.'" *Id.* (citations omitted.)

In *Hardt*, the plaintiff achieved success on the merits because the court "found 'compelling evidence that Ms. Hardt is totally disabled . . .' and stated it was 'inclined to rule in Ms. Hardt's favor' on her benefits claim[.]" *Id.* at 256.  The plaintiff also obtained a remand to the plan administrator who reversed and awarded her benefits.  *Id.* at 242.   Similarly, in Boysen's cited authority, the claimant achieved a remand to the plan ***plus*** some other substantive benefit sufficient to constitute "success on the merits."  For example, in *Gross v. Sun Life Assurance Company of Canada*, the court noted sufficient evidence was submitted that would "prove entitlement to disability benefits" if credited, *and* adopted a new standard of review that substantively "increased the likelihood of a favorable benefits determination" which, "strengthened [the] claim[.]"  763 F.3d 73, 79 (1st Cir. 2014).

This case does not involve a remand to the plan administrator *plus* a benefit

3

award or some other substantive success or increased likelihood of Boysen's success on the merits. Here, this Court noted that even on further review it is equally probable Boysen's claim will fail. (Opinion, p. 26) ("ITW and the Plan may well be proven right after additional investigation and review.") Nor has there been a substantive ruling that alters the dynamic between the parties, affects the standard of review in a manner beneficial to Boysen[2], or otherwise signifies that Boysen is more likely to prevail on the merits. *Contra Gross*, 763 F.3d at 79. In his Complaint, Boysen requested: (1) "a finding and judgment that Defendants' denial of benefits was arbitrary and capricious"; and (2) an "award of at least $44,590.13 for unpaid severance pay benefits[.]"[3] (Dkt. No. 1.) Boysen has obtained neither. Instead, all Boysen has obtained is a purely procedural victory where further evidence may be sought and, if found, reviewed in further evaluation of his claim.[4] This does not

---

[2] While the Court used a *de novo* standard to review the procedural aspects of Boysen's claim (whether he received a full and fair review), this standard does not amount to a "success" for Boysen as it provides no substantive benefit, does not reflect a *change* in the dynamic between the parties (indeed the Plan did not contest this standard of review), and is only an extension of prior Eleventh Circuit precedent. Oral Argument, Aug. 16, 2018 at 13:13; (Opinion, p. 15-16); *see also Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1199-1200 (11th Cir. 2010). Boysen did not even brief this issue and declined to answer questions about it during oral argument. (*See generally* Opening Br.; Oral Argument, Aug. 16, 2018 at 12:06.)

[3] In support of his benefits claim, Boysen argued the Plan failed to provide a full and fair review "by failing and refusing to disclose to Plaintiff what evidence the Plan relied upon in reaching its final decision." (Dkt. No. 1, ¶¶ 35, 36.) No court agreed.

[4] Here Boysen has not even achieved a remand to the plan administrator. That decision rests with the district court. (Opinion, p. 26.)

constitute success **on the merits**.[5]  *See Vivas v. Hartford Life and Accident Ins. Co.*, 2013 WL 5226720 at *3 (S.D. Fla. June 17, 2013) (remand to the plan administrator "is a purely procedural victory that does not rise to *Hardt's* standard requiring a finding of 'some success on the merits'[.]"); *accord Salvatori v. Westinghouse Elec. Corp.*, 190 F.3d 1244, 1245 (11th Cir. 1999) (claimant not entitled to attorney's fees where he "has achieved some success on the merits of his claim but has not obtained a judgment, either in the form of damages or equitable relief that the court may enforce").  Consequently, an award of fees is premature.

### B.    Nothing in the Eleventh Circuit Rules Renders Boysen's Premature Fees Request Somehow Procedurally Appropriate.

While Boysen argues that Rule 39-2 applies such that he may seek fees in this Court, the Rule requires an applicant show he is "legally entitled" to fees after this Court's Opinion, which is not the case here.  Boysen has not yet obtained "success on the merits" as required for fees under ERISA. *Compare* 11th Cir. R. 39-2(b).

Further, a fee award at this juncture by the Eleventh Circuit would be inconsistent with the Supreme Court's holding in *Perkins v. Standard Oil Co. of California*, 399 U.S. 222 (1970), where the Supreme Court stated that, as a general rule, any award of fees should be fixed in the first instance by the district court after

---

[5] At a minimum, to determine whether Boysen achieved success on the merits would require a lengthy inquiry into whether such success was substantial or relates to a central issue.  Under *Hardt*, if such inquiry is required, there is no success and no right to fees.  560 U.S. at 255.

hearing evidence as to the extent and nature of the services rendered. *Id.* at 223 (citation omitted).  Boysen has not offered any valid justification for departing from this general rule, nor does it make sense to do so here where Boysen's fee claim involves analysis of the *Hardt* factors – a circumstance this Court has repeatedly recognized is within the district court's expertise.[6] *See, e.g.*, *Finch v. City of Vernon*, 877 F.2d 1497, 1508 (11th Cir. 1989) (remanding fee issue to district court, noting "[w]e lack the information from which we can determine a reasonable attorney's fee"); *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1553 (11th Cir. 1984) (remanding fee issue to district court); *Varner v. Century Fin. Co.*, 738 F.2d 1143, 1149 (11th Cir. 1984) (same).  The normal process of allowing the district court to make an initial fee determination should be followed here. *Bishop v. Osborn Transp. Inc.*, 687 F. Supp. 1526, 1528 (N.D. Ala. 1988) (citing *Perkins*, 399 U.S. at 233) (same); *see also Stone v. City of Wichita Falls*, 668 F.2d 233, 233 (5th Cir. 1982) (citation omitted) ("Whether attorney's fees should be awarded and, if so, the amount to be allowed are matters that should normally be determined in the first instance by a trial court, subject of course to appellate review.").[7]

---

[6] As Boysen seeks fees related to work performed at all levels of the litigation (including, improperly, for work done in the claim proceedings before the plan administrator), it is misleading to contend that the Eleventh Circuit has some sort of expertise as to the work performed, as it did not "personally witness" any of the proceedings that occurred below. (*Compare* Fees Brief at 5.)

[7] Fifth Circuit decisions rendered before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## II.   Even if Boysen's Fee Request Were Properly Before the Court, the Court Should Exercise its Discretion to Deny Fees.

Even assuming, *arguendo,* Boysen achieved success on the merits and this Court was the proper forum to determine the appropriateness of fees, the Court should exercise its discretion to deny Boysen's request.   Under ERISA, the "law provides no presumption in favor of granting attorney's fees to a prevailing claimant[.]" *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993). Instead, ERISA "allows for attorney's fees . . . in accordance with the district court's discretion." *McKnight v. S. Life and Health Ins. Co.*, 758 F.2d 1566, 1572 (11th Cir. 1985).   To evaluate a fee request, the Court may consider not only the *Hardt* factors[8], but any relevant considerations. *See Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co., Inc.*, 932 F.2d 1443, 1452 (11th Cir. 1991).   And, to allow appropriate evaluation of the total circumstances, court discretion in deciding an ERISA fee award is broad. *First Nat. Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc.*, 960 F.2d 1546, 1554 (11th Cir. 1992) (court has "broad range of discretion" as to ERISA fees). Here, the relevant factors and case history support denial of fees.

### A.   There is no Evidence the Plan or ITW Acted in Bad Faith.

---

[8] The *Hardt* factors include: (1) the degree of the parties' culpability or bad faith; (2) the ability to satisfy a fee award; (3) the potential deterrent effect of a fee award on others "acting under similar circumstances"; (4) whether the party seeking fees "sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Hardt*, 560 U.S. at 249 n.1.

There is no evidence of any bad faith in this case.  A showing of bad faith requires "more than mere negligence; it is 'the conscious doing of a wrong.'" *Cross v. Quality Mgmt. Grp., LLC*, 491 F. App'x 53, 56 (11th Cir. 2012) (citations omitted).  Here, the plan administrator investigated Boysen's claim by gathering and reviewing substantial amounts of relevant information, including:

1.  the job posting for Boysen's replacement (Ken Caskey);
2.  the offer letter extending the job to Boysen's replacement;
3.  the job description for Boysen's replacement;
4.  internal documents showing Boysen's job responsibilities while working as manager of the ITWCC Group;
5.  internal documents showing that Boysen's replacement reported to the same supervisor (Monte Hammouri) as Boysen;
6.  internal documents reflecting that Boysen's replacement had to relocate to Kennesaw, Georgia, the same place Boysen worked;
7.  internal documents referring to Boysen's position as the "GM/BUM" position – standing for "General Manager/Business Unit Manager";
8.  succession planning documents in which Boysen identified Caskey as his likely successor for the ITWCC Manager position;
9.  an internal memorandum announcing Caskey's assumption of the ITWCC managerial responsibilities;
10. internal documents reflecting the performance management process (including emails, notes and a Performance Improvement Plan) leading up to Boysen's termination for poor performance;
11. ITW's separation records identifying the reason for Boysen's termination as poor job performance; and
12. a separation agreement offered to Boysen that identified the reason for his termination as poor performance.

(ITW at 50, 69, 79, 104-106, 145-109, 160-229.)  The administrator also interviewed three individuals most likely to have information about restructuring possibly

impacting Boysen's position.[9] All this evidence uniformly showed ITW terminated Boysen and filled his job – his job was not eliminated.  The administrator also sent Boysen the documents reviewed, explained his understanding that Boysen's duties transitioned to his replacement, and invited Boysen to submit any evidence showing his job was eliminated.  (ITW 00115-116.)  ***Boysen never responded to the evidence and findings – not even to say he disagreed with them.***  (Dkt. No. 97 at 11.)  Hearing no disagreement, the administrator upheld the denial of benefits.  (ITW 00152.)

Further, each time Boysen identified information, the plan administrator made an unquestionably reasoned response.  When Boysen made a general request for "a restructuring document" about a company-wide title change, the identity of all General Managers, and financial information about various business units, the administrator explained that company-wide title issues were not relevant to job elimination, as "[j]ust because there may be a different title does not mean there is a job elimination."  (ITW 00115-116.)  He also explained that the identity of all General Managers and financial information of Boysen's replacement or other business units was not relevant to whether Boysen experienced a job elimination.

---

[9] (1) Monte Hammouri, Boysen's former supervisor, who also supervised his replacement and who is the very individual  Boysen claims created the "restructuring plan" that eliminated his job; (2) Group Human Resources Director Cheryl Lewis who was responsible for personnel matters in Boysen's unit; and (3) Platform Human Resources Director Sheri Goldstein, who reported to Ms. Lewis.  (Dkt. No. 38-2, p. 33-34 ¶ 15.)

(*Id*.)  Boysen offered no rebuttal.  (Dkt. No. 97 at 11.)

Additionally, there is *still* no indication any restructuring documents exist that demonstrate Boysen's position was eliminated, thus the administrator did not consciously disregarded relevant evidence offered to him.  The "Business Structure Simplification" document referenced in the Court's Opinion included an explanation that ITW intended to phase out the General Manager *title*, but that General Managers, instead of being eliminated, would either be "grandfathered" or their duties "mapped to a Business Unit Manager" (ITW 00596).  This is perfectly consistent with the administrator's position that "[j]ust because there may be a different title does not mean there is a job elimination." (ITW 00115-116.)  Nor does this document rebut the other evidence gathered showing Plaintiff's discharge for poor performance and that ITW replaced him and filled his job.  (Dkt. No. 67, p. 18.)

That detailed and measured process the administrator took to review Boysen's claim as outlined above cannot be construed as bad faith.  This is not a case in which the Plan ignored claimant's theory or failed to compile a significant record supporting its decision.  *Contra Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 530 (6th Cir. 2008) (finding ERISA plan culpable, yet denying fees, where there was little to no support in the record or a reasoned explanation for decision).  To the contrary, the Plan gathered and evaluated voluminous information, and the decision not to seek additional information, given the evidence already compiled supporting

denial, does not demonstrate a "conscious doing of a wrong" sufficient to constitute bad faith. *See Freeman*, 996 F.2d at 1120 (the plausibility of a plan's grounds for its determinations shows lack of bad faith). The administrator's decision was grounded in reason and the evidence before him, and he even explained it to Boysen with no rebuttal. *Contra Gross*, 763 F.3d at 83 (fee award appropriate where the plan relied on evidence it knew was founded on incomplete information); *contra Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 49-50 (2d Cir. 2009) (administrator's conduct was culpable where it relied upon reports found to not be credible and which were directly contradicted by "voluminous" evidence).

Both courts that reviewed the Plan's determination have noted the denial was not far-fetched or without reason. (*See* Opinion, p. 26 ("ITW and the Plan may well be proven right after additional investigation and review.")); (Dkt. No. 67) ("The documentary record is absolutely clear that" Boysen's claim should be denied.) This Court's finding that the administrator could have done more to determine whether additional, *potentially*[10] relevant information might exist does not justify fees given the Plan's good faith and reasoned basis for its determinations. Without a showing of bad faith, the Court should deny Boysen's application for fees. *Andrews v. Employees' Ret. Plan of First Alabama Bancshares, Inc.*, 938 F.2d 1345, 1248 (11th

---

[10] The Court noted that the additional documents could *potentially* conflict with the record evidence or *potentially* benefit Boysen. (Opinion, p. 28.) But, at present, there is no basis to assume as much.

11

Cir. 1991) (finding "dispositive the lack of bad faith on the part of the Plan" in denying fees); *Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.*, 41 F.3d 1476, 1485 (11th Cir. 1995) (fees denied based on lack of bad faith).

### B. The Relative Degree of Culpability Supports Denial of Fees.

Further, the *relative degree* of culpability supports the denial of attorneys' fees. Boysen's own dilatory tactics and vexatious litigation strategy—which did nothing to further his claim—unnecessarily drove up the cost of fees[11] to **seven times** the value of his claim without obtaining any real relief. *After* Boysen rejected a settlement offer **in excess of 90%** of his claim value, Boysen proceeded to drive up fees through unnecessary briefing, embroiled discovery battles, and frivolous motion practice.[12] Boysen exploded the discovery phase by serving irrelevant, broad-sweeping discovery requests, filing three motions to compel (two of which were denied outright[13]), and seeking to extend the discovery period multiple times. (*See*

---

[11] ITW and the Plan sought recovery of attorneys' fees in the district court after obtaining summary judgment – clearly success *on the merits*. ITW & the Plan's fees were very high due to having to defend against Boysen's vexatious litigation tactics. In contrast, Boysen seeks even higher fees (which does not make sense because ITW & the Plan bore the brunt of discovery) after obtaining zero benefits and as a reward for his own obtuse litigation antics.

[12] Boysen also filed a Cross-Motion for Summary Judgment several months after the deadline, which required responsive briefing before Boysen agreed to withdraw it. (*See* Dkt. Nos. 56, 57.)

[13] The court denied Boysen's first motion in all but two respects, ordering a plan administrator deposition and directing the production of "all records concerning the documented reasons for" Boysen's termination "[t]o the extent not already produced." (Dkt. No. 26 at 1-2.) But, ITW had already agreed to the deposition and

12

Dkt. Nos. 19, 37, 41.) Although ITW produced more than 1,000 documents *outside the administrative record* (Dkt. Nos. 72, 19 at 12-13), Boysen did not rely on *any* of those documents before the district court. (*See* Dkt. Nos. 14, 48, 49, and 50.) Thus, Boysen ran up fees over discovery issues all so that he could use *only the originally provided administrative record* before the district court. *Id.*

At every turn, Boysen sought to create issues, protract the litigation, and drive up fees well past any reasonable relation to his $44,590.13 claim. The Court should not reward Boysen for his improper tactics with fees grossly disproportionate to the value of his claim. Instead, the Court should balance Boysen's *relative degree* of culpability in the litigation against ITW and the Plan's reasonable positions and good faith in processing his claim, and deny fees on that basis.

Importantly, ITW and the Plan cannot be said to be more culpable than Boysen simply because of the Court's determination that the plan administrator should go further in investigating certain categories of information. *See Geiger v. Pfizer*, 549 F. App'x 335, 339 (6th Cir. 2013) (a plan is not automatically culpable just because "a case is remanded to address an inadequate review of the record"). First, as discussed above, the plan administrator did compile a substantial record of evidence on which he based his decision and all such evidence consistently supported the denial of benefits. *Id.* (no culpability or bad faith when a plan's decision was

produced all termination records. Thus, the motion accomplished nothing.

understandable given the evidence gathered).  The plan administrator's decision to end the review process after compiling such extensive evidence does not amount to culpable conduct just because, with the benefit of hindsight, it is determined that the line should have been drawn elsewhere.  *See Waschak v. The Acuity Brands, Inc. Senior Management Benefit Plan*, 384 F. App'x 919, 925 (11th Cir. 2010) ("In our jurisprudence, finding in favor of a beneficiary who sues for benefits does not obligate the court to grant fees."); *see also Tholke v. Unisys Corp.*, 2008 WL 1815691 at *2 (S.D.N.Y. Apr. 13, 2008) (failure to provide a full and fair review does not equate to culpability); *contra Heffernan v. UNUM Life Ins. Co. of America*, 101 F. App'x 99, 109 (6th Cir. 2004) (ignoring overwhelming evidence and denying a claim without legitimate grounds can amount to culpability).

Second, the plan administrator explained his position to Boysen that the additional information requested did not appear relevant or likely to counter the evidence already gathered and his inclination to end the review process at that point. *See Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 614 (5th Cir. 1999) (denying fees and noting that plan allowed claimant opportunity to respond before reaching its determination); *Trustees for Michigan BAC Health Care Fund v. OCP Contractors, Inc.*, 135 F. App'x 849, 852 (6th Cir. 2005) (finding no bad faith or culpability where ERISA fund "had thoughtfully analyzed its legal position and clearly communicated its position" to claimant).  Here, not only did Boysen fail to

14

counter the administrator's position – he never responded at all. *See Geiger*, 549 F. App'x at 338 (plan was not culpable where it "was not solely responsible for the lack of evidence in the record [as the claimant] . . . bore the burden of proving entitlement to benefits, and counsel could have supplemented the record").

Third, the plan administrator did not ignore "overwhelming evidence" contradicting the record, rely on evidence that was found to lack credibility, or carelessly ignore the basis of the claim. *Contra Slupinski*, 554 F.3d 38, 50; *contra Olds v. Retirement Plan of Inter. Paper Co., Inc.*, 2011 WL 2160264 at *4 (S.D. Ala. June 1, 2011) (culpability found when plan was "careless in completely ignoring what was patently the basis of the plaintiff's claim"). Instead, the administrator conducted a reasoned analysis of the information requested and determined that it would not be relevant or outweigh evidence already compiled supporting denial of Boysen's claim. *See Dixon v. Seafarers' Welfare Plan*, 878 F.2d 1411, 1413 (11th Cir. 1989) (affirming denial of fees because administrator had reasonable basis for denial); *see also Prelutsky v. Greater Georgia Life Ins. Co.*, 2017 WL 2115894 at *1 (N.D.Ga. May 16, 2017) (where plan's decisions were "grounded in a plausible interpretation of the facts and the language of the plan" no showing of culpability).

## C. The Relative Merits of the Parties' Positions Supports Denial of Boysen's Application for Fees.

The relative merits of the parties' positions do not support an award of fees. The authority Boysen relies on recognizes that the relative merits still may not justify

fees even where there is a remand to the plan. *See Gross*, 763 F.3d at 85. As in *Gross*, Boysen "has not yet established a right to benefits and, even with supplemental evidence upon remand, []he may fall short of meeting [his] burden to prove" entitlement to benefits. *Id*. at 28. This Court already acknowledged that "ITW and the Plan may well be proven right after additional investigation and review." (Opinion, p. 26.) Thus, the Plan's denial of Boysen's claim was not without merit. And, this is in stark contrast to Boysen, who, despite four years of litigation involving dilatory conduct and unreasonable postures as discussed above, has not established entitlement to any relief sought in this case. (Dkt. No. 1, ¶ 35.)

Even where a plan's decision was wrong, courts have still denied fees where there is an arguable or reasonable basis for the decision. *See Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1269 (11th Cir. 2008); *see also Dixon*, 878 F.2d at 1413. As discussed above, the Plan's denial of benefits was supported by a substantial evidentiary and reasonable basis, and the decision that further inquiry into the existence of a "restructuring document" related to changes in job *titles* or *additional* information regarding Boysen's performance was unnecessary was reasonable, especially ***after sharing the information supporting denial with Boysen who never responded***. Because the plan administrator's determinations were reasonable, even if the lack of further inquiry on certain topics was erroneous, a fee award is not appropriate. *See Bauman v. Publix Super Markets, Inc.*, 2018 WL 508067 at *2

16

(N.D.Ga. Jan. 23, 2018) (attorneys' fees not appropriate where there is a good-faith basis for determinations and positions taken, based on "plausible interpretation of the facts and the plan language" even if ultimately unsuccessful); *see also Eisenrich v. Minneapolis Retail Meat Cutters and Food Handlers Pension Plan*, 574 F.3d 644, 651 (8th Cir. 2009) (reversing award of fees where "[a]lthough the Plan's position is mistaken, it is not egregiously so").

### D.     Other Factors Also Support Denial of Fees.

Other *Hardt* factors support denial of fees. The Plan's lack of culpability confirms that a fee award would not accomplish a desired deterrent effect.  *See Geiger*, 549 F. App'x at 339 (("deterrence 'is likely to have more significance in a case where the defendant is highly culpable' or where 'deliberate misconduct is in the offing'").   Further, Boysen seeks only personal benefits, and a grossly disproportionate fee award would deplete plan assets.  *Hardt*, 560 U.S. at 249 n.1.

## III.   The Amount of Fees Requested in the Petition is Not Reasonable

### A.     Boysen Should Not be Awarded Fees for Time Spent on Pre-Litigation Administrative Proceedings.

Attorneys' fees incurred in ERISA pre-litigation administrative proceedings are not recoverable in this Circuit.  *Kahane v. Unum Life Ins. Co. of Am.*, 563 F.3d 1210, 1214-15 (11th Cir. 2009) (collecting cases holding the same from all six courts of appeal that had considered the question). Thus, if fees are awarded, the total award should be reduced to account for time attributable to pre-suit administrative

proceedings with the Plan, which amounts to $14,603.00. (*See* **Exhibit A**.)

> **B.    Any Fee Award Should be Denied or Reduced to Reflect that Only One Argument Was Ruled On.**

The procedural victory Boysen achieved played a minor role in Boysen's litigation efforts and expenditure of fees, rendering a fee award even more inappropriate. *See Andrews v. Blue Cross Blue Shield of Nebraska Employee Group Long Term Disability Ins. Plan*, 2006 WL 259673 at *4 (10th Cir. Feb. 3, 2006) (affirming denial of fees where bulk of litigation devoted to issue on which claimant did not prevail); *Cawley v. Integrated Disability Resources, Inc.*, 2006 WL 8434019 at *4 (S.D. Ga. Mar. 22, 2006) (same).   At most, Boysen's fee recovery should be limited only to time spent on his full and fair review arguments.   *Barker v. Niles Bolton Assocs. Inc.*, 316 F. App'x 933, 944 (11th Cir. 2009) (citation omitted) (the "Court may exercise its discretion to reduce the lodestar where hours are attributable to unsuccessful claims "or simply to reduce the fee award to account for limited success.").   Thus, Boysen should not recover fees for discovery, discovery motions, "emergency motions" to extend deadlines, settlement, fees at the district court level, or unsuccessful mediation, resulting in a reduction of $127,097.80.  (*See* **Exhibit B**.)

Still further, the block billing and vague time entries show that just $5,774.18 worth of the remaining larger categories of fees—summary judgment and the appeal—reference the procedural "full and fair review" issue.  (*See* **Exhibit C**.) Accordingly, any award of fees should be limited to $5,774.18.

Even if Appellant is given additional credit for other time within the vague, imprecise time entries, the Court should allow no more than one-third of the remaining $118,790.09 in fees associated with the appeal[14] and $58,470.64 associated with the lower court action[15], as the vast majority of Boysen's arguments at both stages focused on: (1) an alleged conflict of interest and (2) substantive arguments in favor of an award of benefits.   Neither of those assertions were "successful" as required to support an award of fees. Reducing the remaining potential fee award by two-thirds leaves just $60,269.66 for potential award.

### C.    Any Fee Award Should be Reduced for Time Spent on Non-compensable Clerical Tasks.

Clerical work "is viewed as falling within the category of unrecoverable overhead expenses." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (citation omitted); *accord For Play Ltd. v. Bow to Stern Maintenance, Inc.*, 2006 WL 3662339, at *7 (S.D. Fla. Nov. 6, 2006) (citations omitted).   Boysen's records shows abundant time billed for clerical tasks. (*See,* **Exhibit D**.)   Any fee recovery should be reduced by $38,377.16 for these clerical

---

[14] ITW & the Plan submit that, as a matter of practical realty, spending more than $100,000 in fees on a single appeal is unreasonable.   Further, Boysen's counsel unreasonably increased rates for appellate work in some cases by roughly 20%. (*See, e.g.,* Fee Petition at Exhibit 5 (Barsness rate increase from $250.00 to $307.99.))

[15] The remaining fee categories segregated by Appellants are "Complaint and Reviewing Answer," "Motion for Summary Judgment," and "Pre-Appeal Prep and Evaluation." (*See* Fee Petition at Exhibit 4.)

tasks. (*See* **Exhibit D**; Fee Petition at Exs. 4-5.)

### D. Any Fee Award Should be Reduced by an Across-the-Board Percentage as a Result of Vague and Blockbilled Time Entries.

"Courts have broad discretion in determining the extent of a reduction for blockbilling" and vague entries "not of 'sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually or reasonably expended.'" *Shipley v. Hypercom Corp.*, 2012 WL 12871631, at *12 (N.D. Ga. May 31, 2012) (citations omitted) (applying across the board percentage reduction for blockbilling). Boysen's counsel's time entries are a quintessential example of blockbilled and vague entries. Each working timekeeper bills only one time entry per day, with some entries covering more than half a day of billable time. (*See,* **Exhibit E**.) Many of the entries are vague, stating little more than "review court notice" or "mediation preparation." (*See,* **Exhibit F**.) Such practices warrant an across-the-board percentage deduction in fees of at least 15%, leaving only a $18,608.62 potentially recoverable fee amount. (*See* **Exhibit G**.) *Green v. City of N.Y.*, 403 F. App'x 626, 630 (2d Cir. 2010) (15% reduction); *Johnson v. Bd. of Educ. Champaign Cmty. Unit Sch. Dist. #4*, 2011 WL 2160944, at *9-10 (C.D. Ill. June 1, 2011) (25% reduction).

### CONCLUSION

This Court should exercise discretion to deny the Application for Attorneys' fees or, alternatively, award a reduced amount proportionate to Boysen's results.

Dated:      July 22, 2019              */s/ Wesley E. Stockard*
                                       Wesley E. Stockard
                                       LITTLER MENDELSON, P.C.
                                       3344 Peachtree Road N.E.
                                       Suite 1500
                                       Atlanta, GA  30326.4803
                                       404.443.3502

                                       Attorneys For Appellees Illinois Tool
                                       Works Inc. Separation Pay Plan and
                                       Illinois Tool Works Inc.

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the Type-Volume Limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32 and Eleventh Circuit Rule 32-4, this document does not exceed 20 pages.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2010 with 14-point Times New Roman.

*/s/Wesley E. Stockard*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and served on all counsel of record identified on the Service List, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Wesley E. Stockard*
Wesley E. Stockard

## EXHIBIT A—TIME SPENT ON ADMINISTRATIVE PROCEEDINGS

| Name | Atty / Paralegal | Hours Spent on Pre-Complaint Correspondence and Investigation[1] | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 10 | $490.00 | $4,900.00 |
| PRB - Paul R Barsness | Atty | 37.4 | $250.00 | $9,350.00 |
| TJOH - Tiffany R. Johnson | Atty | 1.5 | $210.00 | $315.00 |
| SKB - Shay K Burdette | Paralegal | 0.2 | $190.00 | $38.00 |
| **Totals** | | **49.1** | | **$14,603.00** |

---

[1] These figures are based upon Boysen's summary of time and fees incurred in connection with the Hours Spent on Pre-Complaint Correspondence and Investigation as reflected in Exhibit 4 to Boysen's Fee Petition.

## EXHIBIT B—TIME SPENT ON NON-FULL & FAIR REVIEW ARGUMENTS

*The following is a chart showing the aggregate amount of non-full & fair review related work performed across all of Boysen's billing entries:*

| Name | Atty / Paralegal | Hours Spent on Non-Full & Fair Review Arguments | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 117.7 | $490/$493.65 | $57,717.17 |
| PRB - Paul R Barsness | Atty | 116.9 | $250/$307.99 | $30,390.60 |
| TJOH - Tiffany R. Johnson | Atty | 149.2 | $210 | $315.00 |
| KHOD – Katrina Hodges | Atty | 9.4 | $190 | $1,786.00 |
| JAW – Julie A. Wood | Atty | 7.8 | $331.75 | $2,587.65 |
| SKB - Shay K Burdette | Paralegal | 6.3 | $190/$237.34 | $1,197.00 |
| MCLI – Mark Cline | Paralegal | 10.4 | $200.71/$212.35 | $2,087.38 |
| | | | | **$127,097.80** |

## EXHIBIT B—NON-FULL & FAIR REVIEW TIME

*Below are all the detailed time entries showing non-full & fair review work performed by Boysen's attorneys and their staff:*

*Time Spent on Discovery*

| Name | Atty/ Paralegal | Hours Spent on Discovery | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 87.4 | $490.00 | $42,826.00 |
| PRB - Paul R Barsness | Atty | 12.5 | $250.00 | $3,125.00 |
| KHOD – Katrina L. Hodges | Atty | 0.2 | $190.00 | $38.00 |
| TJOH - Tiffany R. Johnson | Atty | 103.1 | $210.00 | $21,651.00 |
| SKB - Shay K Burdette | Paralegal | 6.1 | $190.00 | $1,159.00 |
| MCLI – Mark Cline | Paralegal | 5.1 | $200.71 | $1,023.62 |
| **Totals** | | **214.4** | | **$69,822.62** |

*Time Spent on Discovery Motions*

| Name | Atty/ Paralegal | Hours Spent on Discovery Motions | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 6.7 | $490.00 | $3,283.00 |
| PRB - Paul R Barsness | Atty | 5.6 | $250.00 | $1,400.00 |
| KHOD – Katrina L. Hodges | Atty | 9.2 | $190.00 | $1,748.00 |
| TJOH - Tiffany R. Johnson | Atty | 42.6 | $210.00 | $8,946.00 |
| MCLI – Mark Cline | Paralegal | 4.5 | $200.71 | $903.20 |
| **Totals** | | **68.6** | | **$16,280.20** |

1

*Time Spent on "Emergency Motions"*

| Name | Atty/ Paralegal | Hours Spent on Emergency Motions | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 6.3 | $490.00 | $3,087.00 |
| PRB - Paul R Barsness | Atty | 49.7 | $250.00 | $12,425.00 |
| SKB - Shay K Burdette | Paralegal | 0.2 | $190.00 | $38.00 |
| **Totals** | | **56.2** | | **$15,550.00** |

*Time Spent on Settlement*

| Name | Atty/ Paralegal | Hours Spent on Settlement | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 3.7 | $490.00 | $1,813.00 |
| PRB - Paul R Barsness | Atty | 5.5 | $250.00 | $1,375.00 |
| TJOH - Tiffany R. Johnson | Atty | 3.5 | $210.00 | $735.00 |
| **Totals** | | **12.7** | | **$3,923.00** |

2

*Time Spent on Mediation*

| Name | Atty/ Paralegal | Hours Spent on Mediation | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 12.1 | $493.65 | $5,973.17 |
| PRB - Paul R Barsness | Atty | 20.1 | $307.99 | $6,190.60 |
| JAW – Julie A. Wood | Atty | 7.8 | $331.75 | $2,587.65 |
| **Totals** | | **40** | | **$14,751.41** |

*Time Spent on Fee Motion and Bill of Costs*

| Name | Atty/ Paralegal | Hours Spent on Emergency Motions | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 1.5 | $490.00 | $735.00 |
| PRB - Paul R Barsness | Atty | 23.5 | $250.00 | $5,875.00 |
| MCLI – Mark Cline | Paralegal | 0.8 | $200.71 | $160.57 |
| **Totals** | | **25.8** | | **$6,770.57** |

## EXHIBIT C—TIME SPENT ON -FULL & FAIR REVIEW MATTERS

*Below are all the detailed time entries showing all billing entries relating to Boysen's full & fair review argument by Boysen's attorneys and their staff:*

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rate | Total Fees |
|------|------|------|------|------|------|
| 8/6/16 | PRB | Research case law finding that the refusal to consider information is arbitrary and capricious; research remand options | 4.7 | $250 | $1175.00 |
| 8/8/16 | PRB | Continue summary judgment work drafting arguments outlining the deficiencies in the administrative record | 3.2 | $250 | $800.00 |
| 8/7/16 | PRB | Analyze record and begin work drafting statement of facts showing the deficiency of Mr. Goldman's investigation | 3.9 | 250 | $975.00 |
| 7/12/17 | PRB | Analyze updated research on requirements for a full and fair review under ERISA | 2.2 | $307.99 | $677.58 |
| 8/11/17 | JAW | Review pleadings from district court re: full and fair review legal arguments | 1.4 | $331.75 | $464.45 |
| 10/12/17 | JAW | Review draft of brief; research Federal Register regarding the promulgates of Department of Labor rules in 2000 regarding "full and fair review" | 0.8 | $331.75 | $265.40 |
| 10/24/17 | PRB | Revise argument on the adequacy of the investigation | 1.9 | $307.99 | $585.18 |

1

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rate | Total Fees |
|---|---|---|---|---|---|
| 10/27/17 | PRB | Update research on requirements for a full and fair review and revise appellate brief | 2.7 | $307.99 | $831.57 |
| | **Totals** | | **20.8** | | **$5,774.18** |

## EXHIBIT C—TIME SPENT ON -FULL & FAIR REVIEW MATTERS

| Date | Atty/Paralegal | Billing Entry | Time | Billing Rate | Total Fees |
|------|----------------|---------------|------|--------------|------------|
| 8/6/16 | PRB | Research case law finding that the refusal to consider information is arbitrary and capricious; research remand options | 4.7 | $250 | $1175 |
| 8/8/16 | PRB | Continue summary judgment work drafting arguments outlining the deficiencies in the administrative record | 3.2 | $250 | $800 |
| 8/7/16 | PRB | Analyze record and begin work drafting statement of facts showing the deficiency of Mr. Goldman's investigation | 3.9 | 250 | $975 |
| 7/12/17 | PRB | Analyze updated research on requirements for a full and fair review under ERISA | 2.2 | 250 | $550 |
| 8/11/17 | JAW | Review pleadings from district court re: full and fair review legal arguments | 1.4 | 325 | $455 |
| 10/12/17 | JAW | Review draft of brief; research Federal Register regarding the | 0.8 | 325 | $260 |

1

| Date | Atty/Paralegal | Billing Entry | Time | Billing Rate | Total Fees |
|------|----------------|---------------|------|--------------|------------|
| | | promulgates of Department of Labor rules in 2000 regarding "full and fair review" | | | |
| 10/24/17 | PRB | Revise argument on the adequacy of the investigation | 1.9 | 250 | $475 |
| 10/27/17 | PRB | Update research on requirements for a full and fair review and revise appellate brief | 2.7 | 250 | $675 |
| | **Totals** | | **20.8** | | **$5,365** |

## EXHIBIT D—CLERICAL ENTRIES

*The following is a chart showing the aggregate amount of clerical time across all of Boysen's billing entries:*

| Name | Atty / Paralegal | Clerical Hours | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 10.5 | $490.00 / $493.65 | $5,155.22 |
| PRB - Paul R Barsness | Atty | 49.3 | $250.00 / $307.99 | $13,675.26 |
| TRJ - Tiffany R. Johnson | Atty | 6.9 | $210.00 | $1,449.00 |
| KHODG – Katrina L. Hodges | Atty | 9.1 | $190.00 | $1,729.00 |
| SKB - Shay K Burdette | Paralegal | 33 | $190.00 / $237.34 | $7,505.57 |
| MCLI –Mark Cline | Paralegal | 42.1 | $200.71 / $212.35 | $8,863.11 |
| **Totals** | | **153.1** | | **$38,377.16** |

## EXHIBIT D—CLERICAL ENTRIES

*Below are all the detailed time entries showing clerical work by Boysen's attorneys and their staff:*

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 6/6/2014 | RLA | Supervise transmittal of response letter to ITW | 0.4 | 490 | $196.00 |
| 6/6/2014 | SKB | Update letter to ITW | 0.2 | 190 | $38.00 |
| 5/27/2015 | PRB | Final revisions; supervise filings | 1 | 250 | $250.00 |
| 6/2/2015 | TRJ | Review correspondence from opposing counsel re: discovery issues; draft notice of deposition; strategize Goldman deposition notice and scheduling; discuss confidentiality agreement provisions; email opposing counsel re: confidentiality agreement and deposition scheduling | 0.8 | 210 | $168.00 |
| 1/27/2016 | SKB | Process incoming discovery from defendant, download document production, send same to client via Hightail | 1 | 190 | $190.00 |
| 2/24/2016 | RLA | Letters from and letters to TRJ; scan proposed motion for extension of discovery | 0.6 | 490 | $294.00 |

1

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 3/25/2016 | TRJ | Review and revise proposed order; discuss same; telephone conference with court reporter re: transcript of hearing; review defendants' objection to proposed order and discuss same | 0.8 | 210 | $168.00 |
| 3/30/2016 | RLA | Letter from court reporter/TRJ | 0.1 | 490 | $49.00 |
| 5/23/2016 | TRJ | Review order granting in part and denying in part motion to compel discovery; email re: same to RLA; telephone conference with judicial assistant re: order extending discovery period; strategize approach to opposing counsel re: discovery period | 1.6 | 210 | $336.00 |
| 5/25/2016 | TRJ | Draft notice of deposition of plan administration; discuss same; email opposing counsel re: same; discuss outstanding discovery and response to opposing counsel's refusal to comply with same; email opposing counsel re: discovery issues | 3.2 | 210 | $672.00 |
| 6/6/2016 | RLA | Work on deposition logistics; letter from | 0.8 | 490 | $392.00 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| | | client | | | |
| 6/9/2016 | RLA | Logistics for Goldman deposition | 1.2 | 490 | $588.00 |
| 6/10/2016 | RLA | Letter from, letters to and telephone conference with client; letter to ITW counsel re subpoena; letters to and letter from court reporter | 0.8 | 490 | $392.00 |
| 6/22/2016 | MCLI | Deposition/exhibit preparation | 1 | 200.71 | $200.71 |
| 6/22/2016 | SKB | Prepare exhibits and attorney materials for deposition | 3.8 | 190 | $722.00 |
| 6/24/2016 | TRJ | Discuss deposition of Elliott Goldman and follow up from same; telephone conference with videographer re: deposition video | 0.5 | 210 | $105.00 |
| 6/27/2016 | RLA | Letter from and letter to videography firm; letters to and letter from client | 0.3 | 490 | $147.00 |
| 6/29/2016 | MCLI | Draft and file Notice of Leave | 0.5 | 200.71 | $100.36 |
| 7/6/2016 | RLA | Letter from and letter to TRJ; letter to TRJ/ITW counsel; letters to court reporter re Goldman transcript | 0.4 | 490 | $196.00 |
| 7/14/2016 | RLA | Prepare for tomorrow's meeting; letter to TRJ; letter to court reporter | 0.6 | 490 | $294.00 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|------|------|------|------|------|------|
| 7/18/2016 | SKB | Download of Elliot Goldman deposition transcripts and exhibits to M drive, print transcript copy for TRJ review | 0.3 | 190 | $57.00 |
| 7/20/2016 | MCLI | Download and printing of Goldman exhibits for attorney review | 0.6 | 200.71 | $120.43 |
| 7/20/2016 | PRB | Confer with RLA about making appearance; review case materials and discovery documents; review settlement communications and confer with RLA and TRJ; supervise filing of notice of appearance | 3.1 | 250 | $775.00 |
| 7/22/2016 | MCLI | Conference with PRB re: filing of Motion to Compel Limited Discovery Prior to Consideration of Summary Judgment and Incorporated Brief in Support with exhibits; assist with preparation of exhibits and filing of same; emails with RLA re: receipt/review of ITW's brief and statement of uncontested material facts; return travel to office for printing and | 2.5 | 200.71 | $501.78 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| | | distribution; distribution of Goldman deposition to client for review/ comment | | | |
| 7/22/2016 | RLA | Review documents motion as filed; deposition billing logistics | 0.6 | 490 | $294.00 |
| 7/25/2016 | MCLI | Email with PRB re: docketing of response in opposition to motion for summary judgment; research re: same; docket management | 0.2 | 200.71 | $40.14 |
| 7/26/2016 | MCLI | Email with distribution of Defendants' Motion for Summary Judgment, Brief in Support and Statement of Material Facts; upload same to network for attorney review; prepare attorney working notebook for PRB | 0.7 | 200.71 | $140.50 |
| 7/28/2016 | MCLI | Emails and office conference with PRB re: filing of Motion to Compel, Brief in Support and exhibits; filing with distribution of same | 1 | 200.71 | $200.71 |
| 8/4/2016 | PRB | Revise and supervise filing | 1.3 | 250 | $325.00 |
| 8/10/2016 | KHOD | Determine procedures for contacting Judge Thrash's chambers; review scheduling | 4.4 | 190 | $836.00 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|------|------|------|------|------|------|
| | | order; review and analyze order on motion to compel; discuss hearing on motion to compel with TRJ; review and analyze correspondence to RLA re: status of response filings; review and analyze transcripts of deposition and hearing on motion to compel; strategize reply to Plaintiff's response to Motion to Compel and discuss same with PRB | | | |
| 8/10/2016 | PRB | Continue work draft summary judgment facts; contact deputy clerk to discuss how to address response timing | 4.2 | 250 | $1,050.00 |
| 9/23/2016 | KHOD | Research and determine procedural requirements for submission of deposition transcript to court and prepare notice of filing of original transcript; correspond with PRB, support staff, court clerk, and court reporter re: obtaining original transcript | 2.4 | 190 | $456.00 |
| 9/23/2016 | RLA | Review and comment on draft; brief opposing Defendant's summary judgment motion; letter from and letter to PRB; letters from, letters to, | 1.9 | 490 | $931.00 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|------|-----------------|---------------|------|------|------------|
|  |  | telephone conference with KLH |  |  |  |
| 9/23/2016 | SKB | Scan original deposition transcript for filing, print documents for RLA review | 0.5 | 190 | $95.00 |
| 9/26/2016 | KHOD | Finalize and prepare all documents in response to MSJ for filing; file all documents in support of MSJ | 2.3 | 190 | $437.00 |
| 9/26/2016 | PRB | Revise response brief; revise response to Defendants' statement of undisputed facts; revise statement of additional facts; revise declaration; revise cross-motion for summary judgment and notice of filing deposition; supervise filings and exhibits | 12.7 | 250 | $3,175.00 |
| 9/26/2016 | PRB | Supervise filing of deposition exhibits under seal | 0.3 | 250 | $75.00 |
| 9/27/2016 | SKB | Prepare Goldman deposition transcript and exhibits for filing; e-mails to KLH and PRB re same | 0.5 | 190 | $95.00 |
| 10/4/2016 | SKB | Review case filings, update event dates in prolaw | 0.2 | 190 | $38.00 |
| 11/21/2016 | PRB | Finish research for sur-reply; draft sur-reply brief and motion for | 8.2 | 250 | $2,050.00 |

| Date | Atty/Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| | | permission to file; revise and supervise filing | | | |
| 1/13/2017 | PRB | Confer with RLA about appeal options; call deputy clerk to inquire about attorney fee award in judgment | 0.6 | 250 | $150.00 |
| 1/13/2017 | SKB | Review case filings, update event dates on calendar | 0.2 | 190 | $38.00 |
| 1/18/2017 | PRB | Revise and supervise filing of response to emergency motion | 1.3 | 250 | $325.00 |
| 1/23/2017 | SKB | Review case filings, update event calendar, e-mails with PRB re same | 0.2 | 190 | $38.00 |
| 2/2/2017 | PRB | Final review and revisions to, and supervise filing of, motion to alter or amend judgment and reconsider summary judgment | 2.2 | 250 | $550.00 |
| 2/2/2017 | PRB | Final review and revisions to, and supervise filing of, response to Defendants' motion for attorneys' fees | 2.8 | 250 | $700.00 |
| 3/1/2017 | MCLI | Calendar/Docketing of Deadline for Review of Taxation of Costs | 0.1 | 200.71 | $20.07 |
| 6/29/2017 | PRB | Draft and supervise filing of Notice of Appeal | 0.5 | 307.99 | $154.00 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|------|------|------|------|------|------|
| 6/30/2017 | MCLI | Docket management regarding appeal with emails to PRB regarding same | 0.3 | 212.35 | $63.71 |
| 7/6/2017 | MCLI | Conference with PRB re: completion of Transcript Order Information Form for filing with court; research and telephone call to Judge Thrash's chambers to arrange for prepayment of transcript fees; work to complete Transcript Order Information form | 0.7 | 212.35 | $148.65 |
| 7/6/2017 | PRB | Supervise compliance with appeal docketing requirements | 2.3 | 307.99 | $708.38 |
| 7/7/2017 | MCLI | Work to prepare Eleventh Circuit Transcript Information Form | 0.7 | 212.35 | $148.65 |
| 7/10/2017 | PRB | Continue work supervising compliance with compiling the record for appeal | 1 | 307.99 | $307.99 |
| 7/11/2017 | MCLI | Emails and calls with court reporter for execution/completion of transcript order forms for filing with court of appeals; preparation of forms | 0.4 | 212.35 | $84.94 |
| 7/11/2017 | PRB | Supervise transcript requests | 0.2 | 307.99 | $61.60 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 7/13/2017 | MCLI | Emails with Susan Baker of US Dist Court re: filing of Transcript Order form for her execution and filing with the Court of Appeals as well as District Court's failure to transfer file on June 29 | 0.2 | 212.35 | $42.47 |
| 7/13/2017 | MCLI | Assist PRB and JAW with filing of Transcript Order Form and supporting documents | 0.2 | 212.35 | $42.47 |
| 7/13/2017 | MCLI | Emails with PRB re: timeliness of cross Appeal; research same | 0.9 | 212.35 | $191.12 |
| 7/13/2017 | PRB | Supervise submission of record information for appeal and confer with BUZO and MCLI about docketing status | 0.4 | 307.99 | $123.20 |
| 7/17/2017 | PRB | Supervise filings required for notice of appearance | 0.2 | 307.99 | $61.60 |
| 7/18/2017 | RLA | Review court notices | 0.1 | 493.65 | $49.37 |
| 7/24/2017 | PRB | Supervise filing of Certificate of Interested Persons | 0.3 | 307.99 | $92.40 |
| 7/26/2017 | MCLI | Calculate and docket response dates pursuant to Court's Notice of Docketing; emails with PRB re: same | 0.6 | 212.35 | $127.41 |
| 7/27/2017 | MCLI | Assist with filings of Entry of Appearance | 0.4 | 212.35 | $84.94 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|------|-----------------|---------------|------|------|------------|
| | | and Civil Appeals Statement | | | |
| 7/28/2017 | RLA | Letter from and telephone conference with 11th Circuit regarding briefing schedule; telephone conference with 11th Circuit regarding extension for brief; letter from 11th Circuit granting extension for brief until September 5, 2017 | 0.7 | 493.65 | $345.56 |
| 8/22/2017 | MCLI | Emails and calls with 11th Circuit regarding need for Motion to review administrative record filed under seal | 0.3 | 212.35 | $63.71 |
| 9/1/2017 | MCLI | Monitor upcoming case schedule and deadlines | 0.3 | 212.35 | $63.71 |
| 9/7/2017 | MCLI | Emails and office conference with PRB re: status of matter and deadline for filing of Brief and Appendix in Support; research regarding same | 0.7 | 212.35 | $148.65 |
| 9/28/2017 | MCLI | Call with clerk re: Cross appeal deadlines; docket response dates accordingly | 0.5 | 212.35 | $106.18 |
| 10/5/2017 | RLA | Letters to and from client regarding mediation logistics | 0.3 | 493.65 | $148.10 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 10/26/2017 | MCLI | Begin preparation of Administrative Record index; book marking of administrative record for speed and ease of searching | 2.8 | 212.35 | $594.58 |
| 10/30/2017 | MCLI | Assist with finalizing and preparation of Tables of Contents and Tables of Authorities; conference with PRB re: same | 0.9 | 212.35 | $191.12 |
| 10/31/2017 | MCLI | Assist with preparation and filing of Brief; calls with J. Burnbaum of NDGA regarding records filed under seal; emails with PRB and JAW re: same | 1.6 | 212.35 | $339.76 |
| 10/31/2017 | PRB | Finalize and supervise filing of appellate brief | 1.7 | 307.99 | $523.58 |
| 11/1/2017 | PRB | Supervise compilation of appendix and confer with opposing counsel about contents | 0.3 | 307.99 | $92.40 |
| 11/2/2017 | MCLI | Begin preparing appendix in support for filing; office conferences and emails with PRB and JAW re: same | 4.1 | 212.35 | $870.64 |
| 11/2/2017 | PRB | Confer with MCLI about Appendix content | 0.2 | 307.99 | $61.60 |
| 11/2/2017 | RLA | Review efiling | 0.3 | 493.65 | $148.10 |

| Date | Atty/Paralegal | Billing Entry | Time | Rate | Total Fees |
|------|------|------|------|------|------|
| 11/3/2017 | MCLI | Multiple conferences with USDC Northern District of Georgia (J. Burnbaum-Docketing Supervisor) and 11th Circuit (Jenet Meyer-case manager) re: need to copies of documents filed under seal; emails with RLA, PRB and JAW re: same | 0.9 | 212.35 | $191.12 |
| 11/6/2017 | MCLI | Continue with preparation of appendix exhibits; research local rules and requirements for filing | 2.7 | 212.35 | $573.35 |
| 11/6/2017 | PRB | Confer with opposing counsel and supervise filing of Appendix | 0.6 | 307.99 | $184.79 |
| 11/6/2017 | RLA | Emails regarding record filing requirements in the 11th Circuit with MCLI, JAW, PRB | 0.6 | 493.65 | $296.19 |
| 11/7/2017 | MCLI | Finalize and file Appendix with distribution of service copies; prepare under seal filed documents for filing with the court | 6.2 | 212.35 | $1,316.57 |
| 11/7/2017 | RLA | Letter from MCLI regarding appendix logistics; letters to and from Evan Anderson | 0.2 | 493.65 | $98.73 |

13

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 11/13/2017 | MCLI | Telephone conference with Court of Appeals re: notice of deficiency in mailing; | 0.2 | 212.35 | $42.47 |
| 11/14/2017 | MCLI | Calls and emails with Clerk of Court regarding formatting of hard copy appendix and need to be split into volumes | 0.3 | 212.35 | $63.71 |
| 11/15/2017 | MCLI | Reformat hard copies of appendix per 11th Circuit Court case manager request | 1.2 | 212.35 | $254.82 |
| 11/22/2017 | MCLI | Review of Court minute order and update docket and response dates | 0.2 | 212.35 | $42.47 |
| 1/4/2018 | MCLI | Monitor case schedule and upcoming deadlines | 0.2 | 212.35 | $42.47 |
| 1/23/2018 | MCLI | Assist with revisions/edits to response brief; filing of same; calls to Clerk of the Court regarding Certificate of Interested Persons filing; prepare for distribution mandatory service copies for court | 1.2 | 212.35 | $254.82 |
| 1/23/2018 | PRB | Confer with RLA, make final revisions to appellate brief, and supervise filing | 6.1 | 307.99 | $1,878.74 |
| 1/24/2018 | MCLI | Assist with finalizing and filing of brief | 1.1 | 212.35 | $233.59 |

14

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 1/25/2018 | MCLI | Monitor case schedule and upcoming deadlines | 0.1 | 212.35 | $21.24 |
| 1/31/2018 | RLA | Letters to and from Mark Cline regarding Clerk's Office instructions regarding disclosure statement | 0.2 | 493.65 | $98.73 |
| 3/2/2018 | MCLI | Multiple calls with 11th Cir case manager re: need for additional copies of Appendix for oral argument; begin preparing same for distribution | 2.5 | 212.35 | $530.88 |
| 3/5/2018 | MCLI | Prepare additional volumes of entire Appendix for 11th Circuit Oral Argument; calls with Mary Marshall, case manager and with delivering courier | 1.7 | 212.35 | $361.00 |
| 3/9/2018 | MCLI | Prepare briefing binders | 0.7 | 212.35 | $148.65 |
| 3/12/2018 | MCLI | Calls to 11th Circuit case manager inquiring about Oral Argument; continue with briefing binders | 0.7 | 212.35 | $148.65 |
| 4/12/2018 | SKB | Confer with JAW re timekeeper task categories for motion for attorneys' fees, begin review of billing for each timekeeper | 1.5 | 237.34 | $356.01 |
| 5/9/2018 | RLA | Review 11th Circuit oral argument calendar | 0.2 | 493.65 | $98.73 |

15

| Date | Atty/Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| 6/14/2018 | SKB | Review court notice, update event dates in Prolaw | 0.2 | 237.34 | $47.47 |
| 7/6/2018 | SKB | Download case law for attorney oral argument preparation | 0.5 | 237.34 | $118.67 |
| 7/19/2018 | SKB | Prepare attorney materials for hearing, confer with PRB re: same | 0.8 | 237.34 | $189.87 |
| 7/20/2018 | SKB | Prepare attorney materials for oral argument | 1.8 | 237.34 | $427.21 |
| 7/31/2018 | SKB | Review case citations for judges on panel, e-mail PRB re: same | 0.3 | 237.34 | $71.20 |
| 7/31/2018 | SKB | Communication with court deputy re: judges on panel, e-mails and correspondence re: same | 1.5 | 237.34 | $356.01 |
| 7/31/2018 | SKB | Meeting with PRB re: defendant's production, review e-mails and correspondence re: same | 1.5 | 237.34 | $356.01 |
| 8/2/2018 | SKB | Draft timeline of discovery dispute, e-mail same to PRB | 0.8 | 237.34 | $189.87 |
| 8/6/2018 | RLA | Moot court scheduling | 0.2 | 493.65 | $98.73 |
| 8/6/2018 | SKB | Prepare documents for moot court panel | 0.2 | 237.34 | $47.47 |
| 8/7/2018 | SKB | Prepare attorney documents for moot argument | 1.3 | 237.34 | $308.54 |
| 4/3/2019 | SKB | Review order, confirm rules and schedule | 0.2 | 237.34 | $47.47 |

| Date | Atty/ Paralegal | Billing Entry | Time | Rate | Total Fees |
|---|---|---|---|---|---|
| | | associated event deadlines | | | |
| 4/8/2019 | SKB | Confer with JAW re bill of cost filing, compile figures for same and draft form for filing | 1.5 | 237.34 | $356.01 |
| 4/10/2019 | SKB | Confirm fees paid for bill of costs and rules for same, e-mail PRB and JAW re same | 0.3 | 237.34 | $71.20 |
| 4/11/2019 | SKB | Meeting with JAW re motion for attorneys' fees, request all bills from accounting, review of same | 1 | 237.34 | $237.34 |
| 4/15/2019 | SKB | Prepare documents for motion for attorneys' fees | 1.5 | 237.34 | $356.01 |
| 4/16/2019 | SKB | Prepare documents for application for attorneys' fees | 5 | 237.34 | $1,186.70 |
| 4/22/2019 | SKB | Prepare calculations for motions for attorneys' fees | 3 | 237.34 | $712.02 |
| 4/23/2019 | SKB | Prepare calculations for motion for attorneys' fees | 3 | 237.34 | $712.02 |
| 4/24/2019 | SKB | Review petition for rehearing en banc, review rules associated with filing, e-mails with JAW re same | 0.2 | 237.34 | $47.47 |
| **Totals** | | | **153.1** | | **$38,377.17** |

17

## EXHIBIT E—BLOCKBILLING ENTRIES

*The following is a chart showing the aggregate amount of blockbilled time across all of Boysen's billing entries:*

| Name | Atty / Paralegal | Blockbilled Hours | Billing Rates | Total Fees |
|------|------------------|-------------------|---------------|------------|
| RLA - R. Lawrence Ashe, Jr. | Atty | 114.4 | $490.00/$493.65 | $56,109.00 |
| PRB - Paul R Barsness | Atty | 78.6 | $250.00/$307.99 | $19,743.00 |
| TRJ - Tiffany R. Johnson | Atty | 112.2 | $210.00 | $23,562.00 |
| JAW - Julie A. Wood | Atty | 17 | $325.00/$331.75 | $5,640.00 |
| KHODG – Katrina L. Hodges | Atty | 34.2 | $190.00 | $6,498.00 |
| **Totals** | | **356.4** | | **$111,552.00** |

# EXHIBIT E—BLOCKBILLING ENTRIES

*Below are all the detailed time entries showing blockbilling by Boysen's attorneys and their staff:*

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 4/24/2014 | RLA | Email exchange with D. Scruggs; telephone conference with M. Wexler re: D. Scruggs; review e-mail from D. Scruggs; e-mail exchange and telephone conference with D. Boysen | 1 | $490 | $490 |
| 6/5/2014 | RLA | Conference with PRB; Review and edit PRBs' draft letter to Mr. Scruggs; e-mail exchange with client | 0.8 | $490 | $392 |
| 6/5/2014 | PRB | Finish response letter; confer with RLA and revise and edit letter | 1.5 | $250 | $375 |
| 6/6/2014 | RLA | Review e-mails from client; review e-mails from ITW counsel Scruggs | 0.6 | $490 | $294 |
| 8/8/2014 | RLA | Conference with PRB; review e-mail from PRB; telephone conference with D. Boysen and PRB; review e-mails from client; review, edit and send letter to ITW counsel | 0.8 | $490 | $392 |
| 8/8/2014 | PRB | Confer with RLA about response; draft response letter; confer | 3.6 | $250 | $900 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | with JDG about potential ERISA claims and process for satisfying exhaustion requirements | | | |
| 8/11/2014 | RLA | Edit and file appeal re: benefits; conference with PRB; e-mail exchange with client | 0.6 | $490 | $294 |
| 9/25/2014 | RLA | Review e-mail from J. Scruggs; review e-mail from client and PRB re: same | 0.2 | $490 | $98 |
| 9/26/2014 | RLA | Review e-mail from J. Scruggs; review e-mail from client and PRB re: same | 0.4 | $490 | $196 |
| 12/3/2014 | RLA | Review email from E. Goldman for ITW: review e-mail from client | 0.3 | $490 | $147 |
| `11/8/`4 | RLA | Review email from opposition; several conferences with PRB | 0.3 | $490 | $147 |
| 1/29/2015 | PRB | Begin claims research for contingency memorandum; review case law regarding fraud claims and ERISA preemption | 3.1 | $250 | $775 |
| 1/30/2015 | PRB | Continue claims research; review case law regarding the standard of review in an ERISA denial-of-benefits case; begin | 4.4 | $250 | $1,100 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | review of case law interpreting the phrase "job elimination" as a criteria for benefits eligibility | | | |
| 2/23/2015 | RLA | Telephone conference and conference with PRB; review and edit PRB memo re: contingent fee; review email from client; review e-mail from client to PRB | 0.7 | $490 | $343 |
| 2/23/2015 | PRB | Review client information and send description of deadlines and next steps; confer with RLA about claims analysis and response to ITW | 1.1 | $250 | $275 |
| 5/22/2015 | RLA | Review and edit TRJ draft complaint; letters to and letters from client; conference with PRB re: same; telephone conference with client PRB; revise and edit draft supplemental retainer letter to client; conference with PRB re: same | 0.9 | $490 | $441 |
| 5/22/2015 | PRB | Revise engagement letter and send to Mr. Boysen; revise and distribute complaint | 1.6 | $250 | $400 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 5/26/2015 | RLA | Letters from and letters to client; conference with PRB | 0.4 | $490 | $196 |
| 8/4/2015 | RLA | Letters from Grady Murdock, counsel for ITW; letter to PRB | 0.3 | $490 | $147 |
| 8/5/2015 | RLA | Letter from and letter to Grady Murdock; telephone conference | 0.4 | $490 | $196 |
| 9/21/2015 | RLA | Letter from and letter to opposing counsel yesterday; review consent order; letter to client; letter from and letter to PRB | 0.6 | $490 | $294 |
| 10/2/2015 | RLA | Letter from, letter to and telephone conference with Wes Stockard; letter from Grady Murdock; letter to client and PRB | 0.7 | $490 | $343 |
| 10/8/2015 | RLA | Telephone conference with ITW counsel; letters to client | 0.4 | $490 | $196 |
| 10/12/2015 | RLA | Review research memo by TRJ; letter to and telephone conference with Grady Murdock; conference with TRJ | 0.7 | $490 | $343 |
| 11/3/2015 | RLA | Letters from ITW counsel; work with TRJ on issues | 0.6 | $490 | $294 |
| 11/3/2015 | PRB | Confer with TRJ about 26(f) report; research grounds for jury trial; research | 2.9 | $250 | $725 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
|  |  | grounds for discovery beyond administrative file |  |  |  |
| 11/4/2015 | RLA | Letter to and letter from ITW counsel; letter from and letter to TRJ re: draft court filing; telephone conference with ITW counsel re: settlement | 0.4 | $490 | $196 |
| 11/8/2015 | RLA | Conference with PRB; telephone conference and conference with TRJ and JDG; telephone conference with Grady Murdoch; work on scheduling order issues | 1.3 | $490 | $637 |
| 11/9/2015 | RLA | Letter from referring counsel; letter to Robin Potter potential Illinois counsel; letter from and letter to Judge Thrash's office; letters from ITW counsel; letters from client re: Mexico situation and job performance; letter from PRB and client re: scope of discovery and purposed of hearing before Judge Thrash | 1.5 | $490 | $735 |
| 11/17/2015 | RLA | Conference with TRJ; preparation for | 1.4 | $490 | $686 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | tomorrow's hearing; read cited cases | | | |
| 11/17/2015 | TRJ | Research 11th Circuit cases re: scope of discovery in ERISA benefits litigation; review client documents and correspondence with plan administrator; revise outline in preparation for hearing | 1.5 | $210 | $315 |
| 11/18/2015 | RLA | Letter from, letter to and telephone conference with client with TRJ | 0.7 | $490 | $343 |
| 11/18/2015 | TRJ | Prepare for hearing re: scope of discovery; travel to/from hearing; participate in hearing; discuss same | 2.7 | $210 | $567 |
| 11/22/2015 | RLA | Work on discovery; letters to and letter from client | 0.8 | $490 | $392 |
| 11/30/2015 | RLA | Work on discovery; work on factual research | 0.6 | $490 | $294 |
| 12/1/2015 | RLA | Review and edit TRJ initial disclosures draft; letters from and letters to TRJ and client | 0.7 | $490 | $343 |
| 12/3/2015 | RLA | Letter from and conference with TRJ; letter from and letter to ITW counsel; | 0.7 | $490 | $343 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | review ITW's filing; letter to ITW counsel re: media inquiry | | | |
| 12/4/2015 | TRJ | Email opposing counsel re: initial disclosure production and ESI conference; email client re: same | 1.8 | $210 | $378 |
| 12/7/2015 | RLA | Conference with TRJ; prepare for and telephone conference with ITW counsel with TRJ; letter to ITW counsel re: deposition scheduling and media issue | 1.2 | $490 | $588 |
| 12/9/2015 | RLA | Letter from and telephone conference with client; draft discovery pleadings after relevant file review | 1.6 | $490 | $784 |
| 12/10/2015 | RLA | Work on discovery, related file review and client's suggestions | 1.6 | $490 | $784 |
| 12/11/2015 | RLA | Complete work on discovery drafts; conference with TRJ; review TRJ edits and client input; get discovery served on ITW counsel; telephone conference, letters to and letters from client; letter from Shella Neba, ITW counsel | 2.3 | $490 | $1,127 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 12/14/2015 | RLA | Letter from client; letter to ITW counsel | 0.3 | $490 | $147 |
| 12/21/2015 | RLA | Letter to and letter from client; letter to and letter from TRJ; letter to ITW counsel | 0.6 | $490 | $294 |
| 12/22/2015 | RLA | Letter from and letter to ITW counsel; letter to and letter from TRJ | 0.3 | $490 | $147 |
| 1/12/2016 | RLA | Letter to potential witness; letters from, letters to and telephone conference with client; conference with TRJ | 0.9 | $490 | $441 |
| 1/13/2015 | RLA | Letter from, letter to and conference with TRJ; review and edit deposition notices; conferences with RTC, TRJ and WJH re: same; letter to ITW counsel re: accepting witness subpoenas | 0.8 | $490 | $392 |
| 1/15/2016 | RLA | Letter from and letter to Wes Stockard; telephone conference with Mr. Stockard; letter to TRJ | 0.8 | $490 | $392 |
| 1/26/2016 | RLA | Review and analysis of discovery pleadings from ITW counsel; conference with TRJ | 0.6 | $490 | $294 |
| 2/8/2016 | RLA | Conference with TRJ; telephone conference | 0.7 | $490 | $343 |

8

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|-----------------|---------------|------|---------------|------------|
| | | with client; letter to ITW counsel | | | |
| 2/8/2016 | TRJ | Review and discuss defendants' responses to discovery requests; review defendants' document production; email client re: discovery requests | 2.5 | $210 | $525 |
| 2/9/2016 | RLA | Conferences with TRJ; telephone conference with client | 0.6 | $490 | $294 |
| 2/15/2016 | RLA | Letter to and letter from TRJ; letter to ITW counsel; letter from and letter to client | 0.4 | $490 | $196 |
| 2/16/2016 | RLA | Letters from and letters to W. Stockard; letter to TRJ | 0.6 | $490 | $294 |
| 2/17/2016 | RLA | Prepare for tomorrow's conferral call with relevant file review; conference with TRJ; letters from client | 1.4 | $490 | $686 |
| 2/18/2016 | RLA | Review and analysis in preparation for telephone conferral last night and this morning with review of ITW's objections, answers, and non-answers; conference with TRJ; participate in conferral call with ITW counsel and | 3.4 | $490 | $1,666 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | TRJ; debrief; letters to, letters from and telephone conference with client; letter to and letter from ITW counsel | | | |
| 2/18/2016 | TRJ | Prepare for discovery conferral with opposing counsel re: discovery dispute; telephone conference with opposing counsel re: discovery dispute; discuss same; email opposing counsel re: discovery disputes | 2.9 | $210 | $609 |
| 2/22/2016 | TRJ | Email client re: proposed search terms; review client emails re: discovery responses; revise search terms | 0.4 | $210 | $84 |
| 2/24/2016 | RLA | Letters from and letters to TRJ; scan proposed motion for extension of discovery | 0.6 | $490 | $294 |
| 2/24/2016 | TRJ | Draft motion for extension of discovery period; review and revise same; discuss same | 5.1 | $210 | $1,071 |
| 2/25/2016 | TRJ | Review and revise motion for extension of discovery period; file same; draft responses to defendants' discovery | 4.9 | $210 | $1,029 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | requests; telephone conference with client re: same | | | |
| 2/26/2016 | TRJ | Email correspondence with client re: discovery responses; review client emails; draft interrogatory response | 3.9 | $210 | $819 |
| 2/29/2016 | RLA | Letters to and letters from TRJ; letter from ITW counsel | 0.7 | $490 | $343 |
| 2/29/2016 | TRJ | Review additional correspondence from client re: additional potential witnesses; revise interrogatory responses | 0.3 | $210 | $63 |
| 3/1/2016 | TRJ | Email opposing counsel re: discovery dispute and outstanding issues; discuss same, telephone conference with chambers re: scheduling in-person hearing on discovery dispute; telephone conference with client re: discovery responses; review and revise discovery responses; email client re: same | 4.1 | $210 | $861 |
| 3/2/2016 | TRJ | Review and prepare client documents for production to defendants; discuss | 3.1 | $210 | $651 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | same with client and summarize concerns re: same | | | |
| 3/3/2016 | TRJ | Draft motion to compel discovery; discuss same; discuss client documents and production of same telephone conference with judge's clerk re: scheduling hearing; email opposing counsel re: client's discovery responses | 14 | $210 | $2,940 |
| 3/4/2016 | TRJ | Review defendants' production; discuss same with client; discuss production of documents and email opposing counsel re: same | 0.8 | $210 | $168 |
| 3/7/2016 | RLA | Conference with TRJ re: Sean defendant's proposed confidentiality order; Letter from TRJ/ITW Counsel | 0.6 | $490 | $294 |
| 3/7/2016 | TRJ | Discuss revisions to proposed confidentiality agreement and protective order and production of client documents; prepare client documents for production; email opposing counsel re: same | 1.5 | $210 | $315 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 3/15/2016 | RLA | Letter from client; conferences with TRJ | 0.3 | $490 | $147 |
| 3/16/2016 | TRJ | Review defendants' opposition to motion for discovery extension; research 11th Circuit law re: discovery where conflict of interest; telephone conference with opposing counsel re: additional discovery conferral | 1 | $210 | $210 |
| 3/17/2016 | RLA | Prepare for and participate with TRJ in telephone conferral with ITW Counsel; review and comment on ITW's opposition to Boysen motion for extension; Conference with TRJ | 0.9 | $490 | $441 |
| 3/17/2016 | TRJ | Discuss reply brief in support of motion to extend discovery; review search terms and discovery responses; telephone conference with opposing counsel re: search terms | 1.5 | $210 | $315 |
| 3/22/2016 | RLA | Read and comment on defendant's brief and cited cases; conference with TRJ; letter from client | 1.1 | $490 | $539 |
| 3/23/2016 | RLA | Letters from conference with TRJ; | 0.2 | $490 | $98 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|-----------------|---------------|------|---------------|------------|
|  |  | Letter from S. Neba, ITW Counsel |  |  |  |
| 3/23/2016 | TRJ | Draft reply in support of motion to extend discovery; telephone conference with opposing counsel re: search terms; discuss same; prepare for hearing re: motion to compel and motion to extend discovery | 9 | $210 | $1,890 |
| 3/24/2016 | RLA | Complete hearing preparation; conference with TRJ; represent client with TRJ at hearing before Judge Thrash; debrief with TRJ; help draft order requested by Judge Thrash; letter from and letter to client | 2.3 | $490 | $1,127 |
| 3/24/2016 | TRJ | Review filings re: motion to extend discovery and motion to compel discovery and prepare for hearing re: same; telephone conference with clerk re: restriction of inadvertently filed confidential documents; travel to/from hearing; appear for hearing; | 6.5 | $210 | $1,365 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|-----------------|---------------|------|---------------|------------|
|  |  | discuss same; draft proposed order |  |  |  |
| 3/25/2016 | RLA | Review draft order; conference with TRJ | 0.4 | $490 | $196 |
| 3/25/2016 | TRJ | Review and revise proposed order; discuss same; telephone conference with court reporter re: transcript of hearing; review defendants' objection to proposed order and discuss same | 0.8 | $210 | $168 |
| 5/11/2016 | TRJ | Discuss additional document requests to defendants; revise same; draft and file Rule 5.4 certificate of service of discovery | 1.9 | $210 | $399 |
| 5/23/2016 | RLA | Notice from court re: order entered in apparent error; letters from, letters to and conference with TRJ | 0.4 | $490 | $196 |
| 5/23/2016 | TRJ | Review order granting in part an denying in part motion to compel discovery; email re: same to RLA; telephone conference with judicial assistant re: order extending discovery period; strategize approach to opposing counsel re: discovery period | 1.6 | $210 | $336 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 5/24/2016 | TRJ | Review and revise confidentiality order; strategize request to opposing counsel re: discovery extension; draft email re: same; email opposing counsel re: discovery; draft emergency motion to modify order; discuss same; email client re: status of discovery and court's order re: same; discuss opposing counsel's response to request for extension of time to conduct discovery | 6.3 | $210 | $1,323 |
| 5/25/2016 | RLA | Review ITW's counsel's negative; review court's order; coordinate noticing of Goldman deposition at O'Hare airport; letter from and letter to ITW counsel; telephone conference with TRJ; letter from, letter to and telephone conference with D. Boysen | 1.2 | $490 | $588 |
| 5.25.16 | TRJ | Draft notice of deposition of plan administrator; discuss same; email opposing counsel re: same; discuss outstanding | 3.2 | $210 | $672 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | discovery and response to opposing counsel's refusal to comply with same; email opposing counsel re: discovery issues | | | |
| 5/26/2016 | RLA | Letter from and letter to TIW counsel; telephone conference with TRJ | 0.4 | $490 | $196 |
| 5/26/2016 | TRJ | Email opposing counsel re: outstanding discovery; strategize response to opposing counsel re: discovery scheduling | 0.9 | $210 | $189 |
| 6/2/2016 | RLA | Letters from, letters to and telephone conference with client regarding position logistics; conference with TRJ | 0.7 | $490 | $343 |
| 6/8/2016 | RLA | Letter from S. Neba; letter from David Boysen; letter from TRJ; call re ITW subpoena to Boysen's employer | 0.4 | $490 | $196 |
| 6/10/2016 | RLA | Letter from, letters to and telephone conference with client; letter to ITW counsel re subpoena; letters to and letter from court reporter | 0.8 | $490 | $392 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
| 6/15/2016 | TRJ | Strategize responses to discovery disputes; email opposing counsel re: third party subpoena to client's current employer; review client personnel file with current employer and discuss same | 0.6 | $210 | $126 |
| 6/20/2016 | RLA | Conference with TRJ; work on deposition preparations | 0.8 | $490 | $392 |
| 6/20/2016 | TRJ | Draft topic outline for deposition of Elliot Goldman; research ERISA summary judgment cases and analyze disputed issues of fact | 3.2 | $210 | $672 |
| 6/21/2016 | RLA | Letter from and letters to client; conference with TRJ; work on deposition preparation | 1.4 | $490 | $686 |
| 6/21/2016 | TRJ | Draft outline for deposition of Elliot Goldman; review ITW documents in preparation for Goldman deposition; discuss same; email with client re: deposition; outline goals for deposition | 5.8 | $210 | $1,218 |
| 6/22/2016 | RLA | Work on Goldman deposition preparation; extensive document review; | 9.8 | $490 | $4,802 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | conferences with TRJ; conferences with S. Burdette; travel to Chicago | | | |
| 6/22/2016 | TRJ | Review outline and prepare exhibits for deposition of Elliot Goldman; email client re: same; discuss same | 2.2 | $210 | $462 |
| 6/23/2016 | RLA | Complete preparation for Goldman deposition; conferences with client; take Goldman deposition; debrief with client; return to Atlanta | 16.3 | $490 | $7,987 |
| 6/24/2016 | RLA | Letter from client; debrief TRJ; debrief S. Burdette | 0.8 | $490 | $392 |
| 6/24/2016 | TRJ | Discuss deposition of Elliott Goldman and follow up from same; telephone conference with videographer re: deposition video | 0.5 | $210 | $105 |
| 6/27/2016 | RLA | Letter from and letter to videography firm; letters to and letter from client | 0.3 | $490 | $147 |
| 6/28/2016 | RLA | Review and annotate job differences; emails from client; conference with TRJ | 0.6 | $490 | $294 |
| 6/29/2016 | RLA | Letter from, telephone conference with and | 0.6 | $490 | $294 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | conference with TRJ; letter to ITW counsel; letters from and letters to client | | | |
| 7/5/2016 | RLA | Letter from and letter to ITW counsel; letter from, letter to, conference with TRJ review Local Rule | 0.6 | $490 | $294 |
| 7/5/2016 | TRJ | Review local rules re: settlement conference before trial; email RLA re: same; discuss same; email opposing counsel re: LR 16.3 conference; discuss opposing counsel's response to request for Rule 16.3 conference; email correspondence re: settlement conference | 0.7 | $210 | $147 |
| 7/6/2016 | RLA | Letter from and letter to TRJ; letter to TRJ//ITW counsel; letters to court reporter re Goldman transcript | 0.4 | $490 | $196 |
| 7/8/2016 | RLA | Letters from and letters to ITW counsel W. Stockard; letter to TRJ; letters to and letter from client | 0.7 | $490 | $343 |
| 7/14/2016 | RLA | Prepare for tomorrow's meeting; letter to TRJ; letter to court reporter | 0.6 | $490 | $294 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 7/15/2016 | RLA | Telephone conference with client; conference with TRJ; go with TRJ to court, required in-person; settlement meeting with ITW counsel; debrief with TRJ; telephone conference with client with TRJ to report on ITW's $5000 offer | 2.4 | $490 | $1,176 |
| 7/15/2016 | TRJ | Telephone conferences with client re: settlement authority; travel to/from opposing counsel's office for settlement conference; attend settlement conference; discuss same | 2.1 | $210 | $441 |
| 7/19/2016 | TRJ | Review Goldman deposition transcript; telephone conference with opposing counsel | 3.7 | $210 | $777 |
| 7/20/2016 | RLA | Continued review of Goldman deposition transcript; letter from, letter to and telephone conferences with Shella Neba; conference with PRB | 1.7 | $490 | $833 |
| 7/20/2016 | PRB | Confer with RLA about making appearance; review case materials and discovery documents; | 3.1 | $250 | $775 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | review settlement communications and confer with RLA and TRJ; supervise filing of notice of appearance | | | |
| 7/21/2016 | RLA | Complete Goldman transcript and exhibits, review and comment; conference with PRB; brief, review and draft motions for document production | 2.3 | $490 | $1,127 |
| 7/21/2016 | PRB | Begin work on motion to compel; review pertinent procedural history and key portions of deposition testimony; revise motion, confer with RLA, and supervise filing | 4.9 | $250 | $1,225 |
| 7/21/2016 | TRJ | Review Goldman deposition; discuss same and motion to compel discovery; draft motion to compel discovery; discuss same | 4.6 | $210 | $966 |
| 7/22/2016 | RLA | Review documents motion as filed; deposition billing logistics | 0.6 | $490 | $294 |
| 7/24/2016 | PRB | Boysen. Review communications regarding requested extension of time to | 0.4 | $250 | $100 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | respond to summary-judgment motion; review settlement communications | | | |
| 7/25/2016 | PRB | Review settlement communications; review communications about summary judgment response | 0.4 | $250 | $100 |
| 8/1/2016 | TRJ | Review defendants' discovery responses and statement of material facts and strategize response arguments to motion for summary judgment; review client comments re: same | 3.1 | $210 | $651 |
| 8/2/2016 | TRJ | Discuss arguments in response to motion for summary judgment; review emails re: defendants' document production | 0.2 | $210 | $42 |
| 8/4/2016 | TRJ | Review defendants' motion for summary judgment; discuss same and strategy for responding to same; research ERISA summary judgment standard and cases re: denial of benefits | 3.3 | $210 | $693 |
| 8/5/2016 | PRB | Review document production and identify exhibits to | 3.9 | $250 | $975 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|-----------------|---------------|------|---------------|------------|
| | | use in response to summary judgment; confer with opposing counsel about response deadline | | | |
| 8/9/2016 | KHOD | Review and analyze PRB's notes and research on motion for summary judgment; review and analyze background correspondence, pleadings, administrative record, and exhibits in preparation for summary judgment briefing; review and analyze Rule 56(d) motion and ITW's response to motion; meet with PRB re: draft of reply brief in support of motion to compel and letter to court re: extension | 7.4 | $190 | $1,406 |
| 8/10/2016 | PRB | Continue work draft summary judgment facts; contact deputy clerk to discuss how to address response timing | 4.2 | $250 | $1,050 |
| 8/10/2016 | KHOD | Determine procedures for contacting Judge Thrash's chambers; review scheduling order; review and analyze order on | 4.4 | $190 | $836 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | motion to compel; discuss hearing on motion to compel with TRJ; review and analyze correspondence to RLA re: status of response filings; review and analyze transcripts of deposition and hearing on motion to compel; strategize reply to Plaintiff's response to Motion to Compel and discuss same with PRB | | | |
| 8/11/2016 | KHOD | Continue review and analysis of deposition of Elliot Goldman; prepare outline of response in support of motion to compel production of documents and Rule 56(d) motion and correspond with PRB re: same; review cases cited by Defendant and related research in support of opposition to motion to compel; review and analyze order denying motion to compel and correspond with PRB re: same and deadlines | 4.8 | $190 | $912 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 9/19/2016 | KHOD | Prepare outline of MSJ response and confer with PRB and DDEN re: research and draft of MSJ response; prepare action item list and correspond with PRB and DDEN re: same; research additional case law in support of MSJ | 5.4 | $190 | $1,026 |
| 9/21/2016 | RLA | Letter from PRB; letter from client | 0.2 | $490 | $98 |
| 9/21/2016 | PRB | Continue work drafting response to summary judgment; confer with client about items for declaration | 5.9 | $250 | $1,475 |
| 9/21/2016 | KHOD | Continue preparing brief in opposition to ITW's MSJ; correspond with DDES re: factual background; discuss structure of opposition and outstanding research with PRB; research additional supporting case law | 9.8 | $190 | $1,862 |
| 9/22/2016 | RLA | Letter from PRB; start draft brief opposing summary judgment review | 1.7 | $490 | $833 |
| 9/22/2016 | PRB | Draft declaration for Mr. Boysen; revise | 4.2 | $250 | $1,050 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | materials to incorporate items from declaration | | | |
| 9/23/2016 | RLA | Review and comment on draft; brief opposing Defendant's summary judgment motion; letter from and letter to PRB; letters from, letters to, telephone conference with KLH | 1.9 | $490 | $931 |
| 9/23/2016 | PRB | Confer with opposing counsel about page extension for response brief; review consent motion and supervise filing; confer with KHOD about filing deposition | 1.1 | $250 | $275 |
| 9/23/2016 | KHOD | Research and determine procedural requirements for submission of deposition transcript to court and prepare notice of filing of original transcript; correspond with PRB, support staff, court clerk, and court reporter re: obtaining original transcript | 2.4 | $190 | $456 |
| 9/24/2016 | RLA | Review and comment on draft declaration of David Boysen; letter to PRB and K. Hodges re: same | 1.2 | $490 | $588 |

| Date | Atty/Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 9/25/2016 | RLA | Review and comment on draft reply to ITW's statement of uncontested material facts; letter from PRB and K. Hodges | 1.8 | $490 | $882 |
| 9/25/2016 | PRB | Begin work drafting statement of additional material facts; review comments from Mr. Boysen on declaration and revise accordingly | 6.3 | $250 | $1,575 |
| 9/26/2016 | RLA | Review and comment on Boysen declaration; letter to and telephone conference with Boysen and PRB; letter to, telephone conference and conference with KLH | 1.9 | $490 | $931 |
| 9/26/2016 | PRB | Revise response brief; revise response to Defendants' statement of undisputed facts; revise statement of additional facts; revise declaration; revise cross-motion for summary judgment and notice of filing deposition; supervise filings and exhibits | 12.7 | $250 | $3,175 |
| 11/21/2016 | PRB | Finish research for sur-reply; draft sur- | 8.2 | $250 | $2,050 |

28

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
| | | reply brief and motion for permission to file; revise and supervise filing | | | |
| 12/2/2016 | RLA | Telephone conference with PRB; review and comment on sur-reply brief draft; letters to and letters from client | 0.8 | $490 | $392 |
| 1/5/2017 | PRB | Review summary judgment order, research grounds for award of fees, and confer with RLA | 2.9 | $250 | $725 |
| 1/13/2017 | PRB | Confer with RLA about appeal options; call deputy clerk to inquire about attorney fee award in judgment | 0.6 | $250 | $150 |
| 1/17/2017 | RLA | Conference with Paul Barsness; letter from Paul Barsness with draft reply to ITW for review regarding scheduling Defendants' filing of "emergency motion" | 0.4 | $490 | $196 |
| 1/18/2017 | RLA | Review Defendants' "emergency motion" and Paul Barsness' draft response; edit same and get filed in final; letters to and from Boysen; conference with Paul Barsness; telephone conference with Boysen | 0.9 | $490 | $441 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 2/1/2017 | RLA | Review and edit draft brief opposing fees; review and edit draft declarations; conference with Paul Barsness; telephone conference with Paul Barsness; review and edit draft motion | 0.8 | $490 | $392 |
| 2/6/2017 | RLA | Defendant's bill of costs; telephone conference and meeting with Paul Barsness | 0.2 | $490 | $98 |
| 2/19/2017 | RLA | Letter from Paul Barsness; letter from client | 0.2 | $490 | $98 |
| 6/26/2017 | RLA | Letter to and telephone conference with client; conference with Paul Barsness | 0.5 | $493.65 | $247 |
| 6/28/2017 | RLA | Telephone conference with client; conference with and telephone conference with Paul Barsness; letter to ITW counsel | 0.4 | $493.65 | $197 |
| 8/17/2017 | JAW | Review Mr. Goldman's deposition transcript, review Severance Plan, review documents produced by ITW; draft fact section; telephone KMC re: extension to file brief | 4.2 | $331.75 | $1,393 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 8/18/2017 | JAW | Draft mediation statement; draft appellant brief | 4.4 | $331.75 | $1,460 |
| 8/20/2017 | RLA | Letters from PRB and David Boysen; letter from W. Stockard | 0.2 | $493.65 | $99 |
| 8/25/2017 | JAW | Research 29 USC 1133(1) and specific reasons; revise Appellant Brief | 1.8 | $331.75 | $597 |
| 8/28/2017 | JAW | Revise Appellant Brief; draft request for extension to file brief from mediator | 0.6 | $331.75 | $199 |
| 9/28/2017 | PRB | Confer with RLA, review and revise mediation statement, and send to Mr. Boysen | 1.1 | $307.99 | $339 |
| 10/1/2017 | RLA | (9.5.17) Letters to and from client; letter from PRB | 0.3 | $493.65 | $148 |
| 10/10/2017 | RLA | Complete preparation for 11th Circuit Mediation with client and PRB. Participate in Mediation with Cliff Altekruse and ITW counsel, PRB and client, including conference with client and PRB; conference with Mediator, client and PRB; debrief with client and PRB; debrief with client | 6.3 | $493.65 | $3,110 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 10/11/2017 | PRB | Call mediator to discuss briefing deadline; draft and send updated request; confer with JAW about draft brief | 0.5 | $307.99 | $154 |
| 10/21/2017 | JAW | Draft list of documents to be included in appendix; review Mr. Goldman's deposition regarding discussion of "job elimination"; review documents submitted by Defendants in support of motion for summary judgment (including declaration) re: alleged evidence of no "job elimination" | 3.1 | $331.75 | $1,028 |
| 10/31/2017 | RLA | Letter from PRB; letter to client; review final draft to be filed; notice of filing | 0.7 | $493.65 | $346 |
| 3/5/2018 | RLA | Telephone conference with Mark Cline; letter from 11th Circuit; letter to client; letter to PRB | 0.6 | $493.65 | $296 |
| 8/13/2018 | JAW | Review briefs on appeal and key cases; review summary of panel; attend mock argument | 2.9 | $331.75 | $962 |
| 8/15/2018 | RLA | Letter to and from client; participate in second moot court for | 2.3 | $493.65 | $1,135 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | PRB; conference with client; review late filing by ITW counsel; letters to and from PRB regarding same | | | |
| 8/16/2018 | RLA | Conference with client; conference with PRB; complete preparation and attend oral argument by PRB in the Eleventh Circuit; debrief with client and RPB; debrief with client and Julie Wood; letter from client | 3.3 | $493.65 | $1,629 |
| **Total** | | | **356.4** | | **$111,552** |

33

### EXHIBIT F—VAGUE BILLING ENTRIES

*The following is a chart showing the aggregate amount of vague time across all of Boysen's billing entries:*

| Name | Atty / Paralegal | Hours Summarized by Vague Billing Entries | Billing Rates | Total Fees |
|---|---|---|---|---|
| RLA - R. Lawrence Ashe, Jr. | Atty | 54.3 | $490.00/$493.65 | $26,638.03 |
| PRB - Paul R Barsness | Atty | 9.7 | $250.00/$307.99 | $2,790.34 |
| TJOH - Tiffany R. Johnson | Atty | 1.1 | $210.00 | $231.00 |
| JAW - Julie A. Wood | Atty | 8.8 | $325.00/$331.75 | $2,919.40 |
| **Totals** | | **73.9** | | **$32,579.00** |

## EXHIBIT F—VAGUE BILLING ENTRIES

*Below are all the detailed time entries showing vague time by Boysen's attorneys and their staff:*

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 4/21/2014 | RLA | Review e-mail from client | 0.2 | $490.00 | $98 |
| 4/24/2014 | RLA | Email exchange with D. Scruggs; telephone conference with M. Wexler re: D. Scruggs; review e-mail from D. Scruggs; e-mail exchange and telephone conference with D. Boysen | 1 | $490.00 | $490 |
| 6/2/2014 | RLA | Review e-mails from client | 0.1 | $490.00 | $49 |
| 6/5/2014 | RLA | Conference with PRB; Review and edit PRBs' draft letter to Mr. Scruggs; e-mail exchange with client | 0.8 | $490.00 | $392 |
| 6/6/2014 | RLA | Review e-mails from client; review e-mails from ITW counsel Scruggs | 0.6 | $490.00 | $294 |
| 7/21/2014 | RLA | Conferences with PRB | 0.3 | $490.00 | $147 |
| 7/23/2014 | RLA | Conference with PRB | 0.2 | $490.00 | $98 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
| 7/24/2014 | RLA | Review e-mail from PRB to client | 0.1 | $490.00 | $49 |
| 7/25/2014 | RLA | Conference with PRB; review, edit and sign letter to Mr. Scriggs; review e-mail from PRB to client | 0.4 | $490.00 | $196 |
| 8/5/2014 | RLA | Review e-mail from J. Scruggs | 0.2 | $490.00 | $98 |
| 8/6/2014 | PRB | Review response from ITW | 0.6 | $250.00 | $150 |
| 8/7/2014 | RLA | Review e-mail from client; review emails from PRB | 0.3 | $490.00 | $147 |
| 8/8/2014 | RLA | Conference with PRB; review e-mail from PRB; telephone conference with D. Boysen and PRB; review e-mails from client; review, edit and send letter to ITW counsel | 0.8 | $490.00 | $392 |
| 9/12/2014 | RLA | Review e-mail from PRB to client | 0.1 | $490.00 | $49 |
| 9/12/2014 | RLA | Review e-mail from PRB to client | 0.1 | $490.00 | $49 |
| 9/12/2014 | PRB | Draft and send status update to Mr. Boysen | 0.3 | $250.00 | $75 |
| 9/15/2014 | RLA | E-mail exchange with client and PRB | 0.2 | $490.00 | $98 |
| 11/7/2014 | PRB | Confer with client about next steps | 0.2 | $250.00 | $50 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 12/31/2014 | PRB | Confer with Mr. Boysen about next steps | 0.1 | $250.00 | $25 |
| 1/18/2015 | RLA | Review e-mail from client with attachments | 0.2 | $490.00 | $98 |
| 1/27/2015 | RLA | Email exchange with client | 0.2 | $490.00 | $98 |
| 1/28/2015 | RLA | Review e-mail from PRB to client | 0.1 | $490.00 | $49 |
| 1/29/2015 | RLA | Review e-mail from PRB; e-mail PRB and D> Boysen | 0.3 | $490.00 | $147 |
| 1/30/2015 | PRB | Email client and PRB | 0.1 | $250.00 | $25 |
| 2/2/2015 | RLA | Conference with PRB; review and edit PRB's draft letter to ITW | 0.4 | $490.00 | $196 |
| 2/12/2015 | TRJ | Review claims analysis; discuss same | 0.8 | $210.00 | $168 |
| 2/23/2015 | RLA | Telephone conference and conference with PRB; review and edit PRB memo re: contingent fee; review email from client; review e-mail from client to PRB | 0.7 | $490.00 | $343 |
| 3/4/2015 | RLA | Letter to/from and telephone conference with client | 0.3 | $490.00 | $147 |
| 3/20/2015 | RLA | Letter from PRB | 0.1 | $490.00$ | 49 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 3/20/2015 | PRB | Confer with TRJ and RLA about next steps | 0.3 | $250.00 | $75 |
| 5/7/2015 | TRJ | Review file and discuss complaint | 0.2 | $210.00 | $42 |
| 5/19/2015 | RLA | Letter to PRB | 0.1 | $490.00 | $49 |
| 5/20/2015 | TRJ | Review and prepare correspondence for mailing | 0.1 | $210.00 | $21 |
| 5/26/2015 | RLA | Letters from and letters to client; conference with PRB | 0.4 | $490.00 | $196 |
| 5/27/2015 | PRB | Final revisions; supervise filings | 1 | $250.00 | $250 |
| 5/28/2015 | RLA | Letters to and letter from client | 0.2 | $490.00 | $98 |
| 6/11/2015 | PRB | Confer with TRJ about service issues | 0.1 | $250.00 | $25 |
| 8/13/2015 | RLA | Consent Order | 0.1 | $490.00 | $49 |
| 8/14/2015 | RLA | Review and analysis of court order | 0.2 | $490.00 | $98 |
| 8/17/2015 | RLA | Letter to and letter from ITW counsel | 0.2 | $490.00 | $98 |
| 9/18/2015 | RLA | Letter from Grady Murdock | 0.1 | $490.00 | $49 |
| 10/13/2015 | RLA | Letter from Grady Murdock | 0.1 | $490.00 | $49 |
| 10/14/2015 | RLA | Letter to and letter form client | 0.2 | $490.00 | $98 |
| 11/3/2015 | RLA | Letters from ITW counsel; work with TRJ on issues | 0.6 | $490.00 | $294 |
| 11/6/2015 | RLA | Letter to and letter from client | 0.2 | $490.00 | $98 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 11/9/2015 | PRB | Confer with client about upcoming hearing | 0.3 | $250.00 | $75 |
| 11/11/2015 | RLA | Conference with TRJ | 0.3 | $490.00 | $147 |
| 11/18/2015 | RLA | Letter to Grady Murdock | 0.1 | $490.00 | $49 |
| 11/18/2015 | RLA | Work on discovery list | 0.6 | $490.00 | $294 |
| 11/18/2015 | RLA | Letter from, letter to and telephone conference with client with TRJ | 0.7 | $490.00 | $343 |
| 11/18/2015 | RLA | Debrief with TRJ | 0.4 | $490.00 | $196 |
| 11/20/2015 | RLA | Letters to and letters from client and letters to TRJ | 0.4 | $490.00 | $196 |
| 11/21/2015 | RLA | Letter from and letter to client, cc TRJ | 0.3 | $490.00 | $147 |
| 11/22/2015 | RLA | Work on discovery; letters to and letter from client | 0.8 | $490.00 | $392 |
| 11/23/2015 | RLA | Entry of consent order pleading | 0.1 | $490.00 | $49 |
| 11/25/2015 | RLA | Letters to and letter from client | 0.3 | $490.00 | $147 |
| 11/25/2015 | RLA | Letters from and letters to client | 0.3 | $490.00 | $147 |
| 11/28/2015 | RLA | Letters to and letter from client | 0.3 | $490.00 | $147 |
| 11/30/2015 | RLA | Work on discovery; work on factual research | 0.6 | $490.00 | $294 |
| 12/4/2015 | RLA | Conference with TRJ | 0.2 | $490.00 | $98 |

| Date | Atty/<br>Paralegal | Billing Entry | Time | Billing<br>Rates | Total Fees |
|---|---|---|---|---|---|
| 12/22/2015 | RLA | Letter from and letter to ITW counsel; letter to and letter from TRJ | 0.3 | $490.00 | $147 |
| 1/12/2016 | RLA | Letter to potential witness; letters from, letters to and telephone conference with client; conference with TRJ | 0.9 | $490.00 | $441 |
| 1/15/2016 | RLA | Letter from and letter to Wes Stockard; telephone conference with Mr. Stockard; letter to TRJ | 0.8 | $490.00 | $392 |
| 1/27/2016 | RLA | Telephone conference with witness | 0.4 | $490.00 | $196 |
| 1/31/2016 | RLA | Letter from client | 0.2 | $490.00 | $98 |
| 2/1/2016 | RLA | Letter to and letter from TRJ | 0.2 | $490.00 | $98 |
| 2/2/2016 | RLA | Letter from W. Stockard | 0.2 | $490.00 | $98 |
| 2/4/2016 | RLA | Client communications | 0.3 | $490.00 | $147 |
| 2/8/2016 | RLA | Conference with TRJ; telephone conference with client; letter to ITW counsel | 0.7 | $490.00 | $343 |
| 2/9/2016 | RLA | Conferences with TRJ; telephone conference with client | 0.6 | $490.00 | $294 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|-----------------|---------------|------|---------------|------------|
| 2/10/2016 | RLA | Letter from W. Stockard, ITW counsel | 0.2 | $490.00 | $98 |
| 2/15/2016 | RLA | Letter to and letter from TRJ; letter to ITW counsel; letter from and letter to client | 0.4 | $490.00 | $196 |
| 2/16/2016 | RLA | Letters from and letters to W. Stockard; letter to TRJ | 0.6 | $490.00 | $294 |
| 2/19/2016 | RLA | Letter to and letter from David Boysen and TRJ | 0.3 | $490.00 | $147 |
| 2/22/2016 | RLA | Letter to and letters from TRJ | 0.3 | $490.00 | $147 |
| 2/23/2016 | RLA | Letter from and letter to TRJ and client | 0.2 | $490.00 | $98 |
| 2/29/2016 | RLA | Letters to and letters from TRJ; letter from ITW counsel | 0.7 | $490.00 | $343 |
| 3/7/2016 | RLA | Conference with TRJ re: Sean defendant's proposed confidentiality order; Letter from TRJ/ITW Counsel | 0.6 | $490.00 | $294 |
| 3/15/2016 | RLA | Letter from client; conferences with TRJ | 0.3 | $490.00 | $147 |
| 3/14/2016 | RLA | Notice from court | 0.1 | $490.00 | $49 |
| 3/23/2016 | RLA | Letters from conference with | 0.2 | $490.00 | $98 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| | | TRJ; Letter from S. Neba, ITW Counsel | | | |
| 3/25/2016 | RLA | Review draft order; conference with TRJ | 0.4 | $490.00 | $196 |
| 3/30/2016 | RLA | Letter from court reporter/TRJ | 0.1 | $490.00 | $49 |
| 3/31/2016 | RLA | Letter from TRJ | 0.1 | $490.00 | $49 |
| 3/31/2016 | RLA | Letter from ITW Counsel/Judge Thrash | 0.3 | $490.00 | $147 |
| 4/25/2016 | RLA | Conference with TRJ | 0.1 | $490.00 | $49 |
| 5/2/2016 | RLA | Conference with TRJ re: pending orders | 0.2 | $490.00 | $98 |
| 5/18/2016 | RLA | Letter from TRJ/ITW counsel | 0.1 | $490.00 | $49 |
| 5/25/2016 | RLA | Letters to and letters from ITW counsel; conference with TRJ | 0.6 | $490.00 | $294 |
| 5/26/2016 | RLA | Letter from and letter to TIW counsel; telephone conference with TRJ | 0.4 | $490.00 | $196 |
| 6/2/2016 | RLA | Letters from, letters to and telephone conference with client regarding position logistics; conference with TRJ | 0.7 | $490.00 | $343 |
| 6/6/2016 | RLA | Letters to and letters from client with proposed questions | 0.9 | $490.00 | $441 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 6/6/2016 | RLA | Work on deposition logistics; letter from client | 0.8 | $490.00 | $392 |
| 6/8/2016 | PRB | Review information about subpoena request | 0.2 | $250.00 | $50 |
| 6/12/2016 | RLA | Letter from client with additional questions | 0.2 | $490.00 | $98 |
| 6/21/2016 | RLA | Letter from and letters to client; conference with TRJ; work on deposition preparation | 1.4 | $490.00 | $686 |
| 6/24/2016 | RLA | Letter from client; debrief TRJ; debrief S. Burdette | 0.8 | $490.00 | $392 |
| 6/27/2016 | RLA | Letter from and letter to videography firm; letters to and letter from client | 0.3 | $490.00 | $147 |
| 6/29/2016 | RLA | Letter from, telephone conference with and conference with TRJ; letter to ITW counsel; letters from and letters to client | 0.6 | $490.00 | $294 |
| 7/1/2016 | RLA | Letter from client | 0.1 | $490.00 | $49 |
| 7/5/2016 | RLA | Letter from and letter to ITW counsel; letter from, letter to, conference with TRJ review Local Rule | 0.6 | $490.00 | $294 |

9

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 7/5/2016 | RLA | Letter from TRJ | 0.1 | $490.00 | $49 |
| 7/6/2016 | RLA | Letter from and letter to TRJ; letter to TRJ//ITW counsel; letters to court reporter re Goldman transcript | 0.4 | $490.00 | $196 |
| 7/8/2016 | RLA | Letters from and letters to ITW counsel W. Stockard; letter to TRJ; letters to and letter from client | 0.7 | $490.00 | $343 |
| 7/14/2016 | RLA | Prepare for tomorrow's meeting; letter to TRJ; letter to court reporter | 0.6 | $490.00 | $294 |
| 7/18/2016 | RLA | Telephone conference with TRJ re document motions | 0.1 | $490.00 | $49 |
| 9/20/2016 | RLA | Telephone conference with PRB re reply status | 0.2 | $490.00 | $98 |
| 9/21/2016 | RLA | Letter from PRB; letter from client | 0.2 | $490.00 | $98 |
| 9/22/2016 | RLA | Letter from PRB; start draft brief opposing summary judgment review | 1.6 | $490.00 | $784 |
| 9/23/2016 | RLA | Review and comment on draft; brief opposing Defendant's summary judgment motion; letter from | 1.9 | $490.00 | $931 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
| | | and letter to PRB; letters from, letters to, telephone conference with KLH | | | |
| 9/26/2016 | RLA | Review and comment on Boysen declaration; letter to and telephone conference with Boysen and PRB; letter to, telephone conference and conference with KLH | 1.9 | $490.00 | $931 |
| 11/14/2016 | RLA | Letters from with letters to client; initial scan of ITW filings | 0.6 | $490.00 | $294 |
| 11/15/2016 | RLA | Letters from and letters to PRB; letters to and letters from client; start ITW pleadings review | 0.8 | $490.00 | $392 |
| 11/16/2016 | RLA | Letters from client | 0.3 | $490.00 | $147 |
| 11/22/2016 | RLA | Letters from client; review court order | 0.2 | $490.00 | $98 |
| 11/28/2016 | RLA | conference with PRB | 0.2 | $490.00 | $98 |
| 1/18/2017 | RLA | Review Defendants' "emergency motion" and Paul Barsness' draft response; edit same and get filed in final; letters to and | 0.9 | $490.00 | $441 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
| | | from Boysen; conference with Paul Barsness; telephone conference with Boysen | | | |
| 1/19/2017 | RLA | Review ITW's latest filing; letter from Paul Barsness regarding draft reply to S. Neba call | 0.4 | $490.00 | $196 |
| 1/20/2017 | RLA | letters to and from client and Paul Barsness | 0.6 | $490.00 | $294 |
| 1/14/2017 | RLA | Telephone conference with Paul Barsness | 0.1 | $490.00 | $49 |
| 1/30/2017 | RLA | Letter from client | 0.1 | $490.00 | $49 |
| 1/31/2017 | RLA | Letter from Paul Barsness | 0.2 | $490.00 | $98 |
| 2/6/2017 | PRB | Confer with Mr. Boysen about next steps | 0.2 | $250.00 | $50 |
| 2/19/2017 | RLA | Letter from Paul Barsness; letter from client | 0.2 | $490.00 | $98 |
| 2/20/2017 | RLA | Conference with Marbury Rainer | 0.3 | $490.00 | $147 |
| 2/23/2017 | RLA | Review court notice | 0.1 | $490.00 | $49 |
| 3/27/2017 | RLA | letters to and from client and Paul Barsness | 0.2 | $490.00 | $98 |
| 4/11/2017 | RLA | Review court notice; letter to client regarding notice | 0.2 | $490.00 | $98 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|------|------|------|------|------|------|
| 6/26/2017 | RLA | Letter to and telephone conference with client; conference with Paul Barsness | 0.5 | $493.65 | $246.83 |
| 6/27/2017 | RLA | Letters to and from client | 0.6 | $493.65 | $296.19 |
| 6/30/2017 | RLA | Letter to and from client | 0.1 | $493.65 | $49.37 |
| 7/11/2017 | RLA | Letter from Mark Cline | 0.1 | $493.65 | $49.37 |
| 7/11/2017 | PRB | Confer with MLLA about status of research | 0.3 | $307.99 | $92.40 |
| 7/12/2017 | RLA | Letters to and from client | 0.2 | $493.65 | $98.73 |
| 7/14/2017 | RLA | Review court notice | 0.1 | $493.65 | $49.37 |
| 7/18/2017 | RLA | Review court notice | 0.1 | $493.65 | $49.37 |
| 7/27/2017 | RLA | Notices from 11th Circuit Court of Appeals | 0.2 | $493.65 | $98.73 |
| 8/11/2017 | PRB | Discuss potential appellate arguments with JAW | 0.6 | $307.99 | $184.79 |
| 8/14/2017 | RLA | Letters from PRB and client | 0.1 | $493.65 | $49.37 |
| 8/16/2017 | PRB | Confer with JAW about brief | 0.2 | $307.99 | $61.60 |
| 8/21/2017 | JAW | Letters to and from D. Boysen and PRB | 0.2 | $331.75 | $66.35 |
| 8/22/2017 | RLA | Letters from W. Stockard | 0.2 | $493.65 | $98.73 |
| 8/23/2017 | JAW | Draft Appellant Brief | 5.6 | $331.75 | $1,857.80 |
| 8/25/2017 | JAW | Research 29 USC 1133(1) and specific | 1.8 | $331.75 | $597.15 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
|  |  | reasons; revise Appellant Brief |  |  |  |
| 8/27/2017 | JAW | Revise Appellant Brief | 1.2 | $331.75 | $398.10 |
| 8/30/2017 | RLA | Scheduling emails | 0.4 | $493.65 | $197.46 |
| 9/1/2017 | RLA | Review 11th Circuit emails | 0.2 | $493.65 | $98.73 |
| 9/6/2017 | RLA | Letters to and from client regarding scheduling | 0.3 | $493.65 | $148.10 |
| 9/13/2017 | RLA | Conference with PRB | 0.1 | $493.65 | $49.37 |
| 9/26/2017 | PRB | Mediation preparation | 0.4 | $307.99 | $123.20 |
| 10/1/2017 | RLA | (9.5.17) Letters to and from client; letter from PPRB | 0.3 | $493.65 | $148.10 |
| 10/9/2017 | RLA | Prepare for Mediation | 1.6 | $493.65 | $789.84 |
| 10/9/2017 | PRB | Mediation preparation | 4.2 | $307.99 | $1,293.56 |
| 10/24/2017 | RLA | Letter from client | 0.2 | $493.65 | $98.73 |
| 11/3/2017 | RLA | Letters to and from PRB, JAW and MCLI | 0.3 | $493.65 | $148.10 |
| 11/10/2017 | RLA | Letter to and from client | 0.1 | $493.65 | $49.37 |
| 11/13/2017 | RLA | Letter from 11th Circuit | 0.1 | $493.65 | $49.37 |
| 12/18/2017 | RLA | Letter from PRB | 0.1 | $493.65 | $49.37 |
| 12/20/2017 | PRB | Review notice of deficiency | 0.1 | $307.99 | $30.80 |
| 12/21/2017 | RLA | Letters to and from client | 0.2 | $493.65 | $98.73 |
| 1/22/2018 | RLA | Letter from PRB regarding draft reply brief | 0.4 | $493.65 | $197.46 |

| Date | Atty/ Paralegal | Billing Entry | Time | Billing Rates | Total Fees |
|---|---|---|---|---|---|
| 3/5/2018 | RLA | Telephone conference with Mark Cline; letter from 11th Circuit; letter to client; letter to PRB | 0.6 | $493.65 | $296.19 |
| 3/6/2018 | PRB | Confer with RLA and MCLI, and begin preparations for oral argument | 0.5 | $307.99 | $154.00 |
| 5/14/2018 | RLA | Letter from client | 0.1 | $493.65 | $49.37 |
| 6/14/2018 | RLA | Letters to and from 11th Circuit regarding calendaring oral argument | 0.2 | $493.65 | $98.73 |
| 6/14/2018 | RLA | Review information on oral argument | 0.2 | $493.65 | $98.73 |
| 6/15/2018 | RLA | Letter to and from client | 0.2 | $493.65 | $98.73 |
| 7/31/2018 | RLA | Letter from and conference with PRB | 0.3 | $493.65 | $148.10 |
| 4/5/2019 | RLA | Letter from client | 0.2 | $493.65 | $98.73 |
| 4/8/2019 | RLA | Telephone conference with PRB re reply status | 0.2 | $493.65 | $98.73 |
| **Totals** | | | **73.9** | | **$32,579.00** |

15

## EXHIBIT G—TOTAL POTENTIAL FEE RECOVERY

*The summary below reflects a calculation of the total amount of fees potentially recoverable:*

| | |
|---|---|
| Total fees claimed by Boysen | $318,964.50 |
| Minus Fees Incurred During Administrative Claims Process | ($14,603.00) |
| Minus Fees Incurred Related to Discovery, Discovery Motions, Settlement, Emergency Motions, Fee Motion and Bill of Costs, and Mediation | ($127,097.80) |
| Remaining amount of potential recoverable fees: | $177,263.70 |
| Minus 2/3 reduction for unsuccessful arguments | ($116,994.04) |
| Remaining amount of potential recoverable fees: | $60,269.66 |
| Minus Fees Incurred for Clerical Work | ($38,377.16) |
| Remaining amount of potential recoverable fees: | $21,892.50 |
| Minus 15% reduction for Blockbilling | ($3,283.87) |
| **Total Potential Recoverable Fees If Fees Are Awarded:** | **$18,608.62** |

## CASE NO. 17-13145

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### DAVID L. BOYSEN,

*Plaintiff/Appellant,*

v.

### ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN

### AND ILLINOIS TOOL WORKS, INC.,

*Defendants/Appellees.*

## A DIRECT APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

## REPLY MEMORANDUM IN SUPPORT OF APPELLANT'S
## APPLICATION FOR ATTORNEYS' FEES

**R. Lawrence Ashe, Jr.,**
**Georgia Bar No. 024500**
**Paul R. Barsness**
**Georgia Bar No. 597107**
**Julie A. Wood**
**Georgia Bar No. 023749**
**PARKER, HUDSON, RAINER & DOBBS LLP**
**303 Peachtree Street, NE**
**Suite 3600**
**Atlanta, Georgia 30308**
**Tel: 404-523-5300      Fax: 678-533-7766**

*Attorneys for Appellant/Cross-Appellee David L. Boysen*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

There are no changes from the Certificate of Interested Persons and Corporate Disclosure Statement filed on July 25, 2017.

## INTRODUCTION

Boysen sought ERISA benefits, claiming his job was permanently eliminated in connection with Defendants' corporate restructuring. In the administrative review process, Defendants repeatedly refused to consider highly relevant information in the face of multiple direct requests. Boysen warned Defendants he would have to file a lawsuit to get access to the documents and force consideration by the Plan Administrator. With this Court's judgment, that will now happen.

Having achieved "some success on the merits" (the standard in *Hardt*), Boysen is eligible for a fee award now. He need not wait more years in connection with a future benefits determination. Because this Court opinion confirms Defendants were overwhelming culpable for their failure to afford Boysen a full and fair review—and the other factors similarly support a fee award—an award is appropriate.

Boysen seeks a reasonable amount, comparatively less than what Defendants represented was reasonable in *their* fee request. Should this Court choose to remand the factual lodestar analysis, that sub-issue does not impact Boysen's fee entitlement. The First Circuit recently concluded in *Gross* that the appellate court should determine entitlement. The District Court can determine the total amount.

I.    **This Court is best positioned to determine fee eligibility. The outcome of supplemental proceedings will not change Boysen's eligibility for fees for the phase of the case that concluded with this Court's judgment.**

As the First Circuit concluded in *Gross*, fee eligibility should be determined by the appellate court, not delayed for years in connection with possible *future* eligibility for *additional* fees connected with supplemental proceedings. *See Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 81 (1st Cir. 2014) ("the outcome of the supplemental proceedings ordered by our remand will not change [the claimant's] eligibility for fees *for the phase of the case that concluded with that judgment*."). This Court should decide Boysen's entitlement to fees, even if it remands the sub-issue of the reasonableness of the amount of fees sought. *Id*. at 86 (issuing judgment entitling claimant to fee award, remanding lodestar analysis).

"Most courts considering the question left unanswered in *Hardt* have held that a remand to the plan administrator for review of a claimant's entitlement to benefits, even without guidance favoring an award of benefits or an actual grant of benefits, is sufficient success on the merits to establish eligibility for fees under section 1132(g)(1)." *Gross*, 763 F.3d at 77. All three Circuit Courts to address the eligibility issue, and the vast majority of District Courts, have concluded that a Claimant who secures a remand has achieved sufficient success on the merits to be eligible to recover fees. *See* Motion, 7-9.  The First Circuit has characterized the

remand outcome as the "best outcome" a claimant can "reasonably hope to achieve from the courts." *Gross*, 763 F.3d at 76-77.

Boysen established that ITW's Plan Administrator violated ERISA and the Plan's requirements. Just like the claimant in *Olds v. Ret. Plan of Intern. Paper Co.*, 2011 WL 2160264 (S.D. Ala. June 1, 2011), Boysen "present[ed] a claim that the defendant violated his rights and the court rule[d] that the defendant did violate those rights." Motion, 9. It was not an irrelevant or purely procedural victory. He accomplished what he set out to do.[1] Notably, Judge Selya in dissent in *Gross*, who sides with the minority opinion that purely procedural victories are insufficient, explained in his decision that denial of a full and fair review (which occurred with Boysen, but was not found in *Gross*) changes the equation. The requirements of such a review afford *substantive* protections to claimants beyond mere procedural protections. *See Gross*, 763 F.3d at 87 & n.11.

The two cases ITW cites in making its "technical win" argument are not on point. In *Vivas v. Hartford Life & Accident Ins. Co.*, 2013 WL 5226720 at *3

---

[1] Defendants claim Boysen "has not even achieved a remand to the plan administrator." Objection, n. 4. This is contrary to what Defendants have represented to the District Court. When the District Court entered an Order adopting the judgment of this Court, Defendants moved to vacate the Order, telling the District Court that it could ignore this Court's remand instruction to "ensure" Boysen received the discovery to which he was entitled and, based simply on the record, go ahead and remand to the Plan Administrator who could address the relevance of documents. *See* Doc. 101 at 2, attached as **Exhibit A**. Defendants have told the District Court it has no choice but to remand. *Id.* at 13-15.

(S.D. Fla. June 17, 2013), there was no finding the plan administrator had refused to consider relevant evidence, just that it did not follow certain regulations in its review. As for *Salvatori v. Westinghouse Elec. Corp.*, 190 F.3d 1244, 1245 (11th Cir. 1999), it was decided years before *Hardt* and does not concern a remand. It was an age discrimination case where there was no judgment, as the plaintiff had proved discrimination but no injury.

ITW tries to denigrate Boysen's success, implying the appeal involved no issues of importance and was simply an extension of clear precedent. *See* Objection, 11 & n.2. Boysen need not establish importance to secure a fee award, but this argument is refuted by ITW's own sworn counsel certification, supporting the extraordinary request for rehearing *en banc*, that the appeal involved "a question of exceptional importance." *See* Petition, Statement of Counsel. ITW argued that this Court's decision was "critical to plan administrators and participants." Petition, 10. *See also id.*, 15-16 (describing appeal as one involving issue of "exceptional national importance" with "major implications for ERISA plan administrators and, consequently, for benefit plans themselves.").

Finally, contrary to Defendants' assertion that fee eligibility is presumptively for the District Court to determine in the first instance, this Court has held that it can and should determine eligibility and issue fee awards when there is an appeal. *See Nachwalter v. Christie*, 805 F.2d 956, 961 (11th Cir. 1986)

("In fact, the statement in subsection 1132(g)(1) that fee awards are to be determined by 'the court,' as opposed to 'the district court,' suggests that Congress intended for circuit courts also to make fee awards.")

## II.   A fee award through this stage of the litigation is appropriate.

Defendants do not dispute their ability to satisfy an award (the second factor), and their *en banc* petition admits that the issues involved in the appeal involve significant legal questions that impact all participants and beneficiaries (fourth factor). The other three factors also support a fee award.

### A.   The first and fifth factors support a fee award.

This Court determined the Plan Administrator violated ERISA, the Plan's own terms, and engaged in conduct that was "antithetical to the plan administrator's fiduciary duty" by "repeatedly refus[ing] to consider highly relevant evidence." Opinion, 25, 27. This Court was highly critical of the Plan Administrator's review process, which "effectively made it impossible for Mr. Boysen to oppose the [denial of benefits]." *Id*., 22.

Defendants were overwhelming culpable for their failure to afford Boysen a full and fair review. The Plan Administrator stubbornly and repeatedly refused to consider highly relevant information in the face of multiple direct requests by

Boysen. This Court's opinion does not paint the rosy picture of the review process that ITW continues to tout in its Objection.[2]

Defendants contend that, "[t]his is not a case in which the Plan ignored claimant's theory…" (Objection at 10), but that is precisely what occurred. This Court concluded that Defendants violated ERISA by "refus[ing] to investigate the restructuring that—as we now know—some ITW employees had already conceded occurred…." Opinion, 22. Defendants also rely on select case law denying fees under special circumstances where the Plan Administrator acted reasonably (*see* Objection, 13-15). This Court found the Plan Administrator's decisions "highly unusual." Opinion, 26. He "repeatedly refused to consider highly relevant evidence, or evidence which contradicted (or potentially conflicted with) his decision." *Id*. at 26. He "ignore[d] evidence that has a direct bearing on, or refutes, his findings." *Id*. at 23. He "refuse[d] to conduct additional investigation when it has been brought to his attention that relevant documents almost certainly exist." *Id*.

---

[2] Defendants' reliance on *Geiger v. Pfizer*, 549 F. App'x 335, 339 (6th Cir. 2013) is misplaced. In *Geiger*, the claimant shared responsibility for the relevant documents not being in the record, as claimant's counsel had the ability to submit them. *Id*. at 338. Notably, *Geiger* is yet another Circuit court decision concluding that remand for a full and fair review is sufficient success on the merits to establish eligibility for fees. *Id*. at 337.

### B.     The third factor (deterrence) support a fee award.

In *Gross*, the First Circuit held a fee award could have "a desirable deterrent effect," even though the plan administrator did not deny the claimant a full and fair review. *Gross*, 763 F.3d at 84-85. A fee award for Boysen will help ensure other claimants are not similarly disadvantaged. *See Olds*, 2011 WL 2160264, *4 (holding fee award "can only serve to make the Plan more attentive to its statutory obligation to actually consider claimants' claims and reduce the Plan's incentives to gloss over them").

### III.   Boysen is entitled to recover the amount sought.

Boysen's $318,961.50 in fees and $5,590.49 in expenses are reasonable, recoverable and supported by the evidence submitted with his application. Defendants do not dispute that the rates used by Boysen's attorneys are "reasonable."[3] Instead, Defendants argue Boysen's fees should be reduced by 94% to 98% from $318,961.40 to between $5,000 and $18,000 because: (1) some of the "arguments" Boysen made in pursuit of his ERISA claim were "unsuccessful," (at least until appeal); (2) some of the time spent by Boysen's lawyers was for alleged clerical work; (3) time spent for pre-litigation matters is not recoverable, and (4) the time entries include some "block billing" and some vague entries. Defendants'

---

[3] ITW and the Plan make one comment about a rate increase for one of Boysen's lawyers during the five year length of this action, *see* Response, n. 14, but do not argue that any of rates charged were not reasonable.

arguments are not supported by law.

**A.   This Court can determine entitlement to fees even if it wishes to remand the lodestar analysis.**

Lodestar disputes should not distract from the fundamental issue of fee entitlement based on this Court's judgment. The First Circuit determined the claimant's entitlement to fees and then left the lodestar analysis to the district court. *See Gross*, 763 F.3d at 86.

**B.   Boysen won on appeal, and his fee award should not be reduced by $244,000.00 based on alleged "unsuccessful" claims.**

Defendants concede that Boysen has asserted only one claim in this action. *See* Objection, 1. This Court held that Defendants violated ERISA by failing to provide Boysen with a full and fair review of that single claim. ***Thus, Boysen has not asserted any unsuccessful claims in this action, and he succeeded in establishing that he was denied a full and fair review of that claim.*** All of the attorneys' fees and costs incurred by Boysen through appeal were in pursuit of his single ERISA claim. Remarkably, Defendants seek a reduction by approximately $244,000 (or by 76%) because some of the "arguments" Boysen made to support this winning claim were not "successful" (initially). Labeling Boysen's difficulty in securing access to documents in discovery unsuccessful when this Court has now determined that the restructuring documents, compensation documents for Boysen's replacement, and documents regarding his satisfactory performance are

"highly relevant" and has issued express remand instructions to "ensure" that Boysen gets access to such documents prior to any remand to the Plan Administrator is frivolous.

### C. Defendants' attempt to designate over $38,000 of fees as "clerical work" fails.

These fees were billed by attorneys for work that was clearly not clerical. *See Scelta Delicatessen Support Servs., Inc*., 203 F. Supp.2d 1328, 1334 (M.D. Fla. 2002) (stating clerical work is secretarial in nature such as "gathering materials," "copying," and "mailing"). For example, Defendants challenge 12.7 hours of time (for a total of $3,175) for the following attorney work on Sept. 26, 2016:

> Revise response brief; revise response to Defendants' statement of undisputed facts; revise statement of additional facts; revise declaration; revise cross-motion for summary judgment and notice of filing deposition; supervise filings and exhibits.

Response, Ex. D.

A review of these entries clearly indicate that Defendants are trying improperly to classify attorney work as clerical just to reduce the award.

### D. The only potential reduction involves pre-litigation fees.

Citing *Kahane v. Unum Life Ins. Co. of Am.*, 563 F.3d 1210 (11th Cir. 2009), Defendants argue that Boysen should not be able to recover for fees for work performed during the administrative review and appeal process. *Kahane* so holds. But another case from this Court (cited by Boysen in his Application) supports an

award of pre-litigation fees incurred prior to filing an ERISA claim. *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336 (11th Cir. 2001). Thus, there is authority for inclusion of pre-litigation fees. *Kahane* recognizes Supreme Court precedent for awarding pre-litigation fees when connected and necessary to the litigation. As the Court acknowledged in its opinion that "pre-suit correspondence [was] central to [its] analysis," Opinion, 5, an award of pre-litigation fees is appropriate in *this* case.

### E.     Defendants' other collateral attacks are false and misleading.

Defendants' creative calculations to reduce recoverable fees to nearly zero are misleading.  Defendants often "double" or even "triple" subtract certain fees from the total amount recoverable. For example, Defendants challenge the $14,603 incurred pre-suit. *See* Response, Ex. A. Then, Defendants challenge all "clerical" entries, which includes pre-suit entries. *See* Response, Ex. D.  Defendants then seek an across-the-board 15% reduction for "block billing" and vague entries, including entries on prior exhibits.[4]  This Court should reject Defendants' brazen attempt to reduce Boysen's reasonable fees to virtually zero.

---

[4] This Court should not reduce the award for alleged block billing.  The entries, like the one quoted above, give "sufficient detail and probative value to enable this Court to determine with a high degree of certainty that such hours were actually or reasonable expended." *Shipley v. Hypercom Corp.*, 2012 WL 12871631, at *12 (N.D. Ga. May 31, 2012). Defendants conceded as much when they requested fees with similar descriptions. *See, e.g.,* Doc. 79-2, p. 12 (7.1 hours to "continue drafting memorandum in support of summary judgment").

ITW makes a short "alternative" argument that all entries that do not expressly state "full and fair review" should not be allowed, reducing the total to approximately $5,000. Objection, 18. This Court should completely disregard this argument that entries for a case that has been pending for over four years should be rejected simply because they do not include certain keywords.

## CONCLUSION

After several years, and hundreds of thousands of dollars, Boysen succeeded in demonstrating that he was denied a full and fair review of his claim. He achieved what the First Circuit has characterized as the "best outcome" a claimant in his situation can "reasonably hope to achieve from the courts." He respectfully requests an Order establishing his entitlement to all fees sought. Should this Court decide to remand the lodestar analysis, Boysen respectfully requests that the Order confirm his entitlement to an amount to be determined by the District Court.

Respectfully submitted, this 12th day of August, 2019.

**PARKER, HUDSON, RAINER & DOBBS LLP**

By:   */s/ R. Lawrence Ashe, Jr.*
       R. Lawrence Ashe, Jr.
       Georgia Bar No. 024500
       Paul R. Barsness
       Georgia Bar No. 597107
       Julie A. Wood
       Georgia Bar No. 023749
       303 Peachtree St. NE

Suite 3600
Atlanta, GA 30308
Telephone: 404-523-5300
Facsimile: 404-522-8409

*Counsel for Appellant/Cross Appellee*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS <u>AND TYPE STYLE REQUIREMENTS</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the substance of the brief that was produced using a computer does not contain more than 2,600 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman type.

By:   <u>*/s/ R. Lawrence Ashe, Jr.*</u>
R. Lawrence Ashe, Jr.
Georgia Bar No. 024500

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DAVID L. BOYSEN,

     Plaintiff,

v.

ILLINOIS TOOL WORKS INC.
SEPARATION PAY PLAN, and
ILLINOIS TOOL WORKS, INC.,

     Defendants.

CIVIL ACTION NO.

1:15-cv-01900-TWT

## DEFENDANTS' MOTION TO VACATE COURT'S ORDER, OR IN THE ALTERNATIVE, MOTION FOR CLARIFICATION OF COURT'S ORDER

Defendants Illinois Tool Works Inc. Separation Pay Plan (the "Plan") and Illinois Tool Works Inc. ("ITW," and, collectively, "Defendants") move to vacate the Court's Order, entered June 21, 2019 (Dkt. No. 100) (the "Order")[1], or, in the alternative, for clarification of the Order, which adopted the mandate of the United States Court of Appeals for the Eleventh Circuit and made it the judgment of this Court.  As explained below, the Order reflects an inadvertent mistake as it purports to prematurely adopt the mandate as a judgment before following the Eleventh

---

[1] The Order has a signature date of June 20, 2019, but was not entered on the Court's docket and distributed to the parties until June 21, 2019.

1

Circuit's instructions on remand and without recognizing that the Eleventh Circuit did not address the merits of Plaintiff's claim. The result is procedural confusion regarding the status of this action and of Plaintiff's claim. Further, the Court's record is clear that Defendants fully complied with the Court's prior discovery orders . And the governing plan documents provide that the plan administrator for the Plan should gather facts and decide benefit claims, making remand to the plan administrator appropriate for further processing of Plaintiff's claim in accordance with the Eleventh Circuit's instructions. Accordingly, Defendants respectfully request that the Court vacate the Order, or alternatively, clarify the Order to comply with the Eleventh Circuit's instructions by verifying that all ordered discovery has been tendered and that Plaintiff's claim is remanded to the plan administrator for decision in accordance with the Eleventh Circuit's Opinion.

## I.     __INTRODUCTION__

This Court previously entered summary judgment in favor of Defendants. (*See* Dkt. Nos. 67, 86.) Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit. (*See* Dkt. No. 87.) The Eleventh Circuit vacated this Court's summary-judgment award, finding that the administrative record on which the plan administrator decided the claim was not complete and further review of Plaintiff's claim was necessary, and remanded the case to this Court "for further review of

2

[Plaintiff's] benefits claim." (*See* Dkt. No. 97.)  The Eleventh Circuit also instructed

that before "addressing [Plaintiff's] ERISA claim on the merits, and before deciding

whether a remand to the plan administrator is warranted, the district court should

ensure that the plan administrator has provided Mr. Boysen with all the discovery

previously ordered." (*Id*.)  Thus, the Eleventh Circuit vacated this Court's prior

judgment and "**REMANDED WITH INSTRUCTIONS**." (*Id*. (capitalization and

emphasis in original).)

Following issuance of the Eleventh Circuit Opinion, this Court entered the

Order, adopting the Eleventh Circuit's "mandate" and making it the judgment of this

Court. (*See* Dkt. No. 100.)  But the Order and the resulting judgment is premature

because it does not account for further processing of the case in accordance with the

Eleventh Circuit's remand instructions.  This appears to be the result of inadvertent

mistake or oversight. The Court's Local Rules provide a standard process through

which the clerk of the Court submits a template proposed Order to adopt as the

judgment of this Court a mandate of the Eleventh Circuit ordering remittitur. (*See*

L.R. 58.3(B).)  Here, it appears the Court simply entered the clerk's proposed order

without realizing it failed to take into account that the Eleventh Circuit's remand

instructions and that a merits decision still needs to be made on Plaintiff's benefit

claim.  Thus, vacating or clarifying the Order (as contemplated by Local Rule 53(B)) is appropriate.

In addition, if the Court clarifies the Order, it should amend the Order and any incorporated judgment to: (a) reflect that Defendants have fully complied with this Court's prior discovery orders; and (b) clarify that Plaintiff's claim is remanded to the plan administrator for further review in accordance with the guidance the Eleventh Circuit provided in its Opinion and the terms of the Plan.  Prior submissions to the Court confirm that Defendant fully complied with its prior discovery orders.  And, the Plan's terms specifically provide that the plan administrator is to review and decide all claims for benefits and has the sole and exclusive discretionary authority to do so.  Therefore, the proper party to gather and review the additional evidence and make a new decision on Plaintiff's benefit claim as instructed by the Eleventh Circuit is the plan administrator.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 60 provides for relief from a court judgment or order where the judgment or order results from a mistake, oversight, omission, or clerical mistake.  F.R.C.P. 60(a).  In these circumstances, a court may correct the mistake, oversight, or omission *sua sponte* and without notice, to be sure that the order or judgment is accurate.  Further, a party may be relieved from an order or

4

judgment for reasons of mistake or inadvertence or for any other reason that justifies

relief.  *Id*. Alternatively, Federal Rule of Civil Procedure 59 provides that parties

may move to alter or amend a judgment entered by the Court.

## III.   RELEVANT FACTS & PROCEDURAL BACKGROUND

This case involves a claim under ERISA § 502(A)(1)(B) for severance

benefits under an ERISA plan.  As ERISA requires, before litigation, Plaintiff's

claim went through a claims-administration process mandated by the Plan and

overseen by the plan administrator.  The plan administrator (or its delegate) is

specifically granted full and *exclusive* authority under the terms of the Plan to decide

all claims for benefits.  (Administrative Record (referred to herein as "AR") (Dkt. #

40), 10-11, § 6.1.

Before this Court, the parties engaged in written discovery and briefed and

argued motions to compel discovery.  Ultimately, Defendants moved for and this

Court awarded them summary judgment and dismissed Plaintiff's claim with

prejudice.  (Dkt. Nos. 84, 85, 86.)  The Court found that the "documentary record is

absolutely clear that the Plaintiff was fired for poor performance.  There is no

evidence that this was a pretext for elimination his position," and because only job

eliminations qualified for severance benefits under the Plan, Plaintiff was not due

benefits.  (*See* Dkt. Nos. 67, 86.)

Plaintiff appealed to the Eleventh Circuit.  The Eleventh Circuit vacated the summary-judgment award, finding that the pre-litigation administrative-claims process was procedurally flawed.  (Dkt. No. 97.)  The Eleventh Circuit held that Plaintiff did not receive a full and fair review of his claim due to concerns about the completeness of the underlying administrative record. (*Id.*) The Eleventh Circuit ended its analysis after reaching that procedural determination, and did not make any holding on the merits of Plaintiff's claim for severance benefits.  (*Id.*)  The Eleventh Circuit remanded the case to this Court with instructions.  (*Id.*)

Shortly after the Eleventh Circuit issued that Opinion, the clerk of this Court issued a standard, template proposed order – under Local Rule 58.3(B) – adopting the mandate of the Eleventh Circuit and making the mandate the judgment of this Court.  (Dkt. No. 99.)  The Court executed the clerk's proposed order the next day on June 20, 2019, with no modifications.  (Dkt. No. 100.)

## IV.  <u>LEGAL ARGUMENT AND ANALYSIS</u>

### A.    **The Court's Order Appears to Be the Result of Mistake, Oversight, Omission, or Clerical Mistake.**

Local Rule 58.3(B) provides a mechanism through which, after an appeal, the clerk may issue a proposed order making the Appellate Court's "remittitur the judgment of this Court."  Thus, following issuance of the Eleventh Circuit Opinion, the clerk generated a standard proposed order adopting the Eleventh Circuit mandate

6

and making it the judgment of this Court, and provided it to the Court for entry. It seems the Court entered the standard, template proposed order prepared by the clerk in accordance with Local Rule 58.3 – without realizing that the proposed order failed to account for the Eleventh Circuit's remand instructions and the procedural posture, which lacks any ruling on the merits of Plaintiff's claim for benefits.

In some cases, an Appellate Court's opinion vacating, modifying, or reversing judgment may be wholesale adopted by this Court and judgment issued, but this is not such a case. Here, the Eleventh Circuit did not address the merits of Plaintiff's claim for benefits or order judgment for either party. Instead, the Opinion simply vacated the summary judgment award and gave directions for there to be a "further review" of Plaintiff's claim and additional steps that should be taken before such review. The Order inadvertently neglected to address these matters. It does not address whether Defendants have complied with discovery orders and whether remand to the plan administrator is appropriate, and makes no determination on the merits of Plaintiff's claim.

Federal Rule of Civil Procedure 60(a) provides for vacating orders or judgments, even *sua sponte* and without notice, when mistake or oversight occurs as it did here. As a result, the Court should vacate the Order to correct and address the

inadvertent mistake or oversight in adopting the clerk's incorrect proposed order, and clarify next steps consistent with the Eleventh Circuit's remand instructions.

### B.  The Court's Order Is Premature at this Time and Necessitates Clarification.

The Order is also due to be vacated or, in the alternative, clarified and amended, because it is procedurally premature.  The Eleventh Circuit's Opinion instructed this Court to: (1) ensure Defendants provided Plaintiff with discovery as ordered; and (2) further consider the merits of Plaintiff's claims and whether remand to the plan administrator was appropriate.  This has not yet occurred, making the Court's judgment in the Order premature and procedurally improper.  When an appellate court remands a matter with explicit instructions, the instructions must be carried out before entry of a final judgment. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 844 (11th Cir. 2018) (finding reversible error when district court failed to follow its instructions).  Failure to do so can lead to yet another appeal and reversal and remand. *Norris v. Berryhill*, No. 6:16-cv-2040-Orl-37JRK, 2018 WL 798221 at *10 (M.D. Fla. Feb. 5, 2018) (failure to follow explicit remand instructions results in reversal and remand in order to comply with appellate court's instructions).

Additionally, it is unclear what – other than the reversal of summary judgment – if anything, has been adjudicated by the Court's adoption of the Eleventh Circuit

Opinion as its judgment.  The Eleventh Circuit Opinion only addresses the procedural aspects of Plaintiff's claim.  There is no ruling on the merits of the claim, no substantive relief has been awarded to either party, and there is no reference to damages, a monetary award, or dismissal of the claim or suit.  The Order leaves open questions as to the appropriate next steps in this proceeding.  For those reasons, at a minimum, further clarification or amendment of the Court's Order and its included judgment is necessary to apprise the parties as to how to proceed and to bring finality to this litigation.

### C.    The Court Should Amend the Order to Provide for Remand of Plaintiff's Claim to the Plan Administrator for Further Processing.

If the Court elects to amend the Order, it should amend the Order and any incorporated judgment to reflect that Defendants have fully complied with this Court's prior discovery orders.  It should also clarify that Plaintiff's claim is remanded to the plan administrator for further review in accordance with the guidance in the Eleventh Circuit's opinion and the terms of the Plan.

The Court already has information before it confirming that Defendant has fully complied with all its prior orders regarding discovery.  Specifically, Plaintiff filed a Motion to Compel Discovery seeking abundant information outside the administrative record.  Plaintiff also requested depositions of Monte Hammouri

9

(Plaintiff's former supervisor), Ken Caskey (the ITW employee hired to replace Plaintiff), and Elliot Goldman (the Plan Administrator).[2]  (*See* Dkt. # 19 (the "Original Motion to Compel"); Dkt. # 21 ("Defs' Resp. to Original Motion to Compel").)

The parties fully briefed that motion, and presented oral argument.  The Court issued an oral ruling denying Plaintiff's Motion to Compel in every respect save two: (1) it extended the discovery period to permit Plaintiff additional time to depose the Plan Administrator, Elliot Goldman (who Defendants had already agreed to produce); and (2) it instructed Defendants that if they had not already fully done so, they should produce all records concerning the documented reasons for Plaintiff's termination of employment from ITW.  (*See* Transcript of Motions Hearing, March 24, 2016, Dkt. # 24, 16:11-20; Order on Motions Hearing, Dkt No. 26.)[3]

---

[2] Defendants had already agreed to make Mr. Goldman available for deposition; however, Plaintiff first noticed and then unilaterally cancelled this deposition. Eventually, the deposition of Mr. Goldman proceeded after the ruling on Plaintiff's Motion to Compel.

[3] Undeterred by the Court's definitive ruling in this regard, Plaintiff then submitted a proposed order for the Court's consideration concerning the oral ruling at the March 24, 2016 hearing.  That proposed order attempted to re-write history, and created the false perception that the Court granted Plaintiff's Original Motion to Compel in almost every respect, save for a fictional delayed ruling on his request for attorneys' fees as a discovery sanction. (*See* Dkt. # 44, Exhibit B.)  Defendants were forced submit their own proposed order, which tracked the language of the Court's actual ruling at the March 24, 2016 hearing, and that the Court adopted and entered. (*See* Dkt. # 44, Exhibit C; Order on Motions Hearing, Dkt. # 26.)

As Defendants confirmed to the Court multiple times in briefings, Defendants had already produced all records concerning the documented reasons for Plaintiff's termination of employment before the Court's ruling on the Motion to Compel. (*See* Defendants' Combined Response in Opposition to Plaintiff's Motion to Compel Limited Discovery Prior to Consideration of Summary Judgment and Emergency Rule 56(d) Motion (Dkt. No. 44) at 12 ("**Notably, Defendants had already produced all such records.**") (emphasis in original); Defs' Resp. to Original Motion to Compel (Dkt. No.19) at 12-13 ("Defendants have already provided to Plaintiff abundant information and documents outside of the administrative record in response to his various discovery requests, including Plaintiff's personnel file, Plaintiff's personnel records, Plaintiff's compensation records, documents and information regarding the assessment of Plaintiff's performance by his supervisors (including email communications), information about Plaintiff's appearance on a "high potential" list of employees, information regarding ITW's changes to the titles of General Manager and Business Unit Manager positions, documents from the personnel file of Plaintiff's replacement, salary range and job grade information for Plaintiff and his replacement, applicant materials submitted by Plaintiff's replacement, information about the compilation of the administrative record, and information about Mr. Goldman's administration of prior appeals under the Plan.").)

11

Plaintiff later filed a Motion to Compel Limited Discovery Prior to Consideration of Summary Judgment (Dkt. No. 37) and Emergency Rule 56(d) Motion (Dkt. No. 41) – seeking the same documents the Court had already denied to compel production of in the Original Motion to Compel.  The Court denied both of those motions and did not order Defendants to provide any further discovery to Plaintiff.  (*See* Dkt. No. 45.)  Thus, it is undisputed that Defendants have fully complied with all the Court's prior discovery orders.    The Court can therefore confirm, as directed by the Eleventh Circuit, that "the plan administrator has provided Mr. Boysen with all the discovery previously ordered."  (Dkt. No. 97.)

Further, as required by ERISA, the Plan's terms include a multi-level claims process, where an eligible employee may file a claim for benefits with the Plan Administrator and appeal adverse claim determinations.  (AR 9-10, § V.)  This claim process provides for the plan administrator – and only the plan administrator – to review and decide claims and appeals for benefits under the Plan.  (AR 9-10, §§ 5.2, 5.3.)  The Plan further provides that the "Plan Administrator shall have *the full and exclusive discretionary authority to*: (a) construe and interpret the provisions of the Plan; … (c) determine all questions arising in the administration, interpretation and application of the Plan; … (e) designate or employ agents (who may also be employees of the Employers) and delegate to them responsibility for performing

12

certain duties of the Plan Administrator under the terms of the Plan….." (AR 10-11,
§ 6.1.)

Given the direction in the Eleventh Circuit's Opinion that more evidence
should be evaluated before issuing a decision on Plaintiff's claim, the terms of the
Plan make it clear that the plan administrator is the appropriate party to undertake
that evaluation and make the required determination on Plaintiff's claim.  Failure to
have the plan administrator gather and evaluate this evidence in the first instance
would ignore and violate the terms of the Plan, which specifically vest only the plan
administrator with "full and exclusive discretionary authority" to make such a
determination.

Further, federal courts have routinely confirmed that when a court determines
that there was a procedural violation of ERISA such that the plan administrator did
not engage in a "full and fair review," the appropriate remedy is to remand the claim
to the plan administrator for renewed consideration of the claim. *See, e.g., Brown v.
J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1087–88 (8th Cir. 2009) (collecting
cases).  In other words, where "the 'problem is with the integrity of [the plan's]
decision-making process,' rather than 'that [a claimant] was denied benefits to which
he was clearly entitled,' the appropriate remedy generally is a remand to the plan

13

administrator.'" *Acree v. Hartford Life & Acc. Ins. Co.*, 917 F. Supp. 2d 1296, 1321–22 (M.D. Ga. 2013) (citation omitted).

When, as here, the court did "not decid[e] whether the plan administrator's decision enjoys factual support in the record; rather, [it] review[ed] whether the plan administrator satisfied his obligation in compiling that record" (Dkt. 97 at 17), "[t]he proper remedy for an incomplete administrative record would be a remand to the plan administrator." *Slaughter v. Sheet Metal Workers' Local No. 85 Pension Plan*, No. 1:03-CV-3410-WSD, 2005 WL 8155799, at *5 (N.D. Ga. Sept. 23, 2005) (citation omitted).

The logic for such a rule is clear and consistent with the requirement that ERISA plans contain internal review procedures that a claimant must exhaust before seeking judicial review of the decision of the plan administrator. *See* 29 U.S.C. §§ 1133, 1135; *see also* 29 C.F.R. §§ 2560.503-1. For the Court to evaluate whether the plan administrator abused his discretion (or even whether his decision was *de novo* correct) when considering a complete record, the Court must have a decision from the plan administrator on that complete record to evaluate. Thus, "as a general rule, remand to the plan fiduciary is the appropriate remedy when the plan administrator has not had an opportunity to consider evidence on an issue." *Melech v. Life Ins. Co. of N. Am.*, No. CIV.A. 10-00573-KD-M, 2015 WL 4744356, at *1-2

14

(S.D. Ala. Aug. 11, 2015) (citations omitted) (remanding case to plan administrator after Eleventh Circuit reversed grant of summary judgment to Defendant, finding that the administrative record relied on by the plan administrator was deficient and plaintiff had been deprived of an opportunity for a full and fair review).

Given that Defendants fully complied with this Court's prior discovery orders, and the Plan grants the plan administrator exclusive authority to review and decide claims for benefits, it is appropriate to amend the Order to reflect that Defendant complied with all discovery orders, and Plaintiff's claim is remanded to the plan administrator for further processing.

## V.   **CONCLUSION**

For all the reasons discussed above, Defendants respectfully move for the Court's Order (Dkt. No. 100) to be vacated, or, in the alternative, amended and clarified to reflect a finding that Defendant has complied with all of the Court's prior discovery orders and Plaintiff's claim is remanded to the plan administrator.

Respectfully submitted this 18th day of July, 2019.

/s/ *Wesley E. Stockard*
Wesley E. Stockard
Georgia Bar #159090
LITTLER MENDELSON
3344 Peachtree Road, NE, Suite 1500
Atlanta, Georgia 30326

15

Telephone (404) 233-0330
Facsimile (404) 233-2361

COUNSEL FOR DEFENDANTS

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1C because the document has been prepared in Times New Roman, 14 point.


*/s/ Wesley E. Stockard*
Wesley E. Stockard
Georgia Bar #159090

Attorney for Defendants

17

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DAVID L. BOYSEN,

      Plaintiff,

v.

ILLINOIS TOOL WORKS INC.
SEPARATION PAY PLAN, and
ILLINOIS TOOL WORKS, INC.

      Defendants.

CIVIL ACTION NO.

1:15-cv-01900-TWT

## CERTIFICATE OF SERVICE

I hereby certify on this 18th day of July, 2019 I electronically filed the foregoing **DEFENDANTS' MOTION TO VACATE COURT'S ORDER OR, IN THE ALTERNATIVE, MOTION FOR CLARIFICATION OF COURT'S ORDER** using the Court's ECF system, which will automatically generate notice to:

R. Lawrence Ashe, Jr.
Paul R. Barsness
Parker, Hudson, Rainer & Dobbs, LLP
303 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30308

*/s/ Wesley E. Stockard*
Wesley E. Stockard

18

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed this **REPLY MEMORANDUM IN SUPPORT OF APPELLANT'S APPLICATION FOR ATTORNEYS' FEES** using the Court's CM/ECF system, which automatically sends notification to the parties and counsel of record. A copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF APPELLANT'S APPLICATION FOR ATTORNEYS' FEES** was also sent via U.S. Mail to Appellee's counsel as follows:

> Wesley E. Stockard
> Littler Mendelson, P.C.
> 3344 Peachtree Rd., N.E.
> Suite 1500
> Atlanta, Georgia 30326

Dated: August 12, 2019

By:     _/s/ R. Lawrence Ashe, Jr._
        R. Lawrence Ashe, Jr.