IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID L. BOYSEN,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC. SEPARATION PAY PLAN, and ILLINOIS TOOL WORKS, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 1:15-cv-01900-TWT |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES**

**I.    INTRODUCTION**

Plaintiff's request for leave to file supplemental briefing on his Application for Attorneys' Fees is unnecessary and inappropriate. The parties have fully briefed their positions on the appropriateness of an award of attorneys' fees based on all events occurring through the Eleventh Circuit's decision to remand this case for further review of Plaintiff's claim. Those facts are what they are, nothing about those facts has changed, and the Court can consider the parties' respective arguments based on the ample briefing already submitted. And, as set forth in Defendants' responsive briefing, a determination on attorneys' fees is not appropriate until there

is a determination on the merits of Plaintiff's claim, which will not occur until *after* the case is remanded to the Plan Administrator, the Plan Administrator conducts a new review (including the additional discovery exchanged), and any administrative appeals are exhausted.

Further, Plaintiff's stated purpose for additional briefing is to address additional documents produced by Defendants. Any attempt to argue about how these documents – which Defendants assert are irrelevant – may or may not impact a determination on the merits of the Plaintiff's claim and thus an award of attorneys' fees is decidedly premature. The Plan Administrator has not made a determination of the significance of such documents, if any. Plaintiff is trying to "pre-litigate" a question of the appropriateness of attorneys' fees based on how documents that were not part of the first review of his claim by the Plan Administrator may hypothetically impact his eligibility for benefits on remand. Additional briefing on this issue before remand and a Plan decision would be a waste of judicial resources and only result in additional fees and costs, without corresponding benefit to the Court or the parties. For these reasons, the Court should deny Plaintiff's Motion for Leave to File Supplemental Briefing.

## II.     PROCEDURAL POSTURE

This action began with Plaintiff's single count Complaint seeking severance

benefits under the Plan. (*See* Compl., Dkt. 1). At all times, Defendants disputed that Plaintiff is entitled to severance benefits. This Court entered summary judgment in Defendants' favor. (Dkt. 67.) Plaintiff appealed this Court's entry of summary judgment. (Dkt. 87.) On appeal, the Eleventh Circuit held that the Plan Administrator should have done more in order to conduct a full review of Plaintiff's claim for benefits and remanded to this Court for consideration of further proceedings and remand to the Plan Administrator. (*See* Dkt. 97.) The Eleventh Circuit did not reach a determination as to whether Plaintiff is entitled to severance benefits. (*See Id.*)

On remand before this Court, the Court held a conference to consider further proceedings. The parties and the Court agreed that after further exchange of information, the appropriate course was a remand to the Plan Administrator for a further determination of Plaintiff's claim in line with the guidance from the Eleventh Circuit. (Dkt. 106, Minute Entry for Proceedings Held in Chambers on 8/29/19). Since that time, the parties have conferred regarding Plaintiff's request for additional documents and Defendants have produced those documents. As of the date of this filing, Defendants have provided **all** documents Plaintiff requested and in the specific format requested.¹ Following the parties' exchange of additional

---

¹ In his Motion, Plaintiff states that he was still awaiting production of "an additional

3

documents, this Court has acknowledged that it "will remand the case to the Plan Administrator," which is now the appropriate next step in this case. (Dkt. 106).

Consequently, the parties find themselves in the mid-point of this litigation. The parties have completed their conferral and exchange of additional discovery. On remand to the Plan, the Plan Administrator will conduct a new review of Plaintiff's claim. The Plan Administrator will then issue a determination regarding Plaintiff's entitlement to benefits. After that determination, Plaintiff will have the ability to appeal through the Plan and, if necessary, to proceed with further judicial review.

### III. LEGAL ARGUMENT

#### A. Plaintiff's Request For Attorneys' Fees Has Been Sufficiently Briefed.

Plaintiff argues that he needs yet *another* opportunity to submit briefing in support of his application for attorneys' fees. But the parties have already fully briefed their respective positions on Plaintiff's request for attorneys' fees based on all events occurring through the Eleventh Circuit's decision to remand this case for

---

restructuring document, an electronic spreadsheet that may contain additional, highly relevant information to Boysen's claim." This is not accurate. Defendants already produced this spreadsheet with all its information to Plaintiff before Plaintiff filed his Motion. Plaintiff requested a "native" copy of the document, which Defendants promptly conferred with Plaintiff about and have now produced. There is no new information in this native copy – it is the same document with the same information.

4

further review of Plaintiff's claim. Plaintiff submitted an initial 22-page application for attorneys' fees as well as a 15-page reply brief in support. Both of these briefs, as well as Defendants' Response in Opposition, are available for this Court's review when the time comes to reach a determination as to attorneys' fees. There is no need for further supplementation at this stage of the proceedings.

### B. The Additional Documents Exchanged Do Not Necessitate Supplemental Briefing.

Plaintiff argues that particular documents Defendants produced warrant supplemental briefing on his request for attorneys' fees. But no document produced after the Eleventh Circuit's decision – documents the Plan Administrator has not even considered yet, or determined to be relevant to Plaintiff's claim – warrants further briefing.

As an initial matter, Plaintiff contends that "[m]uch of Defendants' opposition to Boysen's Application for Attorneys' Fees is predicated on the now-false argument that such restructuring documents do not exist and, even if they did, that they did not relate to Boysen." (Brief in Support of Motion for Leave to File Supplemental Briefing, p. 2). This is not so. Instead, in connection with one aspect of Defendants' Objections to Plaintiff's Application for Attorneys' Fees, Defendants argued that the Plan Administrator did not engage in bad faith and was not culpable simply because he did not go beyond the evidence already amassed and investigate whether

additional restructuring documents and information related to title changes existed. That is not the same thing as arguing that no restructuring documents existed. Indeed, in the Objections to Plaintiff's Application for Attorneys' Fees, Defendants even discussed one particular restructuring document that they provided in the initial discovery phase, and explained why its existence was irrelevant to whether attorneys' fees should be awarded. Whether certain restructuring documents existed simply was not – and is still not – a central factor to Plaintiff's request for attorneys' fees.

Moreover, there is simply no reason why *any* document provided after the Eleventh Circuit's decision and before remand to the Plan Administrator should warrant additional briefing about attorneys' fees. Instead, Plaintiff is jumping the gun in trying to litigate issues surrounding the additional documents produced and what they hypothetically mean for his claim when a remand has not yet occurred and the Plan Administrator has not yet considered the documents. Whether these documents have any bearing on Plaintiff's claim for benefits, and what, if any, conclusions the Plan Administrator should draw from them, will not be known until the Plan Administrator reviews the documents, determines their relevance, and renders a decision. Until such time, the documents are subject to the parties' subjective interpretation and any impact on Plaintiff's claim for benefits remains

undetermined.[2]

Plaintiff's request for briefing would short-circuit the administrative claims process and the remand back to the Plan. And, it would force the Court to make a decision about the meaning of these documents and their impact on Plaintiff's claim[3] and attorneys' fee request without the benefit of a fully developed administrative decision on the issue and without any understanding as to how they actually

---

[2] For example, even the "restructuring" document Plaintiff claims warrants yet further briefing on his application for attorneys' fees only demonstrates that plans for reorganization of Plaintiff's business unit were in flux, that Defendants intended to replace Plaintiff with another employee, and that there were ongoing discussions about what to do with Plaintiff in light of his poor performance. Indeed, one such document specifically identifies Plaintiff's replacement, which is consistent with various other documentary evidence identifying the same individual to take over Plaintiff's responsibilities. Other documents specifically discuss Plaintiff's termination for performance. Finally, additional documents reference wanting to recognize Plaintiff's past contributions, yet reiterate that Plaintiff will be terminated for cause if he continues to demonstrate unacceptable levels of performance. Consequently, the documents provided are entirely *consistent* with the Plan Administrator's determinations and Defendants' position throughout the litigation and offer no evidence to the contrary.

[3] And, as numerous courts have recognized, it is the plan administrator of an ERISA plan, and not a Court, which is undoubtedly in the best position to do this. *See Peters v. Sun Life Assurance Co. of Canada*, 2012 WL 13055861 at *9 (S.D. Tex. Mar. 27, 2012) (finding that the plan administrator, not the court, is in the best position to balance conflicting evidence); *accord Holland v. Intn'l Paper Co. Retirement Plan*, 576 F.3d 240, 249 (5th Cir. 2009) (the task of "weighing valid, conflicting [evidence] . . . is not the job of the courts; that job has been given to the administrators of ERISA plans."); *see also Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 84 (1st Cir. 2014) ("plan administrators ordinarily will be in the best position to develop a record adequate for the full and fair review required").

impacted Plaintiff's claim.[4]  Such a premature, ill-informed decision-making process is not appropriate.

Instead, the Plan Administrator should be given an opportunity to consider the additional documents and decide what significance, if any, they have on Plaintiff's claim.  Then if Plaintiff wishes to contest that decision and any impact it may have on his request for fees he can do so and the Court can decide it with the benefit of a fully developed administrative record.  *See Walker v. Monsanto Co. Pension Plan*, 2006 WL 2802051 at *3 (S.D. Ill. Sept. 27, 2006) ("The policies underlying ERISA's exhaustion requirement are to provide a mechanism for informal dispute resolution, to shield the discretion of plan administrators from excessive judicial interference, and to develop an administrative record that will provide useful factual background in litigation regarding plan benefits."); *see also Estate of Hale ex rel. Hale v. Prudential Ins. Co. of America*, 597 F. Supp. 2d 174, 183 (D. Mass. 2008) (the plan administrator should make the benefits determination in order to comport with congressional policy that ERISA trustees be responsible for their actions).

---

[4] Just as the Eleventh Circuit noted, it is equally plausible that the additional evidence reviewed – including the documents produced thus far – could not change the result on Plaintiff's claim.  (*See* Dkt. 97, p. 26 ("ITW and the Plan may well be proven right after additional investigation and review.").

### C. Any Adjudication on Attorneys' Fees Is Premature At This Juncture.

Plaintiff's motion for attorneys' fees – and in kind his request for supplemental briefing on this issue now – is also premature because there has been no adjudication on the merits of Plaintiff's claim.

To be eligible for an award of attorneys' fees under ERISA, Plaintiff must obtain "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (citations omitted). A "trivial success on the merits" or a "purely procedural victory" does not suffice. *Id*. Until a party obtains "success on the merits", any application for fees or briefing over fees is premature.

The parties' exchange of documents does nothing to change the status quo on a decision on the merits of Plaintiff's claim. Instead, the exchange of documents is simply fulfilling a procedural aspect of the processing of Plaintiff's claim for remand. As such, any documents exchanged cannot amount to anything more than – at the very best – a "purely procedural victory," if any victory at all. *Hardt*, 560 U.S. at 245. The procedural step of exchanging documents is but one aspect of the many phases left in this litigation. Plaintiff's request would burden the Court with additional briefing now, only to then receive *even more* briefing following remand and an actual decision on the merits. As such, the Court should deny Plaintiff's request.

    **D.**    **Supplemental Briefing Will Only Incur Additional Fees and Waste Additional Judicial Resources.**

Not only is supplemental briefing unnecessary and premature, but it would result in a waste of judicial resources and unnecessary expenditure of more attorneys' fees and costs. A party should not be permitted to drive up the costs of litigation with over-briefing and then recoup an enlarged fee award as a result. That is precisely what is occurring here. In fact, Boysen expressly states that he wants an opportunity for additional briefing and to "update the fees incurred[.]" (Dkt. 111-1, p. 2.) The goal of driving up fees should not dictate the process here.

    **E.**    **The Case Should Be Remanded to the Plan Administrator.**

As this Court indicated, following the parties' exchange of additional documents, "this case will [be] remand[ed] to the Plan Administrator." (Dkt. 106, Minute Entry for Proceedings Held in Chambers on 8/29/19). The parties have completed their exchange of additional documents. As a result, it is now time for this Court to remand the proceedings to the Plan Administrator to complete a full and fair review as instructed by the Eleventh Circuit. Only that process, once complete, will yield information pertinent to further consideration of whether Plaintiff is entitled to attorneys' fees and what impact, if any, documents the parties have now exchanged have on the merits of Plaintiff's claim and possible entitlement to fees.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File a Supplemental Brief In Support of his Application for Attorneys' Fees and remand this case to the Plan Administrator for further proceedings.

Dated March 6, 2020

/s/ Wesley E. Stockard
Wesley E. Stockard
Georgia Bar No. 159090
wstockard@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
404.233.0330

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2020, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

R. Lawrence Ashe, Jr.<br>
Paul R. Barsness<br>
Parker, Hudson, Rainer & Dobbs, LLP<br>
303 Peachtree Street, N.E.<br>
Suite 3600<br>
Atlanta, Georgia 30308

*/s/ Wesley E. Stockard*
Wesley E. Stockard
Counsel for Defendant